1  KELLER/ANDERLE LLP
   Jennifer L. Keller (SBN 84412)
2  jkeller@kelleranderle.com
3  Chase Scolnick (SBN 227631)
   cscolnick@kelleranderle.com
4  Jay P. Barron (SBN 245654)
5  jbarron@kelleranderle.com
   18300 Von Karman Avenue, Suite 930
6  Irvine, California 92612
7  Tel.: (949) 476-8700
   Fax: (949) 476-0900
8
9  *Attorneys for Defendant*
   KEVIN SPACEY FOWLER
10

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| JOHN DOE, an individual | ) Case No.: |
|---|---|
| Plaintiff, | ) **DEFENDANT'S NOTICE OF REMOVAL** |
| vs. | ) |
| KEVIN SPACEY FOWLER, an individual | ) [*Declaration of Kevin Spacey Fowler Filed Concurrently*] |
| Defendant. | ) **DEMAND FOR JURY TRIAL** |

DEFENDANT'S NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE CLERK OF THE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Kevin Spacey Fowler files this Notice of Removal under 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. § 1332(a), to effect the removal of the above-captioned action, which was originally commenced in the Superior Court of the State of California for the County of Los Angeles. This Court has original jurisdiction over the action under 28 U.S.C. § 1332(a) as alleged and described below:

## BACKGROUND

1. On September 27, 2018, plaintiff John Doe ("Plaintiff") filed a Complaint against defendant Kevin Spacey Fowler ("Defendant") in the Superior Court of the State of California, County of Los Angeles, Case No. BC723568.

2. The Complaint and Summons were not served on Defendant for several months, and Defendant has not appeared in the state court action. This Notice of Removal is timely as explained below.

3. The Complaint alleges causes of action for: (1) sexual battery, (2) gender violence, (3) battery, (4) assault, (5) intentional infliction of emotional distress, and (6) false imprisonment. Copies of all "pleadings, process or orders" of which Defendant is aware are attached to this Notice of Removal as Exhibits A through D.

## GROUNDS FOR REMOVAL – DIVERSITY

4. This action is removable under 28 U.S.C. § 1441(a)-(b), which provides for the removal of state court civil actions over which United States District Courts have original jurisdiction. This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because: (1) Plaintiff and Defendant are citizens of different States, and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

5. Plaintiff is an individual who filed the Complaint under a pseudonym for the alleged need to protect his privacy. (Complaint, ¶ 5.) But the Complaint alleges and acknowledges that Plaintiff is a resident of Los Angeles County, California. (*Id*.) He further alleges and acknowledges he has worked as a massage therapist in and around the Los Angeles, California area for more than 35 years. (*Id*.) Defendant therefore is informed and believes, and on that basis alleges, that Plaintiff is and at all relevant times was a citizen of the State of California.

6. Defendant is an individual. He is a citizen of the United States. (Fowler Decl., ¶ 2.) Since at least 2014, Defendant has been domiciled in, and a citizen of, the State of Maryland. (*Id*.) Throughout that time, Defendant has resided in Maryland with the intention to remain in Maryland indefinitely and to return to that state whenever he has left it on a temporary basis. (*Id*.) At all relevant times, Defendant has filed tax returns and paid state income taxes as a Maryland citizen. (*Id*.)

7. In the Complaint, Plaintiff alleges on information and belief that Defendant is a resident of Los Angeles County, California. (Complaint, ¶ 3.) That is incorrect. (Fowler Decl., ¶ 3.) Further, an individual's residence is not relevant for jurisdictional purposes. *See Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). Instead, the state citizenship of a natural person is determined by his or her state of domicile, not state of residence. As explained above and in the supporting declaration, Defendant has been domiciled in, and a citizen of, the State of Maryland at all relevant times. (Fowler Decl., ¶ 2.)

8. There are only two parties to this action: (1) Plaintiff, who is a citizen of the State of California, and (2) Defendant, who is a citizen of the State of Maryland. Consequently, there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1) as Plaintiff and Defendant are citizens of different States.

## AMOUNT IN CONTROVERSY

9. To satisfy the amount in controversy requirement set forth in 28 U.S.C. § 1332(a), the removing party must show the amount in controversy "more likely than not" exceeds $75,000, exclusive of interest and costs. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

10. It is facially apparent from the Complaint but not expressly stated that the alleged amount in controversy in this case more likely than not exceeds $75,000, exclusive of interest and costs, based on the fact the Complaint broadly seeks "statutory, compensatory, and punitive damages" against Defendant, as well as "penalties," attorneys' fees, and "other appropriate and just relief." (*See, e.g.*, Complaint, ¶¶ 1, 28-30, 35-38, 43-45, 52-54, 58-60, 67-69, & Prayer For Relief.) Plaintiff alleges his compensatory damages include "physical injury and emotional pain and distress," "economic harm, loss of earnings, and other damages," and "other consequential damages." (*See* Complaint, ¶¶ 28-29, 35-36, 43-44, 52-53, 58-59, 67-68, & Prayer For Relief.)

11. Taking into consideration the allegations concerning Plaintiff's alleged damages, Defendant respectfully submits that the amount in controversy more likely than not exceeds $75,000.

## NO WAIVER OF DEFENSES

12. By removing this case to federal court, Defendant does not concede that this Court is a convenient forum, does not waive any of his defenses or objections under Rule 12 of the Federal Rules of Civil Procedure, and does not waive any other defense, objection, or right available under the law.

## TIMELINESS OF REMOVAL

13. On January 2, 2019, Plaintiff's counsel mailed a Notice and Acknowledgement of Receipt form to Defendant's counsel under California Code of Civil Procedure section 415.30. (*See* Exh. D.) On January 3, 2019, Defendant's counsel executed the Acknowledgement of Receipt. Under California Code of Civil Procedure section 415.30, service is deemed complete at the time of such delivery of acknowledgement. This Notice of Removal therefore is timely because it is filed within thirty (30) days of the date of service on Defendant of a copy of the Complaint. 28 U.S.C. § 1446(b).

## VENUE IS PROPER

14. Venue lies in the Central District of California under 28 U.S.C. §§ 1441(a), 1391(a), and 84(c), because the state court action was filed in this District and Division.

## NOTICE OF REMOVAL

15. Written notice of this removal promptly will be served on Plaintiff and such notice promptly will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles. 28 U.S.C. § 1446(d).

16. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" on file in the state court action or served on Defendant are attached to this Notice of Removal:

| Exhibit | Document Title | Date |
|---|---|---|
| A | Complaint | 9/27/2018 |
| B | Summons | 9/27/2018 |
| C | Notice of Case Assignment | 9/27/2018 |
| D | Notice and Acknowledgment of Receipt – Civil | 1/17/2019 |

WHEREFORE, Defendant respectfully requests that the above-captioned action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

Dated: January 31, 2019              KELLER/ANDERLE LLP

By: */s/ Jennifer L. Keller*
Jennifer L. Keller
Chase A. Scolnick
Jay P. Barron

*Attorneys for Defendant Kevin Spacey Fowler*

**JURY TRIAL DEMANDED**

Defendant Kevin Spacey Fowler hereby demands a jury trial on all issues properly tried by a jury.

Dated: January 31, 2019

KELLER/ANDERLE LLP

By: */s/ Jennifer L. Keller*
Jennifer L. Keller
Chase A. Scolnick
Jay P. Barron

*Attorneys for Defendant Kevin Spacey Fowler*

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Irvine, California 92612-1057. On January 31, 2019, I served the foregoing document described as

**DEFENDANT'S NOTICE OF REMOVAL**

on the following-listed attorneys by the following means of service:

BY CM/ECF:  I hereby certify that, on January 31, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The filing of the document will send electronic copies to the individuals at the e-mail addresses listed below:

Genie Harrison, genie@genieharrisonlaw.com
Amber Phillips, amber@genieharrisonlaw.com
Mary Olszewska, mary@genieharrisonlaw.com

BY OVERNIGHT NEXT DAY DELIVERY:  I hereby certify that, on January 31, 2019, I placed a true copy of the foregoing document in a sealed envelope or package designated by the overnight delivery provider with delivery fees paid or provided for, at the address indicated below and deposited same in a box or other facility regularly maintained by the overnight delivery provider or delivered same to an authorized courier or driver authorized by the overnight delivery provider to receive documents.

Genie Harrison
Amber Phillips
Mary Olszewska
GENIE HARRISON LAW FIRM, APC
523 W. 6th Street, Suite 707
Los Angeles, CA 90014
Tel.: (213) 805-530
Fax: (213) 805-5306

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on January 31, 2019 at Irvine, California.

*/s/ Courtney L. McKinney*
Courtney L. McKinney