# Exhibit A

Genie Harrison, SBN 163641
Amber Phillips, SBN 280107
Mary Olszewska, SBN 268710
**GENIE HARRISON LAW FIRM, APC**
523 W. 6th Street, Suite 707
Los Angeles, CA 90014
T: (213) 805-5301 F: (213) 805-5306
genie@genieharrisonlaw.com
amber@genieharrisonlaw.com
mary@genieharrisonlaw.com

Attorneys for PLAINTIFF

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 27 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By: Judi Lara, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

JOHN DOE, an individual,

vs.

KEVIN SPACEY FOWLER, an individual

Defendant.

Case No.: BC728568

**COMPLAINT FOR:**

1. Sexual Battery in Violation of Cal. Civ. Code§ 1708.5
2. Gender Violence in Violation of Cal. Civ. Code§ 52.4
3. Battery
4. Assault
5. Intentional Infliction of Emotional Distress
6. False Imprisonment

**DEMAND FOR JURY TRIAL**

## NATURE OF ACTION

1. PLAINTIFF JOHN DOE ("PLAINTIFF" or "DOE"), brings this action against Defendant KEVIN SPACEY FOWLER ("DEFENDANT" or "SPACEY") seeking statutory, compensatory, and punitive damages, penalties, interest as allowed by law, costs, attorneys' fees, and other appropriate and just relief due to SPACEY'S unlawful conduct in violation of California law.

COMPLAINT
- 1 -

**2.** This lawsuit arises out of injuries suffered by PLAINTIFF from SPACEY repeatedly sexually assaulting and battering PLAINTIFF while falsely imprisoning PLAINTIFF.

### THE PARTIES, JURISDICTION, AND VENUE

**3.** PLAINTIFF believes, and based thereon alleges, that SPACEY is a resident of Los Angeles County, California.

**4.** SPACEY is an academy award-winning, famous actor who has appeared in many films, television shows, and plays.

**5.** PLAINTIFF is a resident of Los Angeles County, California. PLAINTIFF is and has been a massage therapist in and around the Los Angeles area for more than 35 years. PLAINTIFF's professional clientele includes actors and models. John Doe is a pseudonym to protect PLAINTIFF's privacy.

**6.** The California Superior Court has jurisdiction over this action under California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts." The statutes under which this action is brought specify no other basis for jurisdiction.

**7.** This Court has jurisdiction and venue is proper over this action as the wrongful conduct and resulting damages occurred in Los Angeles County, California.

### FACTS COMMON TO ALL CAUSES OF ACTION

**8.** On or about October 2016, in the morning, a male on behalf of SPACEY called PLAINTIFF to inquire and arrange for PLAINTIFF to massage SPACEY at a private residence in Malibu, California ("Residence") that afternoon.

**9.** On or about October 2016, in the afternoon, PLAINTIFF arrived at the Residence. SPACEY answered the door and directed PLAINTIFF to an upstairs room in his guesthouse where PLAINTIFF set up the massage table while SPACEY left the room to change in preparation for the massage.

**10.** SPACEY returned to the room wearing a robe and closed and locked the door behind

1   him.

2   **11.**   In response to PLAINTIFF's question about whether he needed to be aware of any
3   problem areas for the massage, SPACEY stated words to the effect that he was having some pain or
4   discomfort in his groin area.

5   **12.**   Although PLAINTIFF instructed SPACEY to lay face down on the massage table under
6   the top sheet, SPACEY laid down on the massage table facing up.

7   **13.**   The massage proceeded normally for at first, after which, while PLAINTIFF was
8   massaging SPACEY's leg, SPACEY grabbed PLAINTIFF's hand and pulled it onto SPACEY's
9   scrotum and testicles, which PLAINTIFF was forced by SPACEY's action to touch.

10   **14.**   PLAINTIFF pulled away from SPACEY's body causing SPACEY to release his grip of
11   PLAINTIFF's hands.

12   **15.**   PLAINTIFF initially gave SPACEY the benefit of the doubt and assumed he was
13   directing PLAINTIFF to massage the pain in his groin area. He began to massage SPACEY's leg
14   towards his groin area in a nonsexual, professional manner.  SPACEY again grabbed PLAINTIFF's
15   hand, but this time forced PLAINTIFF's hand to rub his penis, scrotum, and testicles.

16   **16.**   In shock, PLAINTIFF stepped backwards exclaiming words to the effect of "What are
17   you doing? This is ridiculous. I am a professional. This is what I do for a living. I have a son."

18   **17.**   SPACEY stood up from the massage table, exposing his naked body to PLAINTIFF.
19   He then moved towards PLAINTIFF stating "you have such beautiful eyes," and grabbed
20   PLAINTIFF's shoulders pulling him closer, for what felt to PLAINTIFF like an attempted kiss. While
21   PLAINTIFF continued backing away from SPACEY's naked body stating words to the effect that
22   "this is over -- just let me go," SPACEY grabbed PLAINTIFF's genitals over his clothing and said
23   words to the effect "just let me give you a blow job."

24   **18.**   Only after PLAINTIFF repeated, "this is over – just let me go," did SPACEY
25   eventually allow PLAINTIFF to leave.

26   **19.**   PLAINTIFF hurriedly grabbed his massage table, leaving behind other materials like
27   the sheets and oil, and fled the Residence.

28   **20.**   SPACEY assaulted and battered PLAINTIFF by forcing PLAINTIFF to touch his

1  scrotum, testicles, and penis, grabbing PLAINTIFF's shoulders and pulling him in for an apparent
2  attempted forced kiss, and grabbing PLAINTIFF's genitalia.
3     **21.**   During these assaults, PLAINTIFF repeatedly asked SPACEY to allow him to leave,
4  but SPACEY blocked access to PLAINTIFF's massage table and the door with his naked body.
5     **22.**   PLAINTIFF reported the assaults to the Los Angeles Police Department.

## FIRST CAUSE OF ACTION

**(Sexual Battery in Violation of Cal. Civ. Code §1708.5)**

**23.**   PLAINTIFF restates and incorporates by reference every allegation in the foregoing paragraphs as though set forth herein.

**24.**   Cal. Civ. Code Section l708.5(a) provides: A person commits a sexual battery who does any of the following: (1) acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results. (2) Acts with the intent to cause a harmful or offensive contact with another by use of his or her intimate part, and a sexually offensive contact with that person directly or indirectly results. (3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results.

**25.**   Cal. Civ. Code Section 1708.5(d) defines "intimate part" as the sexual organ, anus, groin, or buttocks of any person, or the breast of a female.

**26.**   Cal. Civ. Code Section 1708.5(f) defines "offensive contact" to mean contact that offends a reasonable sense of personal dignity.

**27.**   PLAINTIFF alleges that SPACEY committed acts of civil sexual battery in violation of Cal. Civ. Code Section 1708.5, when, on or about October 2016, SPACEY willfully, maliciously, intentionally, and without the consent of PLAINTIFF, subjected PLAINTIFF to forceful, harmful, and offensive touching of SAPCEY's scrotum, testicles, and penis, grabbing and touching of PLAINTIFF's body including his genitals without his consent and in spite of his express objection.

**28.**   As a direct and/or proximate result of SPACEY's conduct as alleged hereinabove, PLAINTIFF suffered and continues to suffer physical injury and emotional pain and distress including

fear, humiliation, grief, embarrassment, nervousness, worry, sadness, frustration, helplessness, stress, mental and emotional distress, anger, and anxiety, all in an amount exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

29. As a direct and proximate result of SPACEY's unlawful conduct as alleged hereinabove, PLAINTIFF suffered and continues to suffer economic harm, loss of earnings, and other damages, all in an amount that exceeds the jurisdictional minimum of the Superior Court, according to proof at trial.

30. Based on information and belief, the aforementioned conduct by SPACEY was willful, wanton, and malicious. At all relevant times, SPACEY acted with conscious disregard of the PLAINTIFF's rights and feelings. SPACEY also acted with the knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to the PLAINTIFF. PLAINTIFF is further informed and believes that SPACEY intended to cause fear, physical injury, and/or pain and suffering to PLAINTIFF. By virtue of the foregoing, PLAINTIFF is entitled to recover punitive and exemplary damages from SPACEY according to proof at trial.

## SECOND CAUSE OF ACTION

### (Gender Violence in Violation of Cal. Civ. Code§ 52.4)

31. PLAINTIFF restates and incorporates by reference every allegation in the foregoing paragraphs as though set forth herein.

32. Cal. Civ. Code Section 52.4(c) defines "gender violence" as: (1) one or more acts that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction. (2) A physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal charges, complaints, charges, prosecution, or conviction.

33. As alleged hereinabove, on or about October 2016, SPACEY violated Cal. Civ. Code Section 52.4. SPACEY committed acts of gender violence upon PLAINTIFF through the use,

attempted use, or threatened use of physical force against his person, committed in part based on PLAINTIFF's gender.

34. As alleged hereinabove, on or about October 2016, SPACEY violated Cal. Civ. Code Section 52.4 so that he engaged in a physical intrusion or physical invasion of a sexual nature under coercive conditions.

35. As a direct and proximate result of SPACEY's unlawful conduct as alleged hereinabove, PLAINTIFF has suffered and continues to suffer physical injury, emotional pain and distress, fear, humiliation, grief, embarrassment, nervousness, worry, anger, frustration, helplessness, nervousness, sadness, stress, mental and emotional distress, and anxiety, all in an amount exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

36. As a direct and proximate result of SPACEY's unlawful conduct as alleged hereinabove, PLAINTIFF has suffered and continues to suffer economic harm and other consequential damages, all in an amount according to proof at trial.

37. Based on information and belief, the aforementioned conduct by SPACEY was willful, wanton, and malicious. At all relevant times, SPACEY acted with conscious disregard of PLAINTIFF's rights and feelings. SPACEY also acted with the knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to PLAINTIFF. PLAINTIFF is further informed and believes that SPACEY intended to cause fear, physical injury, and/or pain and suffering to PLAINTIFF. By virtue of the foregoing, PLAINTIFF is entitled to recover punitive and exemplary damages from SPACEY according to proof at trial.

38. PLAINTIFF has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorneys' fees and costs as set by the Court.

### THIRD CAUSE OF ACTION
#### (Battery)

39. PLAINTIFF restates and incorporates by reference every allegation in the foregoing paragraphs as though set forth herein.

40. As alleged hereinabove, SPACEY sexually battered PLAINTIFF. In performing the

acts described herein, SPACEY acted with the intent to make and made harmful, offensive, and unwelcome contact with PLAINTIFF's person.

**41.** At all relevant times, PLAINTIFF found the contact by SPACEY to be offensive to his person and dignity. PLAINTIFF did not consent to any of the acts by SPACEY.

**42.** As a result of SPACEY's acts as hereinabove alleged, PLAINTIFF was physically harmed and/or experienced offensive contact with his person.

**43.** As a direct and proximate result of SPACEY's unlawful conduct as alleged hereinabove, PLAINTIFF suffered and continues to suffer physical injury, emotional pain and distress, fear, humiliation, grief, embarrassment, nervousness, worry, anger, frustration, helplessness, nervousness, sadness, stress, mental and emotional distress, anxiety, economic harm, and other consequential damages, all in an amount exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

**44.** As a direct and proximate result of SPACEY's unlawful conduct as alleged hereinabove, PLAINTIFF has suffered and continues to suffer economic harm and other consequential damages, all in an amount according to proof at trial.

**45.** Based on information and belief, the aforementioned conduct by SPACEY was willful, wanton, and malicious. At all relevant times, SPACEY acted with conscious disregard of PLAINTIFF's rights and feelings. SPACEY also acted with the knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to PLAINTIFF. PLAINTIFF is further informed and believes that SPACEY intended to cause fear, physical injury, and/or pain and suffering to PLAINTIFF. By virtue of the foregoing, PLAINTIFF is entitled to recover punitive and exemplary damages from SPACEY according to proof at trial.

### FOURTH CAUSE OF ACTION
#### (Assault)

**46.** PLAINTIFF restates and incorporates by reference every allegation in the foregoing paragraphs as though set forth herein.

**47.** As alleged hereinabove, SPACEY assaulted PLAINTIFF by forcing him to remain at

1  the Residence by falsely imprisoning him in an upstairs room while demanding engagement in sexual
2  activities. SPACEY thereby intended to cause PLAINTIFF apprehension of an imminent harmful and
3  offensive contact with his person.

4      **48.**    As a result of SPACEY's acts, PLAINTIFF was in fact, placed in great apprehension of
5  imminent harmful and offensive contact with his person.

6      **49.**    In performing the acts alleged hereinabove, SPACEY acted with the intent of making
7  contact with PLAINTIFF's person.

8      **50.**    PLAINTIFF did not consent to any of the acts by SPACEY as alleged hereinabove.

9      **51.**    SPACEY's conduct as described above, caused PLAINTIFF to be apprehensive that
10  SPACEY would subject him to further intentional invasions and deprive him of his right to be free
11  from offensive and harmful contact and demonstrated that, at all times material herein, SPACEY had a
12  present ability to subject him to an intentional offensive and harmful touching.

13      **52.**    As a direct and proximate result of SPACEY's unlawful conduct as alleged
14  hereinabove, PLAINTIFF suffered and continues to suffer physical injury and emotional distress
15  including fear, humiliation, embarrassment, mental and emotional distress, anger, and anxiety, and
16  economic harm, all in an amount exceeding the jurisdictional minimum of the Superior Court
17  according to proof at trial.

18      **53.**    As a direct and proximate result of SPACEY's unlawful conduct as alleged
19  hereinabove, PLAINTIFF has suffered and continues to suffer economic harm and other consequential
20  damages, all in an amount according to proof at trial.

21      **54.**    Based on information and belief, the aforementioned conduct by SPACEY was willful,
22  wanton, and malicious. At all relevant times, SPACEY acted with conscious disregard of the
23  PLAINTIFF's rights and feelings. SPACEY also acted with the knowledge of or with reckless
24  disregard for the fact that his conduct was certain to cause injury and/or humiliation to the
25  PLAINTIFF. PLAINTIFF is further informed and believes that SPACEY intended to cause fear,
26  physical injury and/or pain and suffering to the PLAINTIFF. By virtue of the foregoing, PLAINTIFF
27  is entitled to recover punitive and exemplary damages from SPACEY according to proof at trial.
28  ///

///

## FIFTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

55. PLAINTIFF restates and incorporates by reference every allegation in the foregoing paragraphs as though set forth herein.

56. SPACEY knew or should have known that PLAINTIFF did not want to engage in any sexual activity with him. Nonetheless, SPACEY held PLAINTIFF at the Residence against his will by locking him in a room to sexually assault and batter PLAINTIFF, and expose himself to PLAINTIFF for the purposes of sexual gratification prior to permitting PLAINTIFF to leave the Residence.

57. SPACEY's knowing disregard for the safety of PLAINTIFF and deliberate failure to monitor or control his behavior caused PLAINTIFF to be repeatedly sexually battered and assaulted.

58. SPACEY's conduct was extreme and outrageous. SPACEY acted with reckless disregard for PLAINTIFF's rights and feelings, and with deliberate indifference to the certainty that PLAINTIFF would suffer emotional distress. As a direct and proximate result of SPACEY's actions, PLAINTIFF has suffered and continues to suffer severe mental anguish, emotional pain and distress, fear, humiliation, grief, embarrassment, nervousness, worry, anger, frustration, helplessness, nervousness, sadness, stress, mental and emotional distress, and anxiety. The general and special damages suffered by PLAINTIFF as a proximate result of the wrongful actions of the SPACEY exceed the jurisdictional minimum of the Superior Court.

59. As a direct and proximate result of SPACEY's unlawful conduct as alleged hereinabove, PLAINTIFF has suffered and continues to suffer economic harm and other consequential damages, all in an amount according to proof at trial.

60. Based on information and belief, the aforementioned conduct by SPACEY was willful, wanton, and malicious. At all relevant times, SPACEY acted with conscious disregard of the PLAINTIFF's rights and feelings. SPACEY also acted with the knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to the PLAINTIFF. PLAINTIFF is further informed and believes that SPACEY intended to cause fear, physical injury and/or pain and suffering to the PLAINTIFF. By virtue of the foregoing, PLAINTIFF

is entitled to recover punitive and exemplary damages from SPACEY according to proof at trial.

## SIXTH CAUSE OF ACTION

### (False Imprisonment)

61. PLAINTIFF restates and incorporates by reference every allegation in the foregoing paragraphs as though set forth herein.

62. SPACEY intentionally deprived PLAINTIFF of his freedom of movement by use of physical barriers, threats of force, and unreasonable duress.

63. The restraint and confinement compelled PLAINTIFF to say in the room for some appreciable time, however short or long.

64. PLAINTIFF did not knowingly or voluntarily consent.

65. SPACEY had no lawful privilege to restrain or confine PLAINTIFF.

66. PLAINTIFF was harmed and SPACEY's conduct.

67. SPACEY's conduct as alleged hereinabove, was a substantial factor in causing PLAINTIFF's harm including physical injury, emotional pain and distress, fear, humiliation, grief, embarrassment, nervousness, worry, anger, frustration, helplessness, nervousness, sadness, stress, mental and emotional distress, anxiety, economic harm, and other consequential damages, all in an amount exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

68. As a direct and proximate result of SPACEY's unlawful conduct as alleged hereinabove, PLAINTIFF has suffered and continues to suffer economic harm and other consequential damages, all in an amount according to proof at trial.

69. Based on information and belief, the aforementioned conduct by SPACEY was willful, wanton, and malicious. At all relevant times, SPACEY acted with conscious disregard of the PLAINTIFF's rights and feelings. SPACEY also acted with the knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to the PLAINTIFF. PLAINTIFF is further informed and believes that SPACEY intended to cause fear, physical injury and/or pain and suffering to the PLAINTIFF. By virtue of the foregoing, PLAINTIFF is entitled to recover punitive and exemplary damages from SPACEY according to proof at trial.

///

///

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF seeks judgment be entered in his favor against SPACEY as follows:

1. General and special compensatory damages as set forth throughout the complaint according to proof with prejudgment interest thereon to the extent allowable by law;

2. Damages for physical pain and distress, emotional pain and distress, fear, humiliation, grief, nervousness, worry, sadness, anger, frustration, embarrassment, helplessness, stress, and related emotional and mental anguish in an amount to be determined by the jury at the trial of this matter, as allowed by law;

3. Attorneys' fees and costs, as allowed by law;

4. Interest, including prejudgment interest, as allowed by law;

5. Punitive and exemplary damages, as allowed by law;

6. Nominal damages, as allowed by law; and

7. Such other and further relief as the court deems just and proper.

## JURY TRIAL DEMANDED

PLAINTIFF JOHN DOE hereby demands trial by jury on all claims.

DATED:  September 27, 2018             Genie Harrison Law Firm, APC

By: _____
**Genie Harrison, Esq.**
**Amber Phillips, Esq.**
**Mary Olszewska, Esq.**
**Attorneys for PLAINTIFF JOHN DOE**