KELLER/ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Avenue, Suite 930
Irvine, California 92612
Tel.: (949) 476-8700
Fax: (949) 476-0900

*Attorneys for Defendant*
KEVIN SPACEY FOWLER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN SPACEY FOWLER, an individual<br><br>Defendant. | Case No.: 2:19-cv-00750-SK<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF JOHN DOE'S CLAIMS OR, ALTERNATIVELY, TO REQUIRE PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT**<br><br>**[Fed. R. Civ. P. 12(b)(6), (e)]**<br><br>Date: March 13, 2019<br>Time: 10:00 a.m.<br>Dept.: Courtroom 540<br><br>Complaint Filed: September 27, 2018 |

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on March 13, 2019 at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Steve Kim, Courtroom 540, Roybal Federal Building And United States Courthouse, 255 E. Temple Street, 5th Floor, Los Angeles, California 90012, Defendant Kevin Spacey Fowler ("Mr. Fowler"), by and through his attorneys, will and hereby does move this Court to dismiss Plaintiff's Complaint in the above-captioned matter or, alternatively, to require Plaintiff to amend his Complaint to provide a more definite statement.[1]

   Under Federal Rule of Civil Procedure 12(b)(6), Mr. Fowler brings this motion to dismiss all causes of action in the Complaint for failure to state a claim because Plaintiff impermissibly pleads anonymously through use of a pseudonym, without approval from this Court and in violation of Federal Rules of Civil Procedure 10(a) and 17(a) and other applicable law.  Alternatively, Mr. Fowler seeks relief under Federal Rule of Civil Procedure 12(e), and asks the Court to require Plaintiff provide a more definite statement by amending his complaint to assert his claims under his real and complete name.

   Also, during the meet and confer process, Plaintiff's counsel agreed to dismiss the sixth cause of action for false imprisonment because it is barred by the applicable one-year statute of limitations.  Because that dismissal has not yet been effectuated, and out of an abundance of caution, Mr. Fowler also seeks to dismiss that sixth cause of action under Rule 12(b)(6) for failure to state a claim.

---

[1]   This case was initially assigned to the Honorable Steve Kim under the Direct Assignment of Civil Cases to Magistrate Judges Program in accordance with General Order 12-02.  (*See* ECF No. 5.)  Under that program, this assignment will remain in place only if the parties consent within fourteen (14) days after the Notice of Removal was filed on January 31, 2019.  (*Id*.)  This motion is being noticed and filed before the expiration of that time period.  By noticing and filing this motion, Mr. Fowler does not consent to the assignment.  If the parties ultimately do not both consent and the case is reassigned, Mr. Fowler will file and serve an amended notice of hearing, if appropriate.

1    This Motion is made following the conference of counsel pursuant to L.R. 7-
2    3, which took place on January 31, 2019.  The parties continued to meet and confer
3    after that conference but could not resolve the matters that are the subject of this
4    Motion.

5    This Motion is based upon this notice, the attached Memorandum of Points
6    and Authorities, the Request for Judicial Notice filed concurrently, the declaration
7    of Jay P. Barron filed concurrently, the [Proposed] Order lodged concurrently, the
8    pleadings, records, and files in this action, and upon any and all oral and
9    documentary evidence presented at or before the hearing on this Motion.

10

11                                              Respectfully submitted,

12   Dated: February 7, 2019                     KELLER/ANDERLE LLP

13                                      By:  _____/s/ Jennifer L. Keller_____

14                                              Jennifer L. Keller
15                                              Chase A. Scolnick
                                                Jay P. Barron
16
                                                *Attorneys for Defendant*
17                                              *Kevin Spacey Fowler*

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

# **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................. 1

II.     BRIEF FACTUAL BACKGROUND ................................................ 2

III.    LEGAL STANDARD ON A MOTION TO DISMISS .................... 2

IV.     PLAINTIFF HAS NO GROUNDS FOR PROCEEDING
        UNDER A PSEUDONYM, AND HIS CLAIMS MUST BE
        DISMISSED OR AMENDED AS A RESULT .............................. 3

        A.    A Plaintiff May Proceed Anonymously Only Under Very
              Limited Circumstances ........................................................ 3

        B.    Plaintiff Is Required To Litigate In His Own Name
              Because None Of The Applicable Factors Weigh In Favor
              Of Allowing Plaintiff to Proceed Anonymously .................. 5

              1.    Severity of Threatened Harm ....................................... 5

              2.    Reasonableness of Anonymous Party's Claimed
                    Fears .............................................................................. 6

              3.    Vulnerability to Retaliation ......................................... 6

              4.    Prejudice Or Unfairness To Defendant ....................... 7

              5.    The Public Interest ....................................................... 8

        C.    If The Court Decides Not To Dismiss Plaintiff's Claims,
              The Court Should Require Plaintiff To Amend His
              Pleading To Provide A More Definite Statement By
              Disclosing His Identity And Greater Specificity ................. 9

V.      THE SIXTH CAUSE OF ACTION FOR FALSE
        IMPRISONMENT IS BARRED BY THE APPLICABLE ONE-
        YEAR STATUTE OF LIMITATIONS ....................................... 10

VI.     CONCLUSION ............................................................................. 11

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>

3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................................................3

4
5

*Doe v. Apstra, Inc.,* 2018 WL 4028679 (N.D. Cal. Aug. 23, 2018).........................3

6

*Doe v. Cabrera*, 307 F.R.D. 1 (D.D.C. 2014) .......................................................4, 8

7

*Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006) ......................................................7

8

*Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992)..............................................................4

9

*Doe v. Goldman*, 169 F.R.D. 138 (D. Nev. 1996).......................................................5

10
11

*Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d
       1036 (9th Cir. 2010) .............................................................................passim

12

*Doe v. Rostker*, 89 F.R.D. 158 (N.D. Cal. 1981).......................................................5

13

*Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996) ...........................................5, 7, 8, 9

14
15

*Doe v. Texaco*, 2006 WL 2850035 (N.D. Cal. Oct. 5, 2006) ...................................9

16

*Does I thru XXXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir.
       2000)...............................................................................................................4

17
18

*Femedeer v. Haun*, 227 F.3d 1244 (10th Cir. 2000) ................................................8

19

*Heram v. United States*, 2014 WL 3836912 (E.D. Cal. Aug. 1, 2014)..................10

20

*Roe v. State of New York*, 49 F.R.D. 279 (S.D.N.Y. 1970) ......................................3

21
22

*San Bernardino County Dep't of Public Soc. Serv. v. Superior Court*,
       232 Cal.App.3d 188, 283 Cal.Rptr. 332 (Cal. Ct. App. 1991)......................7

23

*Scannell v. County of Riverside*, 152 Cal. App. 3d 596 (1984)..............................10

24
25

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954
       (9th Cir. 2010) ...............................................................................................3

26

*W.N.J. v. Yocom*, 257 F.3d 1171 (10th Cir. 2001)....................................................3

27

<u>Statutes</u>

28

Civ. Proc. Code, § 340(c) .......................................................................................10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fed. R. Civ. P. 10(a) ................................................................ 9

Fed. R. Civ. P. 12(b)(6) ........................................................... 2

Fed. R. Civ. P. 12(e) ................................................................ 9

Fed. R. Civ. P. 17(a) ................................................................ 9

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

1 **MEMORANDUM**

2 **I.    INTRODUCTION**

3       This action was improperly filed by a plaintiff using the pseudonym "John

4 Doe" ("Plaintiff").   Using a pseudonym violates the longstanding requirement of

5 judicial proceedings being open to the public, and multiple Federal Rules of Civil

6 Procedure, including the requirement that the Complaint identify the names of the

7 parties and that a case be litigated by the real party in interest.   *See* Fed. R. Civ. P.

8 10(a), 17(a).   The ability to plead anonymously is rarely allowed and only in an

9 exceptional case where the plaintiff can establish that his need for anonymity

10 outweighs the prejudice and unfairness to the other parties, and the public's interest

11 in open judicial proceedings.

12       Plaintiff has not made and cannot make that requisite showing, and his

13 Complaint is therefore deficient and should be dismissed.   He has not sought leave

14 from this Court to allow him to plead anonymously.   His Complaint alleges no

15 grounds that justify his using a pseudonym, but merely claims a blanket desire for

16 "privacy" that falls far short of circumstances under which courts permit use of a

17 pseudonym.   Plaintiff alleges no threatened harm, and there appears to be none.

18 Rather, the party more vulnerable to threats and privacy invasion is defendant Kevin

19 Spacey Fowler ("Mr. Fowler") given his public profile.

20       Mr. Fowler will be severely prejudiced if Plaintiff remains anonymous.

21 Plaintiff's identity has not even been disclosed to Mr. Fowler, let alone to the public

22 via his Complaint.   Even if it were disclosed to him, Mr. Fowler should not be forced

23 to litigate against a party who can litigate behind the cloak of anonymity, especially

24 given that such unwarranted secrecy would inhibit and complicate Mr. Fowler's

25 ability to obtain discovery, investigate Plaintiff's claims, gather information about

26 Plaintiff from third parties and prepare a defense.   (Meanwhile, Plaintiff's counsel is

27 affirmatively using the media to heighten scrutiny of Mr. Fowler, and actively

28 promotes the case on her website.   These are hardly the actions of someone who

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

1   wishes to discreetly litigate the issues and preserve her client's privacy.)  Nor can

2   Plaintiff show his desire for privacy warrants deviating from the common law

3   requirement of open judicial proceedings, as such an unprecedented standard would

4   encourage an avalanche of cases litigated by anonymous parties outside the public

5   view.

6          The Complaint should be dismissed under Federal Rule of Civil Procedure

7   12(b)(6) based on Plaintiff's improper attempt to proceed anonymously, with no

8   grounds to do so.  At minimum, Plaintiff should be required to amend his Complaint

9   to use his real and complete name.

10  **II.     BRIEF FACTUAL BACKGROUND**

11         On September 27, 2018, Plaintiff filed his complaint alleging: (1) sexual

12  battery (Cal. Civ. Code § 1708.5), (2) gender violence (Cal. Civ. Code § 52.4), (3)

13  battery, (4) assault, (5) intentional infliction of emotional distress, and (6) false

14  imprisonment, based on a single alleged incident that occurred "[o]n or about

15  October 2016."  (*See generally* ECF No. 1-1 ("Complaint").)  The Complaint claims

16  Plaintiff pleads under a pseudonym "to protect PLAINTIFF's privacy."  (*Id.*, ¶ 5.)

17         Plaintiff did not serve Mr. Fowler until January 3, 2019.  (ECF No. 1-4.)  Mr.

18  Fowler timely removed this case to federal court on January 31, 2019.  (ECF No. 1.)

19         Also on January 31, 2019, the parties engaged in a telephonic meet and confer

20  regarding the substance of this motion.  (Decl. of Jay Barron, ¶ 4.)  During a

21  subsequent discussion on February 5th, Plaintiff's counsel agreed to voluntarily

22  dismiss the sixth cause of action for false imprisonment but the parties could not

23  resolve the remaining issues.  (*Id.* ¶ 5.)

24  **III.    LEGAL STANDARD ON A MOTION TO DISMISS**

25         Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss is proper

26  where the plaintiff fails "to state a claim upon which relief can be granted."  Fed. R.

27  Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must allege "enough

28  facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  The plaintiff must allege the "'grounds' of his 'entitlement to relief'" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.

A motion to dismiss under Rule 12(b)(6) is appropriately granted where the complaint shows a claim is barred by the applicable statute of limitations.  *See, e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  Likewise, a Rule 12(b)(6) motion may challenge a complaint that fails to identity the plaintiff and therefore alleges no claim upon which relief can be granted.  *See, e.g., Doe v. Apstra, Inc.,* 2018 WL 4028679, at *2 (N.D. Cal. Aug. 23, 2018) (recognizing district courts can dismiss complaint based on failure to comply with Rule 10(a)); *Roe v. State of New York*, 49 F.R.D. 279, 281 (S.D.N.Y. 1970) ("[I]f a complaint does not identify any plaintiff in the title or otherwise, then its filing is ineffective to commence an action.  The Court must be able to identify from the complaint at least one plaintiff by name; otherwise, no action has been commenced.")[2]

## IV.   PLAINTIFF HAS NO GROUNDS FOR PROCEEDING UNDER A PSEUDONYM, AND HIS CLAIMS MUST BE DISMISSED OR AMENDED AS A RESULT

### A.   A Plaintiff May Proceed Anonymously Only Under Very Limited Circumstances

Rule 10(a) provides "[t]he title of the complaint must name all the parties." Likewise, Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest."  Using a pseudonym contravenes these rules and "runs afoul of the public's common law right of access to judicial proceedings."  *See Does*

---

[2]      "When a party wishes to proceed anonymously or under a pseudonym, it must first petition the district court for permission to do so." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).  Although this action recently was removed to this federal court, Plaintiff has not made any such petition, nor expressed an intention to do so.

1  *I thru XXXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); *Doe v.*

2  *Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir.

3  2010) ("The normal presumption in litigation is that parties must use their real

4  names. . . . In this circuit, the common law rights of access to the courts and judicial

5  records are not taken lightly.")

6        The Ninth Circuit allows a party to proceed anonymously only in an "unusual

7  case." *Advanced Textile*, 214 F. 3d at 1067; *see also Doe v. Frank*, 951 F.2d 320,

8  323 (11th Cir. 1992) ("It is the exceptional case in which a plaintiff may proceed

9  under a fictitious name."). A party may preserve anonymity only in those special

10  circumstances "when the party's need for anonymity outweighs prejudice to the

11  opposing party and the public's interest in knowing the party's identity." *Advanced*

12  *Textile*, 214 F.3d at 1068. To determine whether a party should be allowed to

13  proceed anonymously, district courts must balance at least five factors: "'(1) the

14  severity of the threatened harm, (2) the reasonableness of the anonymous party's

15  fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the

16  prejudice to the opposing party, and (5) the public interest." *Kamehameha*, 596 F.3d

17  at 1042 (citing *Advanced Textile*, 214 F.3d at 1068).[3]

18

19

20

21

22

---

23  [3]      Even in the unusual case in which a party is initially permitted to proceed anonymously, a court must continue to evaluate and weigh the various factors,

24  because circumstances may change as the litigation progresses. *Advanced Textile*, 214 F.3d at 1069. And a party cannot maintain use of a pseudonym when a case

25  proceeds to trial, because "the defendant's ability to receive a fair trial will likely be compromised if the Court allows the plaintiff to continue using a pseudonym, as the

26  jurors may construe the Court's permission for the plaintiff to conceal her true identity as a subliminal comment on the harm the alleged encounter with the

27  defendant has caused the plaintiff." *Doe v. Cabrera*, 307 F.R.D. 1, 10 (D.D.C. 2014).

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

1
2
3

**B.**   **Plaintiff Is Required To Litigate In His Own Name Because None Of The Applicable Factors Weigh In Favor Of Allowing Plaintiff to Proceed Anonymously**

4

1.   Severity of Threatened Harm

5   Plaintiff has made no showing of any threatened harm, let alone a threat or
6   harm of such severity it would justify use of a pseudonym.  The Complaint attempts
7   to justify the use of a pseudonym merely on Plaintiff's unsubstantiated request for
8   privacy.  (Compl. ¶ 5.)   But Plaintiff does not allege he has been threatened by
9   anyone – by Mr. Fowler or anyone else.   And courts repeatedly hold that any
10  potential personal embarrassment or desire for privacy fail to provide sufficient
11  grounds to entitle a plaintiff to proceed anonymously.  *See Doe v. Rostker*, 89 F.R.D.
12  158, 162 (N.D. Cal. 1981) ("That the plaintiff may suffer some embarrassment or
13  economic harm is not enough.  There must be a strong social interest in concealing
14  the identity of the plaintiff."); *Doe v. Goldman*, 169 F.R.D. 138, 141 (D. Nev. 1996)
15  ("Courts have generally rejected attempts to proceed under fictitious names where
16  plaintiffs   are   concerned   solely   with   economic   well-being   and   possible
17  embarrassment or humiliation.").

18  This is not a close case.  Any speculative or attenuated harm to Plaintiff does
19  not even rise close to the level found to be *insufficient* for plaintiff to plead
20  anonymously in *Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996).   There, the court
21  refused to permit a plaintiff to proceed anonymously where she sought damages
22  based on an alleged sexual assault and did not want to be publicly identified.   The
23  court recognized that plaintiff alleged she was a sexual assault victim.  But the court
24  held that her privacy concern was outweighed by other considerations, including her
25  choice to bring a civil lawsuit making allegations that put her credibility at issue, the
26  disadvantage to defendant of having to litigate against an anonymous person while
27  being publicly accused, and the public's legitimate interest in the facts of the lawsuit.
28  *Id*. at 361-362.  The court also noted that the plaintiff's "claims of public humiliation

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

1   and embarrassment . . . are not sufficient grounds for allowing a plaintiff in a civil
2   case to proceed anonymous." *Id*. at 362.

3        As in *Shakur*, Plaintiff's claims here, and his desire to protect his privacy
4   cannot justify use of a pseudonym.  And any perceived harm is outweighed by other
5   considerations, including Plaintiff's decision to bring this case, to assert claims
6   placing his credibility at issue, the disadvantage to Mr. Fowler of litigating against an
7   anonymous plaintiff, and the public's interest.  As in *Shakur*, the Court should reject
8   Plaintiff's attempt to proceed anonymously.

9                 2.   <u>Reasonableness of Anonymous Party's Claimed Fears</u>

10        Any potential fear Plaintiff may claim if required to disclose his name is
11   entirely speculative, especially given no threatened retaliation or harm is articulated
12   in the Complaint.  Courts do not permit a plaintiff, like the one here, to sue in a
13   fictitious name merely because he can hypothesize about some imagined fear.

14        In *Kamehameha*, four minor children sought to proceed anonymously in their
15   lawsuit challenging the admission standards of Hawaiian schools which granted
16   admission to students of Native Hawaiian blood before admitting any other
17   applicant.  *Kamehameha*, 596 F.3d at 1039.  The Ninth Circuit upheld the district
18   court's order finding plaintiffs' fear of retaliation was unreasonable where threats of
19   physical harm were directed at plaintiffs in internet postings and the U.S. Attorney
20   warned about increased threats of violence against children in plaintiffs' position.  *Id*.
21   at 1045.  The district court found those threats too attenuated and speculative to
22   suggest a reasonable fear of such threats being carried out, and the Ninth Circuit
23   affirmed.  *Id*.  Here, any fear Plaintiff may claim would be more speculative,
24   uncertain, and non-specific than the fears found to be unreasonable and insufficient
25   in *Kamehameha*.

26                 3.   <u>Vulnerability to Retaliation</u>

27        Plaintiff faces no particular vulnerability to any retaliation.  An important
28   consideration that can support anonymity is where the anonymous party is a minor.

1   *Kamehameha*, 596 F.3d at 1045.  But Plaintiff here is not a minor and has no special

2   vulnerability to retaliation that warrants a pseudonym.  He acknowledges he has

3   worked as a massage therapist in the Los Angeles area for 35 years and therefore

4   almost certainly is in his mid-50s or beyond.  (*See* Compl. ¶ 5.)  He chose to bring

5   this civil lawsuit seeking to vindicate his own rights, and he therefore must stand

6   behind the allegations publicly.  *See Shakur*, 164 F.R.D. at 361.

7                      4.   Prejudice Or Unfairness To Defendant

8         Conversely, Mr. Fowler will suffer extreme prejudice and unfairness if

9   Plaintiff proceeds anonymously.  Plaintiff's identity has not been disclosed to Mr.

10  Fowler or his counsel.  During the meet and confer process, Mr. Fowler's counsel

11  asked that Plaintiff's identity be disclosed to them, but that request was refused.

12  (Barron Decl., ¶ 5.)   Mr. Fowler cannot prepare initial disclosures, respond to

13  discovery, or prepare a defense against claims by an unnamed and anonymous

14  complainant.

15        Moreover, using a pseudonym is unfair to Mr. Fowler, even if Plaintiff's

16  identity is disclosed to Mr. Fowler's counsel but not to the public in his Complaint.

17  Using a pseudonym inhibits Mr. Fowler's ability to conduct discovery, especially

18  third-party discovery.  Further, it prevents possible unknown third parties with

19  information about Plaintiff and his factual allegations from coming forward with

20  information relevant to Mr. Fowler's defense.  *See, e.g., Doe v. Del Rio*, 241 F.R.D.

21  154, 159 (S.D.N.Y. 2006) ("[C]oncealing the name of a party could deprive a litigant

22  and the court of a chance that a yet unknown witness would, upon learning that fact

23  about the case, know to step forward with valuable information about the events or

24  the credibility of witnesses."); *San Bernardino County Dep't of Public Soc. Serv. v.*

25  *Superior Court*, 232 Cal.App.3d 188, 283 Cal.Rptr. 332, 341 (Cal. Ct. App. 1991)

26  ("[O]pen proceedings discourage perjury and might encourage other witnesses to

27  come forward which in turn leads to more accurate fact-finding.").  And as a public

28  figure, Mr. Fowler is far likelier to be the target of threats and harm than Plaintiff.

Further, Plaintiff's allegations place his credibility directly at issue.  He should not be permitted to hide behind a pseudonym while Mr. Fowler must litigate and defend his reputation in public.  Such a result is fundamentally unfair.  *See Shakur*, 164 F.R.D. at 361 ("Shakur has been publicly accused.  If plaintiff were permitted to prosecute this case anonymously, Shakur would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity.").   Courts recognize that the unfairness of a pseudonym is exacerbated when the defendant is an individual – as is the case here – rather than a governmental or corporate entity.  *See Cabrera*, 307 F.R.D. at 8 ("This consideration is significant because governmental bodies do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing." (internal quotation omitted)).

Plaintiff's counsel already has encouraged and facilitated publicity of his allegations, including in multiple articles on the lawsuit filed in industry media outlets and promoted on Plaintiff's counsel's website.  (Barron Decl., ¶ 6, Ex. A; RJN, ¶ 1.)  Plaintiff is the one who brought this case, and he must stand behind his (baseless) allegations by pleading in his name rather remain anonymous.  *Shakur*, 164 F.R.D. at 361 ("Fairness requires that she be prepared to stand behind her charged publicly."); *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) ("Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials.").

### 5.   The Public Interest

Finally, the public interest overwhelmingly supports Plaintiff's pleading in his real name.  The requirement that parties use their real names "is loosely related to the public's right to open courts . . . and the right of private individuals to confront their accusers." *Kamehameha*, 596 F.3d at 1042.  This public interest cannot be dismissed easily:

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

1
2
3
4
5

> The purpose of [Rule 10(a)] is not simply administrative, it is to apprise the parties of their opponents, and it protects the public's legitimate interest in knowing all the facts and events surrounding court proceedings. When anyone – local or foreign – invokes the potential power and authority of a Unites States District Court, the public has a legitimate right to know on whose behalf their institutions are being used, unless good cause to do otherwise is shown.

6
7
8
9
10
11
12

*Doe v. Texaco*, 2006 WL 2850035, at *6 (N.D. Cal. Oct. 5, 2006) (internal quotations and citation omitted); *Kamehameha*, 596 F.3d at 102 ("In this circuit, the common law rights of access to the courts and judicial records are not taken lightly."). Among the facts that the public has a legitimate interest in knowing "is the identity of the parties." *Shakur*, 164 F.R.D. at 361; *Kamehameha*, 596 F.3d at 1046 (a party's privacy concerns cannot overcome the "paramount importance of open courts").

13
14
15

Mr. Fowler has a right to face his accuser and vindicate his name in a public proceeding. That ability is compromised if Plaintiff remains anonymous, especially where there is no legitimate threat of reprisal.

16
17
18
19

**C.  If The Court Decides Not To Dismiss Plaintiff's Claims, The Court Should Require Plaintiff To Amend His Pleading To Provide A More Definite Statement By Disclosing His Identity And Greater Specificity**

20
21
22
23
24
25

The Court should dismiss Plaintiff's claims under Rule 12(b)(6) because Plaintiff cannot maintain a claim that fails to identity the parties or proceed in the name of the real party in interest, and he has refused thus far to provide his true identity. *See, e.g.*, Fed. R. Civ. P. 10(a), 17(a). But if the Court declines, the Court can and should require Plaintiff to amend his complaint to provide a more definite statement that discloses his full and complete identity. *See* Fed. R. Civ. P. 12(e).

26
27
28

Under Rule 12(e), a party may move for a more definite statement of a pleading so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). A motion for a more definite statement under Rule 12(e) is a

1  proper mechanism to require the disclosure of a plaintiff's identity where the plaintiff

2  pleads under a pseudonym.  *See, e.g., Heram v. United States*, 2014 WL 3836912, at

3  *1-3 (E.D. Cal. Aug. 1, 2014) (granting motion under Rule 12(e) and requiring

4  plaintiff to file amended complaint that contains his actual name).   Further, the

5  Complaint is intentionally amorphous about the lone incident that forms the basis for

6  all of Plaintiff's claims.   Although Plaintiff presumably has some records or

7  documentation that reflect the precise date and location of the alleged incident, the

8  Complaint vaguely states it occurred "[o]n or about October 2016" at an unidentified

9  residence in Malibu.  (Compl. ¶¶ 8-9.)  Plaintiff should be ordered to provide a

10 precise date and location in his amended pleading.

11 **V.    THE SIXTH CAUSE OF ACTION FOR FALSE IMPRISONMENT IS**

12 **BARRED BY THE APPLICABLE ONE-YEAR STATUTE OF**

13 **LIMITATIONS**

14        During the meet and confer process, Plaintiff's counsel agreed to dismiss the

15 sixth cause of action for false imprisonment after Mr. Fowler's counsel informed

16 them it was barred by the statute of limitations.  (Barron Decl., ¶ 5.)  As a result, Mr.

17 Fowler anticipates Plaintiff will file a voluntary dismissal of that cause of action, but

18 such dismissal has not been filed by the time this motion had to be filed.  Therefore,

19 out of an abundance of caution, and to the extent it does not become moot by

20 Plaintiff's expected dismissal of the sixth cause of action, Mr. Fowler seeks an order

21 dismissing that cause of action because it is barred by the statute of limitations.

22        An action for false imprisonment must be commenced within one year.  Civ.

23 Proc. Code, § 340(c).  The limitations period accrues upon release from the alleged

24 confinement.  *See Scannell v. County of Riverside*, 152 Cal. App. 3d 596, 606 (1984).

25        The Complaint alleges the incident that forms the basis of all of Plaintiff's

26 claims occurred "[o]n or about October 2016."  (*See* Compl. ¶¶ 8, 9, 27, 33.)  The

27 purported confinement occurred when Fowler momentarily blocked access to the exit

28 of the room where the alleged incident occurred before Fowler "eventually allow[ed]

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

1  PLAINTIFF to leave." (*Id.* ¶ 18, 21.)  The Complaint does not allege wrongdoing or
2  confinement on any other occasion other than this single incident.

3      Plaintiff did not file his Complaint until nearly two years later on September
4  27, 2018, as reflected by the conformed copy stamp on the original complaint.  (*See*
5  ECF No. 1-1.)   Therefore, Plaintiff's false imprisonment claim is barred by the
6  applicable one-year statute of limitations, and it cannot be corrected by amendment.
7  The Court should dismiss that claim without leave to amend.

## VI.   CONCLUSION

9      Plaintiff's sixth claim for false imprisonment is barred by the statute of
10  limitations as a matter of law, and it should be dismissed with prejudice.  Separately,
11  Plaintiff has not established, and cannot establish, that this is an exceptional case
12  justifying his pleading anonymously.   All of his claims, therefore, should be
13  dismissed, or, alternatively, he should be required to amend his pleading to provide a
14  more definite statement disclosing his full and complete identity.

16          Respectfully submitted,

17  Dated: February 7, 2019       KELLER/ANDERLE LLP

18      By:      */s/ Jennifer L. Keller*

19          Jennifer L. Keller
20          Chase A. Scolnick
        Jay P. Barron
21          *Attorneys for Defendant*
22          *Kevin Spacey Fowler*

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Irvine, California 92612-1057. On **February 7, 2019**, I served the foregoing document described as

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF JOHN DOE'S CLAIMS OR, ALTERNATIVELY, TO REQUIRE PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

SERVED BY U.S. MAIL: There are currently no individuals on the list to receive mail notices for this case.

SERVED BY CM/ECF. I hereby certify that, on **February 7, 2019**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The filing of the foregoing document will send copies to the following CM/ECF participants:

The following are those who are currently on the list to receive e-mail notices for this case.

Genie Harrison, genie@genieharrisonlaw.com
Amber Phillips, amber@genieharrisonlaw.com
Mary Olszewska, mary@genieharrisonlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on **February 7, 2019** at Irvine, California.

_____*/s/ Courtney L. McKinney*_____
Courtney L. McKinney

1

PROOF OF SERVICE