Genie Harrison, SBN 163641
Mary Olszewska, SBN 268710
Amber Phillips, SBN 280107
**GENIE HARRISON LAW FIRM, APC**
523 W. 6th Street, Suite 707
Los Angeles, CA 90014
T: (213) 805-5301 F: (213) 805-5306
genie@genieharrisonlaw.com
mary@genieharrisonlaw.com
amber@genieharrisonlaw.com

Attorneys for PLAINTIFF

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual, | Case No.: 2:19-CV-00750-RSWL (SSx) |
| vs. | **FIRST AMENDED COMPLAINT FOR:** |
| KEVIN SPACEY FOWLER, an individual, M. PROFITT PRODUCTIONS, INC., a California Corporation, and DOES 1-9, inclusive. | 1. Sexual Battery in Violation of Cal. Civ. Code§ 1708.5<br>2. Battery<br>3. Assault<br>4. Intentional Infliction of Emotional Distress<br>5. Gender Violence in Violation of Cal. Civ. Code§ 52.4 |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## NATURE OF ACTION

1. PLAINTIFF JOHN DOE ("PLAINTIFF" or "DOE"), brings this action against Defendant KEVIN SPACEY FOWLER, an individual, ("SPACEY"), M. PROFITT PRODUCTIONS, INC., a California Corporation, ("PROFITT PRODUCTIONS"), and DOES 1-9 (collectively "DEFENDANTS") seeking statutory, compensatory, and punitive damages, penalties, interest as allowed by law, costs, attorneys' fees, and other appropriate and just relief due to DEFENDANTS' unlawful conduct in violation of California law.

**2.** This lawsuit arises out of injuries suffered by PLAINTIFF from DEFENDANTS repeatedly sexually assaulting and battering PLAINTIFF while falsely imprisoning PLAINTIFF.

## THE PARTIES, JURISDICTION, AND VENUE

**3.** PLAINTIFF believes, and based thereon alleges, that SPACEY is a resident of Los Angeles County, California.

**4.** SPACEY is an academy award-winning, famous actor who has appeared in many films, television shows, and plays.

**5.** PLAINTIFF believes, and based thereon alleges, that PROFITT PRODUCTIONS is a corporation licensed to and doing business within the State of California. PLAINTIFF believes, and based thereon alleges, that PROFITT PRODUCTIONS is SPACEY's loan-out company of which SPACEY is its Chief Executive Officer, Secretary, Chief Financial Officer, and employee. A loan-out company is a legal entity utilized by celebrities, including actors, through which they perform and receive services for tax advantages. PLAINTIFF believes, and based thereon alleges, that at all times relevant to this complaint, SPACEY was performing and receiving services through PROFITT PRODUCTIONS, and, at all times relevant hereto, was acting as, on behalf of, and for the benefit of the company.

**6.** The true names and capacities, whether corporate, associate, individual or otherwise of Defendants DOES 1 through 9, inclusive, are unknown to PLAINTIFF, who therefore sues said Defendants by such fictitious names pursuant to California Code of Civil Procedure § 474 and Central District of California Local Rule 19-1. Each of the Defendants designated herein as a DOE are responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to PLAINTIFF, as herein alleged. PLAINTIFF will ask leave of Court to amend this complaint to show their names, identities, and capacities if and when the same have been ascertained.

**7.** PLAINTIFF is a resident of Los Angeles County, California. PLAINTIFF is and has been a massage therapist in and around the Los Angeles area for more than 35 years. PLAINTIFF's professional clientele includes actors and models. John Doe is a pseudonym to protect PLAINTIFF's privacy including protecting Plaintiff from harassment, injury, ridicule, and personal embarrassment.

Plaintiff reasonably fears that if his identity is revealed, he will face threats of and actual physical and economic injury.

**8.** The California Superior Court has jurisdiction over this action under California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts." The statutes under which this action is brought specify no other basis for jurisdiction.

**9.** The United States District Court Central District of California currently has jurisdiction over this action based upon SPACEY's Notice of Removal of January 31, 2018. Venue is proper as the wrongful conduct and resulting damages occurred in Los Angeles County, California.

## FACTS COMMON TO ALL CAUSES OF ACTION

**10.** On or about October 2016, in the morning, a male on behalf of DEFENDANTS called PLAINTIFF to inquire and arrange for PLAINTIFF to massage SPACEY at a private residence in Malibu, California ("Residence") that afternoon.

**11.** On or about October 2016, in the afternoon, PLAINTIFF arrived at the Residence, which had film production trucks and trailers parked on and nearby the Residence and on which filming activity appeared to be in process. SPACEY answered the door and directed PLAINTIFF to an upstairs room in the guesthouse where PLAINTIFF set up the massage table while SPACEY left the room to change in preparation for the massage.

**12.** PLAINTIFF believes, and based thereon alleges, that the Residence was rented by PROFITT PRODUCTIONS for the purpose of, among other things, SPACEY's dwelling, a location for massages, and conducting filming. PLAINTIFF believes, and based thereon alleges, that he was hired at DEFENDANTS' instruction to perform through or for the benefit of PROFITT PRODUCTIONS. PLAINTIFF believes, and based thereon alleges, that SPACEY had an open and obvious pattern of behavior with other male massage therapists so apparent that PROFITT PRODUCTIONS and/or DOES 1 through 9, including the unknown male who made the appointment for SPACEY with PLAINTIFF, knew or should have known that PLAINTIFF was in danger.

**13.** SPACEY returned to the room wearing a robe and closed and locked the door behind him.

14. In response to PLAINTIFF's question about whether he needed to be aware of any problem areas for the massage, SPACEY stated words to the effect that he was having some pain or discomfort in his groin area.

15. Although PLAINTIFF instructed SPACEY to lay face down on the massage table under the top sheet, SPACEY laid down on the massage table facing up.

16. The massage proceeded normally at first, after which, while PLAINTIFF was massaging SPACEY's leg, SPACEY grabbed PLAINTIFF's hand and pulled it onto SPACEY's scrotum and testicles, which PLAINTIFF was forced by SPACEY's action to touch.

17. PLAINTIFF pulled away from SPACEY's body causing SPACEY to release his grip of PLAINTIFF's hands.

18. PLAINTIFF initially gave SPACEY the benefit of the doubt and assumed he was directing PLAINTIFF to massage the pain in his groin area. He began to massage SPACEY's leg towards his groin area in a nonsexual, professional manner. SPACEY again grabbed PLAINTIFF's hand, but this time forced PLAINTIFF's hand to rub his penis, scrotum, and testicles.

19. In shock, PLAINTIFF stepped backwards exclaiming words to the effect of "What are you doing? This is ridiculous. I am a professional. This is what I do for a living. I have a son."

20. SPACEY stood up from the massage table, exposing his naked body to PLAINTIFF. He then moved towards PLAINTIFF stating "you have such beautiful eyes," and grabbed PLAINTIFF's shoulders pulling him closer, for what felt to PLAINTIFF like an attempted kiss. While PLAINTIFF continued backing away from SPACEY's naked body stating words to the effect that "this is over -- just let me go," SPACEY grabbed PLAINTIFF's genitals over his clothing and said words to the effect "just let me give you a blow job."

21. Only after PLAINTIFF repeated, "this is over – just let me go," did SPACEY eventually allow PLAINTIFF to leave.

22. PLAINTIFF hurriedly grabbed his massage table, leaving behind other materials like the sheets and oil, and fled the Residence.

23. SPACEY assaulted and battered PLAINTIFF by forcing PLAINTIFF to touch his scrotum, testicles, and penis, grabbing PLAINTIFF's shoulders and pulling him in for an apparent

1 attempted forced kiss, and grabbing PLAINTIFF's genitalia.

2      **24.**     During these assaults, PLAINTIFF repeatedly asked SPACEY to allow him to leave, but SPACEY blocked access to PLAINTIFF's massage table and the door with his naked body.

4      **25.**     PLAINTIFF reported the assaults to the Los Angeles Police Department.

## FIRST CAUSE OF ACTION

### (Sexual Battery in Violation of Cal. Civ. Code §1708.5)

### (against SPACEY)

**26.**     PLAINTIFF restates and incorporates by reference every allegation in the foregoing paragraphs as though set forth herein.

**27.**     Cal. Civ. Code Section 1708.5(a) provides: A person commits a sexual battery who does any of the following: (1) acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results. (2) Acts with the intent to cause a harmful or offensive contact with another by use of his or her intimate part, and a sexually offensive contact with that person directly or indirectly results. (3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results.

**28.**     Cal. Civ. Code Section 1708.5(d) defines "intimate part" as the sexual organ, anus, groin, or buttocks of any person, or the breast of a female.

**29.**     Cal. Civ. Code Section 1708.5(f) defines "offensive contact" to mean contact that offends a reasonable sense of personal dignity.

**30.**     PLAINTIFF alleges that SPACEY committed acts of civil sexual battery in violation of Cal. Civ. Code Section 1708.5, when, on or about October 2016, SPACEY willfully, maliciously, intentionally, and without the consent of PLAINTIFF, subjected PLAINTIFF to forceful, harmful, and offensive touching of SPACEY's scrotum, testicles, and penis, grabbing and touching of PLAINTIFF's body including his genitals without his consent and in spite of his express objection.

**31.**     As a direct and/or proximate result of SPACEY's conduct as alleged hereinabove, PLAINTIFF suffered and continues to suffer physical injury and emotional pain and distress including fear, humiliation, grief, embarrassment, nervousness, worry, sadness, frustration, helplessness, stress,

1  mental and emotional distress, anger, and anxiety, all in an amount exceeding the jurisdictional
2  minimum of the Superior Court according to proof at trial.

3      **32.**  As a direct and proximate result of SPACEY's unlawful conduct as alleged
4  hereinabove, PLAINTIFF suffered and continues to suffer economic harm, loss of earnings, and other
5  damages, all in an amount that exceeds the jurisdictional minimum of this court, according to proof at
6  trial.

7      **33.**  Based on information and belief, the aforementioned conduct by SPACEY was willful,
8  wanton, and malicious. At all relevant times, SPACEY acted with conscious disregard of the
9  PLAINTIFF's rights and feelings. SPACEY also acted with the knowledge of or with reckless
10 disregard for the fact that his conduct was certain to cause injury and/or humiliation to the
11 PLAINTIFF. PLAINTIFF is further informed and believes that SPACEY intended to cause fear,
12 physical injury, and/or pain and suffering to PLAINTIFF. By virtue of the foregoing, PLAINTIFF is
13 entitled to recover punitive and exemplary damages from SPACEY according to proof at trial.

**SECOND CAUSE OF ACTION**

**(Battery)**

**(against SPACEY)**

17     **34.**  PLAINTIFF restates and incorporates by reference every allegation in the foregoing
18 paragraphs as though set forth herein.

19     **35.**  As alleged hereinabove, SPACEY sexually battered PLAINTIFF. In performing the
20 acts described herein, SPACEY acted with the intent to make and made harmful, offensive, and
21 unwelcome contact with PLAINTIFF's person.

22     **36.**  At all relevant times, PLAINTIFF found the contact by SPACEY to be offensive to his
23 person and dignity. PLAINTIFF did not consent to any of the acts by SPACEY.

24     **37.**  As a result of SPACEY's acts as hereinabove alleged, PLAINTIFF was physically
25 harmed and/or experienced offensive contact with his person.

26     **38.**  As a direct and proximate result of SPACEY's unlawful conduct as alleged
27 hereinabove, PLAINTIFF suffered and continues to suffer physical injury, emotional pain and
28 distress, fear, humiliation, grief, embarrassment, nervousness, worry, anger, frustration, helplessness,

nervousness, sadness, stress, mental and emotional distress, anxiety, economic harm, and other consequential damages, all in an amount exceeding the jurisdictional minimum of this court according to proof at trial.

39. As a direct and proximate result of SPACEY's unlawful conduct as alleged hereinabove, PLAINTIFF has suffered and continues to suffer economic harm and other consequential damages, all in an amount according to proof at trial.

40. Based on information and belief, the aforementioned conduct by SPACEY was willful, wanton, and malicious. At all relevant times, SPACEY acted with conscious disregard of PLAINTIFF's rights and feelings. SPACEY also acted with the knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to PLAINTIFF. PLAINTIFF is further informed and believes that SPACEY intended to cause fear, physical injury, and/or pain and suffering to PLAINTIFF. By virtue of the foregoing, PLAINTIFF is entitled to recover punitive and exemplary damages from SPACEY according to proof at trial.

**THIRD CAUSE OF ACTION**

**(Assault)**

**(Against SPACEY)**

41. PLAINTIFF restates and incorporates by reference every allegation in the foregoing paragraphs as though set forth herein.

42. As alleged hereinabove, SPACEY assaulted PLAINTIFF by forcing him to remain at the Residence by falsely imprisoning him in an upstairs room while demanding engagement in sexual activities. SPACEY thereby intended to cause PLAINTIFF apprehension of an imminent harmful and offensive contact with his person.

43. As a result of SPACEY's acts, PLAINTIFF was in fact, placed in great apprehension of imminent harmful and offensive contact with his person.

44. In performing the acts alleged hereinabove, SPACEY acted with the intent of making contact with PLAINTIFF's person.

45. PLAINTIFF did not consent to any of the acts by SPACEY as alleged hereinabove.

46. SPACEY's conduct as described above, caused PLAINTIFF to be apprehensive that

SPACEY would subject him to further intentional invasions and deprive him of his right to be free from offensive and harmful contact and demonstrated that, at all times material herein, SPACEY had a present ability to subject him to an intentional offensive and harmful touching.

47. As a direct and proximate result of SPACEY's unlawful conduct as alleged hereinabove, PLAINTIFF suffered and continues to suffer physical injury and emotional distress including fear, humiliation, embarrassment, mental and emotional distress, anger, and anxiety, and economic harm, all in an amount exceeding the jurisdictional minimum of this court according to proof at trial.

48. As a direct and proximate result of SPACEY's unlawful conduct as alleged hereinabove, PLAINTIFF has suffered and continues to suffer economic harm and other consequential damages, all in an amount according to proof at trial.

49. Based on information and belief, the aforementioned conduct by SPACEY was willful, wanton, and malicious. At all relevant times, SPACEY acted with conscious disregard of the PLAINTIFF's rights and feelings. SPACEY also acted with the knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to the PLAINTIFF. PLAINTIFF is further informed and believes that SPACEY intended to cause fear, physical injury and/or pain and suffering to the PLAINTIFF. By virtue of the foregoing, PLAINTIFF is entitled to recover punitive and exemplary damages from SPACEY according to proof at trial.

## FOURTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

**(Against SPACEY)**

50. PLAINTIFF restates and incorporates by reference every allegation in the foregoing paragraphs as though set forth herein.

51. SPACEY knew or should have known that PLAINTIFF did not want to engage in any sexual activity with him. Nonetheless, SPACEY held PLAINTIFF at the Residence against his will by locking him in a room to sexually assault and batter PLAINTIFF, and expose himself to PLAINTIFF for the purposes of sexual gratification prior to permitting PLAINTIFF to leave the Residence.

52. SPACEY's knowing disregard for the safety of PLAINTIFF and deliberate failure to

monitor or control his behavior caused PLAINTIFF to be repeatedly sexually battered and assaulted.

53.     SPACEY's conduct was extreme and outrageous. SPACEY acted with reckless disregard for PLAINTIFF's rights and feelings, and with deliberate indifference to the certainty that PLAINTIFF would suffer emotional distress. As a direct and proximate result of SPACEY's actions, PLAINTIFF has suffered and continues to suffer severe mental anguish, emotional pain and distress, fear, humiliation, grief, embarrassment, nervousness, worry, anger, frustration, helplessness, nervousness, sadness, stress, mental and emotional distress, and anxiety. The general and special damages suffered by PLAINTIFF as a proximate result of the wrongful actions of the SPACEY exceed the jurisdictional minimum of this court.

54.     As a direct and proximate result of SPACEY's unlawful conduct as alleged hereinabove, PLAINTIFF has suffered and continues to suffer economic harm and other consequential damages, all in an amount according to proof at trial.

55.     Based on information and belief, the aforementioned conduct by SPACEY was willful, wanton, and malicious. At all relevant times, SPACEY acted with conscious disregard of the PLAINTIFF's rights and feelings. SPACEY also acted with the knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to the PLAINTIFF. PLAINTIFF is further informed and believes that SPACEY intended to cause fear, physical injury and/or pain and suffering to the PLAINTIFF. By virtue of the foregoing, PLAINTIFF is entitled to recover punitive and exemplary damages from SPACEY according to proof at trial.

## FIFTH CAUSE OF ACTION

**(Gender Violence in Violation of Cal. Civ. Code § 52.4)**

**(against SPACEY, PROFITT PRODUCTIONS, and DOES 1-9)**

56. PLAINTIFF restates and incorporates by reference every allegation in the foregoing paragraphs as though set forth herein.

57.     While PLAINTIFF believes, and based thereon alleges, that there was ongoing filming at or near the Residence, PLAINTIFF does not currently know the identities of the companies involved in the activities on the relevant day in October 2016, other than DEFENDANT PROFITT PRODUCTIONS. If and when PLAINTIFF learns the identity of any additional responsible parties

through discovery, PLAINTIFF will seek to leave to amend this complaint to add the additional responsible parties in place of the current DOE Defendants.

58. Cal. Civ. Code Section 52.4(c) defines "gender violence" as: (1) one or more acts that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction. (2) A physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal charges, complaints, charges, prosecution, or conviction.

59. As alleged hereinabove, on or about October 2016, DEFENDANTS violated Cal. Civ. Code Section 52.4. DEFENDANTS committed acts of gender violence upon PLAINTIFF through the use, attempted use, or threatened use of physical force against his person, committed in part based on PLAINTIFF's gender.

60. As alleged hereinabove, on or about October 2016, DEFENDANTS violated Cal. Civ. Code Section 52.4 so that he engaged in a physical intrusion or physical invasion of a sexual nature under coercive conditions.

61. As a direct and proximate result of DEFENDANTS' unlawful conduct as alleged hereinabove, PLAINTIFF has suffered and continues to suffer physical injury, emotional pain and distress, fear, humiliation, grief, embarrassment, nervousness, worry, anger, frustration, helplessness, nervousness, sadness, stress, mental and emotional distress, and anxiety, all in an amount exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

62. As a direct and proximate result of DEFENDANTS' unlawful conduct as alleged hereinabove, PLAINTIFF has suffered and continues to suffer economic harm and other consequential damages, all in an amount according to proof at trial.

63. Based on information and belief, the aforementioned conduct by DEFENDANTS was willful, wanton, and malicious. At all relevant times, DEFENDANTS acted with conscious disregard of PLAINTIFF's rights and feelings. DEFENDANTS also acted with the knowledge of or with reckless disregard for the fact that their conduct was certain to cause injury and/or humiliation to

PLAINTIFF. PLAINTIFF is further informed and believes that DEFENDANTS intended to cause fear, physical injury, and/or pain and suffering to PLAINTIFF. By virtue of the foregoing, PLAINTIFF is entitled to recover punitive and exemplary damages from DEFENDANTS according to proof at trial.

**64.** PLAINTIFF has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorneys' fees and costs as set by the Court.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF seeks judgment be entered in his favor against DEFENDANTS as follows:

1. General and special compensatory damages as set forth throughout the complaint according to proof with prejudgment interest thereon to the extent allowable by law;
2. Damages for physical pain and distress, emotional pain and distress, fear, humiliation, grief, nervousness, worry, sadness, anger, frustration, embarrassment, helplessness, stress, and related emotional and mental anguish in an amount to be determined by the jury at the trial of this matter, as allowed by law;
3. Attorneys' fees and costs, as allowed by law;
4. Interest, including prejudgment interest, as allowed by law;
5. Punitive and exemplary damages, as allowed by law;
6. Nominal damages, as allowed by law; and
7. Such other and further relief as the court deems just and proper.

## JURY TRIAL DEMANDED

PLAINTIFF JOHN DOE hereby demands trial by jury on all claims.

DATED: February 19, 2019                Genie Harrison Law Firm, APC

By: _____
**Genie Harrison, Esq.**
**Mary Olszewska, Esq.**
**Amber Phillips, Esq.**
**Attorneys for PLAINTIFF JOHN DOE**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 523 West 6th Street, Suite 707, Los Angeles, California 90014.

On **February 19, 2019,** I caused the service of the following document described as:

**FIRST AMENDED COMPLAINT**

on all interested parties in this action through service by SERVED BY CM/ECF.

I hereby certify that, on February 19, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

The filing of the foregoing document will send copies to the following CM/ECF participants who are currently on the list to receive e-mail notices for this case:

Genie@genieharrisonlaw.com
Mary@genieharrisonlaw.com
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Carla Medina