```
 1  KELLER/ANDERLE LLP
    Jennifer L. Keller (SBN 84412)
 2  jkeller@kelleranderle.com
 3  Chase A. Scolnick (SBN 227631)
    cscolnick@kelleranderle.com
 4  Jay P. Barron (SBN 245654)
 5  jbarron@kelleranderle.com
    18300 Von Karman Avenue, Suite 930
 6  Irvine, California 92612
 7  Tel.:  (949) 476-8700
    Fax:  (949) 476-0900
 8
 9  Attorneys for Defendants
    KEVIN SPACEY FOWLER and
10  M. PROFITT PRODUCTIONS, INC.
11
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| JOHN DOE, an individual, | ) | Case No.: 2:19-cv-00750-RSWL (SSx) |
|---|---|---|
| Plaintiff, | ) ) | **DEFENDANT FOWLER'S *EX PARTE* APPLICATION FOR AN ORDER TO SET DEADLINES UNDER RULE 26 DUE TO PLAINTIFF'S WILLFUL REFUSAL TO TIMELY ENGAGE IN THE REQUIRED RULE 26(f) CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | ) | |
| KEVIN SPACEY FOWLER, an individual, M. PROFITT PRODUCTIONS, INC., a California Corporation, and DOES 1-9, inclusive. | ) ) ) ) ) | |
| Defendant. | ) ) ) | *[Declaration of Jay P. Barron Filed Concurrently and [Proposed] Order Lodged Concurrently]* |
| | ) | Complaint Filed: September 27, 2018 |

DEFENDANT FOWLER'S *EX PARTE* APPLICATION FOR ORDER RE PLAINTIFF'S REFUSAL TO TIMELY ENGAGE IN RULE 26(f) CONFERENCE; MEMORANDUM

## *EX PARTE* APPLICATION

Defendant Kevin Spacey Fowler respectfully submits this *ex parte* application for an order setting a scheduling conference for April 16, 2019, at 10:00 a.m., and requiring plaintiff John Doe and his counsel to comply with Rule 26, including their timely participation in a Rule 26(f) conference.  Further, given Plaintiff's continued refusal to comply with the rules of this forum (including filing under a pseudonym in violation of Rules 10 and 17, filing a sham post-removal amendment improperly aimed to destroy diversity jurisdiction, and refusing to meet and confer under Rule 26(f)), Mr. Fowler also requests the Rule 26(f) conference be overseen by the Magistrate Judge and seeks monetary sanctions against Plaintiff and his counsel.

Plaintiff recently decided to disobey the requirements of Federal Rule of Civil Procedure 26 by refusing to engage in the conference of counsel required under Rule 26(f).  Plaintiff has taken the position he can unilaterally delay or defer that Rule 26(f) conference for over a month, well past the statutory deadline.  Plaintiff's position has caused the parties to miss the current deadline to engage in a Rule 26(f) conference, and effectively prevented the parties from jointly preparing and filing the required Rule 26(f) report.  This has prejudiced defendant Kevin Spacey Fowler because it has delayed the opening of discovery and disclosures, and prevents the orderly progression of this case.  The apparent motive for Plaintiff's tactics is to further delay revealing his identity to Mr. Fowler's counsel or otherwise providing any information that supposedly supports his baseless claims.

Mr. Fowler seeks an order setting a scheduling conference for April 16, 2019, when the parties already are scheduled to appear before the Court on pending motions, and to require Plaintiff and his counsel to comply with the Rule 26 requirements including their participation in a timely Rule 26(f) conference.  Mr. Fowler also seeks $2,600 in monetary sanctions against Plaintiff and his counsel due to their noncompliance with Rule 26(f), which has forced Mr. Fowler to incur fees and costs in bringing this application.

On March 14, 2019, at approximately 3:30 p.m., Mr. Fowler's counsel telephoned Plaintiff's counsel to orally inform them that Mr. Fowler was filing this *ex parte* application and the basis for it. (Barron Decl., ¶ 8.) Mr. Fowler's counsel also informed Plaintiff's counsel that Plaintiff had 24 hours to file an opposition and were directed to contact the Courtroom Deputy Clerk within 24 hours as to their position. (*Id*.) The parties met and conferred further about the issues in the anticipated application but were unable to resolve the dispute.

Plaintiff counsel's contact information is:

Genie Harrison – genie@genieharrisonlaw.com

Mary Olszewska – mary@genieharrisonlaw.com

Genie Harrison Law Firm, APC

523 W. 6th Street, Suite 707

Los Angeles, CA 90014

Telephone: (213) 805-5301

This application is based on this notice, the attached memorandum of points and authorities, the declaration of Jay Barron and corresponding exhibits filed concurrently, all records and documents on file with the Court, and any such other evidence that may be presented before a ruling on this application or which the Court may otherwise consider.

Respectfully submitted,

Dated: March 14, 2019                KELLER/ANDERLE LLP

By:     */s/ Jennifer L. Keller*

Jennifer L. Keller
Chase A. Scolnick
Jay P. Barron
*Attorneys for Defendants*
Kevin Spacey Fowler and M. Profitt Productions, Inc.

2

DEFENDANT FOWLER'S EX PARTE APPLICATION FOR ORDER RE PLAINTIFF'S REFUSAL TO TIMELY ENGAGE IN RULE 26(f) CONFERENCE; MEMORANDUM

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This *ex parte* application is necessitated by plaintiff John Doe's intentional refusal to comply with Federal Rule of Civil Procedure 26. Under Rule 26(f), the parties' counsel must engage in a conference to confer about the nature and basis of the claims, discuss any issues regarding preserving evidence, develop a discovery plan, and discuss scheduling matters such as a potential trial date. Counsel for defendant Kevin Spacey Fowler repeatedly attempted to schedule the conference. Plaintiff's counsel delayed, and then refused to participate. Even after being informed of the relevant federal rule and the approaching deadline to hold the conference, Plaintiff remained obstinate and his counsel asserted he could unilaterally delay any Rule 26(f) conference until after certain motions are heard over a month from now.[1] But this is not how the rules operate, and Plaintiff cannot willfully ignore his obligations under them. Plaintiff's position has prejudiced, and will continue to prejudice, Mr. Fowler, as it delays the opening of discovery and the exchange of initial disclosures, and it effectively prevents the parties from submitting a joint Rule 26(f) report as required.

Plaintiff's apparent motivation for his flouting of the applicable rules stems from his continued refusal to disclose his identity even to Mr. Fowler despite asserting claims against him. Plaintiff's refusal to provide his identity exacerbates the prejudice to Mr. Fowler. Plaintiff is over 60 years old and filed this case nearly six months ago. During that time, he has had the opportunity to prepare and plan his case and marshal the evidence that purportedly supports his allegations. But by not

---

[1] Following timely and proper removal, Plaintiff has attempted to unilaterally join a sham entity that could have nothing to do with his claims. This was done solely because that entity is a California corporation, and Plaintiff seeks to destroy diversity and manipulate this Court's jurisdiction. For the reasons set forth in Mr. Fowler's motion for misjoinder (ECF No. 26), Plaintiff's tactic is improper and should be rejected.

disclosing his name, Plaintiff has denied Mr. Fowler the same opportunity. And by now refusing to comply with Rule 26's requirements, Plaintiff attempts to perpetuate this advantage by continuing to withhold any information or documents that he believes support his claims. Plaintiff should be ordered to immediately disclose his identity to Mr. Fowler's counsel.

Plaintiff is not entitled to special treatment, and should comply with the same rules applicable to all litigants. Mr. Fowler requests, therefore, that the Court set a scheduling conference for April 16, 2019, when the parties are already scheduled to appear before the Court on four pending motions, and require Plaintiff to comply with Rule 26. Due to Plaintiff's cavalier attitude toward compliance with the Federal Rules, Mr. Fowler also asks that the Rule 26(f) conference be overseen by Magistrate Judge Segal, and asks for $2,600 in monetary sanctions against Plaintiff because Plaintiff's refusal to comply with the rules necessitated this application.

## II. BACKGROUND

### A. The Complaint, Removal, And Pending Motions

On September 27, 2018, Plaintiff filed his original complaint. (*See generally* ECF No. 1-1.) Plaintiff did not serve Mr. Fowler until January 3, 2019, and Mr. Fowler timely removed this case to federal court on January 31, 2019. (ECF Nos. 1-4.) After Mr. Fowler filed a motion to dismiss the original complaint, Plaintiff filed a First Amended Complaint on February 19, 2019. Like the original complaint, Plaintiff's FAC was filed under a pseudonym even though he had not obtained (or sought) permission to remain anonymous. (*See, e.g.*, Fed. R. Civ. P. 10(a), 17(a); *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) ("When a party wishes to proceed anonymously or under a pseudonym, it must first petition the district court for permission to do so.") The FAC's substantive allegations regarding the alleged incident are identical to those in the original complaint. The FAC's first four claims name only Mr. Fowler. But the fifth cause of action for gender violence adds M.

2

DEFENDANT FOWLER'S EX PARTE APPLICATION FOR ORDER RE PLAINTIFF'S REFUSAL TO TIMELY ENGAGE IN RULE 26(f) CONFERENCE; MEMORANDUM

Profitt Productions, Inc. and Does 1 through 9 as defendants, which reflected Plaintiff's post-removal attempt to destroy this Court's diversity jurisdiction.

Thereafter, the parties filed four motions, all of which are set to be heard on April 16, 2019: (1) Defendants' Rule 12 motion to dismiss the FAC because Plaintiff continues to use a pseudonym to prosecute his case; (2) Mr. Fowler's motion for misjoinder of Profitt Productions; (3) Plaintiff's motion to remand based on his addition of a non-diverse defendant after removal; and (4) Plaintiff's motion for leave to proceed anonymously. (*See* ECF Nos. 19, 21-23, 26, 30.)

### B. Plaintiff Refuses to Comply With Rule 26 Or Even Engage In A Rule 26(f) Conference

During a February 22, 2019 call to meet and confer about certain motions, Mr. Fowler's counsel informed Plaintiff's counsel that the deadline to conduct the Rule 26(f) conference was approaching in mid-March. (Barron Decl., ¶ 4.) Thereafter, on March 7, 2019, Mr. Fowler's counsel e-mailed Plaintiff's counsel to try to schedule the Rule 26(f) conference of counsel for March 11, 2019, which was the final day to conduct the conference under the federal rules. (*Id.*, ¶ 5, Ex. A.) Plaintiff's counsel initially sought to schedule the conference for a different day. (*Id.*, ¶ 6, Ex. B.) But then Plaintiff quickly changed positions and refused to engage in any Rule 26(f) conference. (*Id.*, ¶¶ 6-7, Ex. B.)

Even after being informed of the applicable rules and the need to conduct a conference, Plaintiff still refused. (*Id.*) Ultimately, Plaintiff's counsel stated that "plaintiff will not participate in a Rule 26 conference at this time (1) before any scheduling conference was set by the Court, (2) when plaintiff is challenging the jurisdiction of the Court, (3) based [on] your reading of Rules 16 & 26 with which I disagree." (*Id.*) Plaintiff's counsel did not provide any explanation or authority for their interpretation of the applicable Rules. (*Id.*)

## III. ARGUMENT

### A. The Applicable Rules Imposed A March 11, 2019, Deadline For The Rule 26(f) Conference Of Counsel

Federal Rule of Civil Procedure 16(b)(3) requires a court to issue a scheduling order that, absent good cause, must be issued "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). Because Mr. Fowler appeared on January 31, 2019, when he filed his Notice of Removal, the default deadline for the Court to issue a scheduling order in this case is April 1, 2019 (*i.e.*, 60 days after January 31, 2019).

Rule 26(f) operates in conjunction with Rule 16. Under Rule 26(f)(1), "the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held *or a scheduling order is due under Rule 16(b)*." (Emphasis added.) Therefore, the deadline for the parties to conduct a Rule 26(f) conference was March 11, 2019, which is 21 days before the April 1, 2019 default deadline for issuance of a scheduling order.

These timing requirements also trigger other obligations of the parties, including the deadline for the parties to file a Rule 26(f) report with the Court and to exchange initial disclosures, each of which must occur 14 days after the Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(C), (f)(2).

### B. Plaintiff Refused To Comply With Rule 26

After initially proposing the Rule 26(f) conference occur a day or two after the statutory deadline, Plaintiff's counsel changed tacks and refused to participate in a Rule 26(f) conference at all. Plaintiff's counsel provided three justifications for their position, none of which have merit.

First, Plaintiff's counsel justified their noncompliance on the lack of any scheduling conference set by the Court. But as Mr. Fowler's counsel had already

DEFENDANT FOWLER'S EX PARTE APPLICATION FOR ORDER RE PLAINTIFF'S REFUSAL TO TIMELY ENGAGE IN RULE 26(f) CONFERENCE; MEMORANDUM

informed Plaintiff's counsel, the plain language of the statutes required a Rule 26(f) conference by March 11, 2019, even though no scheduling conference was set.

Second, Plaintiff's counsel also claimed no Rule 26(f) conference was appropriate because they were seeking to remand this case. Plaintiff asserted that no Rule 26(f) conference would take place until after the Court rules on the motions set for hearing on April 16, 2019, including his motion to remand. But when asked for authority supporting that position, Plaintiff's counsel provided none. Mr. Fowler's counsel is unaware of any authority permitting a party to unilaterally delay or defer participation in a Rule 26(f) conference, especially where it would result in delaying the conference to over a month after the deadline. And courts often sanction parties who engage in such dilatory tactics. *See, e.g., Mack-University LLC v. Halstead*, 2007 WL 4458823, at * 3 (C.D. Cal. Sept. 25, 2007) (issuing sanctions for party's failure to engage in Rule 26(f) conference).

Third, Plaintiff's counsel disagreed with Mr. Fowler's counsel's "reading" of Rules 16 and 26. But the plain language of Rules 16 and 26 provide no support for Plaintiff's position, and Plaintiff's counsel refused to explain or elaborate on that position or provide any authority in support.

### C. The Order Requested By Mr. Fowler To Rectify Plaintiff's Noncompliance

Plaintiff filed this case nearly six months ago but is now preventing it from progressing in an orderly fashion. Plaintiff's refusal to engage in the Rule 26(f) conference delays initial disclosures and discovery, especially given Rule 26(d) prohibits a party from seeking discovery from any source until the Rule 26(f) conference is completed. Plaintiff's recalcitrance also has forced Mr. Fowler to incur fees and costs to bring this application seeking Plaintiff's compliance with the rules of this forum.

Plaintiff's continued refusal to disclose his identity even to Mr. Fowler or his counsel further aggravates the prejudice to Mr. Fowler. In contrast, Plaintiff suffers

no prejudice if he is required to comply with Rule 26, as discussions between counsel and disclosure of information will be necessary whether this case proceeds in this Court (as it should) or is remanded back to state court.

Mr. Fowler respectfully requests that the Court issue an order that:

1. *Sets a Scheduling Conference under Rule 16(b) for April 16, 2019* – While this date is 15 days after the statutory deadline, the Court may delay issuance of a scheduling order for good cause, and the parties already have four pending motions set for hearing before the Court on April 16, 2019.

2. *Requires the parties to engage in a Rule 26(f) conference as soon as practicable but no later than 21 days before the April 16, 2019 Scheduling Conference* – This timing aligns with the requirements of Rule 26(f)(1) and sets a deadline of March 26, 2019 for the Rule 26(f) conference.

3. *Requires the Rule 26(f) conference to be overseen by Honorable Suzanne H. Segal, the Magistrate Judge assigned to this case* – Plaintiff repeatedly has disregarded the application rules, including by failing to file under his real name, attempting to add a sham defendant after removal for the express purpose of destroying diversity, and now flatly refusing to engage in the Rule 26(f) conference. Judge Segal's oversight of the Rule 26(f) conference will ensure Plaintiff engages in it in good faith.

4. *Requires the parties to file a Rule 26(f) report and serve initial disclosures within 14 days after the parties' Rule 26(f) conference* – This timing aligns with the requirements of Rules 26(a)(1)(C) and 26(f)(2).

5. *Requires Plaintiff to immediately disclose his real identity to Mr. Fowler's counsel* – For reasons stated in Mr. Fowler's Rule 12 motion

(*see* ECF Nos. 22-23), Plaintiff must comply with well-established rules and disclose his true identity in his pleading if he wishes to maintain his claims. But, at minimum, Plaintiff's identity must be disclosed to Mr. Fowler and his counsel so Mr. Fowler may prepare appropriate initial disclosures.

6. *Imposes a Monetary Sanction of $2,600 Against Plaintiff And His Counsel For Their Actions That Necessitates This Ex Parte Application* – This amount is needed to reimburse Mr. Fowler for the fees and costs he had to incur solely as a result of Plaintiff's misconduct. (Barron Decl., ¶ 9.)

## IV. CONCLUSION

For the foregoing reasons, Mr. Fowler respectfully requests that the Court grant this application and issue the requested order directing Plaintiff to comply with the Federal Rules of Civil Procedure.

Dated: March 14, 2019

Respectfully submitted,

KELLER/ANDERLE LLP

By: _____/s/ Jennifer L. Keller_____
Jennifer L. Keller
Chase A. Scolnick
Jay P. Barron
*Attorneys for Defendants*
Kevin Spacey Fowler and M. Profitt Productions, Inc.

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action.  My business address is 18300 Von Karman Avenue, Irvine, California 92612-1057.  On **March 14, 2019**, I served the foregoing document described as

**DEFENDANT FOWLER'S EX PARTE APPLICATION FOR AN ORDER TO SET DEADLINES UNDER RULE 26 DUE TO PLAINTIFF'S WILLFUL REFUSAL TO TIMELY ENGAGE IN THE REQUIRED RULE 26(f) CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

SERVED BY U.S. MAIL:  There are currently no individuals on the list to receive mail notices for this case.

SERVED BY CM/ECF.  I hereby certify that, on **March 14, 2019**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The filing of the foregoing document will send copies to the following CM/ECF participants:

The following are those who are currently on the list to receive e-mail notices for this case.

Genie Harrison, genie@genieharrisonlaw.com
Amber Phillips, amber@genieharrisonlaw.com
Mary Olszewska, mary@genieharrisonlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on **March 14, 2019** at Irvine, California.

                                                */s/ Courtney L. McKinney*
                                                  Courtney L. McKinney