1  KELLER/ANDERLE LLP
   Jennifer L. Keller (SBN 84412)
2  jkeller@kelleranderle.com
3  Chase A. Scolnick (SBN 227631)
   cscolnick@kelleranderle.com
4  Jay P. Barron (SBN 245654)
5  jbarron@kelleranderle.com
   18300 Von Karman Avenue, Suite 930
6  Irvine, California 92612
7  Tel.:  (949) 476-8700
   Fax:  (949) 476-0900
8

9  *Attorneys for Defendants*
   KEVIN SPACEY FOWLER and
10 M. PROFITT PRODUCTIONS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, an individual, | Case No.: 2:19-cv-00750-RSWL (SSx) |
| Plaintiff, | **DECLARATION OF JAY P. BARRON IN SUPPORT OF DEFENDANT FOWLER'S *EX PARTE* APPLICATION FOR AN ORDER TO SET DEADLINES UNDER RULE 26 DUE TO PLAINTIFF'S WILLFUL REFUSAL TO TIMELY ENGAGE IN THE REQUIRED RULE 26(f) CONFERENCE** |
| vs. | |
| KEVIN SPACEY FOWLER, an individual, M. PROFITT PRODUCTIONS, INC., a California Corporation, and DOES 1-9, inclusive. | |
| Defendant. | |
| | *[Ex Parte Application and Memorandum of Points and Authorities Filed Concurrently and [Proposed] Order Lodged Concurrently]* |
| | Complaint Filed: September 27, 2018 |

---

DECL. OF JAY P. BARRON IN SUPPORT OF DEFENDANT'S *EX PARTE* APPLICATION FOR
ORDER RE PLAINTIFF'S REFUSAL TO TIMELY ENGAGE IN RULE 26(f) CONF.

I, Jay P. Barron, declare as follows:

1. I am an attorney duly admitted to practice in the State of California and in the United States District Court for the Central District of California. I am senior counsel with the law firm Keller/Anderle LLP, counsel of record for Defendants Kevin Spacey Fowler and M. Profitt Productions, Inc. I make this declaration in support of Defendant Fowler's *Ex Parte* Application For An Order To Set Deadlines Under Rule 26 Due to Plaintiff's Willful Refusal To Timely Engage In Required Rule 26(f) Conference (the "Application"). I have personal knowledge of the information stated below and could testify to it under oath.

2. After Mr. Fowler filed a Rule 12 motion regarding the original complaint on February 7, 2019, Plaintiff filed a First Amended Complaint on February 19, 2019. (*See* ECF Nos. 8, 14.) Like the original complaint, Plaintiff's FAC was filed under a pseudonym even though he had not obtained (or even sought) permission to remain anonymous by the time it was filed.

3. Following Plaintiff's filing of the FAC, four motions were filed, all of which are set to be heard on April 16, 2019: (1) Defendants' Rule 12 motion regarding the FAC that concerns Plaintiff's continuing use of a pseudonym, (2) Mr. Fowler's motion for misjoinder of Profitt Productions, (3) Plaintiff's motion to remand due to his attempt to add a non-diverse defendant after removal, and (4) Plaintiff's belated motion for leave to proceed anonymously. (*See* ECF Nos. 19, 21-23, 26, 30.)

4. I had a telephone call with Plaintiff's counsel, Mary Olszewska, on February 22, 2019 to meet and confer about some of the pending motions per Local Rule 7-3. During that call, we briefly discussed other approaching deadlines, and I mentioned that the deadline to conduct the Rule 26(f) conference was approaching in mid-March.

5. On March 7, 2019, at 1:11 p.m., I e-mailed Ms. Olszewska to inquire whether she or Plaintiff's lead counsel, Genie Harrison, was available on Monday,

1
DECL. OF JAY P. BARRON IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION FOR
ORDER RE PLAINTIFF'S REFUSAL TO TIMELY ENGAGE IN RULE 26(f) CONF.

March 11, 2019 for the Rule 26(f) conference. Attached as **Exhibit A** to this declaration is a true and correct copy of my e-mail to Ms. Olszewska.

6. Ms. Olszewska sent me an e-mail regarding another subject later in the day on March 7th but did not address the request to schedule the Rule 26(f) conference. I sent a follow up e-mail on March 8, 2019, at 9:37 a.m. to again inquire about her or Ms. Harrison's availability for the Rule 26(f) conference on the following Monday. Plaintiff's counsel did not respond. Accordingly, I followed up with a call to Ms. Olszewka at approximately 12:30 p.m. on March 8th. I was unable to reach her but left her a voicemail message explaining the reason for my call and the need to schedule the Rule 26(f) conference due to the approaching deadline on the following Monday. Plaintiff's counsel still did not respond. I therefore sent another e-mail to Ms. Olszewska at 6:17 p.m. Finally, at 6:33 p.m., Ms. Harrison, who had been copied on this e-mail chain, responded to my e-mail and proposed either March 12th or 13th instead of March 11th. I responded at 6:40 p.m. to reiterate our calculation of March 11th as the statutory deadline, and I asked Ms. Harrison if she was available at a time that day other than the 10:00 a.m. time we had been proposing.

7. Ms. Harrison responded the following day, March 9th, at 12:14 p.m., stating for the first time that Plaintiff did not think the Rule 26(f) conference was appropriate at this time. I responded to Ms. Harrison at 1:52 p.m. and informed her of our position that the Federal Rules of Civil Procedure require the Rule 26(f) conference to proceed even though no scheduling conference had been set by the Court, which was one of her stated reasons for not engaging in the conference. I asked Ms. Harrison to reconsider her position or to provide authority that a party could unilaterally delay or defer engaging in a Rule 26(f) conference. Ms. Harrison responded the following day, March 10th, at 1:12 p.m. Her e-mail stated in part: "I have specifically informed defendants that plaintiff will not participate in a Rule 26 conference at this time (1) before any scheduling conference was set by the Court,

(2) when plaintiff is challenging the jurisdiction of this Court, (3) based [on] your reading of Rules 16 & 26 with which I disagree." Ms. Harrison did not give any explanation or reason for his disagreement with my "reading" of the rules. Attached as **Exhibit B** to this declaration is a true and correct copy of this e-mail chain between Plaintiff's counsel and me from March 7-10.

8. On March 14, 2019, at approximately 3:30 p.m., I telephoned Plaintiff's counsel, Mary Olszewska and provided her notice that Mr. Fowler would be filing the Application, explained the basis for it, and informed her that Plaintiff had 24 hours to file an opposition and were to contact the Courtroom Deputy Clerk within 24 hours as to their position. Ms. Olszewska and I conferred further about the issue but were unable to resolve the dispute. Ms. Olszewska suggested Plaintiff would oppose the Application but left open the possibility Plaintiff would agree to at least some of the requested relief after seeing the Application.

9. Notwithstanding time spent by others at my firm, I have spent over four (4) hours preparing the Application and supporting documents. My hourly rate charged to Mr. Fowler for this matter is $650 per hour. Accordingly, Mr. Fowler seeks a monetary award of at least $2,600 in sanctions against Plaintiff and/or his counsel to compensate him for the reasonable expenses and attorneys' fees incurred in bringing the Application, which was necessitated by Plaintiff's failure to comply with Rule 26(f).

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on March 14, 2019.

                 */s/ Jay P. Barron*
                 Jay P. Barron

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Irvine, California 92612-1057. On **March 14, 2019**, I served the foregoing document described as

**DECLARATION OF JAY P. BARRON IN SUPPORT OF DEFENDANT FOWLER'S EX PARTE APPLICATION FOR AN ORDER TO SET DEADLINES UNDER RULE 26 DUE TO PLAINTIFF'S WILLFUL REFUSAL TO TIMELY ENGAGE IN THE REQUIRED RULE 26(f) CONFERENCE**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

SERVED BY U.S. MAIL: There are currently no individuals on the list to receive mail notices for this case.

SERVED BY CM/ECF. I hereby certify that, on **March 14, 2019**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The filing of the foregoing document will send copies to the following CM/ECF participants:

The following are those who are currently on the list to receive e-mail notices for this case.

Genie Harrison, genie@genieharrisonlaw.com
Amber Phillips, amber@genieharrisonlaw.com
Mary Olszewska, mary@genieharrisonlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on **March 14, 2019** at Irvine, California.

                                          */s/ Courtney L. McKinney*
                                            Courtney L. McKinney