Genie Harrison, SBN 163641
Amber Phillips, SBN 280107
Mary Olszewska, SBN 268710
**GENIE HARRISON LAW FIRM, APC**
523 W. 6th Street, Suite 707
Los Angeles, CA 90014
T: (213) 805-5301 F: (213) 805-5306
genie@genieharrisonlaw.com
amber@genieharrisonlaw.com
mary@genieharrisonlaw.com

Attorneys for PLAINTIFF

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN SPACEY FOWLER, an individual, M. PROFITT PRODUCTIONS, INC., a California Corporation, and DOES 1-9, inclusive.<br><br>Defendants. | Case No.: 2:19-CV-00750-RSWL (SSx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT FOWLER'S *EX PARTE* APPLICATION FOR AN ORDER TO SET DEADLINES UNDER RULE 26; DECLARATION OF MARY OLSZEWSKA**<br><br>Complaint Filed: September 27, 2018 |

///
///
///
///
///
///
///
///
///

**TO THE COURT, ALL INTERESTED PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLAINTIFF JOHN DOE HEREBY OPPOSES** *Defendant Fowler's Ex Parte Application for An Order to Set Deadlines Under Rule 26 ("Ex Parte Application").*

## I. INTRODUCTION

Plaintiff John Doe ("DOE") opposes Defendant's *Ex Parte Application* because: (i) Defendant failed to meet and confer as required by Central District Local Rule 7-3 when it abandoned the meet and confer process mid-stream; (ii) Plaintiff has a legitimate concern that participation in a Rule 26 conference can be deemed a waiver of rights to seek remand, *see Smith v. Mylan, Inc.* (9th Cir. 2014) 761 F.3d 1042, 1046 (participation in a Rule 26 conference may implicitly waive grounds for remand), (iii) the parties would be prejudiced by spending considerable time, effort and resources drafting a federal discovery plan which may be invalided by remand, (iv) scheduling disputes do not rise to level of emergency *ex parte* relief; and, (v) instead of completing a productive meet and confer effort, Defendant's *Ex Parte Application* was hastily filed in an attempt to circumvent having this Court rule on Plaintiff's Motion for Leave to Proceed Anonymously and to obtain the premature release of DOE's identity.

## II. PROCEDURAL AND FACTUAL HISTORY

DOE originally filed this case in the Los Angeles Superior Court for state law claims related to sexualized violence perpetrated by Defendant Kevin Spacey Fowler ("Spacey"). [PACER Docket Number/Entry "D.E." 1]. Defendant Spacey removed the case to federal court [D.E.1] and moved to dismiss Plaintiff's claims [D.E. 8]. Plaintiff subsequently filed the following pleadings and motions:

(i) a First Amended Complaint dismissing his false imprisonment claim and adding Defendant M. Profitt Productions, Inc., Defendant Spacey's "loan-out" company and a non-diverse defendant [D.E. 14],

(ii) Plaintiff's Motion for Leave to Proceed Anonymously seeking leave to proceed through a pseudonym to protect Plaintiff from financial, physical, and emotional injury, harassment, ridicule, and personal embarrassment [D.E. 19]; and

(iii) Plaintiff's Motion for Joinder and Remand to State Court [D.E. 21].

The parties agreed and stipulated [D.E. 29] to have the pending motions heard on April 16, 2019.

Last week, the parties sent emails meeting and conferring about the Rule 26 conference, each taking different positions about its propriety. Defendant stated that the meeting of counsel needed to proceed on Monday, March 11th, and Plaintiff stated that it should be scheduled after this Court's ruling on Plaintiff's motion seeking remand and attempted to schedule a call for March 12th or 13th. *Declaration of Mary Olszewska ("Olszewska Decl.")* ¶2.

On Thursday, March 15, 2019, Defense Counsel – Mr. Jay Barron -- called Plaintiff's Counsel – Ms. Mary Olszewska -- at 3:26 PM to discuss the pending *Ex Parte Application*. This was the first time, whether telephonically or in writing, that defense counsel raised the issue of bringing this *Ex Parte Application*. *Olszewska Decl.* ¶3. All prior calls between Ms. Olszewska and Mr. Barron have been civil, friendly, and productive, and the calls of March 14, 2019, were no different. *Olszewska Decl.* ¶3.

Mr. Barron explained the relief to be sought through the *Ex Parte Application*. Ms. Olszewska asked Mr. Barron to allow her a few minutes to obtain all the available information about the issue in order to have a substantive discussion via a return call in short order. Mr. Barron agreed and Ms. Olszewska returned his call at 3:46 PM. *Olszewska Decl.* ¶4.

During that second call (which lasted for approximately 12 minutes), Ms. Olszewska communicated Plaintiff's legitimate concern about waiver of grounds for remand and cited to *Smith v. Mylan, Inc.* (9th Cir. 2014) 761 F.3d 1042, 1046 (participation in a Rule 26 conference may implicitly waive grounds for remand).

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION**

*Olszewska Decl.* ¶5. Ms. Olszewska suggested continuing to meet and confer that day towards a stipulation to prevent the *Ex Parte Application.* In response, Mr. Barron proposed stipulated terms – the same terms which would be sought in the *Ex Parte Application. Id.* To prevent motion practice, and to set a tone of cooperation, Ms. Olszewska advised that she would consult with Ms. Genie Harrison at the end of the phone call and respond to Defendant's proposed terms with a counter proposal before the day's end. *Id.* The call ended at 3:58 PM with an understanding that, *prior to filing the Ex Parte Application,* Defendant would entertain a good faith meet and confer proposal from Plaintiff. *Id*.

Mr. Barron's statement in his Declaration that during the parties' call "Ms. Olszewska suggested … Plaintiff would agree to at least some of the requested relief <u>*after seeing the Application*</u>" is factually incorrect. *Declaration of Jay P. Barron in Support of Defendant Fowler's Ex Parte Application ("Barron Decl.")* ¶8. *Olszewska Decl.* ¶6. Instead, Ms. Olszewska said that the proposed terms communicated by Defendant during the call would be considered and a counter proposal would be provided before the day's end <u>*prior to*</u> the filing of any *ex parte application. Id.* The purpose of a counter proposal was to prevent the need for an *ex parte application. Id.*

While Plaintiff followed through and emailed a counter proposal just 45 minutes later at 4:43 PM, Defendant nonetheless reneged on and abandoned efforts to resolve the issue between the parties and filed the *Ex Parte Application*. *Olszewska Decl.* ¶7, *Exhibit A; see also Ex Parte Application.* In an effort to resolve the matter without the Court's intervention, Plaintiff's email agreed to request Defendant's request to set a scheduling conference on or after April 16, 2019 and agreed to a Rule 26 discovery conference. *Id.*

Ms. Olszewska's substantive, dispute resolution-oriented email was sent only 1 hour and 17 minutes after Defendant first raised the issue of bringing this *Ex Parte Application*. *Olszewska Decl.* ¶¶7-8, *Exhibit A.* Additionally, Plaintiff's meet and confer response was sent at exactly the same time as Defendant filed its *Ex Parte Application* (4:43 PM) per the ECF email received by Plaintiff's counsel. *Olszewska Decl.* ¶8.

Defendant's counsel waited to meet and confer about its *Ex Parte Application* until the 3:26 PM phone call, in response to which Plaintiff's counsel said we would provide a substantive response in an effort to resolve the matter informally before the close of business, and yet Defendant refused to wait to complete the meet and confer process and simply filed its *Ex Parte Application* and did so at the same time that Plaintiff responded *conciliatorily* trying to find resolution. *Olszewska Decl.* ¶¶7-8, *Exhibit A*.

Defense counsel abandoned the meet and confer process after only 1 hour and 17 minutes' worth of effort while Plaintiff's counsel was researching the issues and drafting a resolution-oriented email, in order to file the *Ex Parte Application*. Defense counsel's actions show that Defendant was not interested in actually trying to resolve the issue and demonstrate that there was no good faith effort to meet and confer. *Olszewska Decl.* ¶¶7-8, *Exhibit A*.

### III. THE *EX PARTE APPLICATION* SHOULD BE DENIED

#### A. Defendant Failed Meet and Confer in Good Faith Per Rule 7-3

Central District Rule 7-3 requires that before any motion may be filed, the moving party must fully meet and confer in a good faith effort to resolve the dispute. Here, Defendant only gave 1 hour and 17 minutes' worth of effort at meeting and conferring after raising the issue of bringing the *Ex Parte Application*. *Olszewska Decl.* ¶¶3-8. Despite counsel for Plaintiff having two phone calls with counsel for defense during that 1 hour and 17 minutes, and promising to provide a written substantive response in an effort to resolve the matter before the end of that day, Defendant filed the *Ex Parte Application* without completing the meet and confer process. And, at the exact same time that Defendant filed this application, Plaintiff's counsel responded via email with a good faith effort to resolve the matter. *Olszewska Decl.* ¶7; *Exhibit A*.

Plaintiff's effort to resolve the Rule 26 conference timing included a proposal to stipulate to schedule the conference after the Court rules on Plaintiff's pending Motion to Remand. *Olszewska Decl.* ¶7; *Exhibit A*. In a further effort to resolve the matter without

the Court's intervention, Plaintiff also agreed to have the Rule 26 conference scheduled for the same date as the upcoming hearing on the Motion to Remand. *Olszewska Decl.* ¶7; *Exhibit* A. However, Defendant refused even to wait to receive that offer and filed his *Ex Parte Application* while the meet and confer process was ongoing and only 1 hour and 17 minutes after first raising the issue of bringing the *Ex Parte Application*. *Olszewska Decl.* ¶¶7-8; *Exhibit* A.

Defendant has not engaged a good faith meet and confer process and the Court should deny this *Ex Parte Application* as a result.

### B. The *Ex Parte Application* Is a Transparent Effort to Get Plaintiff's Name Before the Hearing on Plaintiff's Motion to Proceed Anonymously and Before Defendant Asserts His 5th Amendment Rights

What has been clarified over the past twenty-four hours is that Defendant seeks to turn a purported disagreement about the Rule 26 conference into a bludgeon to force premature disclosure of Plaintiff DOE's identity. What Defendant seeks here is not to set a Scheduling Conference or create a discovery plan, but to circumvent full briefing and hearing on the Plaintiff's Motion for Leave to Proceed Anonymously [D.E. 19] and other pending motions.

Seeking the revelation of a DOE Plaintiff's identity as relief in an *Ex Parte Application* related to a Rule 26 conference is telling that something is amiss. It is worrisome as to why Defendant cannot wait a month until the Court and the parties have had a full opportunity for hearing on the merits, which gives Plaintiff pause about Defendant's intent.

As explained in Plaintiff's Motion for Leave to Proceed Anonymously [D.E. 19], Plaintiff – a victim of sexualized violence by Defendant -- sought leave to proceed through a pseudonym to protect him from financial, physical, and emotional injury, harassment, ridicule, and personal embarrassment, largely, because of the special circumstance of involving a high-profile celebrity, and the corresponding certainty of heightened media and tabloid attention. [D.E. 19, p. 5 of 9].

Defendant has not renounced his intent to stay discovery in this case pending the disposition of sexual assault criminal proceedings against him in Nantucket District Court [D.E. 19, p. 6 of 9]. Nor has Defendant agreed not to invoke his Fifth Amendment rights [D.E. 19, p. 6:23-25 of 9] in response to discovery. Instead, Defendant wants to know Plaintiff's identity and wants a ruling giving him that information before the Court has the opportunity to review Plaintiff's motion to proceed anonymously. Given the harm to Plaintiff in revealing his name, there is no good cause to reveal Plaintiff's identity.

It seems like Defendant Spacey is angry and wants to know Plaintiff's name now, darn it; so, his counsel abandoned the meet and confer process to appease a high-profile, demanding client and brought this *Ex Parte Application* seeking to reveal Plaintiff's identity.

There is certainly no good cause to reveal Plaintiff's identity on an *ex parte* basis under the guise of needing to schedule a Rule 26 conference before the hearing on Plaintiff's Motion to Remand.

### IV.  CONCLUSION

Plaintiff respectfully requests that the Court deny the relief requested *Ex Parte Application* and defer any scheduling conference and corresponding Rule 26 conference until after hearing on Plaintiff's Motion for Joinder and Remand to State Court [D.E. 21] to prevent prejudice to the parties in spending considerable time and effort drafting a federal discovery plan which may be invalided by remand.

DATED:  March 15, 2019            Genie Harrison Law Firm, APC

By: *Mary Olszewska*
Genie Harrison, Esq.
Mary Olszewska, Esq.
Amber Phillips, Esq.
**Attorneys for PLAINTIFF JOHN DOE**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 523 West 6th Street, Suite 707, Los Angeles, California 90014.

On **March 15, 2019,** I caused the service of the following document described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANT FOWLER'S EX PARTE APPLICATION FOR AN ORDER TO SET DEADLINES UNDER RULE 26**

on all interested parties in this action through service by SERVED BY CM/ECF.

I hereby certify that, on March 7, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

The filing of the foregoing document will send copies to the following CM/ECF participants who are currently on the list to receive e-mail notices for this case:

Genie@genieharrisonlaw.com
Mary@genieharrisonlaw.com
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    /s/ Michelle Patino-Patroni
Michelle Patino-Patroni