Genie Harrison, SBN 163641
Amber Phillips, SBN 280107
Mary Olszewska, SBN 268710
**GENIE HARRISON LAW FIRM, APC**
523 W. 6th Street, Suite 707
Los Angeles, CA 90014
T: (213) 805-5301 F: (213) 805-5306
genie@genieharrisonlaw.com
amber@genieharrisonlaw.com
mary@genieharrisonlaw.com

Attorneys for PLAINTIFF

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>vs.<br><br>KEVIN SPACEY FOWLER, an individual, M. PROFITT PRODUCTIONS, INC., a California Corporation, and DOES 1-9, inclusive.<br><br>Defendants. | **Case No.: 2:19-CV-00750-RSWL(SSx)**<br><br>**DECLARATION OF MARY OLSZEWSKA IN OPPOSITION TO DEFENDANT FOWLER'S *EX PARTE* APPLICATION FOR AN ORDER TO SET DEADLINES UNDER RULE 26**<br><br>Complaint Filed: September 27, 2018 |

I, Mary Olszewska, declare as follows:

**1.** I am an attorney admitted to practice before the courts of this State and am an attorney of record for Plaintiff in the case *John Doe v. Kevin Spacey Fowler et al.,* Case No. 2:19-CV-00750-RSWL (SSx). Except as expressly set forth, I have personal knowledge of the facts stated in this declaration, and, if called to do so, I could and would competently testify thereto.

**2.** Last week, the parties sent emails meeting and conferring about the Rule 26 conference, each taking different positions about its propriety. Defendant stated that the meeting of counsel needed to proceed on Monday, March 11th, and Plaintiff stated that it should be scheduled after this Court's ruling on Plaintiff's motion seeking remand and attempted to schedule a call for March 12th or 13th.

**3.** On Thursday, March 15, 2019, Defense Counsel – Mr. Jay Barron -- called me at 3:26 PM to discuss Defendant's pending *Ex Parte Application.* This was the first time, whether telephonically or in writing, that defense counsel raised the issue of bringing this *Ex Parte Application*. All prior calls between Mr. Barron and I have been civil, friendly, and productive, and the calls of March 14, 2019, were no different.

**4.** Mr. Barron explained the relief to be sought through the *Ex Parte Application.* I asked him to allow me a few minutes to obtain all the available information about the issue in order to have a substantive discussion via a return call in short order. Mr. Barron agreed and I returned his call at 3:46 PM.

**5.** During that second call (which lasted for approximately 12 minutes), I communicated Plaintiff's legitimate concern about waiver of grounds for remand and cited to *Smith v. Mylan, Inc.* (9th Cir. 2014) 761 F.3d 1042, 1046 (participation in a Rule 26 conference may implicitly waive grounds for remand). I suggested continuing to meet and confer that day towards a stipulation to prevent the *Ex Parte Application.* In response, Mr. Barron proposed stipulated terms – the same terms which would be sought in the *Ex Parte Application.* To prevent motion practice, and to set a tone of cooperation, I advised that I would consult with Ms. Genie Harrison at the end of the phone call and

respond to Defendant's proposed terms with a counter proposal before the day's end. The call ended at 3:58 PM with an understanding that, *prior to filing the Ex Parte Application,* Defendant would entertain a good faith meet and confer proposal from Plaintiff.

**6.** Mr. Barron's statement in his Declaration that during the parties' call I "suggested … Plaintiff would agree to at least some of the requested relief <u>after seeing the Application</u>" is factually incorrect. Instead, I said that the proposed terms communicated by Defendant during our call would be considered and a counter proposal would be provided before the day's end prior to the filing of any *ex parte application*. The entire purpose of my providing a counter proposal was to prevent an *ex parte application.*

**7.** While I followed through with my part of the bargain and emailed a counter proposal just 45 minutes later at 4:43 PM, Defendant nonetheless reneged on and abandoned efforts to resolve the issue between the parties and filed the *Ex Parte Application*. In an effort to resolve the matter without the Court's intervention, I communicated Plaintiff's agreement towards requesting a date for a scheduling conference on or after April 16, 2019 and a willingness to have a Rule 26 discovery conference late next week. A true and correct copy of my email of March 14, 2019 is attached hereto as **Exhibit A.**

**8.** That email was sent only 1 hour and 17 minutes after Defendant first raised the issue of bringing this *Ex Parte Application*. Additionally, Plaintiff's meet and confer response, which was promised, was sent at exactly the same time as Defendant filed its *Ex Parte Application* (4:43 PM) per the ECF email I received. My email and the filing of Defendant's *Ex Parte Application* were simultaneous.

**9.** I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing facts are true. Executed on March 15, 2019, in Los Angeles, California.

*Mary Olszewska*
———————————————
Mary Olszewska

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 523 West 6th Street, Suite 707, Los Angeles, California 90014.

On **March 15, 2019,** I caused the service of the following document described as:

**DECLARATION OF MARY OLSZEWSKA IN OPPOSITION TO DEFENDANT FOWLER'S *EX PARTE* APPLICATION FOR AN ORDER TO SET DEADLINES UNDER RULE 26**

on all interested parties in this action through service by SERVED BY CM/ECF.

I hereby certify that, on March 15, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

The filing of the foregoing document will send copies to the following CM/ECF participants who are currently on the list to receive e-mail notices for this case:

Genie@genieharrisonlaw.com
Mary@genieharrisonlaw.com
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/ Michelle Patino-Patroni
Michelle Patino-Patroni

**EXHIBIT
A**

| From: | Mary Olszewska |
|---|---|
| To: | Jay P. Barron |
| Cc: | Carla Medina; Jennifer L. Keller; "Genie Harrison"; Chase A. Scolnick; Genie Harrison |
| Subject: | RE: Doe v. Spacey: Rule 26(f) Conference Meet & Confer |
| Date: | Thursday, March 14, 2019 4:42:00 PM |
| Attachments: | image001.png |
| | image004.png |

Dear Jay,

As conveyed in today's call, we have legitimate concern that participation in a Rule 26 conference can be deemed a waiver of our right to seek remand. While we understand that Defendant would like to seek *ex parte* relief, as is evidenced by our ability to have productive phone call, there was and is room for further discussion towards resolution between the parties. It is not in either party's interest to start out the case with *ex parte* applications and ineffectual meet and confer efforts. Thus, in a good faith effort to make progress and prevent involving the Court, below is my counter-proposal to your asserted position via phone.

> **Court's Scheduling Conference:** I like your idea to request that the court set the conference. Plaintiff would stipulate for a request to set it for 4/16 or a subsequent date convenient for the court. We of course do not feel it is necessary for Judge Segal to oversee it; therefore, do not agree to that in the stipulation. If Defendant has good cause for why that is necessary, please let me know.
>
> **Rule 26(f) Conference:** To resolve our concern about waiver, we would agree to conduct the Rule 26(f) conference late next week upon a stipulation that Plaintiff does not waive any rights to seek remand and Defendant will not argue that our participation is a waiver of our right to request remand.
>
> **Sanctions:** I'm sure it's no surprise, but we will not agree to sanctions.

Please advise whether Defendant would prefer to agree to a stipulation to resolve this issue.

Sincerely,

## Mary Olszewska

 Genie Harrison Law Firm APC

*Attorney*
p: 213.805.5301
f: 213.805.5306
a: 523 West 6th Street, Ste. 707, Los Angeles, CA 90014
w: www.genieharrisonlaw.com   e: mary@genieharrisonlaw.com

---

**From:** Genie Harrison <genie@genieharrisonlaw.com>
**Sent:** Sunday, March 10, 2019 1:13 PM

**To:** Jay P. Barron <JBarron@kelleranderle.com>
**Cc:** Mary Olszewska <mary@genieharrisonlaw.com>; Carla Medina <carla@genieharrisonlaw.com>; Jennifer L. Keller <JKeller@kelleranderle.com>; Chase A. Scolnick <CScolnick@kelleranderle.com>; Genie Harrison <genie@genieharrisonlaw.com>
**Subject:** Re: Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing

Jay,

Please do not presume to project your inferences onto my communications.

Not only is your characterization of my conduct false (i.e., that I agreed to the propriety of a Rule 26 conference by inference), it is *contrary* to what I have *explicitly stated* in email.

I have specifically informed defendants that plaintiff will not participate in a Rule 26 conference at this time (1) before any scheduling conference was set by the Court, (2) when plaintiff is challenging the jurisdiction of this Court, (3) based your reading of Rules 16 & 26 with which I disagree.

Genie Harrison, Esq.

Genie Harrison Law Firm APC

p: 213.805.5301
f: 213.805.5306
a: 523 West 6th Street, Suite 707, Los Angeles, CA 90014
w: www.genieharrisonlaw.com
e: genie@genieharrisonlaw.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

---

**From:** "Jay P. Barron" <JBarron@kelleranderle.com>
**Date:** Saturday, March 9, 2019 at 1:52 PM
**To:** Genie Harrison <genie@genieharrisonlaw.com>
**Cc:** Mary Olszewska <mary@genieharrisonlaw.com>, Carla Medina <carla@genieharrisonlaw.com>, "Jennifer L. Keller" <JKeller@kelleranderle.com>, "Chase A. Scolnick" <CScolnick@kelleranderle.com>
**Subject:** Re: Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing

Genie,

The rules I cited in my e-mail from yesterday (i.e., FRCP 16(b)(2) & 26(f)(1)) require a Rule 26(f) conference even if the Court does not set a scheduling conference. I am unaware of any authority

permitting a party to unilaterally delay or defer engaging in the Rule 26(f) conference, even where a motion to remand is pending. If you have such authority, please provide it. Otherwise, we intend to comply with the statutory requirements.

I also am confused by your new position as your response yesterday implicitly acknowledged the need for the Rule 26(f) conference in proposing it occur on Tuesday or Wednesday next week. For reasons previously explained, we think that Monday is the deadline under the statutes cited above but now you seek to unilaterally delay the Rule 26(f) conference for over a month.

Please reconsider. And if Monday at 10 a.m. is not a good time, please let us know if there is a different time on Monday that works.

Best,

Jay

On Mar 9, 2019, at 12:14 PM, Genie Harrison <genie@genieharrisonlaw.com> wrote:

> Jay,
>
> We do not think the Rule 26 conference is appropriate at this time as we are challenging whether the case should be in CDCA court. In addition, the court has not set a scheduling conference.
>
> We intend to wait to have a Rule 26 conference until after the court's ruling on the various motions that have been filed and the setting of a subsequent scheduling conference, should that come to pass.
>
> We are, of course, happy to consider any contrary authority that you may have.
>
> Thank you.
>
> Genie Harrison, Esq.
> <image001.png>
> p: 213.805.5301
> f: 213.805.5306
> a: 523 West 6th Street, Suite 707, Los Angeles, CA 90014
> w: www.genieharrisonlaw.com  e: genie@genieharrisonlaw.com
>
> PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

**From:** "Jay P. Barron" <JBarron@kelleranderle.com>
**Date:** Friday, March 8, 2019 at 6:40 PM
**To:** Genie Harrison <genie@genieharrisonlaw.com>
**Cc:** Mary Olszewska <mary@genieharrisonlaw.com>, Carla Medina <carla@genieharrisonlaw.com>, "Jennifer L. Keller" <JKeller@kelleranderle.com>
**Subject:** RE: Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing

Hi Genie,

As previously mentioned, we calculate Monday as the deadline to hold the Rule 26(f) conference (under Rules 16(b)(2) & 26(f)(1)), which is why we have been trying to schedule it for then. Is there a different time on Monday that works?

Jay

**From:** Genie Harrison [mailto:genie@genieharrisonlaw.com]
**Sent:** Friday, March 08, 2019 6:33 PM
**To:** Jay P. Barron <JBarron@kelleranderle.com>
**Cc:** Mary Olszewska <mary@genieharrisonlaw.com>; Carla Medina <carla@genieharrisonlaw.com>; Jennifer L. Keller <JKeller@kelleranderle.com>; Genie Harrison <genie@genieharrisonlaw.com>
**Subject:** Re: Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing

Hello Jay,

Monday does not work. What availability do you have Tuesday and Wednesday?

Genie Harrison, Esq.


Genie Harrison Law Firm, APC
p: 213.805.5301
f: 213.805.5306
a: 523 West 6th Street, Suite 707, Los Angeles, CA 90014
w: www.genieharrisonlaw.com
e: genie@genieharrisonlaw.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

On Mar 8, 2019, at 6:17 PM, Jay P. Barron <JBarron@kelleranderle.com> wrote:

Hi Mary,

In addition to my follow-up e-mail this morning, I left you a message around 12:30 p.m. earlier today. Can you please let us know if Monday at 10 a.m. works for our Rule 26(f) conference? Assuming it does, we will plan to call you then.

Thanks.

Jay

**From:** Jay P. Barron
**Sent:** Friday, March 08, 2019 9:37 AM
**To:** Mary Olszewska <mary@genieharrisonlaw.com>
**Cc:** Genie Harrison <genie@genieharrisonlaw.com>; Carla Medina <carla@genieharrisonlaw.com>; Jennifer L. Keller <JKeller@kelleranderle.com>
**Subject:** RE: Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing

Mary,

Attached is the signed stipulation. I will leave it to you to file it.

Also, please let me know if you are available on Monday at 10 a.m. for the Rule 26(f) conference.

Thanks.

Jay

**From:** Mary Olszewska [mailto:mary@genieharrisonlaw.com]
**Sent:** Thursday, March 07, 2019 6:57 PM
**To:** Jay P. Barron <JBarron@kelleranderle.com>
**Cc:** Genie Harrison <genie@genieharrisonlaw.com>; Carla Medina <carla@genieharrisonlaw.com>; Jennifer L. Keller <JKeller@kelleranderle.com>
**Subject:** RE: Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing

Jay, I added the requested language and hope this works. Also, thanks for the heads up on the order. Please execute at your earliest convenience. Thank you. - Mary

**From:** Jay P. Barron <JBarron@kelleranderle.com>
**Sent:** Thursday, March 7, 2019 4:56 PM
**To:** Mary Olszewska <mary@genieharrisonlaw.com>
**Cc:** Genie Harrison <genie@genieharrisonlaw.com>; Carla Medina <carla@genieharrisonlaw.com>; Jennifer L. Keller <JKeller@kelleranderle.com>
**Subject:** RE: Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing

Mary,

We are agreeable to entering into the stipulation to effectuate our previous agreement as to the new hearing date. I have only one suggested change to the language of the draft stipulation. Can you please add a provision re-confirming our agreement that the opposition and reply deadlines under L.R. 7-9 and 7-10 will be based on the new April 16, 2019 hearing date?

Also, under L.R. 7-1 and L.R. 52-4.1, the proposed order cannot be included in the same pleading with the stipulation but instead must be set forth in a separate document.

Thanks.

Jay

---

**From:** Mary Olszewska [mailto:mary@genieharrisonlaw.com]
**Sent:** Thursday, March 07, 2019 4:37 PM
**To:** Jay P. Barron <JBarron@kelleranderle.com>
**Cc:** Genie Harrison <genie@genieharrisonlaw.com>; Carla Medina <carla@genieharrisonlaw.com>
**Subject:** Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing

Hi Jay. We were advised by Judge Lew's chambers that we can't just renotice the hearing. A stipulation between the parties and an order is required. We have drafted the attached as instructed by the Court. If we would like to move the hearing to 4/16, please execute the attached. If you would like to make changes, let me know and we will send a word version for redlining.

## Mary Olszewska

<image001.png>
*Attorney*
p: 213.805.5301
f: 213.805.5306
a: 523 West 6th Street, Ste. 707, Los Angeles, CA 90014