KELLER/ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Avenue, Suite 930
Irvine, California 92612
Tel.: (949) 476-8700
Fax: (949) 476-0900

*Attorneys for Defendants*
KEVIN SPACEY FOWLER and
M. PROFITT PRODUCTIONS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN SPACEY FOWLER, an individual, M. PROFITT PRODUCTIONS, INC., a California Corporation, and DOES 1-9, inclusive.<br><br>Defendant. | Case No.: 2:19-cv-00750-RSWL (SSx)<br><br>**SUPPLEMENTAL DECLARATION OF JAY P. BARRON IN SUPPORT OF DEFENDANT FOWLER'S *EX PARTE* APPLICATION FOR AN ORDER TO SET DEADLINES UNDER RULE 26 DUE TO PLAINTIFF'S WILLFUL REFUSAL TO TIMELY ENGAGE IN THE REQUIRED RULE 26(f) CONFERENCE**<br><br>Complaint Filed: September 27, 2018 |

SUPPL. DECL. OF JAY P. BARRON IN SUPPORT OF DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER RE PLAINTIFF'S REFUSAL TO TIMELY ENGAGE IN RULE 26(f) CONF.

I, Jay P. Barron, declare as follows:

1. I am an attorney duly admitted to practice in the State of California and in the United States District Court for the Central District of California. I am senior counsel with the law firm Keller/Anderle LLP, counsel of record for Defendants Kevin Spacey Fowler and M. Profitt Productions, Inc. I make this declaration in support of Defendant Fowler's *Ex Parte* Application For An Order To Set Deadlines Under Rule 26 Due to Plaintiff's Willful Refusal To Timely Engage In Required Rule 26(f) Conference (the "Application"), and to supplement my previously-filed declaration in support of the Application. I have personal knowledge of the information stated below and could testify to it under oath.

2. I have reviewed the memorandum and declaration filed by Plaintiff in opposition to the Application. (*See* ECF Nos. 32, 32-1.) I make this declaration to inform the Court about certain misrepresentations made in those papers.

3. The opposition provides a false and misleading description of the call between Ms. Olszewska and me on March 14, 2019. First, the opposition and supporting declaration selectively quote from my original declaration to suggest it was "factually incorrect," and states that my declaration's description of the call includes the claim that "Ms. Olszewska suggested . . . Plaintiff would agree to at least some of the requested relief after seeing the Application." (*See* Opp. at p. 4 & Olszewska Decl., ¶ 6 [emphasis omitted].) Plaintiff's representation of my declaration is false. My actual declaration did not represent Plaintiff would agree to some of the requested relief after seeing the Application; instead, the cited text of my declaration, with underlining reflecting the portions omitted by Plaintiff through their use of an ellipsis, states: "Ms. Olszewska suggested <u>Plaintiff would oppose the Application but left open the possibility</u> Plaintiff would agree to at least some of the requested relief after seeing the Application."

4. Further, the suggestion that Ms. Olzewska did not understand Mr. Fowler would be filing the Application shortly after our telephone call is contrary to

1   the substance of our discussion.  Based on Ms. Olszewska's unwillingness to agree
2   to the relief sought in the Application, and Plaintiff's counsel's emphatic and
3   consistent position they would not engage in the Rule 26(f) conference until after
4   the Court rules on their remand motion, I definitively and unequivocally informed
5   Ms. Olszewska that we would be filing the Application.  In fact, I informed her that
6   it likely would be filed within 30 minutes after our call.

   5.   While Ms. Olszewska's declaration attaches an e-mail she sent to me on March 14, 2019 after the Application was filed, she neglected to include the entire e-mail chain, which included my response sent a few hours later that day at 8:48 p.m.  Attached as **Exhibit A** to this declaration is a true and correct copy of the complete e-mail chain, including my response.

   6.   In my response e-mail, I reiterated the disingenuineness of Plaintiff's counsel's belated position that their refusal to engage in the Rule 26(f) had something to do with the possibility of waiving their remand argument.  That purported justification was not previously expressed at any time during my repeated efforts to meet and confer or in Ms. Harrison's emphatically stated position that Plaintiff would not engage in the Rule 26(f) conference.  Nor does that *post hoc* justification have any merit because, as I explained on yesterday's call, the lone case mentioned by Ms. Olszewska had no relevance to Plaintiff's motion to remand.  My e-mail response sent on March 14th, at 8:48 p.m., which is consistent with my discussion with Ms. Olszewska from earlier that day, states in part:

> On our call, you raised a concern about potential waiver if you engaged in the Rule 26(f) conference, as required by the rules.  I pointed out that Genie's recent e-mails were emphatic and definitive about plaintiff's refusal to comply with Rule 26(f).  She never expressed waiver as a concern.  If you had stated a need to expressly reserve the arguments raised in your pending motion to remand, we could have quickly resolved that issue and continued with the Rule 26(f) conference.  <u>For your side to now take that position after our repeated attempts to schedule the conference, after the deadline to hold it has passed, and without any previous explanation or disclosure of that position before we provided notice of our application, is not good faith.</u>  More

fundamentally, your position is incorrect. On our call earlier today, you cited and briefly described one case which apparently raised the possibility of waiver if a party engages in a Rule 26(f) conference. <u>But it was clear from your brief description of the case that it had no applicability here because it concerned a party challenging a purported defect in the notice of removal. That is not the argument plaintiff has made here; instead, plaintiff has attempted to join a non-diverse party after removal and seeks to remand on that basis. When I pointed this out, you recognized the distinction</u>.

(Emphasis added.)

7. The opposition also misconstrues an item of requested relief sought in the Application. The Application does not seek a "premature" ruling on Plaintiff's motion to proceed anonymously or any other motion. (*See* Opp. at p. 2.) Plaintiff still has not disclosed his identity to Mr. Fowler -- *the party against whom he is asserting claims*. The request in the Application that Plaintiff immediately disclose his identity to defense counsel does not vitiate or circumvent Plaintiff's pending motion to proceed anonymously or Defendants' Rule 12 motion, both of which more centrally concern whether Plaintiff can establish that this is a rare "exceptional case" that justifies deviating from the longstanding requirement of pleading publicly in one's own name. Instead, the Application only seeks for Plaintiff to disclose his identity to Defendants and their counsel, as there is no justification to keep an opposing party in the dark about a plaintiff's identity.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on March 15, 2019.

*/s/ Jay P. Barron*<br>Jay P. Barron

3
SUPPL. DECL. OF JAY P. BARRON IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION FOR ORDER RE PLAINTIFF'S REFUSAL TO TIMELY ENGAGE IN RULE 26(f) CONF.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Irvine, California 92612-1057. On **March 15, 2019**, I served the foregoing document described as

**SUPPLEMENTAL DECLARATION OF JAY P. BARRON IN SUPPORT OF DEFENDANT FOWLER'S EX PARTE APPLICATION FOR AN ORDER TO SET DEADLINES UNDER RULE 26 DUE TO PLAINTIFF'S WILLFUL REFUSAL TO TIMELY ENGAGE IN THE REQUIRED RULE 26(f) CONFERENCE**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

SERVED BY U.S. MAIL: There are currently no individuals on the list to receive mail notices for this case.

SERVED BY CM/ECF. I hereby certify that, on **March 15, 2019**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The filing of the foregoing document will send copies to the following CM/ECF participants:

The following are those who are currently on the list to receive e-mail notices for this case.

Genie Harrison, genie@genieharrisonlaw.com
Amber Phillips, amber@genieharrisonlaw.com
Mary Olszewska, mary@genieharrisonlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on **March 15, 2019** at Irvine, California.

                                                */s/ Courtney L. McKinney*
                                                  Courtney L. McKinney