# Exhibit A

# Jay P. Barron

| | |
|---|---|
| **From:** | Jay P. Barron |
| **Sent:** | Thursday, March 14, 2019 8:48 PM |
| **To:** | Mary Olszewska |
| **Cc:** | Carla Medina; Jennifer L. Keller; Genie Harrison; Chase A. Scolnick |
| **Subject:** | Re: Doe v. Spacey: Rule 26(f) Conference Meet & Confer |

Mary,

On our call, you raised a concern about potential waiver if you engaged in the Rule 26(f) conference, as required by the rules. I pointed out that Genie's recent e-mails were emphatic and definitive about plaintiff's refusal to comply with Rule 26(f). She never expressed waiver as a concern. If you had stated a need to expressly reserve the arguments raised in your pending motion to remand, we could have quickly resolved that issue and continued with the Rule 26(f) conference. For your side to now take that position after our repeated attempts to schedule the conference, after the deadline to hold it has passed, and without any previous explanation or disclosure of that position before we provided notice of our application, is not good faith. More fundamentally, your position is incorrect. On our call earlier today, you cited and briefly described one case which apparently raised the possibility of waiver if a party engages in a Rule 26(f) conference. But it was clear from your brief description of the case that it had no applicability here because it concerned a party challenging a purported defect in the notice of removal. That is not the argument plaintiff has made here; instead, plaintiff has attempted to join a non-diverse party after removal and seeks to remand on that basis. When I pointed this out, you recognized the distinction.

We do not relish having to file *ex parte* applications. It is something we tried to avoid, as reflected in our repeated efforts to hold the Rule 26(f) conference and our transparent explanation of our position. But the positions taken by your side – and plaintiff's failure to comply with the rules – forced our hand. I am glad that you now agree the scheduling conference before the Court should occur on April 16th when the parties already have motions set for hearing before the Court, and that the Rule 26(f) conference should happen in advance of that. But the remainder of your proposed stipulation provides no assurances, especially given plaintiff's continued refusal to disclose his identity to us. We therefore will not agree to your belated proposal as stated, and decline your implicit suggestion we withdraw the *ex parte* application.

Finally, we have been asking for you to disclose Plaintiff's identity to us for months, and you have refused to do so. Why will you not disclose it to us?

Best,

Jay

On Mar 14, 2019, at 4:43 PM, Mary Olszewska <mary@genieharrisonlaw.com> wrote:

Dear Jay,

As conveyed in today's call, we have legitimate concern that participation in a Rule 26 conference can be deemed a waiver of our right to seek remand. While we understand that Defendant would like to seek *ex parte* relief, as is evidenced by our ability to have productive phone call, there was and is room for further discussion towards resolution between the parties. It is not in either party's interest to start out the case with *ex parte* applications and ineffectual meet and confer efforts. Thus, in a good faith effort to make progress and prevent involving the Court, below is my counter-proposal to your asserted position via phone.

> **Court's Scheduling Conference:** I like your idea to request that the court set the conference. Plaintiff would stipulate for a request to set it for 4/16 or a subsequent date convenient for the court. We of course do not feel it is necessary for Judge Segal to oversee it; therefore, do not agree to that in the stipulation. If Defendant has good cause for why that is necessary, please let me know.
>
> **Rule 26(f) Conference:** To resolve our concern about waiver, we would agree to conduct the Rule 26(f) conference late next week upon a stipulation that Plaintiff does not waive any rights to seek remand and Defendant will not argue that our participation is a waiver of our right to request remand.
>
> **Sanctions:** I'm sure it's no surprise, but we will not agree to sanctions.

Please advise whether Defendant would prefer to agree to a stipulation to resolve this issue.

Sincerely,

## Mary Olszewska

<image004.png>
*Attorney*
p: 213.805.5301
f: 213.805.5306
a: 523 West 6th Street, Ste. 707, Los Angeles, CA 90014
w: www.genieharrisonlaw.com  e: mary@genieharrisonlaw.com

---

**From:** Genie Harrison <genie@genieharrisonlaw.com>
**Sent:** Sunday, March 10, 2019 1:13 PM
**To:** Jay P. Barron <JBarron@kelleranderle.com>
**Cc:** Mary Olszewska <mary@genieharrisonlaw.com>; Carla Medina <carla@genieharrisonlaw.com>; Jennifer L. Keller <JKeller@kelleranderle.com>; Chase A. Scolnick <CScolnick@kelleranderle.com>; Genie Harrison <genie@genieharrisonlaw.com>
**Subject:** Re: Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing

Jay,

Please do not presume to project your inferences onto my communications.

Not only is your characterization of my conduct false (i.e., that I agreed to the propriety of a Rule 26 conference by inference), it is *contrary* to what I have *explicitly stated* in email.

I have specifically informed defendants that plaintiff will not participate in a Rule 26 conference at this time (1) before any scheduling conference was set by the Court, (2) when plaintiff is challenging the jurisdiction of this Court, (3) based your reading of Rules 16 & 26 with which I disagree.

Genie Harrison, Esq.
<image001.png>
p: 213.805.5301
f: 213.805.5306
a: 523 West 6th Street, Suite 707, Los Angeles, CA 90014
w: www.genieharrisonlaw.com
e: genie@genieharrisonlaw.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

---

**From:** "Jay P. Barron" <JBarron@kelleranderle.com>
**Date:** Saturday, March 9, 2019 at 1:52 PM
**To:** Genie Harrison <genie@genieharrisonlaw.com>
**Cc:** Mary Olszewska <mary@genieharrisonlaw.com>, Carla Medina <carla@genieharrisonlaw.com>, "Jennifer L. Keller" <JKeller@kelleranderle.com>, "Chase A. Scolnick" <CScolnick@kelleranderle.com>
**Subject:** Re: Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing

Genie,

The rules I cited in my e-mail from yesterday (i.e., FRCP 16(b)(2) & 26(f)(1)) require a Rule 26(f) conference even if the Court does not set a scheduling conference.  I am unaware of any authority permitting a party to unilaterally delay or defer engaging in the Rule 26(f) conference, even where a motion to remand is pending.  If you have such authority, please provide it.  Otherwise, we intend to comply with the statutory requirements.

I also am confused by your new position as your response yesterday implicitly acknowledged the need for the Rule 26(f) conference in proposing it occur on Tuesday or Wednesday next week. For reasons previously explained, we think that Monday is the deadline under the statutes cited above but now you seek to unilaterally delay the Rule 26(f) conference for over a month.

Please reconsider. And if Monday at 10 a.m. is not a good time, please let us know if there is a different time on Monday that works.

Best,

Jay

3

On Mar 9, 2019, at 12:14 PM, Genie Harrison <genie@genieharrisonlaw.com> wrote:

Jay,

We do not think the Rule 26 conference is appropriate at this time as we are challenging whether the case should be in CDCA court. In addition, the court has not set a scheduling conference.

We intend to wait to have a Rule 26 conference until after the court's ruling on the various motions that have been filed and the setting of a subsequent scheduling conference, should that come to pass.

We are, of course, happy to consider any contrary authority that you may have.

Thank you.

Genie Harrison, Esq.
<image001.png>
p: 213.805.5301
f: 213.805.5306
a: 523 West 6th Street, Suite 707, Los Angeles, CA 90014
w: www.genieharrisonlaw.com   e: genie@genieharrisonlaw.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

---

**From:** "Jay P. Barron" <JBarron@kelleranderle.com>
**Date:** Friday, March 8, 2019 at 6:40 PM
**To:** Genie Harrison <genie@genieharrisonlaw.com>
**Cc:** Mary Olszewska <mary@genieharrisonlaw.com>, Carla Medina <carla@genieharrisonlaw.com>, "Jennifer L. Keller" <JKeller@kelleranderle.com>
**Subject:** RE: Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing

Hi Genie,

As previously mentioned, we calculate Monday as the deadline to hold the Rule 26(f) conference (under Rules 16(b)(2) & 26(f)(1)), which is why we have been trying to schedule it for then.  Is there a different time on Monday that works?

Jay

4

**From:** Genie Harrison [mailto:genie@genieharrisonlaw.com]
**Sent:** Friday, March 08, 2019 6:33 PM
**To:** Jay P. Barron <JBarron@kelleranderle.com>
**Cc:** Mary Olszewska <mary@genieharrisonlaw.com>; Carla Medina <carla@genieharrisonlaw.com>; Jennifer L. Keller <JKeller@kelleranderle.com>; Genie Harrison <genie@genieharrisonlaw.com>
**Subject:** Re: Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing

Hello Jay,

Monday does not work. What availability do you have Tuesday and Wednesday?

Genie Harrison, Esq.



Genie Harrison Law Firm, APC
p: 213.805.5301
f: 213.805.5306
a: 523 West 6th Street, Suite 707, Los Angeles, CA 90014
w: www.genieharrisonlaw.com
e: genie@genieharrisonlaw.com

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

On Mar 8, 2019, at 6:17 PM, Jay P. Barron <JBarron@kelleranderle.com> wrote:

> Hi Mary,
>
> In addition to my follow-up e-mail this morning, I left you a message around 12:30 p.m. earlier today.  Can you please let us know if Monday at 10 a.m. works for our Rule 26(f) conference?  Assuming it does, we will plan to call you then.
>
> Thanks.
>
> Jay
>
> **From:** Jay P. Barron
> **Sent:** Friday, March 08, 2019 9:37 AM
> **To:** Mary Olszewska <mary@genieharrisonlaw.com>
> **Cc:** Genie Harrison <genie@genieharrisonlaw.com>; Carla Medina <carla@genieharrisonlaw.com>; Jennifer L. Keller <JKeller@kelleranderle.com>
> **Subject:** RE: Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing
>
> Mary,

5

Attached is the signed stipulation. I will leave it to you to file it.

Also, please let me know if you are available on Monday at 10 a.m. for the Rule 26(f) conference.

Thanks.

Jay

---

**From:** Mary Olszewska [mailto:mary@genieharrisonlaw.com]
**Sent:** Thursday, March 07, 2019 6:57 PM
**To:** Jay P. Barron <JBarron@kelleranderle.com>
**Cc:** Genie Harrison <genie@genieharrisonlaw.com>; Carla Medina <carla@genieharrisonlaw.com>; Jennifer L. Keller <JKeller@kelleranderle.com>
**Subject:** RE: Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing

Jay, I added the requested language and hope this works. Also, thanks for the heads up on the order. Please execute at your earliest convenience. Thank you. - Mary

---

**From:** Jay P. Barron <JBarron@kelleranderle.com>
**Sent:** Thursday, March 7, 2019 4:56 PM
**To:** Mary Olszewska <mary@genieharrisonlaw.com>
**Cc:** Genie Harrison <genie@genieharrisonlaw.com>; Carla Medina <carla@genieharrisonlaw.com>; Jennifer L. Keller <JKeller@kelleranderle.com>
**Subject:** RE: Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing

Mary,

We are agreeable to entering into the stipulation to effectuate our previous agreement as to the new hearing date. I have only one suggested change to the language of the draft stipulation. Can you please add a provision re-confirming our agreement that the opposition and reply deadlines under L.R. 7-9 and 7-10 will be based on the new April 16, 2019 hearing date?

Also, under L.R. 7-1 and L.R. 52-4.1, the proposed order cannot be included in the same pleading with the stipulation but instead must be set forth in a separate document.

Thanks.

Jay

---

**From:** Mary Olszewska [mailto:mary@genieharrisonlaw.com]
**Sent:** Thursday, March 07, 2019 4:37 PM
**To:** Jay P. Barron <JBarron@kelleranderle.com>
**Cc:** Genie Harrison <genie@genieharrisonlaw.com>; Carla Medina

<carla@genieharrisonlaw.com>
**Subject:** Doe v. Spacey: Stip and Errata Re: ReNotice of Hearing

Hi Jay. We were advised by Judge Lew's chambers that we can't just renotice the hearing. A stipulation between the parties and an order is required. We have drafted the attached as instructed by the Court. If we would like to move the hearing to 4/16, please execute the attached. If you would like to make changes, let me know and we will send a word version for redlining.

## Mary Olszewska

<image001.png>
*Attorney*
p: 213.805.5301
f: 213.805.5306
a: 523 West 6th Street, Ste. 707, Los Angeles, CA 90014
w: www.genieharrisonlaw.com  e: mary@genieharrisonlaw.com