UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN DOE, an individual, | ) | CV 19-00750-RSWL-SSx |
| Plaintiff, | ) | |
| | ) | **ORDER re: Defendant Fowler's *Ex Parte* Application for an Order to Set Deadlines Under Rule 26** [31] |
| v. | ) | |
| KEVIN SPACEY FOWLER, an individual, M. PROFITT PRODUCTIONS, INC., a California Corporation, and DOES 1-9, inclusive, | ) | |
| Defendants. | ) | |

Currently before the Court is Defendant Kevin Spacey Folwer's ("Defendant") *Ex Parte* Application for an Order to Set Deadlines Under Rule 26 Due to Plaintiff John Doe's ("Plaintiff") Willful Refusal to Timely Engage in the Required Rule 26(f) Conference [31] ("Application"). Having reviewed all papers submitted pertaining to this Application, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES**

1

Defendant's Application.

## I. BACKGROUND

On September 27, 2018, Plaintiff filed his Complaint in state court against Defendant Fowler [1-1].  After Defendant was served on January 3, 2019 [1-4], he removed this Action to this Court on January 31, 2019 [1].  On February 7, 2019, Defendant filed a Motion to Dismiss Plaintiff's Complaint [8].  On February 19, 2019, Plaintiff filed a First Amended Complaint [14] alleging claims relating to sexual battery and gender violence, and also adding Defendant M. Profitt Productions, Inc. ("Profitt") as a defendant in this Action.  On March 1, 2019, Plaintiff filed a Motion to Proceed Anonymously [19].  However, on March 4, 2019, Plaintiff then filed a Motion to Remand [21] arguing that the newly added Defendant, Profitt, defeats diversity.  Nonetheless, on March 5, 2019 Defendant filed a Motion to Dismiss Plaintiff's Claims, or, Alternatively, to Require Plaintiff to Provide a More Definite Statement—namely that Plaintiff disclose his identity [22].  Defendant also filed a Motion for Order for Misjoinder re Defendant Profitt [26] that same day.  The parties agreed and stipulated to have all of the pending motions heard on April 16, 2019 [29].  Finally, on March 14, 2019, Defendant Fowler filed the instant Application [31].  Plaintiff timely opposed the following day [32].

///

## II. DISCUSSION

Defendant requests that the Court issue an order that: (1) sets a scheduling conference under Rule 16(b) for April 16, 2019; (2) requires the parties to engage in a Rule 26(f) conference as soon as practicable, but no later than 21 days before the April 16, 2019 scheduling conference; (3) requires the Rule 26(f) conference to be overseen by Magistrate Judge Segal; (4) requires the parties to file a Rule 26(f) report and serve initial disclosures within 14 days after the parties' Rule 26(f) conference; (5) requires Plaintiff to immediately disclose his real identity; and (6) imposes a monetary sanction of $2,600 against Plaintiff and his counsel for conduct Defendant argues necessitated bringing this Application. Def.'s Appl. 6:5-7:10, ECF No. 31.

Defendant argues that Plaintiff and his counsel's refusal to comply with Federal Rule of Civil Procedure ("Rule") 26(f)'s requirement that the parties engage in a conference warrants *ex parte* relief because it has delayed the opening of discovery and disclosure, thus prejudicing Defendant. Defendant argues that Plaintiff's apparent motive is to delay revealing his identity to Defendant. Specifically, Rule 16(b)(3) requires a court to issue a scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2).

Because Defendant Fowler filed a Notice of Removal on January 31, 2019, thus appearing in this Action, the deadline for the Court to issue a scheduling order is April 1, 2019. Under Rule 26(f)(1), the parties must confer "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). As such, Defendant argues that the deadline for the parties' Rule 26(f) conference was March 11, 2019, but that Plaintiff refused to comply arguing that no conference should take place until after April 16, 2019—the hearing date for the pending Motions.

The Court finds Defendant's Application to be premature and improper for *ex parte* relief. *Ex parte* applications are for extraordinary relief. For *ex parte* relief to be granted, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." <u>Mission Power Eng'g Co. v. Cont'l Cas. Co.</u>, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The Court need not delve into the parties' arguments regarding the Rule 26(f) conference, because any such issues shall be delayed until the Court decides Plaintiff's Motion to Remand. Any time, effort, and resources dedicated to a federal discovery plan would be wasted should the Court determine it lacks jurisdiction. Defendant's only argument as to prejudice is that the opening of discovery is delayed,

4

however this is not the type of irreparable prejudice requiring *ex parte* relief. See <u>Mission Power Eng'g Co.</u>, 883 F. Supp. at 491-92 (*ex parte* applications are reserved for instances such as those where "the tomatoes are about to spoil or the yacht is about to leave the jurisdiction and . . . all will be lost unless immediate action is taken."). Scheduling disputes certainly do not rise to the level of emergency required for *ex parte* relief, as any passed deadlines can later be corrected by the Court. And Defendant's request to order Plaintiff to reveal his identity is inappropriate given that Plaintiff's Motion to Proceed Anonymously is currently pending with the Court. Consequently, the Court finds *ex parte* relief improper at this stage and **DENIES** Defendant's Application.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Application.

**IT IS SO ORDERED.**

DATED: March 18, 2019        s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

5