Genie Harrison, SBN 163641
Amber Phillips, SBN 280107
Mary Olszewska, SBN 268710
**GENIE HARRISON LAW FIRM, APC**
523 W. 6th Street, Suite 707
Los Angeles, CA 90014
T: (213) 805-5301 F: (213) 805-5306
genie@genieharrisonlaw.com
amber@genieharrisonlaw.com
mary@genieharrisonlaw.com

Attorneys for PLAINTIFF

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>vs.<br><br>KEVIN SPACEY FOWLER, an individual<br><br>Defendant. | **Case No.: 2:19-CV-00750-RSWL (SSx)**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT FOWLER'S MOTION FOR MISJOINDER**<br><br>[Declaration of Mary Olszewska In Support of Plaintiff's Opposition to Defendant Fowler's Motion for Misjoinder]<br><br>**Date: April 16, 2019**<br>**Time: 10:00 A.M.**<br>**Dept.: TBD** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff John Doe ("Plaintiff" or "Doe") hereby submits this Opposition to Defendant Fowler's Motion for Misjoinder Re Newly-Named Defendant M. Profitt Productions, Inc. ("Motion").

---

# **TABLE OF CONTENTS**

**MEMORANDUM OF POINTS AND AUTHORITIES** ........................................... - 1 -

I.   INTRODUCTION ..................................................................................... - 2 -

II.   FACTUAL BACKGROUND ................................................................... - 2 -

III.   LEGAL ARGUMENT .............................................................................. - 5 -

A. Defendants' Motion Should Be Denied As Plaintiff Properly Amend His Complaint as a Matter of Course Under FRCP Rule 15(a)(1) .................................................... - 5 -

B. Even Under Section 1447(e), Defendants' Motion Should Be Denied As Plaintiff Properly Joined Defendant M. Profitt............................................................................... - 6 -

1.   M. Profitt is Necessary for Just Adjudication of This Matter ........................... - 7 -

2.   Plaintiff Did Not Join M. Profitt to Defeat Federal Jurisdiction...................... - 10 -

3.   There Is No Unexplained Delay in Requesting Joinder.................................. - 10 -

4.   Statute of Limitations ............................................................................. - 11 -

5.   Plaintiff's Claim Against M. Profitt is Meritorious ......................................... - 11 -

6.   Denying Plaintiff the Ability to Join M. Profitt Would Be Highly Prejudicial- 12 -

7.   The Factors Weigh in Favor of Amendment.................................................... - 12 -

C. Defendant's Attempt to Dismiss Plaintiff's Claims Against M. Profitt Because Plaintiff Has Requested to Proceed Anonymously Is Improper................................ - 12 -

IV.   CONCLUSION ....................................................................................... - 13 -

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Blowers v. Ford Motor Company*,
   2018 WL 654415 (C.D. Cal. Jan. 31, 2018)............................................- 5,6 -

*Clinco v. Roberts*,
   41 F.Supp.2d 1080 (C.D. Cal. 1999) ........................................................- 6 -

*Corp. v. Bonneville Power Admin.*,
   928 F.2d 905 (9th Cir. 1991) ....................................................................- 8 -

*IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*,
   125 F.Supp.2d 1008 (N.D. Cal. 2000)..............................................- 8,10,12 -

*Lopez v. Host International, Inc.*,
   2018 WL 704718 (C.D. Cal. Feb. 2, 2018) ..............................................- 6 -

*Mudra International, LLC v. Kellwood Company, Inc.*,
   2008 WL 11336465 (C.D. Cal. Sept. 16, 2008) .......................................- 7 -

*Perry v. Schumacher Grp. of Louisiana*,
   891 F.3d 954 (11th Cir. 2018) ..................................................................- 3 -

*Sebelius v. Cloer*,
   569 U.S. 369 (2013) ..................................................................................- 5 -

*Trotman v. United Parcel Service*,
   1996 WL 428333 (N.D. Cal. 1996) ........................................................- 10 -

*Williams v. Taylor*,
   529 U.S. 420 (2000) ..................................................................................- 6 -

**FEDERAL STATUTE**

28 U.S.C. § 1332 ...............................................................................................- 3 -

28 U.S.C. §1447(e) ..........................................................................................- 10 -

Federal Rule of Civil Procedure 15(a)(1) ..........................................................- 3 -

Federal Rule of Civil Procedure 19 ...................................................................- 7 -

**STATE STATUTES**

Cal. Civ. Code § 1708.5 ........................................................................... - 2 -

Cal. Civ. Code § 52.4 ...................................................................... - 4 ,2 , 11 -

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff John Doe ("Plaintiff") has brought cognizable claims against Defendants Kevin Spacey Fowler ("Spacey"), M. Profitt Productions, Inc. ("M. Profitt"), and DOES 1-9, seeking redress for sexual violence perpetrated against him. Plaintiff amend his Complaint as soon as he discovered the existence of Defendant Spacey's loan-out company, M. Profitt, as a matter of course well within the statutory time limits to do so. Moreover, joining M. Proffit as a Defendant in this lawsuit is the proper, most efficient, and most practical way to resolve the controversy between Plaintiff and M. Profitt, as joinder avoids multiple lawsuits on the same issue and prevents waste of judicial time and resources, waste of the resources of the parties, and potential inconsistent rulings. As a result, the Court should deny Defendant's Motion for Misjoinder ("Defendant's Motion") in its entirety.

## II.   FACTUAL BACKGROUND

This case arises out of sexualized violence by Defendant Spacey and Defendant M. Profitt against Plaintiff John Doe. [PACER Docket Number/Entry ("D.E.") 14]. Specifically, in October 2016, Plaintiff Doe – who has worked in Los Angeles as a massage therapist for over 35 years – was attacked by Spacey at a residence in Malibu during what should have been a professional therapeutic massage. [D.E. 14 ¶¶10-24]. As a result of the attack, Plaintiff John Doe filed his Complaint in Los Angeles County Superior Court on September 27, 2018, alleging (1) sexual battery (Cal. Civ. Code § 1708.5), gender violence (Cal. Civ. Code § 52.4), (3) battery, (4) assault, (5) intentional infliction of emotional distress, and (6) false imprisonment. [D.E. 1-1]. More than a dozen other men have recently accused Defendant Spacey of unwanted sexual advances.[1]

---

[1] Maria Puente, Kevin Spacey scandal: A complete list of the 15 accusers, USA TODAY, Nov. 16, 2017, at https://www.usatoday.com/story/life/2017/11/07/kevin-spacey-scandal-complete-list-13-accusers/835739001/ (last visited Mar. 24, 2019).

---

After filing the complaint, Plaintiff had difficulty locating Defendant Spacey, who maintained a low public profile since sexual assault allegations emerged against him in 2017.[2] Plaintiff made substantial efforts to locate and serve Spacey since filing the Complaint. Interestingly, shortly after a process server attempted service of the Complaint at a residence in Baltimore, Maryland -- where media had recently spotted Spacey[3] -- and after Plaintiff engaged a former Chief-Civil Deputy Sheriff and Appointed Constable to serve Defendant Spacey outside of the Nantucket District Court where he was ordered to appear on January 7, 2019, counsel for Defendant Spacey surfaced and agreed to accept service of Plaintiff's Complaint on Spacey's behalf on January 2, 2019. *Declaration of Mary Olszewska in Support of Plaintiff's Opposition to Defendant's Motion for Misjoinder ("Olszewska Decl.") ¶2.* Defendant Spacey was served on January 3, 2019. [D.E. 1-4].

Without meeting and conferring on the issue, Defendant Spacey removed the case to federal court on January 31, 2019, with federal jurisdiction predicated solely on diversity of citizenship under 28 U.S.C. § 1332.  [D.E.1]. Subsequent to removal, the parties engaged in meet and confer efforts related to Plaintiff's Complaint, which resulted in Plaintiff agreeing to amend his Complaint. In accordance with Federal Rule of Civil Procedure 15(a)(1), *Perry v. Schumacher Grp. of Louisiana,* 891 F.3d 954, 958 (11th Cir. 2018), and the parties' agreement, Plaintiff filed his First Amended Complaint ("FAC") on February 19, 2019. [D.E. 14]. The Plaintiff's FAC dismissed Plaintiff's false

---

[2] Caroline Graham, How Kevin Spacey vanished off the fact of the earth: Shamed star, 59 has not been seen for a YEAR amid claims he's on a Pacific island, in France, or wearing disguises, Daily Mail, Nov. 17, 2018, at https://www.dailymail.co.uk/news/article-6401449/How-Kevin-Spacey-not-seen-YEAR.html (last visited Mar. 24, 2019).

[3] Hallie Miller, Why is Kevin Spacey in Baltimore while awaiting court appearance on assault charges?, The Baltimore Sun, Jan. 3, 3019, at https://www.baltimoresun.com/features/baltimore-insider-blog/bs-fe-kevin-spaceys-baltimore-roots-explained-20190102-story.html (last visited Mar. 24, 2019).

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR MISJOINDER**

imprisonment claim, joins M. Profitt and DOES 1-9[4] as defendants and alleges a gender violence cause of action against them in violation of California Civil Code § 52.4, and provided additional facts to support the claim. [See D.E. 1-1; D.E. 14].

After filing the original complaint, Plaintiff learned that Defendant Spacey conducts business through Defendant M. Profitt, a California corporation and loan-out company. Loan-out companies are commonly used by high-profile actors to manage cash flow, tax payments, and maximize deductions for business expenses. [D.E. 14 ¶ 5].

Upon discovering the existence of the loan out company, coupled with the facts that Spacey's assistant set up massage and that film production trucks were parked at and around the Malibu residence where the attacked occurred, Plaintiff added M. Profitt and DOES 1-9 as defendants in the gender violence claim on February 19, 2019. [D.E. 14, ¶¶ 5, 10-12, 56-64]. Plaintiff plead that, in every practical sense, Spacey is M. Profitt -- he is its Chief Executive Officer, Secretary, Chief Financial Officer, only Officer and Director, and primary or only shareholder. [D.E. 14 ¶ 5]; *Olszewska Decl.* ¶3. Plaintiff also pleaded that at all times relevant to the complaint, including during the massage and the sexualized attack, Defendant Spacey was acting as, for the benefit of, and on behalf of Defendant M. Profitt. [D.E. 14 ¶ 5].[5]

---

[4] Defendant argues that the Court should reject Plaintiff's addition of nine "Doe" defendants in his First Amended Complaint ("FAC"). *Defendant's Motion for Joinder ("Def.'s Motion")*. However, Defendant's single citation to *Fifty Associates v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) does not support the contention that inclusion of "Doe" defendants is impermissible. Further, Central District of California Local Rule 19-1 presumes the permissibility of pleading against "Doe" defendants: "No complaint or petition shall be filed that includes more than ten (10) Doe or factiously named parties." Plaintiff's FAC strictly complies with this rule by including only nine "Doe" defendants. [D.E. 14].

[5] In his declaration in support of Defendant's Motion, Defendant Spacey does not refute that he was the Chief Executive Officer, Secretary, Chief Financial Officer, only Officer and Director, and primary or only shareholder of M. Profitt. Further, Defendant does not

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR MISJOINDER**

III.   **LEGAL ARGUMENT**

    A.    **Defendants' Motion Should Be Denied As Plaintiff Properly Amend His**
          **Complaint as a Matter of Course Under FRCP Rule 15(a)(1)**

    "The Ninth Circuit has not addressed what standard applies when a plaintiff seeks to amend a complaint to add a party that destroys diversity after the action has been removed to federal court." *Blowers v. Ford Motor Company*, 2018 WL 654415, at *2 (C.D. Cal. Jan. 31, 2018). Instead, there is a split amongst district courts as to whether Federal Rules of Civil Procedure ("FRCP") Rule 15(a)(1) or 28 U.S.C. Section 1447(e)[6] ("Section 1447(e)") applies to amendments within the statutory deadline set forth by Rule 15(a)(1).

    FRCP Rule 15(a)(1) allows a party to amend its pleading once as a matter of course 21 days after service, or 21 days after service of a responsive pleading or motion under FRCP Rule 12(b), (e), or (f). FRCP Rule 15(a)(1) does not require a plaintiff to seek leave to amend a complaint.

    FRCP Rule 15(a) should govern the amendment of Plaintiff's complaint in this matter. Policy arguments requiring courts to scrutinize proposed amendments that would destroy diversity under Section 1447(e), which are the same arguments made in Defendant's Motion, are only applicable when language in a statute is ambiguous. *Sebelius v. Cloer*, 569 U.S. 369, 380 (2013). "The language of Rule 15(a) is not ambiguous: it does not limit the types of amendments that may be made to pleadings as a matter of course and, thus, the Court may not rely on policy justifications to read into Rule 15 exceptions for amendments that would defeat jurisdiction." *Blowers*, 2018 WL

---

dispute that his assistant set up the massage to be given by Plaintiff. [D.E. 26-2]. As to the rest of Defendant Spacey's declaration, the Court should not just accept these denials without allowing Plaintiff to test their sufficiency in discovery.

[6] Section 1447(e) states, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR MISJOINDER**

654415, at *3. Moreover, Section 1447(e) explicitly states that the statute applies only when a plaintiff "seeks" to join defendants who would destroy subject matter jurisdiction. Words in a statute are given their ordinary meanings absent comment from Congress stating otherwise. *Williams v. Taylor*, 529 U.S. 420, 431 (2000). The plain meaning of the word "seek" under Section 1447(e) is "ask" and plaintiffs are not required to ask courts for leave to amend if they file an amendment within the statutory time limits under FRCP 15(a)(1). *Blowers*, 2018 WL 654415, at *3; *Lopez v. Host International, Inc.*, 2018 WL 704718, at *3, n.2 (C.D. Cal. Feb. 2, 2018).

Further, FRCP Rule 15(a) "complements the liberal pleading and joinder provisions of the federal rules by establishing a time period during which the pleadings may be amended automatically…" *Clinco v. Roberts*, 41 F.Supp.2d 1080, 1086 (C.D. Cal. 1999).

As in *Blowers*, Plaintiff Doe was not required to seek leave to amend his Complaint. Instead, Plaintiff timely filed his FAC on February 19, 2019 —less than 21 days after Defendant Spacey filed his FRCP 12(b)(6) and (e) motion on February 7, 2019 [D.E. 14 and 8] -- alleging a valid cause of action against M. Profitt as a matter of right under FRCP 15(a)(1).

**B.     Even Under Section 1447(e), Defendants' Motion Should Be Denied As Plaintiff Properly Joined Defendant M. Profitt**

In the event that the Court does apply Section 1447(e) as the standard for assessing the amendment to Plaintiff's complaint, Plaintiff's joinder was nonetheless prompt, timely, and proper. M. Profitt is not only a necessary party to this action but including M. Profitt in this lawsuit conserves judicial resources, prevents multiple lawsuits, and avoids inconsistent determinations. And, Plaintiff's claim against M. Profitt is meritorious and denying amendment would significantly prejudice Plaintiff.

The standard to allow amendment under Section 1447(e) is discretionary and permits joinder and remand the action to State court when a plaintiff seeks to join a

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR MISJOINDER**

defendant who would destroy subject matter jurisdiction. In applying this discretionary standard, courts consider the following factors:

> (1) whether the new defendant is needed for just adjudication such that the party would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the party seeks joinder solely for the purpose of defeating federal jurisdiction; (3) whether there has been unexplained delay in requesting joinder of the new defendants; (4) whether the statute of limitations would preclude an action against the new defendants in state court; (5) whether the claim against the new party seems valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Mudra International, LLC v. Kellwood Company, Inc.*, 2008 WL 11336465, at *2 (C.D. Cal. Sept. 16, 2008).

These factors weigh in favor of allowing Plaintiff to join Defendant M. Profitt

### 1.     M. Profitt is Necessary for Just Adjudication of This Matter

FRCP Rule 19(a)(1) states that a person must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Defendant's argument that M. Profitt cannot be joined under Rule 19(a) because it will deprive the court of subject matter jurisdiction is completely nonsensical. *Def.'s Motion, p. 8*. The whole purpose of the six-factor test is to determine whether a court should allow amendment to add a party even though joinder would defeat subject matter jurisdiction. *See Mudra*, 2008 WL 11336465. If the very first factor, which encourages courts to determine whether a party would otherwise be joined under FRCP Rule 19(a),

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR MISJOINDER**

were dispositive in the event the joined party destroyed diversity, there would be no need to assess any other factors and no need for a balancing test at all.

FRCP Rule 19(a) is designed to protect parties "from multiple litigation, inconsistent judicial determinations or the impairment of interests or rights." *CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911 (9th Cir. 1991). Where failure to join a defendant would "result in unnecessary and repetitive litigation… Rule 19 was designed to prevent just this sort of wasteful litigation." *Id*. at 912.

While courts consider whether a party is necessary under FRCP Rule 19, amendment under Section 1447(e) is less restrictive than FRCP Rule 19's standard for joinder. *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1012 (N.D. Cal. 2000).

Here, M. Profitt is a necessary party to the litigation and a meritorious claim has been alleged against it. M. Profitt is Defendant Spacey's loan out company. *Declaration of Kevin Spacey Fowler in Support of Defendant Fowler's Motion for Misjoinder ¶2* [D.E. 26-2].  Loan-out companies are commonly used by high-profile actors to manage cash flow, tax payments, and maximize deductions for business expenses. [D.E. 14 ¶ 5].

Upon discovering the existence of the loan out company, coupled with the facts that Defendant Spacey's assistant set up massage and that film production trucks were parked at and around the Malibu residence where the attacked occurred, Plaintiff added M. Profitt and DOES 1-9 as defendants in the gender violence claim. [D.E. 14, ¶¶ 5, 11-12, 56-64]; *Olszewska Decl. ¶3*. In every practical sense, Plaintiff alleges and believes that, Spacey *is and was acting as* M. Profitt at the time of the attack -- he is its Chief Executive Officer, Secretary, Chief Financial Officer, only Officer and Director, and primary or only shareholder. [D.E. 14 ¶ 5]; *Olszewska Decl. ¶4*. Actors often pay legitimate business expenses through their loan-out company when the expense benefits the company. [D.E. 14 ¶ 5]. In this case, Plaintiff believes and alleged that Defendant M. Profitt directly committed the acts of sexual violence against Plaintiff based upon, but not limited to, the following allegations:

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR MISJOINDER**

i.     At all times relevant to the complaint, including during the massage and the sexualized attack, Defendant Spacey was acting as, for the benefit of, and on behalf of Defendant M. Profitt [D.E. 14 ¶ 5];

ii.    A male on behalf of Spacey and M. Profitt arranged for Plaintiff to massage Spacey [D.E. 14 ¶ 10];

iii.   the massage occurred at a residence in Malibu where filming activity appeared to be in process [D.E. 14 ¶ 11];

iv.   the residence was rented by M. Profitt for the purpose of, among other things, SPACEY's dwelling, a location for massages, and conducting filming [D.E. 14 ¶ 12];

v.    Plaintiff was hired to perform through or for the benefit of M. Profitt [D.E. 14 ¶ 12]; and

vi.   Defendants Spacey and M. Profitt committed acts of gender violence on Plaintiff through a series of physical intrusions and invasions of a sexual nature including forced touching and groping [D.E. 14 ¶¶56-64].

Because Spacey acts as M. Profitt in conducting his professional and personal business – and this massage was not arranged to occur at Spacey's primary residence but on what appeared to be business related – M. Profitt has serious and feasible liability here. While a fact finder – judge or jury – will determine whether Spacey was acting as individual or as M. Profitt at a later stage of this case, at this point, Plaintiff has pleaded sufficient facts establishing that Spacey was acting as and on behalf of M. Profitt at the time of the sexual attack.

To ensure that Plaintiff is afforded complete relief from whichever Defendant is eventually found liable (if any or both) for the conduct at issue, M. Profitt is a necessary party to this controversy. Moreover, if Plaintiff is denied joinder of M. Profitt here, Plaintiff will be forced to file a separate lawsuit against it for the identical conduct to protect his ability to obtain complete relief for the harm he suffered. To avoid repetitive

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR MISJOINDER**

litigation and avoid inconsistent judicial determinations—the very issues FRCP Rule 19 was designed to prevent – M. Profitt is a necessary for the just adjudication of this case.

### 2. Plaintiff Did Not Join M. Profitt to Defeat Federal Jurisdiction

Contrary to Defendant's oft-repeated argument in his Motion for Misjoinder, Plaintiff did not join M. Profitt for the sole purpose of defeating subject matter jurisdiction.

"Suspicion of diversity destroying amendments is not as important now that §1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC Aviation*, 125 F.Supp.2d at 1012; *see also Trotman v. United Parcel Service,* 1996 WL 428333 at *1 (N.D. Cal. 1996) ("The legislative history to § 1447(e) … suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion."); HR Rep No 889, 100th Cong, 2d Sess 72, reprinted in 1988 U.S.C.C.A.N. 6033 (stating purpose of §1447(e) is to "take advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal").

As explained above, M. Profitt was added to ensure that Plaintiff is afforded complete relief from whichever Defendant is eventually found liable. Because the facts alleged against Defendant Spacey and Defendant M. Profitt involve identical misconduct by two legally distinct parties, Plaintiff added M. Profitt to this case in lieu of filing a separate lawsuit to efficiently obtain complete relief in a single lawsuit instead of two.

### 3. There Is No Unexplained Delay in Requesting Joinder

Plaintiff sought to amend his Complaint less than two months after Plaintiff had expended significant resources and effort to serve Defendant Spacey, and upon discovering the existence of Defendant Spacey's loan-out company, M. Profitt. *Olszewska Decl.* ¶¶2-3. Plaintiff promptly joined M. Profitt and would have named it in his initial complaint had he known about its existence prior to filing. *Olszewska Decl.* ¶5. Additionally, Plaintiff sought amendment to his complaint as a matter of right to join M.

---

1    Profitt within the 21-day deadline under FRCP 15(a)(1), further evidencing that Plaintiff
2    promptly sought joinder in this matter. [D.E. 14 and 8].

3              **4.       Statute of Limitations**

4              Although courts consider whether the statute of limitations will preclude a plaintiff
5    from proceeding against the new defendant in state court, even when a state court action
6    is possible, courts are disinclined to require plaintiffs "to litigate essentially the same
7    issues in two forums" because such a decision "would be a waste of judicial resources
8    and risk inconsistent results." *IBC,* 125 F.Supp.2d at 1012.

9              As argued throughout this opposition, Plaintiff has alleged a meritorious claim
10   against M. Profitt for violations of the California Civil Code.

11             Allowing Plaintiff to join M. Profitt in this litigation, avoids forcing the parties to
12   litigate the same issues in two forums and prevents waste of judicial time and resources,
13   waste of the resources of the parties, and potential for inconsistent rulings.

14             **5.       Plaintiff's Claim Against M. Profitt is Meritorious**

15             California Civil Code § 52.4 provides that "any person who has been subjected to
16   gender violence may bring a civil action for damages against any responsible party." Cal.
17   Civ. C. §52.4(a).  Gender violence is defined as "the use, attempted use, or threatened use
18   of physical force against the person or property of another, committed in least in part
19   based on the gender of the victim" or "a physical intrusion or physical invasion of a
20   sexual nature under coercive conditions." Cal. Civ. C. §52.4(c)*;* [D.E. 14 ¶ 58].  Lastly,
21   the statute expressly extends the cause of action to employers who personally commit
22   acts of gender violence. Cal. Civ. C. § 52.4(d) ("this section does not establish any civil
23   liability of a person because of his or her status as an employer, ***unless** the employer*
24   *personally committed an act of gender violence*.") (emphasis added).

25             As argued above, as soon as Plaintiff discovered the existence of M. Profitt,
26   Plaintiff added it and DOES 1-9 as defendants in the gender violence claim and alleged
27   that it personally and directly committed the acts of gender violence to Plaintiff Doe.

28

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR MISJOINDER**

[D.E. 14 ¶¶ 5, 10-12, 56-64]. Thus, Plaintiff has pleaded a legitimate and meritorious claim against M. Profitt for gender violence under the California Civil Code.

### 6. Denying Plaintiff the Ability to Join M. Profitt Would Be Highly Prejudicial

When assessing prejudice to a plaintiff if joinder is denied, courts look at "the procedural point in the case, the overlap in evidence, and considerations relating to judicial economy." *Mudra*, 2008 WL 11336465, at *9. Denial of joinder is prejudicial to a Plaintiff when it would require a plaintiff "to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing its potential claims against" the newly joined defendant. *IBC Aviation*, 125 F.Supp.2d at 1013. This factor especially weighs in favor of allowing a plaintiff to amend to join a new defendant when the "amendment will not prejudice [a defendant] as discovery has not yet begun." *Id*. at 1013.

Here, if joinder is denied, Plaintiff will be prejudiced because he will have to decide between pursuing duplicative litigation against M. Profitt or foregoing his legitimate claim against the entity. However, Defendants Spacey and M. Profitt will suffer no prejudice as discovery has not yet begun.

### 7. The Factors Weigh in Favor of Amendment

On balance, amendment to add M. Profitt is warranted because the entity is necessary to Plaintiff's claims and recovery in this action, amendment would conserve judicial resources and avoid inconsistent determinations, Plaintiff promptly moved within the time limits set forth under FRCP Rule 15(a)(1) to join M. Profitt, Plantiff's claim against M. Profitt is meritorious, and amendment is not prejudicial to any of the parties.

### C. Defendant's Attempt to Dismiss Plaintiff's Claims Against M. Profitt Because Plaintiff Has Requested to Proceed Anonymously Is Improper

As argued in Plaintiff's Motion to Proceed Anonymously [D.E. 19], and in Plaintiff's Opposition to Defendant's Motion to Dismiss (filed separately on this same date), Plaintiff should be granted leave to proceed anonymously because he has

1 | reasonable fears of severe harm and retaliation that would result if he were forced to
2 | disclose his name at this stage of the litigation. There is no prejudice to Defendants at this
3 | time, as Defendant Spacey will likely move to stay discovery pending the criminal
4 | proceedings against him, and the public has an interest in having this case decided on its
5 | merits.

6 |       Further, Defendant's Motion for Misjoinder is not a motion to dismiss or a motion
7 | to strike and its request to have the claims dismissed and stricken against M. Profitt in
8 | this Motion is improper.

9 | **IV.**   **CONCLUSION**

10 |       For all the foregoing reasons, Plaintiff respectfully requests that this Court deny
11 | Defendant's Motion for Misjoinder Re Newly-Named Defendant M. Profitt
12 | Productions, Inc. in its entirety. Alternatively, if the Court is inclined to grant
13 | Defendant's Motion, Plaintiff respectfully requests leave to amend his FAC to allege
14 | additional facts to further show M. Profitt is an indispensable and proper party to this
15 | action.

17 | **DATED:  March 26, 2019**         **Genie Harrison Law Firm, APC**

19 | **By:** _Mary Olszewska_
20 |       **Genie Harrison, Esq.**
      **Mary Olszewska, Esq.**
      **Amber Phillips, Esq.**
21 |       **Attorneys for PLAINTIFF JOHN DOE**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 523 West 6th Street, Suite 707, Los Angeles, California 90014.

On **March 26, 2019,** I caused the service of the following document described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR MISJOINDER RE NEWLY-NAMED DEFENDANT M. PROFITT PRODUCTION, INC.**

on all interested parties in this action through service by SERVED BY CM/ECF.

I hereby certify that, on March 14, 2019 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

The filing of the foregoing document will send copies to the following CM/ECF participants who are currently on the list to receive e-mail notices for this case:

Genie@genieharrisonlaw.com
Mary@genieharrisonlaw.com
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/Carla Medina
Carla Medina