1  Genie Harrison, SBN 163641
2  Amber Phillips, SBN 280107
   Mary Olszewska, SBN 268710
3  **GENIE HARRISON LAW FIRM, APC**
   523 W. 6th Street, Suite 707
4  Los Angeles, CA 90014
5  T: (213) 805-5301 F: (213) 805-5306
   genie@genieharrisonlaw.com
6  amber@genieharrisonlaw.com
   mary@genieharrisonlaw.com
7
   Attorneys for PLAINTIFF
8
                   **UNITED STATES DISTRICT COURT**
9
                   **CENTRAL DISTRICT OF CALIFORNIA**
10

11  JOHN DOE, an individual,               ) **Case No.: 2:19-CV-00750-RSWL**
12                                          ) **(SSx)**
             vs.                            )
13                                          )
                                            ) **PLAINTIFF'S OPPOSITION TO**
14  KEVIN SPACEY FOWLER, an                 ) **DEFENDANTS' MOTION TO**
15  individual, M. PROFITT                  ) **DISMISS PLAINTIFF JOHN DOE'S**
    PRODUCTIONS, INC., a California         ) **CLAIMS OR, ALTERNATIVELY,**
16  Corporation, and DOES 1-9, inclusive.   ) **TO REQUIRE PLAINTIFF TO**
                                            ) **PROVIDE A MORE DEFINITE**
17            Defendant.                     ) **STATEMENT**
18                                          )
19                                          ) Filed concurrently with Declaration of
20                                          ) Mary Olszewska In Support of
                                            ) Plaintiff's Opposition to Defendants'
21                                          ) Motion to Dismiss Plaintiff John Doe's
                                            ) Claims or, Alternatively, to Require
22                                          ) Plaintiff to Provide a More Definite
23                                          ) Statement
24                                          )
25                                          ) **[Fed. R. Civ. Pro. 12(b)(6), (e) and**
                                            ) **other applicable law]**
26                                          )
27                                          ) **Date: April 16, 2019**
                                            ) **Time: 10:00 A.M.**
28  _____         ) **Dept.: TBD**

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... - 1 -

I.    INTRODUCTION ................................................................... - 1 -

II.   STATEMENT OF FACTS.......................................................... - 1 -

III.  LEGAL ARGUMENT ............................................................  - 6 -

A. Legal Standard for 12(b)(6) Motion to Dismiss ...............................- 6 -

B. Special Circumstances Warrant Plaintiff Filing as "DOE"...........................- 7 -

   1.  Severity of Threatened Harm, Reasonableness of Anonymous Party's Fears, and Vulnerability to Retaliation All Militate in Favor of Allowing Plaintiff to Proceed as "DOE" .................................................................... - 8 -

   2.  Defendant Suffers No Prejudice at the Pleading Stage of Litigation............... - 10 -

   3.  Public Interest Can Be Satisfied Without Revealing Plaintiff's Name............ - 12 -

   4.  Plaintiff Should Not Be Compelled to Disclose His Identity and the Court Should Grant His Motion for Leave to File as "DOE" ...................................... - 12 -

C. Plaintiff Has Stated a Cognizable Claim Against Defendant M. Profitt Productions…... .............................................................................- 13 -

D. Alternatively, Plaintiff Should Be Granted Leave to Amend.....................- 14 -

IV.   CONCLUSION .................................................................. - 14 -

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

i

# TABLE OF AUTHORITIES

**Federal Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................. - 6 -

*Balderas v. Countrywide Bank, N.A.*,
  664 F.3d 787 (9th Cir. 2011) ...................................................... - 7 -

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1988) ...................................................... - 7 -

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................ - 6,13-

*Cellars v. Pacific Coast Packaging, Inc.*,
  189 F.R.D. 575 (N.D. Cal. 1999) ……………………….…………………………..-13-

*Does I thru XXIII v. Advanced Textile Corp.*,
  214 F.3d 1058 (9th Cir. 2000) …………..…………………………..- 7, 8,10,12, 13 -

*Doe v. Blue Cross & Blue Shield United of Wisconsin*,
  112 F.3d 869 (7th Cir. 1997) ...................................................... - 7 -

*Doe v. INS*,
  867 F.2d 285, 286 n.1 (6th Cir. 1989)......................................... - 7 -

*Doe v. Madison School Dist. No. 321*,
  147 F.3d 832, 833 n.1 (9th Cir. 1998)......................................... - 7 -

*Doe v. Madison School Dist. No. 321*,
  177 F.3d 789 (9th Cir. 1999) ...................................................... - 7 -

*Doe v. Stegall*,
  653 F.2d 180 (5th Cir. 1981) .................................................. - 8,12 -

*Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp.*,
  320 F.3d 920 (9th Cir. 2003) ...................................................... - 6 -

*Fed. Sav. & Loan Ins. Corp. v. Molinaro*,
  889 F.2d 899 (9th Cir. 1989) ...................................................... - 11 -

*Gallardo v. DiCarlo*
    203 F.Supp.2d 1160 (C.D. Cal. 2002)..................................................- 6 -
*Gilead Sciences Sec. Litig.,*
536 F.3d 1049 (9th Cir. 2008) ...........................................................- 7 -
*Gilligan v. Jamco Dev. Corp.*
    108 F.3d 246 (9th Cir. 1997) ...........................................................- 6 -
*James v. Jacobson,*
 6 F.3d 233 (4th Cir. 1993) ................................................................- 7 -
*Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.,*
    616 F.3d 963 (9th Cir. 2010) ...........................................................- 7 -
*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001) ...........................................................- 6 -
*Marcus v. Holder,*
    574 F.3d 1182 (9th Cir. 2009) .........................................................- 6 -
*Moe v. Dinkins,*
533 F.Supp. 623 (S.D.N.Y. 1981), *aff'd,* 669 F.2d 67 (2d Cir. 1982)...........................- 7 -
*Pinnacle Armor, Inc. v. United States,*
    648 F.3d 708 (9th Cir. 2011) ...........................................................- 6 -
*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.,*
368 F.3d 1053 (9th Cir. 2004) ...........................................................- 7 -
    *United States v. Doe,* 655 F.2d 920, 922 n.1 (9th Cir. 1981)....................................- 8 -

**State Statutes**
Cal. Civ. Code § 1708.5 .....................................................................- 1 -
Cal. Civ. Code § 52.4 ...............................................................- 1 -, -13-

**Federal Statute**
28 U.S.C. §1332 .............................................................................- 2 -

**Rules**

FRCP 12 ................................................................................................. -6-, - 13 -

FRCP 8 ……………………………………………………...…………..- 6 -

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff John Doe ("Plaintiff" or "Doe") hereby submits this Opposition to Defendants' Motion to Dismiss Plaintiff John Doe's Claims or, Alternatively, to Require Plaintiff to Provide a More Definite Statement. [PACER ECF Document Entry "D.E" 22].

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff has brought this action based on the sexual assault, battery and violence perpetrated by Defendants Kevin Spacey Fowler ("Spacey") and M. Profitt Productions ("M. Profitt"). Reasonably fearing for his physical safety and financial well-being, Plaintiff filed this action as a "DOE" and moved this Court separately for leave to allow him to proceed anonymously. [D.E 19]. Plaintiff's reasonable fear of threatened harm and retaliation as a result of the hostile actions taken by Defendant Spacey and his supporters, along with the lack of prejudice to Defendants, who will likely move this Court to stay discovery in his matter pending resolution of the criminal proceedings against Defendant Spacey, and the public interest in having this case decided on its merits, all militate in favor of allowing Plaintiff to proceed anonymously.

Further, Plaintiff stated a cognizable claim for gender violence against Defendant M. Profitt because Defendant Spacey *is* M. Profitt, as he is its Chief Executive Officer, Secretary, Chief Financial Officer, only Officer and Director, and primary or only shareholder and committed the gendered and sexually violent acts while acting as, on behalf of, and for the benefit of M. Profitt . *See Plaintiff's First Amended Complaint,* ¶*5* [D.E. 14 2:8-16]. As a result, Plaintiff alleged that Defendant Spacey and Defendant M. Profitt are both directly responsible for the sexual violence against Plaintiff.

### II.    STATEMENT OF FACTS

Plaintiff John Doe initially filed his complaint in the Superior Court of the State of California for the County of Los Angeles on September 27, 2018 alleging (1) sexual battery (Cal. Civ. Code § 1708.5), gender violence (Cal. Civ. Code § 52.4), (3) battery,

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

(4) assault, (5) intentional infliction of emotional distress, and (6) false imprisonment. [D.E. 1-1]. These claims were based on allegations of sexualized violence against Plaintiff, which occurred in October 2016. [D.E. 1-1]. After filing the Complaint, Plaintiff had difficulty locating Spacey -- Spacey had maintained a low public profile since numerous sexual assault allegations emerged against him in 2017.[1] Plaintiff made substantial efforts to locate and serve Spacey since filing the Complaint. Interestingly, shortly after a process server attempted service of the Complaint at a residence in Baltimore, Maryland -- where media had recently spotted Spacey [2] -- and after Plaintiff engaged a former Chief-Civil Deputy Sheriff and Appointed Constable to serve Defendant Spacey outside of the Nantucket District Court where he was ordered to appear on January 7, 2019, counsel for Defendant Spacey surfaced and agreed to accept service of Plaintiff's Complaint on Spacey's behalf on January 2, 2019. *Declaration of Mary Olszewska ISO Plaintiff's Opposition to Defendants' Motion to Dismiss ("Olszewska Decl."), ¶2.* Defendant Spacey was served on January 3, 2019. [D.E. 1-4].

Without meeting and conferring on the issue, Defendant Spacey removed the case to federal court on January 31, 2019, with federal jurisdiction predicated solely on diversity of citizenship under 28 U.S.C. §1332. [D.E.1].

After filing the original Complaint, Plaintiff learned that Spacey conducts business through M. Profitt, a California corporation and loan-out company. Loan-out companies are commonly used by high-profile actors to manage cash flow, tax payments, and

---

[1] Caroline Graham, How Kevin Spacey vanished off the face of the earth: Shamed star, 59 has not been seen for a YEAR amid claims he's on a Pacific island, in France, or wearing disguises, Daily Mail, Nov. 17, 2018, at https://www.dailymail.co.uk/news/article-6401449/How-Kevin-Spacey-not-seen-YEAR.html (last visited March 24, 2019).

[2] Hallie Miller, Why is Kevin Spacey in Baltimore while awaiting court appearance on assault charges?, The Baltimore Sun, Jan. 3, 2019, at https://www.baltimoresun.com/features/baltimore-insider-blog/bs-fe-kevin-spaceys-baltimore-roots-explained-20190102-story.html (last visited March 24, 2019).

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

maximize deductions for business and employee expenses. [D.E. 14 ¶ 5].

Upon discovering the existence of the loan out company, coupled with the facts that Spacey's assistant set up the subject massage and that film production trucks were parked at and around the Malibu residence where the attacked occurred, Plaintiff filed his First Amended Complaint ("FAC") on February 19, 2019, adding M. Profitt and DOES 1-9 as defendants in the gender violence claim.[3] [D.E. 14, ¶¶ 5, 11-12, 56-64]. In every practical sense, Spacey is M. Profitt -- he is its Chief Executive Officer, Secretary, Chief Financial Officer, only Officer and Director, and primary or only shareholder. [D.E. 14 ¶ 5]; *Olszewska Decl. ¶3*. As a result, Plaintiff properly pleaded that at all times relevant to the complaint, including during the massage and the sexualized attack, Defendant Spacey was acting as, for the benefit of, and on behalf of M. Profitt. *See Plaintiff's First Amended Complaint, ¶5* [D.E. 14 2:8-16].

Shortly after the filing of his FAC, Plaintiff moved this Court for leave to allow Plaintiff to proceed anonymously in this action. [D.E. 19].

Without any cooperation from Plaintiff, this case has already been the focus of media scrutiny.[4, 5, 6]

Among the numerous victims who have accused Defendant Spacey of sexual

---

[3] Plaintiff's FAC also dismissed his false imprisonment claim. [D.E. 14].

[4] Yohana Desta, Kevin Spacey's Lawyers Don't Want Latest Accuser to Stay Anonymous, Vanity Fair, February 8, 2019, at https://www.vanityfair.com/hollywood/2019/02/kevin-spacey-lawsuit-malibu  (last visited on March 24, 2019).

[5] Halle Kiefer, Kevin Spacey Sued for Sexual Battery by Massage Therapist After a 2016 Incident, New York Vulture, Sept. 28, 2018, at   https://www.vulture.com/2018/09/kevin-spacey-sued-for-sexual-battery-by-massage-therapist.html (last visited on March 24, 2019).

[6] Bruce Haring, Kevin Spacey Lawyers Argue Against Accuser's Anonymity in Alleged Malibu Groping, Deadline Hollywood, Feb. 7, 2019, at https://deadline.com/2019/02/kevin-spacey-lawyers-argue-against-accusers-anonymity-in-alleged-malibu-groping-1202552438/  (last visited on March 24, 2019).

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

assault and battery, in October 2017, Broadway and television star Anthony Rapp reported that Defendant Spacey made sexual advances toward Rapp when he was just 14 years old. In response to his reporting of Spacey, Rapp received a slew of hate-fueled comments, including one comment from a Spacey supporter that read, "I hope [S]pacey at least put his middle finger up you're a** you loser." [7]

Defendant Spacey is also currently facing criminal felony charges in Massachusetts for allegedly sexually assaulting and battering an 18-year old.[8]

In apparent response to the serious accusations levied against him by more than a dozen men,[9] last Christmas Eve, Spacey released a bizarre, unsettling, and threatening video on YouTube, entitled "Let Me Be Frank." [10] In his video, Spacey embodies his infamous antihero character Frank Underwood from the television series "House of Cards." For context, Frank Underwood is a sociopathic villain who cheats, lies, and murders in order to gain power and move up the political ladder.[11] In the video, Spacey speaks menacingly into the camera, telling viewers: "I know what you want;" "I told you my deepest darkest secrets. I showed you exactly what people are capable of;"

[7] BWW News Desk, Anthony Rapp Calls Out Social Media Attacks Post Spacey Exposure, Broadway World, Nov. 29, 2017, at https://www.broadwayworld.com/article/Anthony-Rapp-Calls-Out-Social-Media-Attacks-Post-Spacey-Exposure-20171129 (last visited on March 24, 2019).

[8] Matt Rocheleau and Jaclyn Reiss, Kevin Spacey faces criminal complaint in alleged sex assault at Nantucket bar, Boston Globe, Dec. 24, 2018, at https://www.bostonglobe.com/metro/2018/12/24/actor-kevin-spacey-faces-criminal-complaint-alleged-sexual-assault-nantucket-bar/8ex8dM0duufUHCOywyUS0H/story.html (last visited on March 24, 2019).

[9] Maria Puente, Kevin Spacey scandal: A complete list of the 15 accusers, USA Today, Nov. 7, 2017, at https://www.usatoday.com/story/life/2017/11/07/kevin-spacey-scandal-complete-list-13-accusers/835739001/ (last visited on March 24, 2019).

[10] Kevin Spacey, Let Me Be Frank, YouTube, Dec. 24, 2018, at https://www.youtube.com/watch?v=JZveA-NAIDI (last visited on March 24, 2019).

[11] https://en.wikipedia.org/wiki/Frank_Underwood_(House_of_Cards) (last visited on March 24, 2019).

"And you trusted me even though you knew you shouldn't;" "So we're not done, no matter what anyone says;" "[I]n life and in art, nothing should be off the table;" "I can promise you this, if I didn't pay the price for the things we both know I did do, I'm certainly not going to pay the price for the things I didn't do;" "Like I ever played by anyone's rules before. I never did. And you *loved* it;" and "Conclusions can be so deceiving. Miss me?"

On March 14, 2019, Defendant Spacey moved *ex parte* in an attempt to force Plaintiff Doe to reveal his identity prior to the hearing on Plaintiff's Motion for Leave to Proceed Anonymously. [D.E. 31]. As noted in Plaintiff's opposition to Defendant's *ex parte* application, it appeared that defense counsel abandoned and forwent required meet and confer efforts and attempted to circumvent the hearing on Plaintiff's Motion for Leave to Proceed Anonymously to prematurely obtain Plaintiff's identity. [D.E. 32, p. 7]. Corroborating Plaintiff's inkling that Defendant's *ex parte* was to appease demands from a high-profile client, The Daily Mail and TMZ later reported that Defendant Spacey was observed meeting with defense counsel, Jay Barron, on the evening before Defendant brought his *ex parte* application seeking disclosure of Plaintiff's identity (Wednesday night, March 13, 2019). [D.E. 31] [12, 13]

[12] Cheyenne Rountree and Chris Spargo, EXCLUSIVE: California judge denies Kevin Spacey's motion to reveal identity of 60-something masseur who claims actor complimented his 'beautiful eyes' after forcing him to touch his genitals and groping him, saying 'just let me give you a b**w job', The Daily Mail, Mar. 20, 2019, at https://www.dailymail.co.uk/news/article-6832107/California-judge-denies-Kevin-Spaceys-motion-reveal-identity-sex-assault-accuser.html (last visited on March 24, 2019).

[13] Kevin Spacey Seen in L.A. for First Time Since Sexual Assault Court Date, Kevin Spacey Spotted in L.A. … Back in the Bix?, TMZ, Mar. 13, 2019, at https://www.tmz.com/2019/03/14/kevin-spacey-spotted-la-hollywood-acting-sexual-assault-charge/ (last visited on March 24, 2019).

1    **III.    LEGAL ARGUMENT**

2       **A. Legal Standard for 12(b)(6) Motion to Dismiss**

3         The standard applied to a Federal Rules of Civil Procedure ("FRCP") 12(b)(6)

4    motion is that dismissal for failure to state a claim is appropriate only when a "plaintiff

5    cannot prove any set of facts in support of the claim that would entitle him or her to

6    relief." *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West*

7    *Holding Corp.*, 320 F.3d 920, 931 (9th Cir. 2003). When evaluating a motion to dismiss,

8    courts must accept the truthfulness of the facts alleged in the complaint. *Id.* Moreover, all

9    inferences reasonably drawn from these facts must be viewed in the light most favorable

10   to the opposing party. *Marcus v. Holder*, 574 F.3d 1182, 1184 (9th Cir. 2009). "[F]actual

11   challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the

12   allegations under Rule 12(b)(6)." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.

13   2001). Motions to dismiss are viewed with disfavor and are rarely granted. *Gilligan v.*

14   *Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997); *Gallardo v. DiCarlo*, 203

15   F.Supp.2d 1160, 1164-65 (C.D. Cal. 2002).

16        Federal pleading requirements, even in the wake of *Ashcroft v. Iqbal*, 556 U.S. 662

17   (2009), are extremely liberal. FRCP 8 requires that a complaint contain a "short and plain

18   statement of the claim showing that the pleader is entitled to relief" sufficient to "give the

19   defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl.*

20   *Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted). At the pleading

21   stage, the requirement is simply that sufficient facts be provided to raise a reasonable

22   expectation that discovery will reveal evidence of the claim presented in the complaint.

23   *Id.* at 556. FRCP 8, while requiring more than unadorned accusations, does not require

24   detailed factual allegations to state a plausible claim to relief. *Iqbal*, *supra*, 556 U.S. at

25   678.

26        "[A plaintiff] is not required to 'demonstrate' anything in order to survive a Rule

27   12(b)(6) motion to dismiss. Rather, it only needs to allege sufficient factual matter,

28   accepted as true, to state a [plausible] claim to relief...." *Pinnacle Armor, Inc. v. United*

*States*, 648 F.3d 708, 721 (9th Cir. 2011). As long as a "plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds." *Balderas v. Countrywide Bank, N.A.*, 664 F.3d 787, 791 (9th Cir. 2011) (quoting *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008)).

In the event a motion to dismiss is granted, "dismissal without leave to amend is improper unless it is clear…that the complaint could not be saved by any amendment." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010) (quoting *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)). Because "the standard for granting leave to amend is generous," leave should be granted if the Court can conceive of any additional or other facts that, if formally alleged, would support the dismissed claims. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988).

B. **Special Circumstances Warrant Plaintiff Filing as "DOE"**

While Rule 10(a) generally requires that the complaint "name all the parties," the Ninth Circuit and other federal courts permit "parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) *citing Doe v. Madison School Dist. No. 321,* 147 F.3d 832, 833 n.1 (9th Cir. 1998), *vacated on other grounds,* 177 F.3d 789 (9th Cir. 1999) (en banc); *Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir. 1997); *James v. Jacobson,* 6 F.3d 233, 239 (4th Cir. 1993); *Doe v. INS,* 867 F.2d 285, 286 n.1 (6th Cir. 1989); *Moe v. Dinkins,* 533 F.Supp. 623, 627 (S.D.N.Y. 1981), *aff'd*, 669 F.2d 67 (2d Cir. 1982).

A party may preserve anonymity in judicial proceedings in special circumstances when nondisclosure "is necessary … to protect a person from harassment, injury, ridicule or personal embarrassment" and when "need for anonymity outweighs the prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile,* 214 F.3d at 1067-68 *citing United States v. Doe,* 655 F.2d 920, 922 n.1 (9th Cir.

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

1981). The Ninth Circuit in *Advanced Textile* established a five-factor balancing test to weigh the parties' respective interests in the use of pseudonyms. *Id.* at 1070-73. Under the test, a court must analyze: (1) the severity of the threatened injury; (2) the reasonableness of plaintiff's fears; (3) the plaintiff's vulnerability to retaliation; (4) the prejudice to defendants; and (5) the public's interest in knowing the parties' names. *Id.* at 1086. Additionally, the court must determine the precise prejudice *at each stage of the proceedings*, not merely prejudice generally throughout the entirety of the case, to determine "whether proceedings may be structured so as to mitigate that prejudice." *Id.* at 1067-68. Last, "the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id. citing to Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir. 1981) (recognizing that "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.").

Because each prong militates in favor of anonymity of the Plaintiff at this stage, Plaintiff respectfully requests this Court maintain his anonymity in court records and grant him leave to proceed as "JOHN DOE" and deny Defendants' motion to dismiss.

### 1. Severity of Threatened Harm, Reasonableness of Anonymous Party's Fears, and Vulnerability to Retaliation All Militate in Favor of Allowing Plaintiff to Proceed as "DOE"

The special circumstance of Plaintiff's work as a private masseuse makes him vulnerable to physical and economic injury. *Advanced Textile,* at 1067-68 (fictitious names are permitted "to protect a person from harassment, injury, ridicule or personal embarrassment."). Plaintiff's work typically places him alone with clients in their home or hotel room. In the instances of first-time clients, Plaintiff works in the even more vulnerable position of entering a stranger's home alone. Plaintiff's fear of physical harm is reasonable and substantiated by the environment in which he works -- particularly since that highly vulnerable position is what enabled Defendants to injure Plaintiff in this case. [D.E. 14 ¶¶ 11-22].

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

In addition to protecting Plaintiff from physical injury, anonymity is also necessary to protect Plaintiff from economic harm and to enable him to mitigate damages, which should be welcomed by all parties. Plaintiff Doe financially supports himself and his dependent son through his work as a private masseuse. *See Declaration of John Doe ISO Plaintiff's Motion to Proceed Anonymously* [D.E. 19-1, ¶4]. Plaintiff reasonably fears that publicly disclosing his name will result in a loss of his clientele and impair his ability to make a living. *Id.*

Additionally, the risk to Plaintiff's physical safety caused by the vulnerability inherent in his job and the corresponding stranger-danger is an additional reasonable fear, especially considering the vitriol and hate-filled rants directed at Defendant Spacey's accusers. Even a veteran Broadway and television star, who was a minor when subjected to sexual attack, has been skewered on social media by supporters of Defendant Spacey.[14]

This case involves the special circumstance of a high-profile celebrity perpetrator, and the corresponding certainty of heightened media and tabloid attention. As Defendant Spacey even pointed out, the mere filing of Plaintiff's Complaint garnered media attention. [D.E. 22, p. 10]. Here, Plaintiff is seeking justice for harm resulting from sexualized violence against him, not fame through this case. He has no interest in becoming publicly known for this traumatic event and deserves to be protected from the victim shaming and humiliation attached to public commentary about reports of sexual battery and assault by a high-profile celebrity.

Defendant Spacey's attempted spin that Plaintiff's counsel has encouraged and facilitated publicity of this case is not fact. [D.E. 22, p. 10]. Neither Plaintiff nor his counsel encouraged nor facilitated publication of any articles related to this case. *Olszewska Decl.* ¶4. No press release was issued. *Olszewska Decl.* ¶4. No articles contain any quotes from Plaintiff's counsel or Plaintiff. *Olszewska Decl.* ¶4. Language in any publication was taken directly from the Plaintiff's Complaint. While *links* to articles

---

[14] *Supra n. 7.*

about the complaint are on Plaintiff's counsel's website – not on the landing page but under the heading "blog/news" – those were embedded so that press inquiries could be directed to the public filing, instead of the press expecting any public statement from Plaintiff or his counsel. *Olszewska Decl. ¶4.*

On the other hand, as mentioned above, Defendant Spacey has entreated the public for support against the many accusations of sexual assault and battery against him by publicly releasing a threatening video on YouTube.[15] This bizarre and threatening conduct, along with his *ex parte* application to reveal Plaintiff's identity just one day after defense counsel met with Defendant Spacey is telling. [D.E. 31] [16, 17]. These actions are being undertaken to punish, threaten, and retaliate against accusers like Plaintiff Doe. Plaintiff seeks protection of the Court to prevent such retaliation from occurring.

Plaintiff Doe also seeks anonymity at this stage to protect his privacy, minimize public exposure, and keep his name out of the media and tabloids to the furthest extent possible. Additional trauma caused by media frenzy and public scrutiny will inevitably result from revealing his name. And, at this stage of the litigation, that emotional trauma should be mitigated and prevented as there is no prejudice to Defendant Spacey as further discussed below.

Because Plaintiff Doe's safety and economic well-being should not be a point of disagreement, particularly at this stage of the litigation, the severity of the threatened injury, the reasonableness of Plaintiff's fears, and Plaintiff's vulnerability to retaliation militate towards anonymity of the Plaintiff.

## 2. Defendant Suffers No Prejudice at the Pleading Stage of Litigation

As instructed by the Ninth Circuit, courts must assess the prejudice to the defendant at each stage of the litigation. *Advanced Textile,* 214 F.3d at 1068. At this infant stage in the litigation, Plaintiff's use of a pseudonym results in no prejudice to

---

[15] *Supra n. 10.*

[16] *Supra n. 15.*

[17] *Supra n. 16.*

Defendants. Currently, this case is at the pleading stage and discovery has not commenced. Indeed, Defendants already communicated to Plaintiff that no discovery can be served until after the Rule 26(f) conference (*Olszewska Decl.* ¶5) and discovery in the immediate future is unlikely because of a pending sexual assault criminal proceeding against Defendant Spacey in Nantucket District Court.[18] Because of that criminal proceeding, it is likely that Defendant Spacey will move to stay this case pending the disposition of the criminal matter, or, at minimum, invoke his Fifth Amendment right in response to any attempted discovery by Plaintiff. *Fed. Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir. 1989) (although it is not required, "a district court may stay civil proceedings pending the outcome of parallel criminal proceedings"); *see* U.S. Const. amend. V ("nor shall be compelled in any criminal case to be a witness against himself"). And despite Plaintiff's repeated requests, Defendant Spacey has declined to state that he will not seek to stay discovery in this matter pending the criminal proceedings against him, confirming that Defendants will likely seek a stay. *Olszewska Decl. \*.* Thus, Defendants' arguments about Plaintiff's use of a pseudonym inhibiting discovery are clearly premature.

Further, Defendants' arguments that Defendant Spacey is being treated unfairly because this litigation has thrust him into the public spotlight against his will blatantly ignores Spacey's willful actions to draw public attention to the sexual assault and battery allegations made against him. Unlike Plaintiff, who has not cooperated with the media at all regarding this case, Spacey publicly and independently released a YouTube video as a scheming murderer to solicit the support of the public against his accusers.[19] Defendant Spacey brought this matter into the spotlight in order to intimidate and threaten his victims. Any resulting public scrutiny is of his own making.

---

[18] *Supra n. 8.*

[19] *Supra n. 10.*

1    There is no precise prejudice to Defendants related to their ability to litigate this
2    case at this preliminary stage. Thus, this prong militates towards maintaining the
3    anonymity of the Plaintiff.

4    **3.  Public Interest Can Be Satisfied Without Revealing Plaintiff's Name**

5    Last, "the court must decide whether the public's interest in the case would be best
6    served by requiring that the litigants reveal their identities." *Advanced Textile,* 214 F.3d
7    at 1068-69 *citing to Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir. 1981) (recognizing that
8    "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's
9    performance in resolving them."). Courts must ask: "how will disguising [a plaintiff's
10   identity] obstruct public scrutiny of the important issues in [the] case." *Advanced Textile*,
11   214 F.3d at 1072. Importantly, the public has an interest in having cases decided on their
12   merits and to avoid the chilling effect on plaintiffs to challenge unlawful conduct. *Id*. at
13   1072-73.

14   Here, Defendants have not shown that allowing Plaintiff to proceed anonymously
15   would obstruct public scrutiny of the issues in this case. Plaintiff and the public deserve
16   to have this case tried on the merits because holding perpetrators of sexual violence
17   accountable inures to the benefit of the public. Further, victims of sexual assault and
18   battery should not be discouraged from bringing claims against high-profile celebrities.
19   Anonymity is one way to lessen that chilling effect and leverage of the extreme public
20   nature of the tabloids and media while still bringing abusers to justice.

21   **4.  Plaintiff Should Not Be Compelled to Disclose His Identity and the
22        Court Should Grant His Motion for Leave to File as "DOE"**

23   For the reasons stated above, and as argued in Plaintiff's Motion for Leave to
24   Proceed Anonymously,[20] Plaintiff should not be compelled to publicly disclose his

---

[20] Any assertion by Defendants that Plaintiff was required to obtain a court order granting
his application for leave to proceed as a "DOE" before filing his Complaint is
unsupported. *Advanced Textile*, 214 F.3d 1058 (Ninth Circuit implicitly ratified
plaintiffs' procedural course by granting application for leave after the complaint had

identity at this time. Plaintiff's need for anonymity in this litigation (especially at this pre-discovery stage and given the likelihood of a stay of the matter pending resolution of the criminal matter against Spacey) outweighs any risk of unfairness to Defendants and the public's interest in knowing Plaintiff's identity.

Similarly, Plaintiff should not be required to provide a more definitive statement under FRCP 12(e). "Motions for a more definite statement are viewed with disfavor, and are rarely granted." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). Courts will only require a more definite statement when the pleading is so vague or ambiguous that it prevents a party from responding, even with a simple denial. *Id*. This is not the case here. Plaintiff's FAC contains specific and clear allegations, detailing Defendants' misconduct. [D.E. 14].

Even when a defendant seeks to require disclosure of a plaintiff's identity under FRCP 12(e), courts must conduct the same analysis under *Advanced Textile*. As argued above, all factors under the *Advanced Textile* test weigh in favor of allowing Plaintiff to proceed anonymously at this stage of the litigation.

## C. Plaintiff Has Stated a Cognizable Claim Against Defendant M. Profitt Productions

Plaintiff has alleged a legitimate claim under California Civil Code section 52.4 ("Section 52.4") against Defendant M. Profitt Productions and met the requirements of FRCP 8.

Under Section 52.4(a), "any person who has been subjected to gender violence may bring a civil action for damages against any responsible party." Plaintiff alleges that all Defendants, including M. Profitt, are directly liable for the gender violence perpetrated against Plaintiff. [D.E. 14 ¶¶56-64]. Plaintiff alleges that Defendant Spacey *is* Defendant M. Profitt — M. Profitt is the loan-out company for Defendant Spacey and, at all times relevant to this case, Defendant Spacey "was acting *as*, on behalf of, and for the

_____

been filed by plaintiffs as "DOES"); *see also Roe v. City of San Diego*, 2001 WL 35936313, at *4 (S.D. Cal., Dec. 21, 2001) (reversed on other grounds).

benefit of the company." [D.E. 14 ¶5 (emphasis added)]. Spacey is M. Profitt's Chief Executive Officer, Secretary, Chief Financial Officer, only Officer and Director, and primary or only shareholder. Thus, Plaintiff has pleaded that M. Profitt is directly, not vicariously, liable for the sexual attack on Plaintiff, which sufficiently provides Defendants "fair notice of what the…claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 545 (2007); *see also* FRCP 8.

**D. <u>Alternatively, Plaintiff Should Be Granted Leave to Amend</u>**

If this Court is inclined to grant Defendant's motion to dismiss, which Plaintiff respectfully contends it should not, the Court should permit leave to amend. Leave to amend will permit Plaintiff to determine whether his interest in remaining anonymous outweighs his desire to obtain justice.

**IV.   <u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss Plaintiff John Doe's Claims or, Alternatively, to Require Plaintiff to Provide a More Definite Statement in its entirety.

**DATED:  March 26, 2019**          **Genie Harrison Law Firm, APC**

By: *Mary Olszewska*
_____
**Genie Harrison, Esq.**
**Mary Olszewska, Esq.**
**Amber Phillips, Esq.**
**Attorneys for PLAINTIFF JOHN DOE**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 523 West 6th Street, Suite 707, Los Angeles, California 90014.

On **March 26, 2019,** I caused the service of the following document described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF JOHN DOE'S CLAIMS OR, ALTERNATIVELY, TO REQUIRE PLAINTIFF TO PROVIDE A MORE DEFINITE SATEMENT**

on all interested parties in this action through service by SERVED BY CM/ECF.

I hereby certify that, on March 26, 2019 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

The filing of the foregoing document will send copies to the following CM/ECF participants who are currently on the list to receive e-mail notices for this case:

Genie@genieharrisonlaw.com
Mary@genieharrisonlaw.com
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Carla Medina