```
 1  KELLER/ANDERLE LLP
    Jennifer L. Keller (SBN 84412)
 2  jkeller@kelleranderle.com
 3  Chase A. Scolnick (SBN 227631)
    cscolnick@kelleranderle.com
 4  Jay P. Barron (SBN 245654)
 5  jbarron@kelleranderle.com
    18300 Von Karman Avenue, Suite 930
 6  Irvine, California 92612
 7  Tel.: (949) 476-8700
    Fax: (949) 476-0900
 8
 9  Attorneys for Defendants
    KEVIN SPACEY FOWLER &
10  M. PROFITT PRODUCTIONS, INC.
11
```

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, an individual, | Case No.: 2:19-cv-00750-RSWL (SSx) |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY** |
| vs. | |
| KEVIN SPACEY FOWLER, an individual, M. PROFITT PRODUCTIONS, INC., a California Corporation, and DOES 1-9, inclusive. | Date: April 16, 2019<br>Time: 10:00 a.m.<br>Dept.: TBD |
| Defendant. | Complaint Filed: September 27, 2018 |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO PROCEED ANONYMOUSLY

# **TABLE OF CONTENTS**

I.  INTRODUCTION .................................................................................................1

II. PLAINTIFF FAILED TO MEET HIS BURDEN OF SHOWING
    THIS IS AN EXCEPTIONAL CASE JUSTIFING HIS
    PROCEEDING ANONYMOUSLY ...................................................................2

   A. Plaintiff Provides Only Speculation Regarding The First
      Three Factors -- Severity Of the Harm, Reasonableness Of
      His Claimed Fears, and Vulnerability to Retaliation – And
      Fails To Justify Anonymity .......................................................................3

   B. Plaintiff Ignores The Severe Prejudice To Mr. Fowler If
      Plaintiff Is Permitted To Remain Anonymous .........................................6

   C. Plaintiff Provides No Grounds To Overcome The Strong
      Presumption Of Open Courts ....................................................................8

III. CONCLUSION ....................................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

*Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006) ...................................................... 7

*Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992) ............................................................ 3

*Doe v. Goldman*, 169 F.R.D. 138 (D. Nev. 1996) ..................................................... 5

*Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d
    1036, 1042 (9th Cir. 2010) .......................................................................... 3, 5, 8

*Doe v. Rostker*, 89 F.R.D. 158 (N.D. Cal. 1981) ....................................................... 5

*Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996) .............................................. 4, 6, 8

*Doe v. Texaco*, 2006 WL 2850035 (N.D. Cal. Oct. 5, 2006) ..................................... 8

*Does I thru XXXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir.
    2000) ............................................................................................................ 3, 5, 6

*Femedeer v. Haun*, 227 F.3d 1244 (10th Cir. 2000) ................................................. 4

*San Bernardino County Dep't of Public Soc. Serv. v. Superior Court*,
    232 Cal.App.3d 188 (Cal. Ct. App. 1991) ........................................................ 7

# MEMORANDUM

## I. INTRODUCTION

Plaintiff John Doe ignored the requirements of this forum for over a month after removal, during which he aggravated his noncompliance by affirmatively filing a First Amended Complaint under a pseudonym without first obtaining (or even seeking) this Court's permission, as required. In addition to its belatedness, Plaintiff's motion provides only a meager justification for pleading anonymously, and falls far short of establishing the exceptional circumstances that permit a party to proceed anonymously. Defendants previously filed a motion under Federal Rule of Civil Procedure 12 regarding Plaintiff's improper use of a pseudonym. (*See* ECF Nos. 22-23.) Defendants' Rule 12 motion should be granted, Plaintiff's belated motion to proceed anonymously denied, and Plaintiff should be required to plead using his real name.

Plaintiff's motion fails to establish the *need* for anonymity that outweighs the prejudice and unfairness to defendant Kevin Spacey Fowler and the public's interest in open judicial proceedings. None of the factors courts in the Ninth Circuit consider supports anonymity here. Plaintiff provides none of the requisite details necessary to demonstrate why this should be the rare case that warrants pleading anonymously. Instead, his motion and declaration make only generalized claims about hypothetical threat and harm that do not exist. There have been no threats of harm by anyone. Plaintiff is a sixty year old man with no specific vulnerability. His fears about possible economic harm are unsubstantiated and unreasonable, and they are so generic that nearly any plaintiff would qualify for anonymous pleading under the lax parameters Plaintiff asks this Court to endorse.

In contrast, Mr. Fowler is forced to defend against claims by an unknown and unnamed complainant, as Plaintiff *still* has not even disclosed his identity to Defendants. As a result, Mr. Fowler cannot adequately prepare a defense or investigate Plaintiff's claims. This cloak of anonymity has harmed and will harm Mr. Fowler even

if Plaintiff's identity is disclosed to him, as such secrecy inhibits and complicates Mr. Fowler's ability to conduct discovery and gather information from third parties. And the public interest in and strong presumption of open proceedings cannot be discarded based on the flimsy showing made by Plaintiff.

Instead of providing relevant facts supporting his motion, Plaintiff details his efforts to serve Mr. Fowler with the complaint. In an apparent attempt to prejudice the Court, he mentions unrelated charges in a court across the country. Neither is relevant to Plaintiff's use of a pseudonym, and these statements appear intended as nothing more than gratuitous attacks on Mr. Fowler. Meanwhile, to delay his obligation to turn over information related to his claims and continue his information advantage, Plaintiff refuses to engage in the required Rule 26(f) conference until after the motions are heard in mid-April.[1] (ECF Nos. 31, 34.) Plaintiff's ongoing game of "hide the ball" must end. The Court should deny Plaintiff's motion, dismiss the First Amended Complaint, and order Plaintiff to amend his FAC to use his real name.

## II. PLAINTIFF FAILED TO MEET HIS BURDEN OF SHOWING THIS IS AN EXCEPTIONAL CASE JUSTIFING HIS PROCEEDING ANONYMOUSLY

Plaintiff's motion dismisses the established rules and policy requiring a party to plead in his own name. And he does not and cannot establish that this case is an exceptional one for which a pseudonym should be permitted.

In addition to Rule 10(a)'s requirement that the complaint "name all the parties," Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." Using a pseudonym contravenes these rules and "runs afoul of the public's common law right of access to judicial proceedings." *See Does I thru XXXIII v.*

---

[1] Plaintiff recently amended his complaint without permission to add a sham defendant in hopes of destroying diversity jurisdiction. Mr. Fowler challenged Plaintiff's improper maneuver in a pending motion for misjoinder of the diversity-destroying defendant (*see* ECF No. 26), and opposes Plaintiff's motion to remand (*see* ECF No. 21). Both motions are set for hearing on April 16, 2019.

*Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010) ("The normal presumption in litigation is that parties must use their real names. . . . In this circuit, the common law rights of access to the courts and judicial records are not taken lightly.").

The Ninth Circuit allows a party to proceed anonymously only in an "unusual case," "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F. 3d at 1067-68; *see also Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("It is the exceptional case in which a plaintiff may proceed under a fictitious name."). To determine whether a party should be allowed to proceed anonymously, district courts must balance at least five factors: "'(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha*, 596 F.3d at 1042 (quoting *Advanced Textile*, 214 F.3d at 1068). None of these factors weighs in favor of anonymity here.

### A. Plaintiff Provides Only Speculation Regarding The First Three Factors -- Severity Of the Harm, Reasonableness Of His Claimed Fears, and Vulnerability to Retaliation – And Fails To Justify Anonymity

Plaintiff's motion conflates his analysis of the first three factors under *Advanced Textile*. Regardless, none of the factors supports his position. As an initial matter, given the dearth of allegations to the contrary, Plaintiff's motion confirms that Plaintiff was not threatened by Mr. Fowler or anybody else, let alone a threat of such severity that his requested secrecy should be permitted. Instead, Plaintiff seeks to shield his identity from the public and from Mr. Fowler based on nothing more than his unsubstantiated speculation.

1  Despite the complete lack of any threats, Plaintiff claims to be vulnerable to
2  "physical and economic injury" because the nature of his work may potentially place
3  him alone with clients in a house or hotel room and he financially supports himself
4  and his son. (*See* Mot. at 3.)  Notably, his claim of physical vulnerability lacks
5  evidentiary support, as Plaintiff's accompanying declaration mentions *nothing* about
6  his alleged vulnerability due to the nature of his work; this unsubstantiated claim by
7  his counsel should be disregarded for that reason alone. (*See* ECF No. 19-1.)  There
8  is also no evidence about how his clients are booked, what he or his employer do to
9  schedule and intake clients or protect those in Plaintiff's position, why such purported
10 vulnerability cannot be mitigated, or how or why the disclosure of his name in this
11 lawsuit could aggravate such supposed susceptibility.  Unlike cases involving a minor
12 that may militate toward anonymity, Plaintiff is over sixty years old and has been a
13 masseuse for over thirty-five years. (ECF No. 19-1 at ¶ 4.)  He has provided no
14 evidence to suggest he is at greater risk than any other plaintiff in his position.  Nor
15 did he provide any facts suggesting his claimed fear is reasonable.
16  Plaintiff's claimed economic harm is equally speculative.  Most individuals rely
17 on their income to support themselves, and Plaintiff provides no authority supporting
18 his contention that he is entitled to exceptional treatment as a result.  Nor does Plaintiff
19 provide any explanation or credible basis for why he fears he would lose any of his
20 clientele if he litigated this case in his name as required.  Similarly, he speculates that
21 "[a]dditional trauma caused by media frenzy and public scrutiny will inevitably result
22 from revealing his name."  But Plaintiff provides no testimony, documents or other
23 evidence demonstrating his purportedly fragile emotional state.  Plaintiff is the one
24 who brought this case, and he cannot avoid the requirements of proceeding
25 anonymously by speculating about possible harm. *Doe v. Shakur*, 164 F.R.D. 359,
26 361 (S.D.N.Y. 1996) ("Fairness requires that she be prepared to stand behind her
27 charged publicly."); *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)
28

4
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO PROCEED ANONYMOUSLY

("Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials.").

Moreover, courts repeatedly hold that potential personal embarrassment, speculative economic harm, or desire for privacy fail to provide sufficient grounds to entitle a plaintiff to proceed anonymously. *See Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981) ("That the plaintiff may suffer some embarrassment or economic harm is not enough.  There must be a strong social interest in concealing the identity of the plaintiff."); *Doe v. Goldman*, 169 F.R.D. 138, 141 (D. Nev. 1996) ("Courts have generally rejected attempts to proceed under fictitious names where plaintiffs are concerned solely with economic well-being and possible embarrassment or humiliation.").  Nor do courts allow a plaintiff to proceed anonymously because of an imagined fear or threat, and anonymity is denied even where threats are made online or elsewhere that appear to target those in a plaintiff's position.  *Kamehameha*, 596 F.3d at 1045 (affirming finding that minor plaintiffs' fear of retaliation was unreasonable where threats of physical harm were directed at plaintiffs in internet postings and the U.S. Attorney warned about increased threats of violence against children in plaintiffs' position.).

The circumstances here also are different than in *Advanced Textile*, on which Plaintiff relies.  In *Advanced Textile*, the plaintiffs were foreign garment workers on the island of Saipan who asserted claims under the Fair Labor Standards Act (FSLA).  214 F.3d at 1062.  They sought to proceed anonymously, and the Ninth Circuit held that the district court must weigh the submitted evidence under the factors set forth in the opinion.  The court recognized a plaintiff may fear "job-related retaliation" or negative consequences by virtue of asserting legal claims, but this factor supports anonymity only where there is evidence of extraordinary retaliation or threatened harm that places plaintiff at far greater risk than a typical plaintiff who asserts such claims.  *Id*. at 1070-1071.  In asking the court to allow them anonymity, the *Advanced Textile* plaintiffs submitted evidence and testimony about the particular risks they faced if

their identities were known, including that "they will be fired from their jobs, deported from Saipan, and arrested and imprisoned by the People's Republic of China." *Id*. at 1062, 1064-1065. Some plaintiffs also detailed efforts to intimidate, harass, extort, and silence them or their families. *Id*. These circumstances caused these plaintiffs to face "greater threats of retaliation than the typical FSLA plaintiff." *Id*. at 1070-1071.

Here, Plaintiff's purported evidence does not approach establishing the rare circumstances that permit anonymity. *See, e.g., Shakur*, 164 F.R.D. at 361-362 (finding sexual assault plaintiff could not maintain anonymity because her privacy concerns outweighed by other factors).

### B. Plaintiff Ignores The Severe Prejudice To Mr. Fowler If Plaintiff Is Permitted To Remain Anonymous

Plaintiff downplays the prejudice to Mr. Fowler that results from Plaintiff's proceeding anonymously, and tries to justify the prejudice by speculating that Mr. Fowler will take various positions to slow the progression of this case. (*See* Mot. at 5.) But Mr. Fowler has not sought to stay this case, nor has he invoked his Fifth Amendment rights. Moreover, Plaintiff's concerns are irrelevant to whether Plaintiff must litigate in his own name as required. Indeed, it is Plaintiff, not Mr. Fowler, who is inhibiting the progress of this case, including by refusing to participate in the parties' Rule 26(f) conference in violation of the Federal Rules of Civil Procedure. Plaintiff filed this case but now seems uninterested in seeing it progress.

Despite repeated requests, Plaintiff's counsel has refused to disclose Plaintiff's identity to Mr. Fowler or his counsel. (*See, e.g.*, ECF No. 31; Barron Decl., ¶¶ 4, 6.) This inhibits Mr. Fowler's ability to prepare proper initial disclosures, respond to discovery, or otherwise defend against the claims. Before removal to federal court, Plaintiff noticed Mr. Fowler's deposition, and he apparently believes he is entitled to depose Mr. Fowler while Mr. Fowler and his counsel are in the dark as to Plaintiff's identity. (*Id.*, ¶ 8.) Plaintiff's consistent refusal to disclose his identity to Defendants shows he will not do so absent a court order.

Moreover, Plaintiff's using a pseudonym is unfair to Mr. Fowler, even if Plaintiff's identity is disclosed to Mr. Fowler and his counsel but not to the public. Using a pseudonym inhibits Mr. Fowler's ability to conduct discovery, especially third-party discovery. Further, it prevents possible unknown third parties with information about Plaintiff and his factual allegations from coming forward with information relevant to Mr. Fowler's defense. *See, e.g.*, *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006) ("[C]oncealing the name of a party could deprive a litigant and the court of a chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses."); *San Bernardino County Dep't of Public Soc. Serv. v. Superior Court*, 232 Cal.App.3d 188 (Cal. Ct. App. 1991) ("[O]pen proceedings discourage perjury and might encourage other witnesses to come forward which in turn leads to more accurate fact-finding.").

As a movie and television star, Mr. Fowler is far likelier to be the target of threats and harm than Plaintiff. Plaintiff claims his desire for privacy trumps the rules of this forum. But he and his counsel have given no such consideration to Mr. Fowler's privacy, including by filing irrelevant documents revealing Mr. Fowler's current address and an unrelated criminal complaint in a different state. (ECF No. 19-2 at ¶¶ 3-4 & Exs. A, B.) Additionally, Plaintiff's attempts to downplay his counsel's active promotion of this case is unconvincing. Plaintiff's counsel claims its website only provides links to the various media articles about this case and that the quotes in the articles are taken from the complaint. But Plaintiff's counsel's website includes a page that highlights the media articles about Plaintiff's complaint and allegations. The titles of the articles are in large, bolded font, and include self-promotional subheadings apparently created by Plaintiff's counsel, such as "Genie Harrison Files Lawsuit Against Kevin Spacey." (Barron Decl., ¶ 9, Ex. A at p. 6.) Further, the articles were published the next day after the complaint was manually filed at the superior court filing window and almost certainly before the complaint was electronically available.

(*Id.*, ¶ 3.)  That timing further suggests Plaintiff's counsel was coordinating with the media.

### C. Plaintiff Provides No Grounds To Overcome The Strong Presumption Of Open Courts

The public interest overwhelmingly supports requiring Plaintiff to plead in his real name.  The requirement that parties use their real names "is loosely related to the public's right to open courts . . . and the right of private individuals to confront their accusers."  *Kamehameha*, 596 F.3d at 1042.  This public interest cannot be dismissed easily:

> The purpose of [Rule 10(a)] is not simply administrative, it is to apprise the parties of their opponents, and it protects the public's legitimate interest in knowing all the facts and events surrounding court proceedings.  *When anyone – local or foreign – invokes the potential power and authority of a Unites States District Court, the public has a legitimate right to know on whose behalf their institutions are being used*, unless good cause to do otherwise is shown.

*Doe v. Texaco*, 2006 WL 2850035, at *6 (N.D. Cal. Oct. 5, 2006) (internal quotations and citation omitted; emphasis added); *Kamehameha*, 596 F.3d at 102 ("In this circuit, the common law rights of access to the courts and judicial records are not taken lightly.").  Among the facts that the public has a legitimate interest in knowing "is the identity of the parties."  *Shakur*, 164 F.R.D. at 361 (a party's privacy concerns cannot overcome the "paramount importance of open courts").

Plaintiff tries to evade the requirement of open courts by making generalized statements about encouraging victims to come forward, and for cases to be decided on the merits.  But requiring Plaintiff to comply with the longstanding rules of this forum does not undermine either goal, especially given there is no legitimate threat of harm against him.  Mr. Fowler has a right to face his accuser and vindicate his name in a public proceeding.  To allow Plaintiff to proceed anonymously based on this meager

showing would upend the established requirements of this forum. And it would encourage an avalanche of cases litigated by parties seeking to remain outside the public view based only on a generalized desire for privacy without establishing the exceptional circumstances that permit anonymity only in rare cases.

## III. CONCLUSION

Plaintiff has not established, and cannot establish, that this is an exceptional case justifying his pleading anonymously. His motion to proceeding anonymously should be denied, and Defendants' separate Rule 12 motion (ECF No. 22) should be granted.

Respectfully submitted,

Dated: March 26, 2019

KELLER/ANDERLE LLP

By: */s/ Jennifer L. Keller*

Jennifer L. Keller
Chase A. Scolnick
Jay P. Barron

*Attorneys for Defendants*
KEVIN SPACEY FOWLER &
M. PROFITT PRODUCTIONS, INC.

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Irvine, California 92612-1057. On **March 26, 2019**, I served the foregoing document described as

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO PROCEED ANONYMOUSLY**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

SERVED BY U.S. MAIL: There are currently no individuals on the list to receive mail notices for this case.

SERVED BY CM/ECF. I hereby certify that, on **March 26, 2019**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The filing of the foregoing document will send copies to the following CM/ECF participants:

The following are those who are currently on the list to receive e-mail notices for this case.

Genie Harrison, genie@genieharrisonlaw.com
Amber Phillips, amber@genieharrisonlaw.com
Mary Olszewska, mary@genieharrisonlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on **March 26, 2019** at Irvine, California.

*/s/ Courtney L. McKinney*
Courtney L. McKinney