KELLER/ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Avenue, Suite 930
Irvine, California 92612
Tel.: (949) 476-8700
Fax: (949) 476-0900

*Attorneys for Defendants*
KEVIN SPACEY FOWLER and
M. PROFITT PRODUCTIONS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN DOE, an individual, | Case No.: 2:19-cv-00750-RSWL (SSx) |
| Plaintiff, | **DECLARATION OF JAY P. BARRON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY** |
| vs. | |
| KEVIN SPACEY FOWLER, an individual, M. PROFITT PRODUCTIONS, INC., a California Corporation, and DOES 1-9, inclusive. | |
| Defendant. | Date: April 16, 2019<br>Time: 10:00 a.m.<br>Dept.: TBD |
| | Complaint Filed: September 27, 2018 |

I, Jay P. Barron, declare as follows:

1. I am an attorney duly admitted to practice in the State of California and in the United States District Court for the Central District of California. I am senior counsel with the law firm Keller/Anderle LLP, counsel of record for Defendants Kevin Spacey Fowler ("Mr. Fowler") and M. Profitt Productions, Inc. I make this declaration in support of Defendants' Opposition to Plaintiff's Motion for Leave to Proceed Anonymously (the "Motion"). I have personal knowledge of the information stated below and could testify to it under oath.

2. On behalf of Mr. Fowler, my office removed this case to federal court by filing a Notice of Removal with this Court on January 31, 2019. A true and correct copy of the Notice of Removal is docketed with this Court as ECF Document No. 1.

3. Plaintiff John Doe filed his Complaint in Los Angeles Superior Court on September 27, 2018. A true and correct copy of the Complaint was attached to the Notice of Removal and is docketed with this Court as ECF Document No. 1-1. The conformed copy stamp on the Complaint reflects that it was manually filed (not electronically filed) on September. To my knowledge, electronic filing in Los Angeles Superior Court was not available for unlimited civil matters under November 2018, and it generally took at least a couple days after filing for the clerk to intake and process a document for it to be scanned, uploaded, and made publicly available on the court's website.

4. On the same day the Notice of Removal was filed (January 31, 2019), I telephoned the Genie Harrison Law Firm, APC, counsel for Plaintiff in this action, in compliance with Local Rule 7-3, to meet and confer about Mr. Fowler's anticipated Rule 12 motion attacking the original complaint. I informed Plaintiff's counsel, Ms. Olszewska, that Mr. Fowler intended to bring a motion under Federal Rule of Civil Procedure 12, and described the grounds for the anticipated motion, which included a demand that Plaintiff file a complaint under his true and complete name. The parties were unable to reach a resolution.

5.      On February 5, 2019, I spoke again with Ms. Olszewska about the anticipated Rule 12 motion. One of the issues I raised previously was that Plaintiff's sixth cause of action for false imprisonment was barred by the applicable one-year statute of limitations. During our February 5th call, Ms. Olszewska informed me that Plaintiff agreed to dismiss that cause of action. Plaintiff did not dismiss the claim by the time Mr. Fowler filed his motion to dismiss the original complaint on February 7, 2019.

6.      During my February 5th call with Ms. Olszewska, I reiterated our request that plaintiff disclose his true identity to Mr. Fowler and his counsel, given that it had not been disclosed to date. After the Rule 12 motion was filed on February 7, 2019, I received a call from Ms. Olszewska. She informed me that Plaintiff intended to file an amended complaint that eliminated the time-barred false imprisonment claim. Ms. Olszewska did not disclose any other anticipated amendments to the complaint, nor was any other change agreed upon. During that conversation, I again reiterated our request for Plaintiff's identity. I had subsequent communications with Ms. Olszewska the following week regarding the parties' non-consent to the magistrate judge, (*see* ECF Doc. No. 11), in which I also reiterated our request that Plaintiff's identity be disclosed to us. I have continued to reiterate our request that Plaintiff's identity be disclosed to us throughout my later communications with Plaintiff's counsel. During these communications, Ms. Olszewska stated she would consider and internally discuss that request, but no such disclosure has occurred.

7.      On February 19, 2019, Plaintiff filed his First Amended Complaint. (ECF Doc. No. 14.) Plaintiff's filing of his First Amended Complaint was the first time my office learned that Plaintiff sought to add a party to this lawsuit. Plaintiff's counsel had not mentioned any of our desire to add M. Profitt Productions, Inc., or any Doe defendant as parties in any discussions before the First Amended Complaint was filed.

8.      After service of the original complaint but before removal to federal

court, Plaintiff's counsel propounded form interrogatories and noticed Mr. Fowler's deposition, even though they had not even disclosed Plaintiff's identity. As Plaintiff's counsel later acquiesced, the removal to federal court nullified that discovery. Then, as detailed in Mr. Fowler's *ex parte* application (ECF No. 31), Plaintiff's counsel refused to engage in the Rule 26(f) conference, which appears to have been done in part to delay the disclosure of Plaintiff's identity to defense counsel.

9. Attached as **Exhibit A** to this declaration are printouts of screenshots from the website of the Genie Harrison Law Firm, APC, with the URL https://genieharrisonlaw.com/. The screenshots reflect articles from Deadline Hollywood and Variety, both dated September 28, 2018, regarding the Complaint that was manually filed by Plaintiff the previous day. The articles are promoted under the "Blog/News" tab of the Genie Harrison Law Firm website, with the introductory portion of the articles available on that website. A link also is provided to the full articles from the source websites.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on March 26, 2019.

　　　　　　　　　　　*/s/ Jay P. Barron*
　　　　　　　　　　　　Jay P. Barron

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Irvine, California 92612-1057. On **March 26, 2019**, I served the foregoing document described as

**DECLARATION OF JAY P. BARRON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

SERVED BY U.S. MAIL: There are currently no individuals on the list to receive mail notices for this case.

SERVED BY CM/ECF. I hereby certify that, on **March 26, 2019**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The filing of the foregoing document will send copies to the following CM/ECF participants:

The following are those who are currently on the list to receive e-mail notices for this case.

Genie Harrison, genie@genieharrisonlaw.com
Amber Phillips, amber@genieharrisonlaw.com
Mary Olszewska, mary@genieharrisonlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on **March 26, 2019** at Irvine, California.

                                                */s/ Courtney L. McKinney*
                                                Courtney L. McKinney