KELLER/ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Avenue, Suite 930
Irvine, California 92612
Tel.:  (949) 476-8700
Fax:  (949) 476-0900

*Attorneys for Defendants*
KEVIN SPACEY FOWLER and
M. PROFITT PRODUCTIONS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual, | Case No.: 2:19-cv-00750-RSWL (SSx) |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER AND REMAND TO STATE COURT** |
| vs. | |
| KEVIN SPACEY FOWLER, an individual, M. PROFITT PRODUCTIONS, INC., a California Corporation, and DOES 1-9, inclusive. | Date:  April 16, 2019
Time:  10:00 a.m.
Suite:  TBD |
| Defendant. | Complaint Filed: September 27, 2018 |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................. 1

II.   BACKGROUND ................................................................................. 2

      A.    The Original Complaint ........................................................... 2

      B.    The Amended Complaint ......................................................... 3

III.  PLAINTIFF IGNORES THE LEGAL STANDARD THAT
      GOVERNS HIS MOTION, AND THE BURDEN HE MUST
      OVERCOME TO JOIN PROFITT PRODUCTIONS ................... 4

      A.    Courts Closely Scrutinize Post-Removal Attempts To Add
            A Non-Diverse Party, And Weigh A Series Of Factors In
            Determining Whether Plaintiff's Amendment Should Be
            Permitted ................................................................................. 4

      B.    Plaintiff Has No Right To Amend To Join Non-Diverse
            Party Under Rule 15 ................................................................. 5

IV.   PLAINTIFF PROVIDES NO EVIDENCE OR SUPPORT FOR
      ANY OF THE FACTORS THAT COURTS WEIGH UNDER
      28 U.S.C. §1447(e).  ALL OF THEM FAVOR REJECTING
      JOINDER. ......................................................................................... 7

      1.    Profitt Productions Is Not A Necessary Party ....................... 7

      2.    No Statute Of Limitations Bar Exists If Joinder Of Profitt
            Productions Is Denied .............................................................. 9

      3.    Plaintiff Was Dilatory In Adding Profitt Productions And
            Provides No Evidence Or Explanation For the Delay ............ 9

      4.    Plaintiff's Motive for Seeking to Join Profitt Productions
            Is Transparent and Improper; It was Done To Destroy
            Diversity. ............................................................................... 10

      5.    Plaintiff's Purported Claim Against Profitt Production Is
            Premised Only On Speculation And Easily Refuted
            Allegations ............................................................................ 12

V.    CONCLUSION ............................................................................... 14

1

# <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3
*Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016 (C.D. Cal. 2002)..................passim

4
*Calderon v. Lowe's Home Centers, LLC*, 2015 WL 3889289 (C.D. Cal.
  June 24, 2015) ................................................................................................. 5, 8

5

6
*Clinco v. Roberts*, 41 F. Supp. 2d 1080 (C.D. Cal. 1999)...............................passim

7
*Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371 (9th Cir.
  1980)..................................................................................................................... 5

8
*Doe v. Starbucks, Inc.*, 2009 WL 5183773 (C.D. Cal. Dec. 18, 2009) .................. 13

9
*Jones v. Kern High School Dist.*, 2008 WL 3850802 (E.D. Cal. Aug.
  14, 2008)................................................................................................... 8, 13, 14

10

11
*Lopez v. General Motors Corp.*, 697 F.2d 1328 (9th Cir. 1983).............................. 7

12
*Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998) ........................... 4, 9

13
*Williams v. Costco Wholesale Corp.*, 471 F.3d 975 (9th Cir. 2006)........................ 3

14

15

**Statutes**

16
28 U.S.C. § 1447(e) ....................................................................................... 4, 5, 6

17
Cal. Civ. Proc. Code § 52.4(b)................................................................ 2, 8, 9, 13

18
Cal. Civ. Proc. Code § 472 ....................................................................................... 9

19

20

**Other Authorities**

21
Black's Law Dictionary (10th ed. 2014) ................................................................ 13

22

23

**Rules**

24
Fed. R. Civ. P. 12(a)(1)(B) ....................................................................................... 6

25
Fed. R. Civ. P. 15...................................................................................................... 6, 7

26
Fed. R. Civ. P. 19(a). ................................................................................................. 7

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER AND REMAND
TO STATE COURT

# I.    **INTRODUCTION**

Plaintiff John Doe does not dispute that this case was properly removed to federal court.  Nor does he dispute that this Court has diversity jurisdiction over it.  Instead, he claims that within days after removal he suddenly "discovered" the existence of M. Profitt Productions, Inc., a non-diverse company affiliated with the lone defendant, Kevin Spacey Fowler.  And, since adding Profitt Productions theoretically destroys diversity, Plaintiff asserts the case should be remanded to state court.  But Plaintiff ignores the legal test he must overcome to be permitted to join a diversity-destroying defendant after removal, and controlling law demands that his tactic must be closely scrutinized.  Besides Plaintiff's improper motive and belated joinder, Profitt Productions is an unnecessary and improper party that could not have had anything to do with the purported physical intrusion on which Plaintiff bases his claims.[1]  Plaintiff added Profitt Productions not for any legitimate or necessary purpose but only to eliminate this Court's diversity jurisdiction.  His attempt to manipulate circumstances to trigger remand should be rejected.

Plaintiff did not name Profitt Productions in his original complaint, nor did he try to add it in the months before removal.  Now, however, nearly two-and-a-half years after the alleged incident (but only *19 days* after removal), Plaintiff is attempting to join Profitt Productions for the first time, and only for one of the five causes of action.  The substantive allegations against Profitt Productions belie their merit and expose the hasty attempt to join it as nothing more than a tactic to destroy diversity.

Plaintiff alleges no independent wrongful conduct by Profitt Productions and Does 1-9.  Plaintiff alleges only that Profitt Productions is a loan-out company used by Mr. Fowler.  On that basis alone, Plaintiff claims Mr. Fowler "is" the company so the company should be joined as a defendant to Plaintiff's gender violence claim.

---

[1]       Shortly after Plaintiff filed his FAC, Mr. Fowler filed a motion for misjoinder that also illustrates why Profitt Productions and Does 1-9 should not be joined.  (See ECF Nos. 26, 26-1, 26-2, & 26-3.)  Defendants incorporate the documents filed in support of that motion in their opposition to Plaintiff's motion to remand.

1

1    But the mere existence of the loan-out company does not entitle Plaintiff to
2 name it in his gender violence claim.  The underlying gender violence statute expressly
3 disallows vicarious liability for such claims, and Plaintiff cannot legitimately claim
4 this corporate entity *personally* committed the alleged physical intrusion, as the statute
5 requires.  *See* Cal. Civ. Code, § 52.4.  To try to justify naming Profitt Productions,
6 Plaintiff speculates Profitt Productions "may" have rented the Malibu house at which
7 the alleged assault occurred, or claims Mr. Fowler was engaged in filming through
8 Profitt Productions at that time.  But Plaintiff has no evidence to support even those
9 flimsy allegations, and there is none.  Profitt Productions was not renting a Malibu
10 house when the alleged assault occurred, nor was Mr. Fowler operating through that
11 entity to conduct filming at the time.  Even if his allegations against Profitt Productions
12 were sufficient to survive a motion to dismiss (which they are not), it *still* would be
13 insufficient grounds for joining them to this case.  *Clinco v. Roberts*, 41 F. Supp. 2d
14 1080, 1088 (C.D. Cal. 1999) (rejecting post-removal joinder of non-diverse party even
15 though plaintiff "might survive a motion to dismiss because of the liberal pleading
16 rules").

17    Plaintiff's amendment joining Profitt Productions and Does 1-9 is a ruse
18 designed to justify Plaintiff's attempt to have this case improperly sent back to state
19 court.  The Court should deny Plaintiff's motion, reject the attempted joinder of Profitt
20 Productions, and maintain jurisdiction.

21 **II.    BACKGROUND**

22    **A.    The Original Complaint**

23    On September 27, 2018, Plaintiff filed his complaint alleging six causes of
24 action all centered on an alleged incident in October 2016.  (ECF No. 1-1.)  The
25 complaint named only one defendant – Mr. Fowler.  Plaintiff did not serve Mr.
26 Fowler until January 3, 2019, and Mr. Fowler timely removed this case to federal
27 court on January 31, 2019.  (ECF Nos. 1, 1-4.)[2]

28 _____
[2]      Mr. Fowler's timely and properly removal vests this Court with
jurisdiction over this case.  In his motion, Plaintiff does not challenge the removal

2

1   The parties thereafter engaged in a meet and confer about certain deficiencies

2   in Plaintiff's complaint, including the untimeliness of Plaintiff's false imprisonment

3   claim given the applicable one-year statute of limitations.  (ECF No. 26-1 (Barron

4   Decl.) ¶ 4.)  After Mr. Fowler filed a Rule 12 motion regarding the original

5   complaint on February 7, 2019, Plaintiff's counsel informed Mr. Fowler's counsel

6   they intended to file an amended complaint to remove the time-barred false

7   imprisonment claim.  (*Id.*, ¶¶ 4-5.)  Plaintiff's counsel disclosed no other changes to

8   the contemplated amended complaint, nor did Mr. Fowler's counsel agree any could

9   be made.  (*Id.*)

10   **B.   The Amended Complaint**

11   Plaintiff filed his First Amended Complaint on February 19, 2019.  (ECF No.

12   14 ("FAC").)  The FAC's substantive allegations regarding the alleged October

13   2016 incident are identical to those in the original Complaint.  The FAC's first four

14   claims name only Mr. Fowler.  But the fifth cause of action for gender violence adds

15   Profitt Productions and Does 1 through 9 as defendants to that claim.

16   Plaintiff's new allegations as to Profitt Productions claim – for the first time –

17   that he "believes" and "thereon alleges" that Mr. Fowler was "performing or

18   receiving services" through Profitt Productions when the alleged incident occurred.

19   (FAC, ¶ 5.)  Plaintiff also conjectures that the Malibu house at which the alleged

20   incident occurred was rented by Profitt Productions as a location for Mr. Fowler to

21   stay and to conduct "filming."  (FAC, ¶ 12.)  For the gender violence claim itself,

22   Plaintiff claims only that Plaintiff "believes" and "thereon alleges" there was

23   "ongoing filming at or near the Residence" (where the massage took place) in which

24   Profitt Productions purportedly was involved.  (FAC, ¶ 57.)  Plaintiff's allegations

25

26   (nor could he), because the existence of federal diversity jurisdiction is determined
    at the time of removal.  *See, e.g.*, *Williams v. Costco Wholesale Corp.*, 471 F.3d
27   975, 976 (9th Cir. 2006) ("[T]he propriety of removal is determined solely on the
    basis of the pleadings filed in state court.").  Instead, in his motion, Plaintiff claims
28   the ability to unilaterally amend his complaint to destroy diversity *after* removal has
    occurred.  For reasons set forth below, he is mistaken.

3

1   that Profitt Productions was involved in the alleged incident are based entirely on

2   Plaintiff's "information and belief." In other words, Plaintiff fails to allege he has

3   personal knowledge of any facts regarding Profitt Productions' purported

4   involvement in the alleged incident.

5       Nor does Plaintiff submit with his motion to remand any evidence about the

6   substance of his allegations against Profitt Productions.[3] (*See* ECF No. 21.) And

7   the only explanation for the delay in naming Profitt Productions is Plaintiff's

8   counsel purportedly not discovering the existence of Profitt Productions, or "that

9   film production trucks were present at the subject Malibu property," until after the

10  removal. (Mot. at 1; Olszewska Decl., ¶ 4.) Even if true, neither issue relates to the

11  attempted joinder.

12  **III.   PLAINTIFF IGNORES THE LEGAL STANDARD THAT GOVERNS**

13  **HIS MOTION, AND THE BURDEN HE MUST OVERCOME TO JOIN**

14  **PROFITT PRODUCTIONS**

15  **A.   Courts Closely Scrutinize Post-Removal Attempts To Add A Non-**

16  **Diverse Party, And Weigh A Series Of Factors In Determining**

17  **Whether Plaintiff's Amendment Should Be Permitted**

18      District courts may reject attempts by a plaintiff to destroy diversity after a case

19  has been removed. "If after removal the plaintiff seeks to join additional defendants

20  whose joinder would destroy subject matter jurisdiction, the court may deny joinder,

21  or permit joinder and remand the action to the State court." 28 U.S.C. §1447(e); *see*

22  *also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) ("The language

23  of § 1447(e) is couched in permissive terms and it clearly gives the district court the

24  discretion to deny joinder."). District courts have "greater discretion in determining

25  whether to allow an amendment to add a non-diverse party in a removed action that

26

27  _____

28  [3]     Plaintiff's motion gratuitously mentions unrelated allegations in other
    states and the purported difficulty in serving Mr. Fowler, even though neither issue
    has any relevance to this case or the issues raised in the motion.

destroys existing, diversity jurisdiction." *Calderon v. Lowe's Home Centers, LLC*, 2015 WL 3889289, at *3 (C.D. Cal. June 24, 2015).

Any post-removal attempt by plaintiff to add a non-diverse party must be closely scrutinized, and district courts should be skeptical of plaintiffs whose purported amendments will alter jurisdiction. *See, e.g.*, *Clinco*, 41 F. Supp. 2d at 1088 ("[A] district court must scrutinize an attempted diversity-destroying amendment to ensure it is proper."). "[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Id.* 1083 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376-1377 (9th Cir. 1980)) (recognizing the impropriety of "the joinder of new defendants in unilateral attempts to destroy the federal courts' diversity jurisdiction over matters that the courts were in a suitable position to decide"). A district court "should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction." *Id.*

When deciding whether to exercise discretion under 28 U.S.C. § 1447(e) to permit an amendment that includes a diversity-destroying joinder, district courts consider several factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid." *Clinco*, 41 F. Supp. 2d. at 1082; *see also Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1019-1020 (C.D. Cal. 2002); *Calderon*, 2015 WL 3889289, at *3.

**B.     Plaintiff Has No Right To Amend To Join Non-Diverse Party Under Rule 15**

Plaintiff's motion omits the relevant factors courts consider under 28 U.S.C. 1447(e) and the close scrutiny necessary for post-removal amendments such as his.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER AND REMAND TO STATE COURT

1 Instead, his motion is based on the false premise he can unilaterally add a non-diverse

2 defendant, thereby forcing the Court to remand to state court.  Not so.

3      Rule 15(a) allows a plaintiff to amend the complaint once as a matter of course,

4 even after an initial responsive pleading or Rule 12 motion.   Fed. R. Civ. P.

5 12(a)(1)(B).  But that rule does not apply where, as here, a plaintiff attempts to add a

6 party that destroys complete diversity.   Even if a plaintiff purports to amend his

7 complaint under Rule 15, district courts still must evaluate whether to reject or allow

8 the amendment under 28 U.S.C. § 1447(e) if it would destroy the federal court's

9 jurisdiction.  *See, e.g.*, *Clinco*, 41 F. Supp. 2d at 1086-1088; *Boon*, 229 F. Supp. 2d at

10 1020 & n.2.  Any other result would allow a plaintiff to manipulate the forum and

11 undermine public policy, including the policy of Rule 15 itself.  *Clinco*, 41 F. Supp. 2d

12 at 1086-1088.

13      *Clinco* is directly on point.  Like Plaintiff here, the *Clinco* plaintiff filed a state

14 court action, the defendant removed the case to federal court based on diversity

15 jurisdiction, and the plaintiff promptly amended his complaint to add non-diverse

16 defendants.  *Clinco*, 41 F. Supp. 2d at 1081.  The plaintiff sought to remand the case

17 back to state court, arguing that Rule 15 allowed him the right to unilaterally amend

18 the complaint even if it destroyed diversity.  The court reviewed the differing standards

19 and case law under Rule 15 and under 28 U.S.C. §1447(e), and determined "that Rule

20 15(a) does not apply to allow permissive amendment destroying diversity

21 jurisdiction."  *Id.* at 1086-1087.   The court reasoned that to allow permissive

22 amendment under Rule 15 in such circumstances "would allow a plaintiff to

23 improperly manipulate the forum of an action, a result that is quite different from the

24 policies of Rule 15(a) and contrary to other policies that apply in this context."  *Id.* at

25 1087.  The policy behind Rule 15 allows the parties and the court to reach the merits

26 of a dispute, and that policy is frustrated "if a plaintiff were permitted to amend a

27 complaint solely to manipulate the forum in which the complaint will be heard."  *Id.*

28 at 1087.  Therefore, even if a plaintiff amends a pleading under Rule 15, if that

1  amendment would destroy diversity, it must be carefully examined and evaluated
2  under the standards governing 28 U.S.C. § 1447(e).  *Id*. at 1088.

3  **IV.**   **PLAINTIFF PROVIDES NO EVIDENCE OR SUPPORT FOR ANY OF**
4        **THE FACTORS THAT COURTS WEIGH UNDER 28 U.S.C. §1447(e).**
5        **ALL OF THEM FAVOR REJECTING JOINDER.**

6        Applied here, all of the factors courts consider under 28 U.S.C. §1447(e) weigh
7  in favor of denying the joinder of the non-diverse Profitt Productions and disallowing
8  Plaintiff from manufacturing grounds to remand this case from federal court, where it
9  belongs.

10       **1.     Profitt Productions Is Not A Necessary Party**

11       Rule 19 allows joinder of a party that will not deprive the court of subject matter
12 jurisdiction if the party's absence would prevent the court from granting complete
13 relief, would impede the absent party's interest in the subject of the action, or would
14 subject the parties to the danger of inconsistent obligations.  Fed. R. Civ. P. 19(a).

15       As an initial matter, Profitt Productions being joined would destroy complete
16 diversity in contravention of Rule 19(a)'s provision that joinder be reserved for those
17 who "will not deprive the court of subject-matter jurisdiction."  Fed. R. Civ. P. 19(a);
18 *Lopez v. General Motors Corp*., 697 F.2d 1328, 1332 (9th Cir. 1983) ("The joinder of
19 either the dealer or the lawyers would deprive the court of jurisdiction.  Thus, under
20 Rule 19(a), they are not to be joined.").

21       Moreover, Profitt Productions is not needed for complete relief to be achieved
22 between Plaintiff and Mr. Fowler.  A party only tangentially related to the alleged
23 wrongdoing cannot be deemed a necessary party under Rule 19 to destroy diversity.
24 "Courts that have approved discretionary joinder look at least for a *high degree* of
25 involvement by the defendant in the occurrences that gave rise to the plaintiff's cause
26 of action."  *Boon*, 229 F. Supp. 2d at 1022 (emphasis added).  As shown by Plaintiff's
27 attempt to name Profitt Productions only 19 days after removal, and the indefinite and

28

1   flimsy allegations against Profitt Productions, it is clear Profitt Productions is nothing
2   more than a diversity-destroying addition to the complaint.

3          Here, Profitt Productions is named as a defendant in only one of the five causes
4   of action.  But that cause of action for gender violence under California Civil Code
5   § 52.4 disallows a plaintiff from using a vicarious liability theory to assert a claim
6   against an employer or entity.  *See* Cal. Civ. Code 52.4(e); *Jones v. Kern High School*
7   *Dist.*, 2008 WL 3850802, at *29 (E.D. Cal. Aug. 14, 2008) (recognizing "the
8   proscription against vicarious liability set forth in Section 52.4(d) [now Section
9   52.d(e)].").  Accordingly, Plaintiff cannot obtain any relief from Profitt Productions
10  based on the sparse allegations in the FAC, and certainly none that could not also be
11  gained from the existing defendant, Mr. Fowler (who, unlike Profitt Productions, is
12  named as a defendant for all causes of action).  In his motion, Plaintiff even admits the
13  relief he seeks against Profitt Productions is identical to that he seeks against Mr.
14  Fowler, not something greater or different than what was sought in the original
15  complaint.  (Mot. at 5.)

16         Additionally, Plaintiff does not allege that Profitt Productions engaged in any
17  independent wrongdoing that led to his claimed injuries, and courts do not allow
18  diversity-destroying joinder where the allegations against the new party simply
19  duplicate the existing ones.  *Calderon*, 2015 WL 3889289, at *4 (denying joinder of
20  employee, given allegations against him duplicated those of existing defendant
21  employer).  Plaintiff merely speculates that he "believes" and "thereon alleges" that
22  Mr. Fowler was conducting filming through Profitt Productions around the time the
23  alleged assault occurred, or that Profitt Productions had rented the Malibu house at
24  which the alleged assault took place.  As discussed below, these allegations are
25  contrived and false.  Plaintiff cannot use speculation to justify joining a party that
26  would only serve Plaintiff's true intention of destroying diversity.  This factor
27  therefore weighs in favor of refusing joinder.

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER AND REMAND
TO STATE COURT

1       **2.**      **No Statute Of Limitations Bar Exists If Joinder Of Profitt**

2                  **Productions Is Denied**

3          The only claim against Profitt Productions is for gender violence, and the

4   statute of limitations for that claim is three years. Cal. Civ. Code § 52.4(b). The

5   alleged incident occurred in October 2016, thereby providing Plaintiff sufficient

6   time to bring a gender violence claim in state court in the highly unlikely event he

7   wishes to pursue the frivolous claim against Profitt Productions. Because the gender

8   violence claim against Profitt Productions would not be time-barred, this factor

9   weighs against the joinder. *See Clinco*, 41 F. Supp. 2d at 1083; *Boon*, 229 F. Supp.

10  2d at 1023.[4]

11      **3.**      **Plaintiff Was Dilatory In Adding Profitt Productions And Provides**

12                 **No Evidence Or Explanation For the Delay**

13         This action was filed in the superior court on September 27, 2018, nearly two

14  years after the alleged incident in October 2016. Mr. Fowler was the only defendant

15  named in the Complaint, which named no Doe defendants and made no allegations

16  about any filming at the Malibu house or the role of any production or "loan-out"

17  company. The case remained in state court for over four months, until Mr. Fowler

18  timely removed the case to federal court on January 31, 2019. During that entire four-

19  month period, Plaintiff could have amended his original complaint (without leave of

20  the superior court) to add Profitt Productions. *See* Cal. Civ. Proc. Code § 472. But he

21  did not.

22

23  _____

[4]   Plaintiff can suffer no undue prejudice if Profitt Productions is not

24  permitted to be joined to this case. To the extent Profitt Productions is believed to have relevant information, Plaintiff can subpoena it. Further, Plaintiff could still

25  proceed in state court, and any burden of pursing two separate actions cannot be prioritized over improper post-removal amendments. *See Newcombe*, 157 F.3d at

26  691 ("[Plaintiff] would not suffer undue prejudice due to Cassidy's absence as a party because he could subpoena Cassidy to testify at trial, and if he so chose, he

27  could still proceed separately against Cassidy in state court."); *Boon*, 229 F.Supp.2d at 1025 (recognizing that parallel actions in state and federal court may be more

28  difficult but that the "interests of judicial economy are not unreasonably burdened" by requiring plaintiff to pursue claims in state court against a defendant added after removal).

1    Plaintiff disclosed no intention to amend to add Profitt Productions as a
2  defendant at any time before the FAC was filed.  (ECF No. 26-1 (Barron Decl.) ¶¶ 4-
3  5.)  After Mr. Fowler filed his initial Rule 12 motion, Plaintiff's counsel amended the
4  complaint to eliminate the time-barred false imprisonment claim.  But nothing was
5  disclosed or suggested about Plaintiff's intent to add a new party.  (*Id*.)  Nor was any
6  such amendment agreed to.  (*Id*.)

7    It is not credible that Plaintiff ignored and failed to investigate any potential
8  claims against an entity defendant like Profitt Productions, and then realized for the
9  first time two weeks after removal that Profitt Productions should be named.  "[A]fter
10 the initial complaint is filed and removal occurs, it is within the Court's discretion
11 under §1447(e) to deny joinder of a diversity-destroying party *whose identify was*
12 *ascertainable and thus could have been named in the first complaint*."  *Boon*, 229 F.
13 Supp. 2d at 1022-1023 (emphasis added).  The conclusory (and pretextual) explanation
14 provided in the declaration from Plaintiff's counsel that their firm did not learn about
15 Profitt Productions until recently – with no explanation for how or why it was
16 discovered or why it was not discovery earlier – only reinforces no good reason exists
17 for the delay in naming Profitt productions.  This factor therefore weighs in favor of
18 disallowing joinder of Profitt Productions.

19   **4.    Plaintiff's Motive for Seeking to Join Profitt Productions Is**
20   **Transparent and Improper; It was Done To Destroy Diversity.**

21   Plaintiff's attempt to join Profitt Productions is transparent.  As in *Clinco*, the
22 timing of Plaintiff's "amendment of the complaint was caused by the removal rather
23 than an evolution of his case."  *Clinco*, 41 F. Supp. 2d at 1083.  District courts are
24 rightly skeptical of a plaintiff's motives when a diversity-destroying amendment is
25 made shortly after removal.  Here, Plaintiff's first mention of Profitt Productions was
26 when he filed the FAC on February 19, 2019 – nearly five months after this lawsuit
27 was filed and nearly two-and-a-half years after the alleged incident, *but just 19 days*
28 *after removal to this Court*.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER AND REMAND
TO STATE COURT

Plaintiff claims his delay in adding Profitt Productions occurred because he did not learn about that entity until after removal.  (Mot. at 1, 4; Olszewska Decl., ¶ 4.) Even if true, the reason for that is simple – after this case was removed to federal court, Plaintiff and his counsel looked for any entity connected with Mr. Fowler that could be used to gin up an amendment aimed at trying to defeat diversity jurisdiction.  The existence of Profitt Productions was not a secret, and Plaintiff readily discovered the public California Secretary of State filing once it had a strategic (procedural) motive to look for it.  And the Secretary of State form showing Mr. Fowler's connection to Profitt Productions appears to be the *only* basis for the allegations against Profitt Productions.  Neither the FAC nor the motion contain any evidence that Profitt Productions was related to Plaintiff's assault allegations.  Instead, Plaintiff speculates – with no declaration or any other evidence in support – that Profitt Productions "may well" have leased the Malibu home or paid for the massage.  Such speculation not only is easily refuted but reveals the manipulative nature of the attempted amendment.

Plaintiff also submits a declaration from his counsel claiming that Plaintiff's counsel did not discover until recently "that film production trucks were present at the subject Malibu property on the date of the subject incident."  (Olszewska Decl., ¶ 4; Mot. at 4.)  Again, no declaration is provided from Plaintiff, and no explanation is provided on why this piece of information was not "discovered" until shortly after removal.  Regardless, the purported presence of film production trucks at the Malibu property could have nothing to do with Profitt Productions because Mr. Fowler was not involved in any filming through Profitt Productions around that time.  (ECF No. 26-2 (Fowler Decl.) ¶ 3.)  Even under Plaintiff's claimed version of events, he has no basis to join Profitt Productions.

Tellingly, Plaintiff's motion reveals his motive is to flee this federal forum by stating he "always intended this to be a California case."  (Mot. at 5.)  But Plaintiff does not have ultimate authority over the forum in which this case will be litigated. He filed a complaint making serious allegations against an individual domiciled in

11

Maryland.  Federal jurisdiction is proper and appropriate, and cannot be undermined by a plaintiff who belatedly concocts a spurious reason for adding a non-diverse party.

This type of abuse is the reason district courts are instructed to "scrutinize the propriety of the amendment;" otherwise, "the option of adding a nominal defendant solely to defeat diversity jurisdiction would be available to any plaintiff who desired to take advantage of it." *Clinco*, 41 F. Supp. 2d at 1087 n.4.  The policies of the Federal Rules are not served, and instead are undermined, by attempted "amendments that seek to create some procedural advantage." *Id.* at 1087.

### 5. Plaintiff's Purported Claim Against Profitt Production Is Premised Only On Speculation And Easily Refuted Allegations

Finally, the allegations against Profitt Productions are vague and paper-thin. More importantly, they are false.  A plaintiff cannot add a non-diverse defendant based on claims that appear to be weak on the merits, especially where the allegations against that party are made only on "information and belief." *See Clinco*, 41 F. Supp. 2d at 1084 (disallowing joinder in part because plaintiff likely could not prevail on claim against non-diverse party even if he found evidence to support his allegations made on "information and belief").  *Even where a claim may survive a motion to dismiss*, the claim should not be allowed to defeat jurisdiction where it appears weak on the merits. *Id*.  And where the equities do not favor adding a non-diverse party, any perceived strength of the claim against the newly-added party is immaterial and cannot weigh in favor of joinder.  *Boon*, 229 F.Supp.2d at 1025.

Plaintiff's allegations against Profitt Productions are factually unsupported and legally unsound.  Plaintiff named Profitt Productions (and the new Doe defendants) as defendants only in the gender violence cause of action.  And all allegations regarding Profitt Productions' involvement in the alleged assault are made on "information and belief."  (FAC, ¶¶ 5, 12, 57.)  Plaintiff claims Mr. Fowler is an officer and employee of Profitt Productions.  (FAC, ¶ 5.)  Based on the existence of this loan-out company, which Plaintiff admits is nothing more than a passive entity used by actors "to manage

1  cash flow, tax payments, and maximize deductions for business expenses" (Mot. at 3),
2  Plaintiff makes the unsupported leap that Mr. Fowler "therefore *is* the company."
3  (Mot. at 1 (emphasis in original).)  In essence, Plaintiff asserts Mr. Fowler and Profitt
4  Productions are coextensive, and that Mr. Fowler exists through Profitt Productions
5  every minute of every day such that Profitt Productions can be charged with civil
6  liability coterminously with Mr. Fowler individually.  Plaintiff offers no support or
7  authority for this preposterous premise.

8      Additionally, Plaintiff's claims against Profitt Productions are defective on their
9  face.  The applicable California statute expressly disallows any claim of vicarious
10 liability against an employer or entity defendant, stating: "Notwithstanding any other
11 laws that may establish the liability of an employer for the acts of an employee, *this*
12 *section does not establish any civil liability of a person because of his or her status as*
13 *an employer*, unless the employer personally committed an act of gender violence."
14 Cal. Civ. Code, § 52.4(e) (emphasis added); *Jones v. Kern High School Dist.*, 2008
15 WL 3850802, at *29; *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *10-11 (C.D. Cal.
16 Dec. 18, 2009).

17     Plaintiff does not and cannot allege that Profitt Productions, described as a
18 passive "loan-out company" created for tax advantages, *personally* used physical
19 force, or committed an intrusion onto or invasion of Plaintiff, as required for a gender
20 violence claim.  *See* Cal. Civ. Code § 52.4(c), (e).  No case citing to California's gender
21 violence statute has applied it against a corporate entity or permitted the alter ego type
22 of theory implicitly attempted by Plaintiff.  And the statutory language suggests only
23 natural persons, not entities, can be a target of the claim because only natural
24 individuals can "personally" commit the physical force, intrusion, or invasion
25 necessary to state a claim.  *See, e.g.*, Black's Law Dictionary (10th ed. 2014) (defining
26 "person" as "A human being").  Nor is there any legal authority (or factual support)
27 for Plaintiff's theory that Profitt Productions can be equally liable because Mr. Fowler
28 supposedly "is" the company.  Courts routinely dismiss gender violence claims against

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER AND REMAND
TO STATE COURT

employers or entities when plaintiffs enter "uncharted waters" in attempting to plead around the statute's clear bar against vicarious or employer liability. *See, e.g.*, *Jones v. Kern High School Dist.*, 2008 WL 3850802, at \*29. If Plaintiff were permitted to maintain a claim against Profitt Productions based on these allegations, it would undermine the public policy of the California Civil Code by expanding civil liability beyond that expressed in the plain language of the statute.

Further, and more fundamentally, Plaintiff's speculative allegations against Profitt Productions are untrue, and the attempted joinder should be denied for that reason alone. All of Plaintiff's allegations center on an alleged assault "[o]n or about October 2016." According to Plaintiff, on "the relevant day in October 2016," Profitt Productions purportedly was involved in ongoing filming at the Malibu house where the alleged assault occurred. But Profitt Productions did not rent a house in Malibu in or around October 2016, or at any time in the second half of 2016. (ECF No. 26-2, (Fowler Decl.), ¶ 4.) Nor did Mr. Fowler participate through Profitt Productions in any filming of any kind in the Los Angeles area in or around October 2016, or at any time it the second half of 2016. (*Id.*, ¶ 3.) Profitt Productions has nothing to do with Plaintiff's alleged incident, and was added as a party simply as a tactic to destroy diversity.

## V.   **CONCLUSION**

Accordingly, Mr. Fowler respectfully requests that the Court deny Plaintiff's motion, reject the attempted joinder of M. Profitt Productions, Inc., and Does 1-9, and maintain jurisdiction.

Dated:  March 26, 2019                  KELLER/ANDERLE LLP

By:  */s/ Jennifer L. Keller*
Jennifer L. Keller
Chase A. Scolnick
Jay P. Barron
*Attorneys for Defendants*
KEVIN SPACEY FOWLER and
M. PROFITT PRODUCTIONS, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am over the age of 18 and not a party to the within action.  My business address is 18300 Von Karman Avenue, Irvine, California 92612-1057.  On **March 26, 2019**, I served the foregoing document described as

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER AND REMAND TO STATE COURT**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

     SERVED BY U.S. MAIL:  There are currently no individuals on the list to receive mail notices for this case.

     SERVED BY CM/ECF.  I hereby certify that, on **March 26, 2019**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The filing of the foregoing document will send copies to the following CM/ECF participants:

     The following are those who are currently on the list to receive e-mail notices for this case.

     Genie Harrison, genie@genieharrisonlaw.com
     Amber Phillips, amber@genieharrisonlaw.com
     Mary Olszewska, mary@genieharrisonlaw.com

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on **March 26, 2019** at Irvine, California.

              */s/ Courtney L. McKinney*
               Courtney L. McKinney

1