Genie Harrison, SBN 163641
Amber Phillips, SBN 280107
Mary Olszewska, SBN 268710
**GENIE HARRISON LAW FIRM, APC**
523 W. 6th Street, Suite 707
Los Angeles, CA 90014
T: (213) 805-5301 F: (213) 805-5306
genie@genieharrisonlaw.com
amber@genieharrisonlaw.com
mary@genieharrisonlaw.com

Attorneys for PLAINTIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>         Plaintiff,<br><br>    vs.<br><br>KEVIN SPACEY FOWLER, an individual, M. PROFITT PRODUCTIONS, INC., a California Corporation, and DOES 1-9, inclusive.<br><br>         Defendants. | Case No.: 2:19-CV-00750-RSWL (SSx)<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER AND REMAND TO STATE COURT**<br><br>Date: April 16, 2019<br>Time: 10:00 A.M.<br>Dept.: TBD |

///

///

///

///

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As soon as Plaintiff John Doe ("Plaintiff") became aware of the existence of Defendant Kevin Spacey Fowler's ("Spacey") California loan-out company, M. Profitt Productions, Inc. ("M. Profitt"), Plaintiff moved expeditiously to amend his Complaint to add cognizable claims against Defendants Spacey, M. Profitt, and DOES 1-9 for the sexual violence perpetrated against him. Plaintiff filed his First Amended Complaint ("FAC") as a matter of course well within the statutory time limits to do so to ensure that complete relief could be afforded to Plaintiff in this action. Joining M. Proffit as a Defendant in this lawsuit is proper, and the most efficient and practical way to resolve the controversy between Plaintiff and all Defendants, as joinder avoids multiple lawsuits on the same issue and prevents waste of judicial time and resources, waste of the resources of the parties, and potential inconsistent rulings.

As a result of the legitimate and necessary joinder of Defendant M. Profitt, the Court no longer has subject matter jurisdiction over this action and the matter should be remanded to the state court in which it was initially filed.

## II. LEGAL ARGUMENT

### A. Plaintiff Properly Amended His Complaint Under FRCP Rule 15(a)(1)

"The Ninth Circuit has not addressed what standard applies when a plaintiff seeks to amend a complaint to add a party that destroys diversity after the action has been removed to federal court." *Blowers v. Ford Motor Company*, 2018 WL 654415, at *2 (C.D. Cal. Jan. 31, 2018). Instead, there is a split amongst district courts as to whether Federal Rules of Civil Procedure ("FRCP") Rule 15(a)(1) or 28 U.S.C. Section 1447(e)[1] ("Section 1447(e)") applies to amendments within the statutory deadline set forth by Rule 15(a)(1).

---

[1] Section 1447(e) states, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

1  FRCP Rule 15(a)(1) allows a party to amend its pleading once as a matter of
2  course 21 days after service, or 21 days after service of a responsive pleading or motion
3  under FRCP Rule 12(b), (e), or (f). FRCP Rule 15(a)(1) does not require a plaintiff to
4  seek leave to amend a complaint.

5  FRCP Rule 15(a) should govern the amendment of Plaintiff's complaint in this
6  matter. Policy arguments requiring courts to scrutinize proposed amendments that would
7  destroy diversity under Section 1447(e), which are the same arguments made in
8  Defendants' Opposition to Plaintiff's Motion to Remand ("Defendants' Opposition"), are
9  only applicable when language in a statute is ambiguous. *Sebelius v. Cloer*, 569 U.S. 369,
10 380 (2013). "The language of Rule 15(a) is not ambiguous: it does not limit the types of
11 amendments that may be made to pleadings as a matter of course and, thus, the Court
12 may not rely on policy justifications to read into Rule 15 exceptions for amendments that
13 would defeat jurisdiction." *Blowers*, 2018 WL 654415, at *3. Moreover, Section 1447(e)
14 explicitly states that the statute applies only when a plaintiff "seeks" to join defendants
15 who would destroy subject matter jurisdiction. Words in a statute are given their ordinary
16 meanings absent comment from Congress stating otherwise. *Williams v. Taylor*, 529 U.S.
17 420, 431 (2000). The plain meaning of the word "seek" under Section 1447(e) is "ask"
18 and plaintiffs are not required to ask courts for leave to amend if they file an amendment
19 within the statutory time limits under FRCP 15(a)(1). *Blowers*, 2018 WL 654415, at *3;
20 *Lopez v. Host International, Inc.*, 2018 WL 704718, at *3, n.2 (C.D. Cal. Feb. 2, 2018).

21 Further, FRCP Rule 15(a) "complements the liberal pleading and joinder
22 provisions of the federal rules by establishing a time period during which the pleadings
23 may be amended automatically…" *Clinco v. Roberts*, 41 F.Supp.2d 1080, 1086 (C.D.
24 Cal. 1999).

25 As in *Blowers*, Plaintiff Doe was not required to seek leave to amend his
26 Complaint. Instead, Plaintiff timely filed his FAC on February 19, 2019 —less than 21
27 days after Defendant Spacey filed his FRCP 12(b)(6) and (e) motion on February 7, 2019
28 [PACER Docket Entry ("D.E.") 14 (Plaintiff's FAC)]; [D.E. 8 (Defendant Spacey's

1  Motion to Dismiss)]— alleging a valid cause of action against M. Profitt as a matter of right under FRCP 15(a)(1).

### B. Even Under Section 1447(e), Plaintiff Properly Joined M. Profitt

In the event that the Court does apply Section 1447(e) as the standard for assessing the amendment to Plaintiff's complaint, Plaintiff's joinder was nonetheless prompt, timely, and proper. M. Profitt is not only a necessary party to this action but its inclusion in this lawsuit conserves judicial resources, prevents multiple lawsuits, and avoids inconsistent determinations. Additionally, Plaintiff's claim against M. Profitt is meritorious and denying amendment would significantly prejudice Plaintiff.

The standard to allow amendment under Section 1447(e) is discretionary and permits joinder and remand when a plaintiff seeks to join a defendant who would destroy subject matter jurisdiction. In applying this discretionary standard, courts consider the following factors:

> (1) whether the new defendant is needed for just adjudication such that the party would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the party seeks joinder solely for the purpose of defeating federal jurisdiction; (3) whether there has been unexplained delay in requesting joinder of the new defendants; (4) whether the statute of limitations would preclude an action against the new defendants in state court; (5) whether the claim against the new party seems valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Mudra International, LLC v. Kellwood Company, Inc.*, 2008 WL 11336465, at *2 (C.D. Cal. Sept. 16, 2008).

As discussed below, these factors weigh in favor of joining M. Profitt.

#### 1. M. Profitt is Necessary for Just Adjudication of This Matter

FRCP Rule 19(a)(1) states that a person must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

---

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

3

  (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i) as a practical matter impair or impede the person's ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

  Defendants' argument that M. Profitt cannot be joined under Rule 19(a) because it will deprive the court of subject matter jurisdiction is nonsensical. *Defendants' Opposition, p. 7*. The purpose of the six-factor test is to determine whether a court should allow amendment to add a party even though joinder would defeat subject matter jurisdiction. *See Mudra*, 2008 WL 11336465. If the very first factor, which encourages courts to determine whether a party would otherwise be joined under FRCP Rule 19(a), was dispositive in the event the joined party destroyed diversity, there would be no need to assess any other factors and no need for a balancing test at all.

  FRCP Rule 19(a) is designed to protect parties "from multiple litigation, inconsistent judicial determinations or the impairment of interests or rights." *CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911 (9th Cir. 1991). Where failure to join a defendant would "result in unnecessary and repetitive litigation… Rule 19 was designed to prevent just this sort of wasteful litigation." *Id*. at 912.

  While courts consider whether a party is necessary under FRCP Rule 19, amendment under Section 1447(e) is less restrictive than FRCP Rule 19's standard for joinder. *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1012 (N.D. Cal. 2000).

  Here, M. Profitt is a necessary party to the litigation and a meritorious claim has been alleged against it. M. Profitt is Defendant Spacey's loan out company. [D.E. 26-2, ¶2 (Declaration of Kevin Spacey Fowler ISO Defendant Fowler's Motion for Misjoinder)]. Loan-out companies are commonly used by high-profile actors to manage cash flow, tax payments, and maximize deductions for business expenses. [D.E. 14 ¶ 5].

Upon discovering the existence of the loan out company, coupled with the facts that Defendant Spacey's assistant set up the massage and that film production trucks were parked at and around the Malibu residence where the attack occurred, Plaintiff added M. Profitt and DOES 1-9 as defendants in the gender violence claim. [D.E. 14 ¶¶ 5, 11-12, 56-64; D.E. 35-1 ¶ 3 (Declaration of Mary Olszewska ISO Plaintiff's Opposition to Defendant Fowler's Motion for Misjoinder)]. In every practical sense, Plaintiff alleges and believes that, Spacey *is and was acting as* M. Profitt at the time of the attack— he is its Chief Executive Officer, Secretary, Chief Financial Officer, only Officer and Director, and primary or only shareholder. [D.E. 14 ¶ 5; D.E. 35-1 ¶ 4]. Actors often pay legitimate business expenses through their loan-out company when the expense benefits the company. [D.E. 14 ¶ 5]. In this case, Plaintiff believes and alleged that Defendant M. Profitt directly committed the acts of sexual violence against Plaintiff based upon, but not limited to, the following allegations:

    i.   At all times relevant to the complaint, including during the massage and the sexualized attack, Defendant Spacey was acting as, for the benefit of, and on behalf of Defendant M. Profitt [D.E. 14 ¶ 5];

    ii.   A male on behalf of Spacey and M. Profitt arranged for Plaintiff to massage Spacey [D.E. 14 ¶ 10];

    iii.   the massage occurred at a residence in Malibu where filming activity appeared to be in process [D.E. 14 ¶ 11];

    iv.   the residence was rented by M. Profitt for the purpose of, among other things, SPACEY's dwelling, a location for massages, and conducting filming [D.E. 14 ¶ 12];

    v.   Plaintiff was hired to perform through or for the benefit of M. Profitt [D.E. 14 ¶ 12]; and

    vi.   Defendants Spacey and M. Profitt committed acts of gender violence on Plaintiff through a series of physical intrusions and invasions of a sexual nature including forced touching and groping [D.E. 14 ¶¶ 56-64].

Because Spacey acts as M. Profitt in conducting his professional and personal business – and this massage was not arranged to occur at Spacey's primary residence but on what appeared to be business related residence – M. Profitt has serious and feasible liability here. While a fact finder – judge or jury – will determine whether Spacey was acting as individual or as M. Profitt at a later stage of this case, at this stage, Plaintiff has pleaded sufficient facts establishing that Spacey was acting as and on behalf of M. Profitt at the time of the sexual attack.

To ensure that Plaintiff is afforded complete relief from whichever Defendant is eventually found liable (if any or both) for the conduct at issue, M. Profitt is a necessary party to this controversy. Moreover, if Plaintiff is denied joinder of M. Profitt, Plaintiff will be forced to file a separate lawsuit against it for the identical conduct alleged in Plaintiff's FAC to protect his ability to obtain complete relief for the harm he suffered. To avoid repetitive litigation and avoid inconsistent judicial determinations—the very issues FRCP Rule 19 was designed to prevent – M. Profitt is necessary for the just adjudication of this case.

### 2. **Plaintiff Did Not Join M. Profitt to Defeat Federal Jurisdiction**

Contrary to the repeated argument in Defendants' Opposition, Plaintiff did not join M. Profitt for the sole purpose of defeating subject matter jurisdiction.

"Suspicion of diversity destroying amendments is not as important now that §1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC Aviation*, 125 F.Supp.2d at 1012; *see also Trotman v. United Parcel Service,* 1996 WL 428333 at *1 (N.D. Cal. 1996) ("The legislative history to § 1447(e) … suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion."); HR Rep No 889, 100th Cong, 2d Sess 72, reprinted in 1988 U.S.C.C.A.N. 6033 (stating purpose of §1447(e) is to "take advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal").

As explained above, M. Profitt was added to ensure that Plaintiff is afforded complete relief from whichever Defendant is found liable. Because the facts alleged against Defendant Spacey and Defendant M. Profitt involve identical misconduct by two legally distinct parties, Plaintiff added M. Profitt to this case in lieu of filing a separate lawsuit to efficiently obtain complete relief in a single lawsuit instead of two.

### 3. There Is No Unexplained Delay in Requesting Joinder

Plaintiff sought to amend his Complaint less than two months after Plaintiff had expended significant resources and effort to serve Defendant Spacey, and upon discovering the existence of Defendant Spacey's loan-out company, M. Profitt. [D.E. 35-1 ¶¶ 2-3]. Plaintiff promptly joined M. Profitt and would have named it in his initial complaint had he known about its existence prior to filing. [D.E. 35-1 ¶ 5]. Additionally, Plaintiff sought amendment to his complaint as a matter of right to join M. Profitt within the 21-day deadline under FRCP 15(a)(1), further evidencing that Plaintiff promptly sought joinder in this matter. [D.E. 14 and 8].

### 4. Statute of Limitations

Although courts consider whether the statute of limitations will preclude a plaintiff from proceeding against the new defendant in state court, even when a state court action is possible, courts are disinclined to require plaintiffs "to litigate essentially the same issues in two forums" because such a decision "would be a waste of judicial resources and risk inconsistent results." *IBC,* 125 F.Supp.2d at 1012.

As argued below, Plaintiff has alleged a meritorious claim against M. Profitt for violations of the California Civil Code. Allowing Plaintiff to join M. Profitt in this litigation avoids forcing the parties to litigate the same issues in two forums and prevents waste of judicial time and resources, waste of the resources of the parties, and potential inconsistent rulings.

### 5. Plaintiff's Claim Against M. Profitt is Meritorious

California Civil Code §52.4 provides that "any person who has been subjected to gender violence may bring a civil action for damages against any responsible party." Cal.

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Civ. C. §52.4(a). Gender violence is defined as "the use, attempted use, or threatened use of physical force against the person or property of another, committed in least in part based on the gender of the victim" or "a physical intrusion or physical invasion of a sexual nature under coercive conditions." Cal. Civ. C. §52.4(c); [D.E. 14 ¶ 58]. Lastly, the statute expressly extends the cause of action to employers who personally commit acts of gender violence. Cal. Civ. C. §52.4(d) ("this section does not establish any civil liability of a person because of his or her status as an employer, ***unless** the employer personally committed an act of gender violence*.") (emphasis added).

Plaintiff has not alleged that M. Profitt is vicariously liable under California Civil Code §52.4, but instead alleged that M. Profitt is **directly** liable because Defendant Spacey acted as M. Profitt when he committed the sexual attack on Plaintiff. [D.E. 14 ¶¶ 5, 10-12, 56-64]. Thus, Plaintiff has pleaded a legitimate and meritorious claim against M. Profitt for gender violence under the California Civil Code.

### 6. Denying Joinder of M. Profitt Would Highly Prejudice Plaintiff

When assessing prejudice to a Plaintiff if joinder is denied, courts look at "the procedural point in the case, the overlap in evidence, and considerations relating to judicial economy." *Mudra*, 2008 WL 11336465, at *9. Denial of joinder is prejudicial to a Plaintiff when it would require a plaintiff "to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing its potential claims against" the newly joined defendant. *IBC Aviation*, 125 F.Supp.2d at 1013. This factor especially weighs in favor of allowing a plaintiff to amend to join a new defendant when the "amendment will not prejudice [a defendant] as discovery has not yet begun." *Id*. at 1013.

Here, if joinder is denied, Plaintiff will be prejudiced because he will have to decide between pursuing duplicative litigation against M. Profitt or foregoing his legitimate claim against the entity. However, Defendants Spacey and M. Profitt will suffer no prejudice as discovery has not yet begun.

////

### 7.     The Factors Weigh in Favor of Amendment

On balance, amendment to add M. Profitt is warranted because the entity is necessary to Plaintiff's claims and recovery in this action, amendment would conserve judicial resources and avoid inconsistent determinations, Plaintiff promptly moved within the time limits set forth under FRCP Rule 15(a)(1) to join M. Profitt, Plantiff's claim against M. Profitt is meritorious, and amendment is not prejudicial to any of the parties.

### C.     This Matter Should Be Remanded

Defendants' only basis for removing this matter to federal court is based on the diversity of citizenship between Plaintiff and Defendants. [D.E. 1]. In order for a federal court to retain subject matter jurisdiction, complete diversity between the parties must exist. 28 U.S.C. §1332. However, because Defendant M. Profitt, a California corporation, has been properly joined in this action, complete diversity no longer exists, and the matter should be remanded to the state court from which it was removed. 28 U.S.C. §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### D.     CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Joinder and to Remand to State Court.

DATED:  April 2, 2019                    Genie Harrison Law Firm, APC

By: *Mary Olszewska*
Genie Harrison, Esq.
Mary Olszewska, Esq.
Amber Phillips, Esq.
Attorneys for PLAINTIFF JOHN DOE

---

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 523 West 6th Street, Suite 707, Los Angeles, California 90014.

On **April 2, 2019,** I caused the service of the following document described as:

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER AND REMAND TO STATE COURT**

on all interested parties in this action through service by SERVED BY CM/ECF.

I hereby certify that, on April 2, 2019 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

The filing of the foregoing document will send copies to the following CM/ECF participants who are currently on the list to receive e-mail notices for this case:

Genie@genieharrisonlaw.com
Mary@genieharrisonlaw.com
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Carla Medina