Genie Harrison, SBN 163641
Amber Phillips, SBN 280107
Mary Olszewska, SBN 268710
**GENIE HARRISON LAW FIRM, APC**
523 W. 6th Street, Suite 707
Los Angeles, CA 90014
T: (213) 805-5301 F: (213) 805-5306
genie@genieharrisonlaw.com
amber@genieharrisonlaw.com
mary@genieharrisonlaw.com

Attorneys for PLAINTIFF

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>vs.<br><br><br>KEVIN SPACEY FOWLER, an individual, M. PROFITT PRODUCTIONS, INC., a California Corporation, and DOES 1-9, inclusive.<br><br>Defendants. | **Case No.: 2:19-CV-00750-RSWL (SSx)**<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**<br><br>**Hon. Ronald S.W. Lew**<br>**Date: April 16, 2019**<br>**Time: 10:00 A.M.**<br>**Suite: TBD** |

///
///
///

---

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendants Kevin Spacey Fowler ("Spacey") and M. Profitt Productions, Inc. ("M. Profitt") (collectively, "Defendants") object to permitting Plaintiff John Doe ("Plaintiff" or "DOE") to proceed anonymously at this infant stage simply because they want to wage a war with Plaintiff in the court of public opinion and punish him for bringing suit against a powerful celebrity. It is almost certain that Defendants will seek to stay discovery and prosecution of this action pending the criminal proceedings against Defendant Spacey for sexual assault and battery, mooting any argument that Defendants are prejudiced in any way by Plaintiff's anonymity at this time. Plaintiff respectfully seeks leave from this Court to proceed anonymously in this action to protect him from the very harm Defendants intentionally seek to inflict upon him—serious harassment, financial, physical, and emotional injury, ridicule and personal embarrassment.

### II.   DEFENDANTS ARE NOT PREJUDICED

#### A. Plaintiff's Anonymity Does Not Prejudice Defendants at the Pleading Stage

As articulated by the Ninth Circuit in *Advanced Textile,* in analyzing whether a party may preserve anonymity in judicial proceedings, the Court must determine the precise prejudice *at each stage of the proceedings,* not merely prejudice generally throughout the entire case, to determine "whether proceedings may be structured so as to mitigate that prejudice." *Doe v. Advanced Textile Corp.,* 214 F.3d 1058, 1067-68 (9th Cir.).

Defendants' Opposition to Plaintiff's Motion for Leave to Proceed Anonymously ("Opposition") is devoid of any evidence or argument related to prejudice *at the pleading stage*. [D.E. 37]. Defendants have not asserted an inability to answer Plaintiff's anonymous complaint. Thus, it is undisputed that Defendants are not prejudiced in this litigation at this stage, as both can admit or deny the allegations against them without revealing Plaintiff's name.

///

---

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

**B. Defendants' Arguments about Prejudice in Discovery are Premature**

Reading between the lines in Defendants' recent *ex parte* application and its current Opposition, Defendants' opposition to anonymity is not about unfair prejudice in "discovery" available to the *typical* defendant. [D.E. 31 (Defendant Fowler's *Ex Parte* Application); D.E. 37]. Instead, Defendants oppose anonymity because it impairs their ability to unfairly play to the court of public opinion and use the tabloids, media, and the internet to harm Plaintiff DOE.

While Defendants' arguments are couched in their inability to conduct "discovery" [D.E. 37, pp. 2:2; 7:3-4], arguments related to discovery available to a *typical* defendant are premature at this pleading stage [D.E. 19 (Plaintiff's Motion for Leave to Proceed Anonymously ("Motion")), p. 4:21-25] for two reasons: (i) because no discovery can occur until after the Rule 26(f) conference; and (ii) Defendant Spacey will likely move to stay this case pending the disposition of sexual assault criminal proceedings against him in Nantucket District Court. [D.E. 19, p. 4:21-25].  Therefore, unless Defendants reject an intent to stay discovery and prosecution of this matter, discovery in the *typical* sense will not be available to either party and unlikely to occur soon.

The "discovery" which Defendants seek and is impaired by Plaintiff's anonymity is the *atypical*, *extraordinary*, and *special* type of harmful "discovery" available only to high-profile celebrities like Defendant Spacey, and he has shown that he is not above using tabloids, media, and the internet for his personal gain. Just this past Christmas-Eve, Defendant Spacey publicly released an odd video on YouTube[1] entreating the public for support against the many accusations of sexual assault and battery against him. In line with his statements in that bizarre and threatening video that "nothing should be off the table" and that he has "[n]ever played by anyone's rules before", in this case, Defendant Spacey already attempted to circumvent the process and rules which provide the parties and the court a full and fair opportunity to consider the subject Motion for leave to

---

[1] Kevin Spacey, Let Me Be Frank, YouTube, Dec. 24, 2018, at https://www.youtube.com/watch?v=JZveA-NAIDI (last visited on March 24, 2019).

---

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

proceed anonymously and, instead, improperly sought premature disclosure of Plaintiff's anonymity through an *ex parte* application to this Court. [D.E. 34 (Order re: Defendant Fowler's *Ex Parte* Application for an Order to Set Deadlines Under Rule 26), p. 5:10-16]. Defendant Spacey's threatening video, his *ex parte* application seeking to reveal Plaintiff's identity, and his repeated statements about *especially* wanting *third-party discovery* [D.E. 37, pp. 2:2-3, 7:3-4] in this case are additional grounds for why anonymity is needed at this stage.

Since no *typical* legal discovery, where the parties are interested in obtaining record evidence, is likely to take place soon because of the pending the sexual assault criminal proceedings against Defendant Spacey in Nantucket District Court [D.E. 19, p. 4:21-25], Defendant's so-called prejudice in discovery is premature and disingenuous. Defendants' real opposition to Plaintiff's anonymity is that it frustrates their one-sided media strategy designed to pummel and punish Plaintiff for bringing his claim.

While there may be a time when public disclosure of Plaintiff's name is necessary and he must endure the ensuing publicity, now is not the time. Until this case reaches the stage where public disclosure is necessary, Plaintiff respectfully requests that the Court protect him from such gamesmanship and the harm which will result from the media frenzy.

### III.   SPECIAL CIRCUMSTANCES WARRANT ANONYMITY

First, Plaintiff's Motion included evidence and argument about why Plaintiff's anonymity, at this stage, is necessary to prevent him from harassment, injury, ridicule and personal embarrassment. [*See generally*, D.E. 19]. Regarding the specific *threatened* harms and *claimed* fears and *vulnerability* to retaliation as required by *Advanced Textiles,* Plaintiff articulated these special circumstances and facts:

    i.    Plaintiff works as a private masseuse, which typically places him alone with clients in their homes or hotel rooms [D.E. 19, p. 3:7-8];

    ii.    In the instances of first-time clients, Plaintiff works in the vulnerable position of entering a stranger's home or hotel room, which is the same

highly vulnerable position that enabled Defendants to attack and injure Plaintiff in this case [D.E. 19, p. 3:5-11];

iii.   Plaintiff is the primary financial supporter for him and his adult son [D.E. 19, p. 3:14-17];

iv.   Plaintiff reasonably fears that public disclosure of his identity will cause a loss of his celebrity clientele and impair his ability to make a living [D.E. 19, p. 3:14-17];

v.   Defendant is a high-profile celebrity who, unlike a typical party, has the power to (mis)use the court of public opinion [D.E. 19, p. 3:19-22]; and

vi.    Defendant has already publicly released an odd video on YouTube [*supra*, n. 1] entreating public for support against the accusations of sexual assault and battery against him.

This request for anonymity is about *preventing* injury based on *threatened* harms, *claimed* fears, and *vulnerability* to retaliation. While Plaintiff has already been attacked by Defendants because of Defendants' misuse of power and the vulnerabilities of Plaintiff's job, a second attack is unnecessary to obtain this Court's protection from further physical, emotional, and economic injury.  *Advanced Textiles,* 214 F.3d at 1067-68.

It takes tremendous courage to come forward against a public figure like Defendant Spacey. Making a claim based upon a sexualized attack by a high-profile celebrity is exponentially invasive and difficult, largely because of the public scrutiny that will ensue about facts which are intimate and personal.

While it should not be a point of contention that Plaintiff should be protected from further attacks, ridicule, humiliation, or harassment, Defendants' desire to shove Plaintiff into the public spotlight to cause him physical, emotional, and/or financial harm as punishment for speaking out is clear through its Opposition, recent *ex parte* application, and YouTube video.

///

---

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

While suing a high-profile celebrity comes with media attention [D.E. 19, p. 3:19-25], because Defendants will likely stay discovery and prosecution of this matter, there is no good cause to begin that process now when it will injure Plaintiff. When the time comes for obtaining record evidence through the discovery rules typical in a lawsuit, the parties and the Court should revisit the issue.

## IV.   THE PUBLIC INTEREST IS SATISFIED

Anonymity does not obstruct the public's view of the issues or prevent the public from viewing the filings. To date, no documents have been filed under seal or shielded from public view. Plaintiff publicly filed the documents including his amended complaint [D.E. 14], which includes details about Plaintiff's gender, profession, the longevity of his career, which reveals his approximate age, and details about the sexualized attack. [D.E. 14]. The only detail which Plaintiff requests be shielded from public disclosure is his name, in which the public has negligible interest.

And the cases relied upon in Defendants' Opposition on this issue are inapposite. In *Shakur*, unlike in this case, the press already knew the plaintiff's name. *Doe v. Shakur,* 164 F.R.D. 359, 362 (S.D.N.Y. 1996). In *Kamehameha,* despite the importance of open courts, the appellate court recognized that it likely would <u>not</u> have found an abuse of discretion had the trial court permitted the plaintiffs to proceed anonymously. *Doe v. Kamehameha Schools,* 596 F.3d 1036,1046 (9th Cir. 2010) ("Had the district court found that anonymity was appropriate, we likely would have concluded that the district court did not abuse its discretion.").  Moreover, in the other cases cited by Defendants, including *Texaco*, those courts were concerned about impairing the defendant's ability to mount a defense. S*ee, e.g., Doe v. Texaco, Inc.,* 2006 WL 2850035, *6 (N.D. Cal. 2006) (weighing the fact that as the case *moved forward*, defendants would need to mount a defense to plaintiff's claims). None of the cases cited in Defendants' Opposition had the unique situation at issue here where defendants were likely to seek a stay of discovery and delay prosecution of this matter. [D.E. 19, p. 4:21-25]. If Defendants intend to stay discovery and delay prosecution, Defendants have no need to defend themselves at this

juncture.

Moreover, the public's interest in seeing this case and all sexual assault cases against high profile individuals decided on their merits should dominate. The public nature of litigation coupled with the media attention garnered when celebrities are involved in allegations of sexual assault and battery often chills a plaintiff's willingness to publicly bring a claim as it reveals victims at their most vulnerable. Structuring proceedings to protect anonymity of the victim to the furthest extent possible is one way to lessen that chilling effect, protect victims who report attacks which enable investigations and bring abusers to justice, and protect others from similar harm. Because of all the circumstances, the public's interest is satisfied without revealing the Plaintiff's identity at this stage.

## V.   **CONCLUSION**

For all of the foregoing reasons and the reasons articulated in Plaintiff's Motion, Plaintiff asks this Court to use its discretion to protect Plaintiff from harassment, injury, ridicule, and personal embarrassment, protect his privacy, and minimize public exposure at this stage, by granting him leave to proceed anonymously.

DATED:  April 2, 2019                    **Genie Harrison Law Firm, APC**

By: _Mary Olszewska_ _____
        **Genie Harrison, Esq.**
        **Mary Olszewska, Esq.**
        **Amber Phillips, Esq.**
        **Attorneys for PLAINTIFF JOHN DOE**

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 523 West 6th Street, Suite 707, Los Angeles, California 90014.

On **April 2, 2019,** I caused the service of the following document described as:

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

on all interested parties in this action through service by SERVED BY CM/ECF.

I hereby certify that, on April 2, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

The filing of the foregoing document will send copies to the following CM/ECF participants who are currently on the list to receive e-mail notices for this case:

Genie@genieharrisonlaw.com
Mary@genieharrisonlaw.com
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Carla Medina