KELLER/ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Avenue, Suite 930
Irvine, California 92612
Tel.:  (949) 476-8700
Fax:  (949) 476-0900

*Attorneys for Defendants*
KEVIN SPACEY FOWLER and
M. PROFITT PRODUCTIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual, | Case No.: 2:19-cv-00750-RSWL (SSx) |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF JOHN DOE'S CLAIMS OR, ALTERNATIVELY, TO REQUIRE PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT** |
| vs. | |
| KEVIN SPACEY FOWLER, an individual, M. PROFITT PRODUCTIONS, INC., a California Corporation, and DOES 1-9, inclusive. | |
| Defendant. | **[Fed. R. Civ. P. 12(b)(6), (e)]** |
| | Date:   April 16, 2019 |
| | Time:  10:00 a.m. |
| | Dept.:  TBD |
| | Complaint Filed: September 27, 2018 |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................... 1

II.   LEGAL STANDARD ......................................................................... 2

III.  PLAINTIFF FAILS TO SHOW THIS IS AN EXCEPTIONAL
      CASE FOR WHICH HIS USE OF A PSEUDONYM SHOULD
      BE ALLOWED, AND HIS FIRST AMENDED COMPLAINT
      IS DEFICIENT AND SHOULD BE DISMISSED AS A
      RESULT ............................................................................................ 3

      A.   Plaintiff Has Not Alleged Or Demonstrated That Any
           Threat Of Severe Harm Exists, That Any Such Fear Is
           Reasonable, Or That He Has Any Particular Vulnerability ................. 4

      B.   Plaintiff Has Not Shown And Cannot Show His Use of A
           Pseudonym Will Not Prejudice Defendants, Who Will Be
           Severely Inhibited In Defending Against Plaintiff's
           Allegations If His Identity Remains A Secret ..................................... 8

      C.   Plaintiff Ignores The Public Interest That Requires
           Plaintiff To Plead In His Own Name Here, and Instead
           Suggests A New Standard That Would Allow Most
           Claimants to Litigate Under A Pseudonym ......................................... 9

IV.   PLAINTIFF DOES NOT AND CANNOT ESTABLISH THAT
      THE FAC ALLEGES A FACIALLY PLAUSIBLE CLAIM
      FOR GENDER VIOLENCE AGAINST PROFITT
      PRODUCTIONS, WHICH IS AN IMPROPER DEFENDANT
      FOR THAT CLAIM .......................................................................... 10

V.    CONCLUSION ................................................................................ 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Atieh v. Riordan*, 727 F.3d 73 (1st Cir. 2013) ...........................................................2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)........................................................2

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156 (9th Cir. 2016).....................................................................................................................2

*Clinco v. Roberts*, 41 F. Supp. 2d 1080 (C.D. Cal. 1999) ......................................10

*Doe v. Apstra, Inc.,* 2018 WL 4028679 (N.D. Cal. Aug. 23, 2018)...........................2

*Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006) ......................................................9

*Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992)............................................................3

*Doe v. Goldman*, 169 F.R.D. 138 (D. Nev. 1996).....................................................5

*Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036 (9th Cir. 2010) ....................................................................3, 6, 9, 10

*Doe v. Rostker*, 89 F.R.D. 158 (N.D. Cal. 1981)...................................................3, 5

*Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996) .................................................7, 10

*Doe v. Starbucks, Inc.*, 2009 WL 5183773 (C.D. Cal. Dec. 18, 2009) ..................11

*Doe v. Texaco, Inc.*, 2006 WL 2850035 (N.D. Cal. Oct. 5, 2016).......................4, 9

*Does I thru XXXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000).......................................................................................................3

*Femedeer v. Haun*, 227 F.3d 1244 (10th Cir. 2000) .................................................5

*Heram v. United States*, 2014 WL 3836912 (E.D. Cal. Aug. 1, 2014)....................3

*Jones v. Kern High School Dist.*, 2008 WL 3850802 (E.D. Cal. Aug. 14, 2008)....................................................................................................11

*Roe v. State of New York*, 49 F.R.D. 279 (S.D.N.Y. 1970) .......................................2

*Shaoxing County Huayue Import & Export v. Bhaumik*, 191 Cal. App. 4th 1189 (2011) .......................................................................................11

*Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035 (9th Cir. 2010)........................................................................................................2

**Statutes**

Cal. Civ. Code § 52.4(c) ..........................................................................................11

Cal. Civ. Code § 52.4(e) ..........................................................................................11

**Other Authorities**

Black's Law Dictionary (10th ed. 2014) ................................................................ 11

**Rules**

Fed. R. Civ. P. 12(b) ............................................................................................... 2

Fed. R. Civ. P. 12(e) ............................................................................................... 3

Fed. R. Civ. P. 26 ................................................................................................... 8

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS CLAIMS IN
FIRST AMENDED COMPLAINT

# I.     INTRODUCTION

Plaintiff John Doe has no legitimate reason for prosecuting his claims while hiding behind a pseudonym and violating the rules of this forum.  He has not been threatened with *any* harm.  He is a 60 year old man who has submitted no evidence of any vulnerability.  He chose to bring these claims, yet he continues to withhold his name without justification.  Instead, Plaintiff's opposition to Defendants' Motion to Dismiss resorts to imagined threats, irrelevant diatribes, and rumor-mongering to try to prejudice the Court against Mr. Fowler and garner sympathy he believes will allow him to contravene the Federal Rules of Civil Procedure and Ninth Circuit law.  But Plaintiff has not shown the exceptional circumstances that establish his need for use of a pseudonym, and he has not shown he is in the type of danger typically required for courts to consider permitting anonymous pleading.   In contrast to the extreme accommodation demanded by Plaintiff, Defendants seek no special treatment, only that Plaintiff be required to plead in his true name as all litigants must do.

Like Plaintiff's *post hoc* rationalizations for his use of a pseudonym, Plaintiff's recently-asserted claim for gender violence against Profitt Productions is contrived.  More importantly, it is legally deficient and should be dismissed.  Plaintiff attempts to implicate Profitt Productions by claiming the passive loan-out company somehow *personally* committed the physical intrusion or force required for a claim of gender violence.  Besides the facial implausibility of those conclusory allegations, the underlying gender violence statute also makes clear that Profitt Productions is not a proper defendant for that claim.   Nor has Plaintiff cited even a single case that authorizes such a claim against an entity defendant such as Profitt Productions.

Accordingly, the Court should dismiss Plaintiff's First Amended Complaint in its entirety due to Plaintiff's improper use of a pseudonym, and Plaintiff should be required to plead in his real and complete name.  Further, the Court should dismiss without leave to amend the gender violence claim against Profitt Productions.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS CLAIMS IN
FIRST AMENDED COMPLAINT

## II.   LEGAL STANDARD

Plaintiff's attempt to minimize the threshold he must meet to sufficiently allege a claim is unavailing.  (Opp'n at 6-7.)  To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*"); *see also Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  This "facially plausible" standard "is a screening mechanism designed to weed out cases that do not warrant either discovery or trial."  *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013).

As stated in *Twombly* (on which Plaintiff relies), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Twombly*, 550 U.S. at 556.  A complaint should be dismissed under Rule 12(b)(6) where it fails to allege a "cognizable legal theory" or sufficient facts to support such a theory.  *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

Here, besides the specific deficiency of Plaintiff's gender violence claim against Profitt Productions, Plaintiff's First Amended Complaint contains a fundamental defect because it does not identify the party bringing the claims, in violation of Rules 10(a) and 17(a).  A motion to dismiss under Rule 12(b)(6) is appropriately granted under such circumstances.  *See, e.g., Doe v. Apstra, Inc.,* 2018 WL 4028679, at *2 (N.D. Cal. Aug. 23, 2018) (recognizing district courts can dismiss complaint based on failure to comply with Rule 10(a)); *Roe v. State of New York*, 49 F.R.D. 279, 281 (S.D.N.Y. 1970) ("[I]f a complaint does not identify any plaintiff in the title or otherwise, then its filing is ineffective to commence an action.  The Court must be able to identify from the complaint at least one plaintiff by name; otherwise, no action has been commenced.").  Likewise, a motion for a more definite statement under Rule

12(e) is a proper mechanism to require the disclosure of a plaintiff's identity where the plaintiff pleads under a pseudonym.  *See, e.g.*, *Heram v. United States*, 2014 WL 3836912, at \*1-3 (E.D. Cal. Aug. 1, 2014) (granting motion under Rule 12(e) and requiring plaintiff to file amended complaint that contains his actual name).[1]

## III. PLAINTIFF FAILS TO SHOW THIS IS AN EXCEPTIONAL CASE FOR WHICH HIS USE OF A PSEUDONYM SHOULD BE ALLOWED, AND HIS FIRST AMENDED COMPLAINT IS DEFICIENT AND SHOULD BE DISMISSED AS A RESULT

The Ninth Circuit recognizes that using a pseudonym contravenes the well-established requirements under Rules 10 and 17 that a party plead and prosecute a claim in his own name and "runs afoul of the public's common law right of access to judicial proceedings."  *See Does I thru XXXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010) ("The normal presumption in litigation is that parties must use their real names. . . . In this circuit, the common law rights of access to the courts and judicial records are not taken lightly.").  The Ninth Circuit therefore allows a party to proceed anonymously only in an "unusual case," "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Advanced Textile*, 214 F. 3d at 1067-68; *see also Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("It is the exceptional case in which a plaintiff may proceed under a fictitious name.").  Plaintiff's opposition acknowledges the five factors courts consider in determining whether a plaintiff can establish the exceptional circumstances requiring an anonymous pleading, but he fails to provide evidence supporting his demand for anonymity.

---

[1]   As stated in the Motion to Dismiss, if the Court does not dismiss Plaintiff's FAC under Rule 12(b)(6), it should require Plaintiff to amend his pleading under Rule 12(e) to provide a more definite statement that includes his true and complete identity.

**A.   Plaintiff Has Not Alleged Or Demonstrated That Any Threat Of Severe Harm Exists, That Any Such Fear Is Reasonable, Or That He Has Any Particular Vulnerability**

In his opposition, Plaintiff attempts to cobble together a threat of harm severe enough to try to justify his continued use of a pseudonym.  But he provides no evidence of any threat of harm, why his claimed fear is reasonable, or any particular vulnerability – and certainly nothing rising to the exceptional circumstances warranting use of a pseudonym.  Instead, he relies on baseless rumors and inadmissible tabloid reports or social media posts in unrelated matters, in a transparent attempt to prejudice the Court and the public against Mr. Fowler.  *See, e.g.*, *Doe v. Texaco, Inc.*, 2006 WL 2850035, at *2-3 (N.D. Cal. Oct. 5, 2016) (finding inadmissible various newspaper articles being offered to show "[w]hether plaintiffs have an objectively reasonable fear of retaliation for filing this lawsuit").  All of Plaintiff's claims of being in fear of a severe threat of harm fall flat.

<u>First</u>, Plaintiff claims his "work as a private masseuse makes him vulnerable to physical and economic injury."  (Opp'n at 8.)  He claims he is vulnerable to physical injury because the nature of his work may potentially place him alone with a client in a house or hotel room.  (*Id.*)  But Plaintiff provides no evidence in his declaration or elsewhere supporting this claimed vulnerability.  Instead, his declaration states: "I am and have been a massage therapist in and around the Los Angeles area for more than 35 years.  My clientele includes celebrity actors and models."  (ECF No. 19-1 at ¶ 2.) There is no evidence about how his clients are booked, what he or his employer do to schedule and intake clients or protect those in Plaintiff's position, how often he works for "first-time clients," why such purported vulnerability cannot be mitigated, or how or why the disclosure of his name in this lawsuit could aggravate such supposed susceptibility.  Unlike cases involving a minor that may militate toward anonymity, Plaintiff is over sixty years old and has been a masseuse for over thirty-five years. (*Id.* at ¶ 4.)  He has provided no evidence suggesting his supposed "stranger-danger"

1   concern is reasonable or that he is at more of a risk than any other plaintiff in his

2   position.

3       <u>Second</u>, Plaintiff claims he is entitled to use a pseudonym simply because he

4   fears some "economic harm." (Opp'n at 9.)  Plaintiff provides nothing more than the

5   conclusory and unexplained statement in his declaration he is "concerned" that

6   disclosure of his identity will "negatively impact my ability to support myself." (ECF

7   No. 19-1 at ¶ 4.)  Most people rely on their incomes to support themselves, but that

8   alone does not entitle Plaintiff to shield his identity.  Plaintiff provides no authority

9   supporting his contention that hypothetical economic harm entitles him to exceptional

10  treatment.  Nor does Plaintiff attempt to distinguish the numerous cases Defendants

11  cited holding that any potential personal embarrassment, speculative economic harm,

12  or desire for privacy fail to provide sufficient grounds to entitle a plaintiff to proceed

13  anonymously.  *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)

14  ("Ordinarily, those using the courts must be prepared to accept the public scrutiny that

15  is an inherent part of public trials."); *Doe v. Goldman*, 169 F.R.D. 138, 141 (D. Nev.

16  1996) ("Courts have generally rejected attempts to proceed under fictitious names

17  where plaintiffs are concerned solely with economic well-being and possible

18  embarrassment or humiliation."); *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981)

19  ("That the plaintiff may suffer some embarrassment or economic harm is not enough.

20  There must be a strong social interest in concealing the identity of the plaintiff.").

21      <u>Third</u>, in a new attempt to prejudice the Court against Mr. Fowler, Plaintiff

22  makes outlandish and incendiary claims about an internet video from December 2018.

23  (Opp'n at 4-5, 9.)  Specifically, Plaintiff conflates fact and fiction to claim that a video

24  in which Mr. Fowler performs in character somehow is a disguised threat aimed at

25  Plaintiff.  Nothing in the video mentions anything about Plaintiff, his allegations, or

26  this case.  Nothing in the video is "[i]n apparent response to the serious allegations

27  levied against him," as Plaintiff claims in his opposition. (Opp'n at 4.)  And, tellingly,

28  Plaintiff did not mention this December 2018 video in his motion for leave to proceed

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS CLAIMS IN
FIRST AMENDED COMPLAINT

anonymously filed March 1, 2018, which only reinforces that his supposed fear stemming from this YouTube video is a recent invention.  (*See* ECF No. 19.)  Most importantly, the video was issued *before* Mr. Fowler was even served with the complaint, and Plaintiff filed his initial complaint under the Doe pseudonym before the video existed.  The timing demonstrates the video could not have been directed at Plaintiff even under Plaintiff's strained interpretation of it, and that Plaintiff's attempt to use a pseudonym in his pleadings is unrelated to the video.

Plaintiff next references a news article about actor Anthony Rapp and the supposed online comments he received after making allegations of decades-old sexual advances by Mr. Fowler.  (Opp'n at 3-4, 9.)  Besides its irrelevance, the cited article actually undermines Plaintiff's claim; in it, Rapp is quoted as stating the "vast majority of [tweets] have been incredibly supportive," and he mentions *nothing* about any physical harm or attack stemming from his accusations or those online comments.[2]  If negative comments made on social media could justify use of a pseudonym, no case with even a modicum of publicity would be litigated under the parties' real names.  Appropriately, therefore, that is not the standard.  As the Ninth Circuit recognized in the context of affirming the denial of a party's attempt to plead anonymously, "many times people say things anonymously on the internet that they would never say in another context and have no intention of carrying out."  *Kamehameha*, 596 F.3d at 1045 (affirming finding that minor plaintiffs' fear of retaliation was unreasonable where threats of physical harm were directed at plaintiffs in internet postings and the U.S. Attorney warned about increased threats of violence against children in plaintiffs' position.).

Fourth, Plaintiff (or his counsel) tries to manufacture malevolence or threatening behavior from Defendants' recent *ex parte* application.  (Opp'n at 5, 10.)  That *ex parte* application was filed in response to Plaintiff's counsel's refusal to participate in the

---

[2]     *See* Opp'n at 4, n.7, citing https://www.broadwayworld.com/article/Anthony-Rapp-Calls-Out-Social-Media-Attacks-Post-Spacey-Exposure-20171129 (last visited on April 2, 2019).

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS CLAIMS IN
FIRST AMENDED COMPLAINT

1  required Rule 26(f) conference.  (ECF No. 31.)  Defendants' counsel did not abandon
2  any "meet and confer" efforts and, in fact, the opposite is true.  Defendants' counsel
3  repeatedly attempted to schedule the Rule 26(f) conference for over a week before
4  filing the *ex parte* application, and, after ignoring or brushing aside those efforts for
5  several days, Plaintiff's counsel ultimately shut down the communications by stating
6  in no uncertain terms they would not participate in the conference.  (*See generally* ECF
7  Nos. 31 & 31-1.)

8       Undeterred by the facts necessitating Defendants' *ex parte* application, Plaintiff
9  supports his conspiracy theory by relying on a tabloid article to claim the *ex parte*
10  application resulted from a meeting between Mr. Fowler and his counsel the day before
11  the *ex parte* application was filed.  (Opp'n at 5.)  Based on the reporting of the alleged
12  attorney-client meeting, and the date on which the *ex parte* application was filed,
13  Plaintiff reaches the preposterous conclusion "that Defendant's *ex parte* was to
14  appease demands from a high-profile client."  (*Id*.)  Although the mere existence of a
15  meeting between a client and his attorney is not evidence of any wrongdoing, the
16  article on which Plaintiff relies is false on many levels, including that the supposed
17  meeting between Mr. Fowler and counsel of record **did not happen**.  (Barron Supp.
18  Decl., ¶ 2.)  Moreover, it is absurd for Plaintiff to suggest an *ex parte* application filed
19  in response to Plaintiff's refusal to comply with the Federal Rules of Civil Procedure
20  is "telling" of a threatening personality.  And the *ex parte* application's inclusion of a
21  request that Plaintiff's identity be confidentially disclosed to Mr. Fowler's counsel
22  pending the outcome of certain motions could not have been a surprise, as Mr.
23  Fowler's counsel has been seeking disclosure of Plaintiff's identity since late January.
24  (Barron Decl. (ECF No. 22-1), ¶ 4.)

25       In sum, Plaintiff's imagined threats and speculative claims – unsupported by
26  any competent evidence – do not approach the rare circumstances that permit
27  anonymity.  *See, e.g., Doe v. Shakur*, 164 F.R.D. 359, 361-362 (S.D.N.Y. 1996)
28

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS CLAIMS IN
FIRST AMENDED COMPLAINT

(finding sexual assault plaintiff could not maintain anonymity because her privacy concerns outweighed by other factors).

**B.**     **Plaintiff Has Not Shown And Cannot Show His Use of A Pseudonym Will Not Prejudice Defendants, Who Will Be Severely Inhibited In Defending Against Plaintiff's Allegations If His Identity Remains A Secret**

In his opposition, Plaintiff does not claim Defendants will not be prejudiced by his use of a pseudonym, nor could he. Instead, he only claims Mr. Fowler will not be prejudiced by secrecy at this time because this case is "[a]t the pleading stage and discovery has not commenced." (Opp'n at 11.) But it is not premature for Plaintiff to disclose his identity, which he continues to conceal even from Defendants.[3] And the only reason discovery has not begun is because Plaintiff refuses to engage in the Rule 26(f) conference that triggers the opening of discovery. *See* Fed. R. Civ. P. 26(d). When Defendants' counsel attempted to engage in the required Rule 26(f) conference, Plaintiff's counsel stonewalled and refused to participate. (ECF No. 31.) Given Plaintiff's refusal, and approaching statutory deadlines, Defendants had no choice but to seek *ex parte* relief. Plaintiff's obstructionist tactics are particularly inappropriate given his counsel attempted to serve written discovery and noticed Mr. Fowler's deposition before Mr. Fowler had even appeared in this case to remove it to federal court. (Barron Decl. (ECF No. 37-1) at ¶ 8.) Plaintiff cannot justify withholding his identity because discovery has not commenced when he is the one who has prevented that procedural trigger and he already attempted to conduct discovery of his own before removal.

---

[3]     Since late January, Mr. Fowler's counsel has consistently asked Plaintiff's counsel to disclose Plaintiff's identity. And while maintaining that Plaintiff must plead in his own name, Mr. Fowler's counsel offered to keep Plaintiff's identity confidential to allow it to be disclosed to counsel immediately. But Plaintiff's counsel has consistently dragged their feet or outright ignored these requests without explanation. Plaintiff still has not disclosed his identity to defense counsel.

To suggest he should be allowed to continue using a pseudonym, Plaintiff makes gratuitous references to an unrelated criminal matter in another state, and speculates that Mr. Fowler will seek a stay or invoke the Fifth Amendment because of it.  But Mr. Fowler has not sought to stay this case or invoked his Fifth Amendment rights.  To the contrary, Mr. Fowler pressed for the Rule 26(f) conference that would have *opened* discovery.  Moreover, Plaintiff's concerns are irrelevant to whether Plaintiff must litigate in his own name as required.

Plaintiff's repeated justification for secrecy – that this case is at the pleading stage – is nonsensical.  The case was filed over six months ago.  The alleged assault occurred over two-and-a-half years ago.  During that time, Plaintiff has had time to investigate, develop, and plan his anticipated prosecution of this case.  Meanwhile, Plaintiff's concealment deprives Mr. Fowler of the same opportunity to prepare his defense.  And Plaintiff's pleading in his own name is critical to Mr. Fowler's ability to prepare a defense, as use of a pseudonym would complicate and inhibit third-party discovery.  Further, it prevents possible unknown third parties with information about Plaintiff and his factual allegations from offering information relevant to Mr. Fowler's defense.  *See, e.g.*, *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006) ("[C]oncealing the name of a party could deprive a litigant and the court of a chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses.").

**C.**    **Plaintiff Ignores The Public Interest That Requires Plaintiff To Plead In His Own Name Here, and Instead Suggests A New Standard That Would Allow Most Claimants to Litigate Under A Pseudonym**

Finally, Plaintiff dismisses and ignores the strong public interest in open proceedings.  *See, e.g.*, *Kamehameha*, 596 F.3d at 102  ("In this circuit, the common law rights of access to the courts and judicial records are not taken lightly."); *Doe v. Texaco*, 2006 WL 2850035, at *6 (N.D. Cal. Oct. 5, 2006) ("When anyone – local or foreign – invokes the potential power and authority of a Unites States District Court,

the public has a legitimate right to know on whose behalf their institutions are being used, unless good cause to do otherwise is shown."); *Shakur*, 164 F.R.D. at 361 (a party's privacy concerns cannot overcome the "paramount importance of open courts"). Instead, he claims Defendants have not made a showing under this factor while ignoring that Plaintiff has the burden of establishing this is an extreme case that justifies anonymity.

Plaintiff tries to evade the requirement of open courts by making generalized statements about encouraging victims to come forward, and for cases to be decided on the merits. But requiring Plaintiff to comply with the longstanding rules of this forum does not undermine either goal, especially given there is no legitimate threat of harm against him. Mr. Fowler has a right to face his accuser and vindicate his name in a public proceeding. *See, e.g.*, *Kamehameha*, 596 F.3d at 1042. Those rights are not undermined or discarded simply because Mr. Fowler is a famous actor. And the erosion of the well-established standards for public access demanded by the Federal Rules and controlling authorities will open the door for nearly any claim against a public figure to be litigated outside the public view.

## IV. PLAINTIFF DOES NOT AND CANNOT ESTABLISH THAT THE FAC ALLEGES A FACIALLY PLAUSIBLE CLAIM FOR GENDER VIOLENCE AGAINST PROFITT PRODUCTIONS, WHICH IS AN IMPROPER DEFENDANT FOR THAT CLAIM

Separate from his deficient pleading due to the use of a pseudonym, Plaintiff's claim for gender violence against Profitt Productions fails as a matter of law and should be dismissed.[4] In his opposition, Plaintiff barely addresses this point and instead

---

[4] As set forth in Mr. Fowler's motion for misjoinder, Profitt Productions should not be joined as a party even in the unlikely event the lone claim against it were sufficient to survive a motion to dismiss. *See, e.g.*, *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999) (rejecting post-removal joinder of non-diverse party even though plaintiff "might survive a motion to dismiss because of the liberal pleading rules").

1   simply claims Profitt Productions has been provided "fair notice" of the claim against

2   it.  (Opp'n at 13-14.)

3          But Plaintiff's shifting legal theory is fatally flawed.  As pointed out in the

4   opening brief, the gender violence statute specifically disallows any type of vicarious

5   or indirect liability.  *See, e.g.*, Cal. Civ. Code § 52.4(e); *Jones v. Kern High School*

6   *Dist.*, 2008 WL 3850802, at *29 (E.D. Cal. Aug. 14, 2008) (recognizing "the

7   proscription against vicarious liability set forth in Section 52.4(d) [now Section

8   52.d(e)]."); *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *10-11 (C.D. Cal. Dec. 18,

9   2009) (rejecting available of gender violence claim under a "ratification" theory).

10  Plaintiff now claims Profitt Productions is "directly, not vicariously, liable," (*see*

11  Opp'n at 14), because it *personally* used physical force, or committed an intrusion onto

12  or invasion of Plaintiff, as required for a gender violence claim.  *See* Cal. Civ. Code

13  § 52.4(c), (e).  But Plaintiff cites no case in which the gender violence statute was

14  applied against a corporate entity or an alter ego, as Plaintiff attempts to do here.[5]  Nor

15  has Defendants' counsel found any case permitting a claim in those circumstances.

16  And the statutory language suggests only natural persons, not entities, can be a target

17  of the claim because only natural individuals can "personally" commit the physical

18  force, intrusion, or invasion necessary to state a claim.  *See, e.g.*, Black's Law

19  Dictionary (10th ed. 2014) (defining "person" as "A human being").

20

21

22

23          [5]     Further, any alter ego liability theory makes no sense and would only
    reinforce why Profitt Productions is *not* a necessary or party defendant.  The alter

24  ego theory holds individual shareholders liable for the acts of the corporation
    without the shield of the corporate form.  Although not clearly articulated, Plaintiff

25  seeks to invert the theory, and hold the corporation liable for the acts of Mr. Fowler.
    That is not how alter ego liability works, and Plaintiff provides no support for

26  applying a "reversed" alter ego theory.  Moreover, a required element of the alter
    ego theory is that "there must be an inequitable result if the acts in question are

27  treated as those of the corporation alone."  *Shaoxing County Huayue Import &*
    *Export v. Bhaumik*, 191 Cal. App. 4th 1189, 1198 (2011).  Plaintiff fails to satisfy

28  that element here, since Mr. Fowler is already a party and the one from whom
    Plaintiff seeks relief directly.

# V.    CONCLUSION

In sum, Plaintiff has not established, and cannot establish, that this is an exceptional case justifying his pleading anonymously.  All of his claims, therefore, should be dismissed, or, alternatively, he should be required to amend his pleading to provide a more definite statement disclosing his full and complete identity.  Separately, Plaintiff's claim for gender violence against Profitt Productions should be dismissed without leave to amend, because the allegations cannot support any viable claim against that entity.

Respectfully submitted,

Dated: April 2, 2019                KELLER/ANDERLE LLP

By:   _/s/ Jennifer L. Keller_

Jennifer L. Keller
Chase A. Scolnick
Jay P. Barron

*Attorneys for Defendant*
*Kevin Spacey Fowler*

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am over the age of 18 and not a party to the within action.  My business address is 18300 Von Karman Avenue, Irvine, California 92612-1057.  On **April 2, 2019**, I served the foregoing document described as

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF JOHN DOE'S CLAIMS OR, ALTERNATIVELY, TO REQUIRE PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

     SERVED BY U.S. MAIL:  There are currently no individuals on the list to receive mail notices for this case.

     SERVED BY CM/ECF.  I hereby certify that, on **April 2, 2019**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The filing of the foregoing document will send copies to the following CM/ECF participants:

     The following are those who are currently on the list to receive e-mail notices for this case.

     Genie Harrison, genie@genieharrisonlaw.com
     Amber Phillips, amber@genieharrisonlaw.com
     Mary Olszewska, mary@genieharrisonlaw.com

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on **April 2, 2019** at Irvine, California.

                               */s/ Courtney L. McKinney*
                                 Courtney L. McKinney