KELLER/ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Avenue, Suite 930
Irvine, California 92612
Tel.:  (949) 476-8700
Fax:  (949) 476-0900

*Attorneys for Defendants*
KEVIN SPACEY FOWLER &
M. PROFITT PRODUCTIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>KEVIN SPACEY FOWLER, an individual, M. PROFITT PRODUCTIONS, INC., a California Corporation, and DOES 1-9, inclusive.<br><br>                    Defendant. | Case No.: 2:19-cv-00750-RSWL (SSx)<br><br>**DEFENDANT FOWLER'S REPLY IN SUPPORT OF MOTION FOR MISJOINDER RE NEWLY-NAMED DEFENDANT M. PROFIT PRODUCTIONS, INC.**<br><br>**[28 U.S.C. § 1447(e); Fed. R. Civ. P. 21]**<br><br>Date:   April 16, 2019<br>Time:  10:00 a.m.<br>Dept.:  TBD<br><br>Complaint Filed: September 27, 2018 |

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................. 1

II.   PLAINTIFF INCORRECTLY CLAIMS HE CAN FORCE THIS
      COURT TO REMAND BY UNILATERALLY JOINING
      PROFITT PRODUCTIONS.  BUT HIS ATTEMPTED POST-
      REMOVAL JOINDER OF A NON-DIVERSE PARTY MUST
      SATISFY THE EXACTING STANDARDS UNDER 28 U.S.C.
      § 1447(e). ........................................................................................... 2

III.  PLAINTIFF'S OPPOSITION FAILS TO SHOW HIS
      PROPOSED JOINDER SHOULD BE PERMITTED UNDER 28
      U.S.C. § 1447(e), AND  ALL RELEVANT FACTORS WEIGH
      AGAINST JOINDER ........................................................................... 6

      A.    Profitt Productions Is Not A Necessary Party ....................... 7

      B.    Plaintiff Delayed His Attempt to Name Profitt Productions ............... 9

      C.    Plaintiff's Attempted Joinder Is A Tactic Aimed To
            Destroy Diversity .................................................................. 10

      D.    Plaintiff's Gender Violence Claim Against Profitt
            Productions is Legally and Factually Unsupported, And
            Plaintiff Provides No Evidence or Authority to the
            Contrary................................................................................. 11

      E.    The Statute of Limitations Is Not A Bar If Joinder Is
            Denied .................................................................................... 12

      F.    Plaintiff Cannot Be Prejudiced If Profitt Productions Is
            Not Joined .............................................................................. 13

IV.   CONCLUSION ................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317 (S.D. Fla. 2017).........................................................................................4

*Blowers v. Ford Motor Co.*, 2018 WL 654415 (C.D. Cal. Jan. 31, 2018)...............5

*Boon v. Allstate Ins. Co.* 229 F. Supp. 2d 1016 (C. D. Cal. 2002)...................passim

*Calderon v. Lowe's Home Centers, LLC*, 2015 WL 3889289 (C.D. Cal. June 24, 2015) ................................................................................7

*Clinco v. Roberts*, 41 F. Supp. 2d 1080 (C.D. Cal. 1999)...............................passim

*Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371 (9th Cir. 1980)..........................................................................................2

*Glover v. Kia Motors Am., Inc.*, 2018 WL 1976033 (W.D. Tenn. Apr. 25, 2018)...............................................................................6, 13

*Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987) ......................................4

*Mayes v. Rapoport*, 198 F.3d 457 (4th Cir. 1999)...........................................4, 5, 13

*McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258 (E.D.N.Y. 2010) ..........................................................................6

*McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601 (S.D. Cal. 2014)................3, 7

*McNamara v. Wells Fargo Bank, N.A.* 2018 WL 6435323 (C.D. Cal. Dec. 7, 2018) ..............................................................................3

*Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998) ..............................13

*Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484 (10th Cir. 1991) ........................4

*Shaoxing County Huayue Import & Export v. Bhaumik*, 191 Cal. App. 4th 1189 (2011) ...................................................................8

*Telecom Decision Makers, Inc. v. Acces Integrated Networks, Inc.*, 654 F. Appx. 218 (6th Cir. 2016) ...............................................4

**Statutes**

28 U.S.C. § 1447(e) .....................................................................................passim

Cal. Civ. Code § 335.1 ...............................................................................13

Cal. Civ. Code § 52.4(c) ........................................................................8, 12

Cal. Civ. Code § 52.4(e) ........................................................................8, 12

Cal. Civ. Code § 472.......................................................................................9

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR MISJOINDER

**Other Authorities**

Black's Law Dictionary (10th ed. 2014) ................................................................ 8

**Rules**

Fed. R. Civ. P. 15 ................................................................................................ 2, 5

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR MISJOINDER

# I.    INTRODUCTION

Plaintiff John Doe's opposition to defendant Kevin Spacey Fowler's motion for misjoinder offers nothing more than contrived and conclusory rationalizations for its attempted joinder of the non-diverse M. Profitt Productions, Inc.  When viewed outside the context of its diversity-destroying effect, the attempted joinder of Profitt Productions makes no sense.  The claim against Profitt Productions duplicates one of the existing claims, and provides no avenue for different or greater relief than that sought in the original complaint.  It is made nearly two-and-a-half years after the alleged incident and nearly five months since the original complaint (but only 19 days after removal), and Plaintiff provides no explanation for why Profitt Productions was not identified until after removal.  The sole claim against Profitt Productions has no factual support, and instead is premised on speculative allegations that already have been refuted by unrebutted evidence.  And it is legally untenable because the gender violence statute specifically prohibits vicarious liability, and Profitt Productions – a passive loan-out company – could not have *personally* used the physical force, or committed the intrusion onto or invasion of Plaintiff required under the statute.  No case has permitted the amorphous theory of gender violence liability Plaintiff attempts to assert against Profitt Productions, and Plaintiff does not cite anything to suggest otherwise.

Plaintiff failed to assert any cognizable theory of liability against Profitt Productions.  Plaintiff's sole motivation for adding Profitt Productions was because it is a nondiverse entity.  There is no legitimate threat of duplicate litigation, and any remote potential for a satellite action against Profitt Productions cannot overcome the considerations militating denial of joinder.  All the factors courts consider for such post-removal amendments weigh strongly in favor of denying joinder here.  Perhaps recognizing his tenuous position, Plaintiff resorts to the assertion – made against the great weight of authority – that he has the right to amend his complaint unilaterally, that the Court cannot do anything about the joinder, and that the Court must remand

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR MISJOINDER

1   as a result.  Not so.  District courts are required to closely scrutinize such amendments

2   to ensure there is a legitimate need to add a diversity-destroying party.  If the attempted

3   joinder is unnecessary or the result of an improper motive, district courts routinely

4   reject joinder.  The Court should do so here.

5   **II.    PLAINTIFF INCORRECTLY CLAIMS HE CAN FORCE THIS**

6   **COURT TO REMAND BY UNILATERALLY JOINING PROFITT**

7   **PRODUCTIONS.    BUT HIS ATTEMPTED POST-REMOVAL**

8   **JOINDER OF A NON-DIVERSE PARTY MUST SATISFY THE**

9   **EXACTING STANDARDS UNDER 28 U.S.C. § 1447(e).**

10          Without discussing or attempting to distinguish any of the authorities cited in

11  the Motion, Plaintiff contends that Rule 15(a) allows him to amend unilaterally as a

12  matter of course without any of the scrutiny required under 28 U.S.C. § 1447(e).  He

13  is mistaken.  While the Ninth Circuit has not yet weighed in on the precise issue of the

14  interplay between Rule 15(a) and 28 U.S.C. § 1447(e) in the case of post-removal

15  joinder of nondiverse parties, it has found in a slightly different procedural context that

16  a plaintiff's motive in amending to add a nondiverse party must be examined, stating

17  "a trial court should look with particular care at such motive in removal cases, when

18  the presence of a new defendant will defeat the court's diversity jurisdiction and will

19  require a remand to the state court."  *Desert Empire Bank v. Ins. Co. of N. Am.*, 623

20  F.2d 1371, 1376 (9th Cir. 1980); *see also Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087

21  (C.D. Cal. 1999).  Moreover, the overwhelming majority of district courts within the

22  Ninth Circuit, and other circuit courts addressing the issue, have determined the more

23  exacting standards of 28 U.S.C. § 1447(e) apply even where a plaintiff unilaterally

24  attempts to join a party by amendment under Rule 15.

25          As stated in the Motion (and ignored in the opposition), *Clinco* is directly on

26  point.  There, the court found that "Rule 15(a) does not apply to allow permissive

27  amendment destroying diversity jurisdiction."  *Clinco*, 41 F. Supp. 2d at 1086-1087.

28  The court found that the policy behind Rule 15 supported this interpretation, because

1  the liberal amendment provisions are "designed to help the parties and the court reach
2  the merits of a dispute" and this intent would be frustrated if "plaintiff were permitted
3  to amend a complaint solely to manipulate the forum in which the complaint will be
4  heard." *Id*. at 1087.  If the permissive standards of Rule 15 governed, then "it could
5  be used quite often" given the rules requiring removal promptly after service of the
6  complaint, which would allow opportunistic plaintiffs to manipulate the pleading by
7  adding a nominal but nondiverse party shortly after removal.  *Id*. at 1087 n. 4.
8  Therefore, "Rule 15(a)'s presumption of the amendment's validity cannot apply" to
9  post-removal amendments adding a nondiverse party.  *Id*. at 1087-1088.  Following
10 *Clinco*, district courts in California consistently reach the same conclusion.  *See, e.g.,*
11 *Boon v. Allstate Ins. Co*. 229 F. Supp. 2d 1016, 1020 n.2 (C.D. Cal. 2002); *McGrath*
12 *v. Home Depot USA, Inc*., 298 F.R.D. 601, 607-608 (S.D. Cal. 2014); *McNamara v.*
13 *Wells Fargo Bank*, *N.A*. 2018 WL 6435323, at *4 (C.D. Cal. Dec. 7, 2018) (stating "all
14 California district courts and the majority of district courts in the Ninth Circuit" to
15 address the issue have required scrutiny under 28 U.S.C. § 1447(e)).

16      In *McGrath*, the court found it had a "responsibility to scrutinize the purpose
17 behind Plaintiff's attempt to join non-diverse Defendants in a diversity jurisdiction
18 case," and rejected an attempt to add a nondiverse party under Rule 15(a) after
19 removal.  *McGrath*, 298 F.R.D. at 609.  In doing so, the court rejected the same
20 argument made by Plaintiff here, and found Rule 15(a)'s permissive amendment
21 standard did not apply when plaintiff sought to add a nondiverse party.  The court
22 explained that "the majority of district courts in the Ninth Circuit addressing the
23 specific situation of a plaintiff attempting to use Rule 15(a) amendment 'as a matter of
24 course' to destroy diversity jurisdiction by adding claims against a non-diverse
25 defendant have scrutinized the plaintiff's purposes for amendment under section
26 1447(e)."  *Id*. at 607.  Also, "while Rule 15(a) addresses amendment of pleadings
27 generally, 28 U.S.C. section 1447(e) addresses the specific situation of post-removal
28 joinder of non-diverse defendants."  *Id*.  Further, the court reasoned that "the Ninth

1  Circuit has recognized that a plaintiff's motives are relevant to the question of whether

2  district courts should allow amendment to a complaint to add a party even under the

3  liberal amendment policy set forth in Rules 15 and 20." *Id.*

4      Circuit courts that have addressed the issue also agree that all post-removal

5  amendments must be scrutinized under the standards of 28 U.S.C. § 1447(e). *See, e.g.,*

6  *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999). As the Fourth Circuit stated in

7  *Mayes*:

8         Reading Rule 15(a) in connection with Fed. R. Civ. P. 19 and 21, and

9         28 U.S.C. § 1447(e), resolves any doubts over whether the district

10         court has authority to pass upon any attempts – even those for which

11         the plaintiff needs no leave of court – to join a nondiverse defendant.

12         . . . . [A] district court has the authority to reject a post-removal

13         joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was

14         without leave of court.

15  *Id.* at 462 n. 11; *see also Telecom Decision Makers, Inc. v. Acces Integrated Networks,*

16  *Inc.*, 654 F. Appx. 218, 221 (6th Cir. 2016) (affirming district court's denial of motion

17  to amend and finding decision not governed by Rule 15(a) but "was in fact governed

18  by 28 U.S.C. § 1447(e)"); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th

19  Cir. 1991) (rejecting assumption that "a party may force remand of an action after its

20  removal from state court by amending the complaint to destroy the federal court's

21  jurisdiction over the action"); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.

22  1987) (vacating order allowing joinder of non-diverse party after removal "as a routine

23  matter" without exercising discretion over the joinder); *Andreasen v. Progressive*

24  *Express Ins. Co.*, 276 F. Supp. 3d 1317, 1323 (S.D. Fla. 2017) (finding plaintiff's

25  argument that Rule 15 controlled to be "perplexing considering the overwhelming

26  weight of authority holds the exact opposite").

27      The court in *Mayes* also "emphasiz[ed] that the district court was correct to

28  carefully scrutinize [plaintiff's] attempt to add a nondiverse defendant after removal.

Especially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." 198 F.3d at 463.

To claim his joinder of Profitt Productions must be blindly accepted by this Court without question despite the overwhelming weight of authorities cited above, Plaintiff relies only on a single, unpublished case that is easily distinguishable and has never been cited by any other court for the conclusion on which Plaintiff relies. In *Blowers v. Ford Motor Co.*, 2018 WL 654415, at *3 (C.D. Cal. Jan. 31, 2018), the court recognized that courts in this district typically have held that a party may not unilaterally amend to destroy diversity. And suggestive of the tenuous ground on which it deviated from those opinions, the court in *Blowers* did not rely solely on its outlier interpretation of Rule 15 but instead analyzed the joinder under both 28 U.S.C. § 1447(e) and Rule 15, rendering its Rule 15 interpretation unnecessary. *Id*. at *4.

Further, the circumstances in *Blowers* were different than those here. The plaintiff there amended his manufacturing defect complaint after removal to assert a new, distinct claim against the manufacturer and the dealership at which the vehicle was purchased. The dealership was a new, non-diverse defendant. The court's analysis under both Rule 15 and 28 U.S.C. § 1447(e) found that the new claim against the dealership appeared to be facially valid. Here, however, Plaintiff is not adding a new claim, as he already asserted a gender violence claim in the original complaint. Additionally, unlike in *Blowers*, the claim against Profitt Productions is invalid, as it is not a proper defendant for that claim, and the claim against it is legally and factually unsupportable.

Finally, even if Plaintiff were correct that the Court has no choice but to permit his amendment under Rule 15 (which he is not), the Court *still* would need to weigh the factors under 28 U.S.C. § 1447(e) because "the Court can effectively deny joinder under § 1447(e) by exercising its power to drop a party, *sua sponte*, under Rule 21,

1  Federal Rules of Civil Procedure." *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F.
2  Supp. 2d 258, 262 (E.D.N.Y. 2010).  Here, not only does the Court have *sua sponte*
3  power to drop a party under Rule 21, Mr. Fowler has brought this Motion under that
4  rule.

5      Because Plaintiff attempted to destroy diversity through an amendment that
6  adds a nondiverse party, Plaintiff's attempted joinder must be examined under the
7  standards of 28 U.S.C. § 1447(e) and not Rule 15(a).

8  **III.   PLAINTIFF'S OPPOSITION FAILS TO SHOW HIS PROPOSED**
9  **JOINDER SHOULD BE PERMITTED UNDER 28 U.S.C. § 1447(e),**
10  **AND  ALL RELEVANT FACTORS WEIGH AGAINST JOINDER**

11      Under 28 U.S.C. § 1447(e), district courts must scrutinize post-removal
12  amendments that aim to destroy diversity. *See, e.g., Clinco*, 41 F. Supp. 2d at 1088.
13  In doing so, courts evaluate several factors, including whether the new defendant is a
14  necessary party, whether the plaintiff delayed in bringing the proposed amendment,
15  whether the amendment is motivated by a desire to defeat federal jurisdiction, and
16  whether the claim against the new party seems valid. *See, e.g., id.* at 1082; *Boon*, 229
17  F. Supp. 2d at 1019-1020.  The plaintiff's motive for attempting to join the nondiverse
18  defendant is of "paramount importance." *Glover v. Kia Motors Am., Inc.*, 2018 WL
19  1976033, at *4 (W.D. Tenn. Apr. 25, 2018); *see also Desert Empire Bank*, 623 F.2d at
20  1376-1377; *Clinco*, 41 F. Supp. 2d at 1083.

21      All the relevant factors weigh against joinder of Profitt Productions.  Plaintiff
22  responds by repeating his counsel's statement that she only recently learned about the
23  existence of Profitt Productions, and her allegation that Profitt Productions has some
24  "serious and feasible liability."  (Opp'n at 9.)  But Plaintiff articulates no legal theory
25  demonstrating Profitt Productions is a proper defendant to his gender violence claim.
26  And Plaintiff fails to address the evidence submitted with the Motion demonstrating
27  that Profitt Productions could not have had anything to do with the supposed physical
28

1   invasion described in the FAC.  Instead, Plaintiff repeats the same unsubstantiated
2   conclusions and speculation without offering any evidence of his own.

3        As Plaintiff's attempted joinder cannot withstand the scrutiny required under 28
4   U.S.C. § 1447(e), Profitt Productions should be dropped from this case, which should
5   remain in federal court where it belongs.

6        **A.    Profitt Productions Is Not A Necessary Party**

7        Profitt Productions is not needed for complete relief to be achieved between
8   Plaintiff and Mr. Fowler.  A party only tangentially related to the alleged wrongdoing
9   cannot be deemed a necessary party under Rule 19 to destroy diversity.  "Courts that
10  have approved discretionary joinder look at least for a *high degree* of involvement by
11  the defendant in the occurrences that gave rise to the plaintiff's cause of action." *Boon*,
12  229 F. Supp. 2d at 1022 (emphasis added); *see also McGrath*, 298 F.R.D. at 608
13  (finding nondiverse defendants sought to be added after removal were not necessary
14  parties because the allegations did not suggest the new defendants were "highly
15  involved," and the allegations against them were brief and "allege no basis for recovery
16  . . . separate and apart from the relief sought against [existing defendant].").
17  Additionally, courts deny diversity-destroying joinder where the allegations against
18  the new party simply duplicate the existing ones and plaintiff fails to show complete
19  relief cannot be obtained from the existing defendant.  *See, e.g.*, *Calderon v. Lowe's
20  Home Centers, LLC*, 2015 WL 3889289, at *4 (C.D. Cal. June 24, 2015).

21       Here, Plaintiff's belated claim that Profitt Productions "directly committed" acts
22  of gender violence against him is belied by his acknowledgment that he apparently did
23  not even know until recently that the entity existed.  To try to implicate Profitt
24  Productions, Plaintiff merely "believes" and "thereon alleges" that Mr. Fowler was
25  conducting filming through Profitt Productions around the time of the alleged assault,
26  or that Profitt Productions had rented the Malibu house at which the alleged assault
27  took place.  Plaintiff's opposition repeats his conclusory allegations (1) without
28  addressing Mr. Fowler's declaration undermining the factual allegations on which

Plaintiff's claim against Profitt Productions is based – *i.e.*, Mr. Fowler was *not* filming through Profitt Productions and Profitt Productions did *not* rent any house in Malibu around the time of the allegations – and (2) without submitting any evidence supporting or explaining the basis for his allegations.  Even if there were filming at the house as Plaintiff contends for the first time in his FAC, it was not related to Profitt Productions.

Besides the lack of any viable factual allegations against Profitt Productions, Plaintiff's shifting legal theory is unsupported by the statutory language.  Plaintiff alleges in the FAC that Mr. Fowler was acting as, or for the benefit of, Profitt Productions.  (FAC, ¶ 5.)  But since Plaintiff cannot hold Profitt Productions liable on any vicarious liability, respondeat superior, or other type of indirect liability theory, (*see* Mot. at 8), Plaintiff now claims Profitt Productions is directly liable because it "personally" used physical force, or committed an intrusion onto or invasion of Plaintiff, as required for a gender violence claim.  *See* Cal. Civ. Code § 52.4(c), (e).  But Plaintiff does not cite any case in which the gender violence statute was applied against a corporate entity or an alter ego, as Plaintiff attempts to do here.[1]  Nor has Defendants' counsel found any case permitting a claim in such circumstances.  And the statutory language suggests only natural persons, not entities, can be a target of the claim because only natural individuals can "personally" commit the physical force, intrusion, or invasion necessary to state a claim.  *See, e.g.*, Black's Law Dictionary (10th ed. 2014) (defining "person" as "A human being").

---

[1]      Further, any alter ego liability theory makes no sense and would only reinforce why Profitt Productions is *not* a necessary or party defendant.  The alter ego theory holds individual shareholders liable for the acts of the corporation without the shield of the corporate form.  Although not clearly articulated, Plaintiff seeks to invert the theory, and hold the corporation liable for the acts of Mr. Fowler.  That is not how alter ego liability works, and Plaintiff provides no support for applying a "reversed" alter ego theory.  Moreover, a required element of the alter ego theory is that "there must be an inequitable result if the acts in question are treated as those of the corporation alone."  *Shaoxing County Huayue Import & Export v. Bhaumik*, 191 Cal.App.4th 1189, 1198 (2011).  Plaintiff fails to satisfy (or even allege) that element here, since Mr. Fowler is already a party and the one from whom Plaintiff seeks relief directly.

1    Further proving that Profitt Productions is not a necessary party, Plaintiff admits

2    the relief he seeks against Profitt Productions is identical to that which he seeks against

3    Mr. Fowler, not something greater or different than what was sought in the original

4    complaint. (Opp'n at 9.)  Plaintiff cannot obtain any relief from Profitt Productions

5    that could not also be gained from the existing defendant, Mr. Fowler, especially given

6    Profitt Productions (unlike Mr. Fowler) is not a party to the assault and battery causes

7    of action at the heart of his complaint.  Accordingly, Plaintiff's threat that denying

8    joinder would result in separate lawsuits lacks merit.

9    **B.    Plaintiff Delayed His Attempt to Name Profitt Productions**

10    Plaintiff claims his lack of delay in naming Profitt Productions is shown by his

11    filing the proposed amendment shortly after removal (*i.e.*, within 21 days of Mr.

12    Fowler's original Rule 12 motion).  (Opp'n at 10-11.)  But Plaintiff is not absolved

13    from delay merely on that basis.  Plaintiff waited nearly two-and-a-half years after the

14    alleged incident and nearly five months after filing of this case to name Profitt

15    Productions.  And the sudden amendment to name Profitt Productions so soon after

16    removal demonstrates the "amendment of the complaint was caused by the removal

17    rather than an evolution of his case."  *Clinco*, 41 F. Supp. 2d at 1083.

18    To distract from the delay, Plaintiff discusses his purported efforts to locate and

19    serve Mr. Fowler with the complaint at the outset of the case.  But his efforts to serve

20    his complaint are irrelevant to whether he is amending his complaint for an improper

21    purpose.  Moreover, to the extent he investigated Mr. Fowler, he could have and should

22    have learned about the existence of Profitt Productions then.  Plaintiff therefore could

23    have amended his complaint to add Profitt Productions at any time in the over four

24    months this case was in the superior court.  *See* Cal. Civ. Proc. Code § 472.  But he

25    did not.  And the reason he did not is because there was, and still is, no legitimate

26    reason for Profitt Productions to be named.

27    Plaintiff fails to advance anything but a conclusory explanation for his delay in

28    naming Profitt Productions.  Plaintiff's counsel states in her declaration that her firm

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR MISJOINDER

did not learn about Profitt Productions until recently.  She provides no explanation for how it was discovered or why it was not discovered earlier.  (Olszewska Decl., ¶ 5.) It appears the impetus for the discovery of Profitt Productions was the removal, which prompted a desire to find any nondiverse party affiliated with Mr. Fowler whom Plaintiff could attempt to join in this case.  Plaintiff apparently saw no need to search for other defendants during the two year limitations period for his assault and battery claim, and now seeks to destroy diversity by adding Profitt Productions to the one claim for which the limitations period has not run.  But courts should be skeptical where a plaintiff seeks to join "a diversity-destroying party *whose identity was ascertainable and thus could have been named in the first complaint*."  *Boon*, 229 F. Supp. 2d at 1022-1023 (emphasis added).  Plaintiff has provided no justification for the delay, and this factor weighs against joinder.

## C.    Plaintiff's Attempted Joinder Is A Tactic Aimed To Destroy Diversity

The delay in Plaintiff's attempted joinder, the timing of his amendment so soon after removal, and the weakness of his claim against Profitt Productions all demonstrate Plaintiff's improper motive.  Even if Plaintiff did not learn about Profitt Productions until recently, the reason is because Plaintiff saw a need to find and name any nondiverse party against whom it could make speculative allegations to try to defeat diversity jurisdiction.  Plaintiff readily discovered the existence of Profitt Productions once it had a strategic (procedural) motive to look for it.  Plaintiff's counsel never mentioned the desire to add a party before the FAC was filed – disclosing Plaintiff's intent to amend the complaint to eliminate the time-barred false imprisonment claim, but never the intention to add a party, let alone a nondiverse one.[2] (Barron Decl. (ECF No. 26-1), ¶ 4-5.)

---

[2]      Similar gamesmanship occurred in *Boon*, where (as here) defense counsel outlined certain deficiencies in the original complaint in advance of a motion to dismiss, and plaintiff's counsel agreed to file an amended complaint to correct the deficiencies without ever disclosing any intention to add a new defendant.  *Boon*, 229 F. Supp. 2d at 1024.

Plaintiff's joinder of Profitt Productions is premised only on Plaintiff's speculation that Profitt Productions is liable because it rented a house in Malibu at which the alleged incident occurred, and that Mr. Fowler was involved in filming through Profitt Productions at that time.  But Plaintiff's allegations are factually wrong, as evidenced by Mr. Fowler's declaration filed with the Motion.  Yet Plaintiff persists in his opposition by restating his speculative allegations without addressing Mr. Fowler's evidence or submitting evidence of his own.[3]

And as explained in the Motion and this reply, Plaintiff's legal theory against Profitt Productions has no support in the gender violence statute or any other legal authority.  Plaintiff has no factual or legal basis for its claim against Profitt Productions, and the attempted joinder of it was done merely to "create some procedural advantage."  *Clinco*, 41 F. Supp. 2d at 1087.

### D.   Plaintiff's Gender Violence Claim Against Profitt Productions is Legally and Factually Unsupported, And Plaintiff Provides No Evidence or Authority to the Contrary.

Plaintiff's claim against Profitt Productions is frivolous, and lacks any legal or factual support.  The FAC suggests the slender reed supporting its attempted joinder of Profitt Productions was the California Secretary of State filing that shows Mr. Fowler is affiliated with the entity.  Plaintiff's opposition only reinforces that point because he provides no evidence at all to support any of his allegations, all of which are made only on information and belief, not from any personal knowledge.

---

[3]   Plaintiff suggests he should be able during discovery to test the sufficiency of statements by Mr. Fowler in his declaration.  (Opp'n at 4 n. 5.)  But Plaintiff should not be allowed to add a party and then conduct discovery to justify that joinder.  Instead, Profitt Productions should be dropped as a party pending Plaintiff's discovery of any possible basis for its joinder (which does not exist).  Plaintiff's premise is also flawed because post-removal joinder of a nondiverse party is not allowed where the claim appears to be weak on the merits, even where it may survive a motion to dismiss.  *Clinco*, 41 F. Supp. 2d at 1084.  Plaintiff had the opportunity to submit some evidence to support or explain his allegations against Profitt Productions, made only on information and belief.  He did not do so.

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR MISJOINDER

To name Profitt Productions, Plaintiff relies on his assertion (made for the first time in the FAC) that there was filming going on at the Malibu house at which the alleged attack took place.  (Opp'n at 9; FAC, ¶¶ 5, 12.)  But that is irrelevant.  Even if there were filming at that location, that does not mean Profitt Productions was involved.  And the unrefuted evidence is that Mr. Fowler was *not* involved in any filming through Profitt Productions at any point around the time of the alleged gender violence.  (Fowler Decl. (ECF No. 26-2), ¶ 3.)  Plaintiff also speculates that Profitt Productions rented the Malibu house.  (Opp'n at 9.)  But, again, that is not only irrelevant, but disproved by unrebutted evidence that Profitt Productions never rented a house in Malibu at any time around when the alleged assault took place.  (Fowler Decl. (ECF No. 26-2), ¶ 4.)

Plaintiff's legal theory fares no better.  Recognizing that the gender violence statute disallows vicarious liability, Plaintiff claims in his opposition that Profitt Productions "directly committed" acts of gender violence against him.  This new theory – that Plaintiff was physically attacked by a loan-out company created for tax purposes – is absurd.  And it is legally unsupported.  As stated above, no case has ever applied the gender violence statute against a corporate entity.  That is not surprising given the language of the gender violence statute specifically limiting claims under it to those who *personally* used physical force, or committed an intrusion onto or invasion of Plaintiff.  *See* Cal. Civ. Code § 52.4(c), (e).  Profitt Productions is not a proper defendant for that claim.

**E.     The Statute of Limitations Is Not A Bar If Joinder Is Denied**

Another factor is whether the statute of limitations bars a claim against Profitt Productions if joinder is denied.  Plaintiff's opposition fails to address this factor, instead repeating his conclusory allegations stated elsewhere.  (Opp'n at 11.)  Because the gender violence claim against Profitt Productions would not be time-barred if joinder is denied, this factor weighs against joinder.  *See Clinco*, 41 F. Supp. 2d at 1083; *Boon*, 229 F. Supp. 2d at 1023.

**F.     Plaintiff Cannot Be Prejudiced If Profitt Productions Is Not Joined**

Plaintiff's suggestion he would be unduly prejudiced by the refusal to join Profitt Productions is incorrect.  The likelihood of duplicative litigation is remote.  Not only is Plaintiff's claim against Profitt Productions frivolous, he can get no relief from Profitt Productions that he could not already obtain from the existing defendant, Mr. Fowler.  In fact, the relief he can seek from Profitt Productions is *less* than what he could obtain from Mr. Fowler; Mr. Fowler is already named as a defendant in Plaintiff's remaining claims, and the statute of limitations bars Plaintiff from asserting those claims against Profitt Productions now.  *See, e.g.*, Cal. Civ. Proc. Code, § 335.1 (two years limitations claim for assault and battery causes of action).

Further, to the extent Plaintiff believes Profitt Productions has relevant information, Plaintiff can subpoena it.  Plaintiff could proceed in state court if he wishes to bullheadedly pursue his claim against Profitt Productions, and any burden of pursing two separate actions cannot be prioritized over improper post-removal amendments.  *See Newcombe v. Adolf Coors Co*., 157 F.3d 686, 691 (9th Cir. 1998) ("[Plaintiff] would not suffer undue prejudice due to Cassidy's absence as a party because he could subpoena Cassidy to testify at trial, and if he so chose, he could still proceed separately against Cassidy in state court."); *Boon*, 229 F. Supp. 2d at 1025 (recognizing that parallel actions in state and federal court may be more difficult but that the "interests of judicial economy are not unreasonably burdened" by requiring plaintiff to pursue claims in state court against a defendant added after removal).

In contrast, Mr. Fowler would be burdened if Plaintiff were permitted to manipulate jurisdiction to send this case back to state court.  "Out-of-state defendants have a right to a federal forum that finds its roots in the Constitution."  *Glover*, 2018 WL 1976033, at *9 (internal citations omitted).  "Careful scrutiny of attempts at post-removal, non-diverse joinder protects the diverse defendant's interest in keeping the action in federal court."  *Mayes*, 198 F.3d at 463 (internal quotations omitted).

## IV.    CONCLUSION

In sum, all of the factors under 28 U.S.C. § 1447(e) weigh in favor of denying Plaintiff's attempt to join Profitt Productions.  Accordingly, the Court should grant Mr. Fowler's Motion.

Respectfully submitted,

Dated: April 2, 2019                      KELLER/ANDERLE LLP

By:   */s/ Jennifer L. Keller*

Jennifer L. Keller
Chase A. Scolnick
Jay P. Barron

*Attorneys for Defendants*
KEVIN SPACEY FOWLER &
M. PROFITT PRODUCTIONS, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

   I am over the age of 18 and not a party to the within action.  My business address is 18300 Von Karman Avenue, Irvine, California 92612-1057.  On **April 2, 2019**, I served the foregoing document described as

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR MISJOINDER RE NEWLY-NAMED DEFENDANT M. PROFIT PRODUCTIONS, INC.**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

   SERVED BY U.S. MAIL:  There are currently no individuals on the list to receive mail notices for this case.

   SERVED BY CM/ECF.  I hereby certify that, on **April 2, 2019**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The filing of the foregoing document will send copies to the following CM/ECF participants:

   The following are those who are currently on the list to receive e-mail notices for this case.

   Genie Harrison, genie@genieharrisonlaw.com
   Amber Phillips, amber@genieharrisonlaw.com
   Mary Olszewska, mary@genieharrisonlaw.com

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on **April 2, 2019** at Irvine, California.

            */s/ Courtney L. McKinney*
             Courtney L. McKinney

1

PROOF OF SERVICE
