O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>           Plaintiff,<br><br>    v.<br><br>KEVIN SPACEY FOWLER, an<br>individual, M. PROFITT<br>PRODUCTIONS, INC., a<br>California Corporation, and<br>DOES 1-9, inclusive,<br><br>           Defendants. | CV 19-00750-RSWL-SSx<br><br>**ORDER re: Defendant<br>Fowler's Motion for<br>Misjoinder** [26]**;<br>Plaintiff's Motion to<br>Remand** [21]**; Plaintiff's<br>Motion to Proceed<br>Anonymously** [19]**; and<br>Defendant Fowler's<br>Motion to Dismiss, or,<br>Alternatively, to<br>Require a More Definite<br>Statement** [22] |

Currently before the Court is Defendant Kevin

Spacey Fowler's ("Defendant") Motion for Order of

Misjoinder re Newly-Named Defendant M. Profitt

Productions, Inc. ("Profitt Productions") [26];

Plaintiff John Doe's ("Plaintiff") Motion to Remand

[21]; Plaintiff's Motion to Proceed Anonymously [19];

and Defendant's Motion to Dismiss, or, Alternatively,

to Require a More Definite Statement [22].  Having

1

reviewed all papers submitted pertaining to the
Motions, the Court **NOW FINDS AND RULES AS FOLLOWS:** the
Court **GRANTS** Defendant's Motion for Order of
Misjoinder; **DENIES** Plaintiff's Motion to Remand; **GRANTS**
Plaintiff's Motion to Proceed Anonymously; and **DENIES**
Defendant's Motion to Dismiss, or, Alternatively, to
Require a More Definite Statement.

**I. BACKGROUND**

**A.   <u>Factual Background</u>**

Plaintiff is a resident of California, and has been
a massage therapist in and around the Los Angeles area
for more than 35 years.  First Am. Compl. ("FAC") ¶ 7,
ECF No. 14.  Plaintiff has professional clientele,
including actors and models.  <u>Id.</u>  Defendant is a
famous actor.  <u>Id.</u> ¶ 4.  While Plaintiff alleges that
Defendant is a Los Angeles resident, Defendant asserts
that he is a resident of Maryland.  Notice of Removal ¶
6, ECF No. 1.  On or about October 2016, Plaintiff was
hired to provide massage services to Defendant at a
private residence in Malibu, California (the
"Residence").  FAC ¶ 10.  Plaintiff alleges that during
the course of the massage appointment, Defendant
assaulted and battered Plaintiff by forcing Plaintiff
to touch Defendant's genitalia and attempting to force
a kiss on Plaintiff.  <u>Id.</u> ¶¶ 16-23.

Profitt Productions, a California corporation, is a
loan-out company of which Defendant serves as the Chief
Executive Officer, Secretary, Chief Financial Officer,

and as an employee.  Id. ¶ 5.  Plaintiff believes that
at all times relevant to this complaint, Defendant was
performing and receiving services through Profitt
Productions, and acting as, on behalf of, and for the
benefit of, Profitt Productions.  Id. ¶ 5.  When
Plaintiff arrived at the Residence, there were film
production trucks and trailers parked on or nearby the
property, on which filming activity appeared to be in
process.  Id. ¶ 11.  Plaintiff alleges that the
Residence was rented by Profitt Productions to be used
by Defendant as a dwelling place, location for
massages, and for filming purposes.  Id. ¶ 12.  As
such, Plaintiff alleges that he was hired through or
for the benefit of Profitt Productions.  Id.  Plaintiff
believes that Defendant had such an extensive history
of similar behavior with other male massage therapists,
that Profitt Productions and Does 1-9, including the
unknown male who made the appointment, should have
known that Plaintiff was in danger.  Id.

**B.  Procedural Background**

On September 27, 2018, Plaintiff filed his
Complaint against Defendant in Los Angeles Superior
Court alleging sexual battery, gender violence,
battery, assault, intentional infliction of emotional
distress, and false imprisonment.  Notice of Removal ¶
1; id., Ex. 1, Compl., ECF No. 1-1.  Defendant was not
served until January 3, 2019, and on January 31, 2019,
Defendant removed this Action to this Court on the

3

basis of diversity jurisdiction.  Id. ¶ 13.  On February 7, 2019, Defendant filed a Motion to Dismiss [8] Plaintiff's claim for false imprisonment specifically, as well as the entire action, because Plaintiff filed under a pseudonym.  On February 19, 2019, Plaintiff filed his First Amended Complaint [14] in which he remained under the pseudonym John Doe, but dropped the false imprisonment claim and added Profitt Productions and Does 1-9 as defendants.

On March 1, 2019, Plaintiff filed a Motion to Proceed Anonymously [19].  On March 4, 2019, Plaintiff filed a Motion to Remand [21], arguing that adding Profitt Productions and Does 1-9 as new defendants defeats diversity.  On March 5, 2019, Defendant filed a Motion for Order of Misjoinder of the Newly-Named Defendant Profitt Productions [26].  That same day, Defendant again filed a Motion to Dismiss, or, Alternatively, to Require a More Definite Statement as to Plaintiff's identity [22].  Both parties timely opposed each other's Motions, and both parties timely replied.

## II. DISCUSSION

### A.  Defendant's Request for Judicial Notice

Defendant requests that the Court take judicial notice of screenshots from the website of Plaintiff's counsel, Genie Harrison Law Firm, APC, which are attached as Exhibit A to the Declaration of Jay P. Barron In Support of Defendant's Motion to Dismiss

1   ("Barron Decl."). Def.'s Req. for Judicial Notice
2   ("RJN"), ECF No. 23. Courts routinely take judicial
3   notice of documents found on the internet. <u>See</u>, <u>e.g.</u>,
4   <u>Rearden LLC v. Rearden Commerce, Inc.</u>, 597 F. Supp. 2d
5   1006, 1013 n. 3 (N.D. Cal. 2009) (taking judicial
6   notice of the contents of a webpage listing a company's
7   office locations); <u>Caldwell v. Caldwell</u>, 420 F. Supp.
8   2d 1102, 1105 n. 3 (N.D. Cal. 2006) (granting judicial
9   notice of the UC Berkeley Museum of Paleontology
10  website), aff'd, 545 F. 3d 1126 (9th Cir. 2008).
11  Accordingly, the Court **GRANTS** Defendant's Request for
12  Judicial Notice.
13  **B.**  <u>**Defendant's Motion for Misjoinder**</u>
14      Plaintiff's FAC seeks to join Profitt Productions
15  as a defendant in this Action. Defendant requests that
16  the Court reject Plaintiff's attempted joinder of
17  Profitt Productions, and dismiss it as a defendant,
18  arguing that Plaintiff only added Profitt Productions,
19  a California corporation, to defeat diversity.
20      1.  <u>Appropriate Legal Standard</u>
21      As a preliminary matter, Plaintiff argues that the
22  proper legal standard is Federal Rule of Civil
23  Procedure ("Rule") 15(a)(1), which allows a party to
24  amend its pleading once as a matter of course 21 days
25  after service or 21 days after service of a responsive
26  pleading. Fed. R. Civ. P. 15(a)(1). Plaintiff
27  maintains that because his FAC was made within the
28  timely constraints provided by the rule, the joinder is

proper.  Defendant responds that the proper standard to apply is 28 U.S.C. § 1447(e), which explains that: "[I]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

The "decision regarding joinder of a diversity destroying defendant is left to the discretion of the district court." <u>Newcombe v. Adolf Coors Co.</u>, 157 F.3d 686, 691 (9th Cir. 1998).  District courts throughout the Ninth Circuit have steadily held that the discretionary standard under Section 1447(e) is the proper rule by which to analyze post-removal joinder of non-diverse defendants.  <u>See</u>, <u>e.g.</u>, <u>Walpert v. Jaguar Land Rover North Am., LLC</u>, No. CV 18-8998-FJW (MAAx), 2018 WL 6855985, at *2 (C.D. Cal. Dec. 17, 2018) (applying the five Section 1447(e) factors); <u>Jackson v. Family Dollar, Inc.</u>, No. CV 18-5126-GW(MRWX), 2018 WL 3701962, at *2 (C.D. Cal. Aug. 2, 2018) (acknowledging the vast amount of courts who applied the discretionary standard in post-removal joinder of non-diverse parties); <u>San Jose Neurospine v. Cigna Health & Life Ins. Co.</u>, No. 16-CV-05061-LHK, 2016 WL 7242139, at *6–7 (N.D. Cal. Dec. 15, 2016) ("Thus, even though Plaintiff has already filed its FAC, the Court must still consider under 28 U.S.C. § 1447(e) . . . .").  Courts have applied this standard, as opposed to Rule 15's

1  permissive standard, because "[t]o apply the permissive
2  standard of Rule 15(a) in this situation would allow a
3  plaintiff to improperly manipulate the forum of an
4  action . . . .". <u>Clinco v. Roberts</u>, 41 F. Supp. 2d
5  1080, 1086-87 (C.D. Cal. 1999).  As such, this Court
6  joins the overwhelming majority of courts within this
7  district and finds that the discretionary standard
8  under Section 1447(e) must be applied.
9       2.  <u>Section 1447(e) Factors</u>
10      Under Section 1447(e) courts consider the following
11 factors: "(1) whether the party sought to be joined is
12 needed for just adjudication and would be joined under
13 Federal Rule of Civil Procedure 19(a); (2) whether the
14 statute of limitations would prevent the filing of a
15 new action against the new defendant in state court;
16 (3) whether there has been an unexplained delay in
17 seeking to join the new defendant; (4) whether
18 plaintiff seeks to join the new party solely to defeat
19 federal jurisdiction; (5) whether denial of the joinder
20 would prejudice the plaintiff; and (6) the strength of
21 the claims against the new defendant.  <u>See</u> <u>Boon v.</u>
22 <u>Allstate Ins. Co.</u>, 229 F. Supp. 2d 1016, 1020 (C.D.
23 Cal. 2002) (citing <u>Clinco</u>, 41 F. Supp. 2d at 1082).
24           a.  *Strength of the Claim*
25      The most significant factor here is whether the
26 claims asserted against the non-diverse party have
27 merit.  <u>See</u> <u>San Jose Neurospine</u>, 2016 WL 7242139, at
28 *11 (citing <u>Clinco</u>, 41 F. Supp. 2d at 1083).  The

existence of a facially valid claim against the non-
diverse party weighs in favor of permitting joinder.
<u>Forward-Rossi v. Jaguar LandRover N. Am., LLC</u>, No. 216-
CV-00949-CAS-KSX, 2016 WL 339625, at *4 (C.D. Cal. June
13, 2016) (citation omitted).

Plaintiff joins Profitt Productions in his gender
violence claim against Defendant.  FAC ¶¶ 58-60.
Plaintiff alleges that Profitt Productions is liable
because Plaintiff believes that Profitt Productions
rented the Residence on behalf of Defendant as a
dwelling place, as a location for massages, and for
filming purposes.  <u>Id</u>. ¶ 12.  Plaintiff also alleges
that based on information and belief, Defendant is an
officer and employee of Profitt Productions.  <u>Id.</u> ¶ 5.
Plaintiff asserts his gender violence claim under Cal.
Civ. Code. § 52.4, which requires "the use, attempted
use, or threatened use of physical force against the
person or property of another."  Section 52.4 expressly
notes that it "does not establish any civil liability
of a person because of his or her status as an
employer, unless the employer personally committed an
act of gender violence."  Plaintiff attempts to extend
the scope of this statute to Profitt Productions,
alleging that Profitt Productions "personally and
directly committed the acts of gender violence to
Plaintiff . . . .".  Pl.'s Opp'n 11:25-27.

The Court disagrees with Plaintiff's interpretation
of this statute.  First, Plaintiff fails to cite any

authority expressly holding that a corporation,
employer, or entity may be responsible for personally
committing acts of gender violence.  In fact, courts
within this district have held the exact opposite.  See
Doe v. Starbucks, Inc., No. SACV 08-0582 AG CWX, 2009
WL 5183773, at *10 (C.D. Cal. Dec. 18, 2009)
(dismissing a claim against a corporation after finding
that a gender violence claim under Cal. Civ. Code. §
52.4 cannot extend to employers).  Further, this claim
cannot extend to Profitt Productions even if Plaintiff
alleges that Defendant is "in every practical sense"
Profitt Productions.  Pl.'s Opp'n at 4:12-14.  Courts
have declined to extend liability to corporations run
by individual defendants already accused of acts of
gender violence.  See Canosa v. Ziff, No. 18 CIV. 4115
(PAE), 2019 WL 498865, at *14 (S.D.N.Y. Jan. 28, 2019)
(analyzing Cal. Civ. Code. § 52.4 and stating that "a
'responsible party' does not include an 'employer' who
was not itself an active perpetrator of gender
violence"); Clinco, 41 F. Supp. 2d at 1084 (denying
joinder in part because plaintiff likely could not
prevail on claim against non-diverse party even if he
found evidence to support his allegations made on
"information and belief").

     Because Plaintiff already has brought this claim
against Defendant, and because Profitt Productions
could not have itself, as a corporation, personally and
directly committed the alleged acts of gender violence,

1  the Court finds that Plaintiff's claim against Profitt

2  Productions is without merit and facially invalid.

3  Thus, this factor weighs in favor of denying joinder.

4           b.  *Necessity of Party*

5       Rule 19(a) requires joinder of parties whose

6  absence would prevent complete relief or impede the

7  party's protection of interests.  If a party is

8  necessary under this rule, they must be joined if

9  feasible.  When deciding whether to permit joinder

10 under this factor, courts consider the degree of

11 involvement by the defendant in the occurrences that

12 gave rise to the cause of action.  Boon, 229 F. Supp.

13 2d at 1022.  As explained, Plaintiff does not plead

14 sufficient facts regarding Profitt Productions' direct

15 involvement.  The only allegations in the FAC regarding

16 Profitt Productions is its status as Defendant's loan-

17 out company, and Plaintiff's allegations that it rented

18 the Residence.  However, Defendant stated in his

19 declaration that he did not participate with any

20 filming projects through Profitt Productions during or

21 around the time of the alleged incident, and that

22 Profitt Productions did not rent any house in Malibu

23 for Defendant to stay in during this time.  Declaration

24 of Kevin Spacey Fowler ("Fowler Decl.") ¶¶ 3-4, ECF No.

25 26-2.  Plaintiff did not provide any evidence or

26 argument to refute Defendant's statements.

27 Consequently, Plaintiff does not adequately allege or

28 argue that Profitt Productions is a necessary party in

1  this Action, and as such, this factor weighs in favor

2  of denying joinder.

3          c.  *Statute of Limitations*

4      The next factor is whether the statute of

5  limitations would affect a plaintiff's ability to bring

6  a separate suit against the new party.  Clinco, 41 F.

7  Supp. 2d at 1083.  The statute of limitations for

8  gender violence is three years.  Cal. Civ. Code §

9  52.4(b).  Since this incident is alleged to have

10 occurred in October of 2016, Plaintiff is not barred

11 from bringing a separate suit against the new party.

12 FAC ¶ 10.  Thus, this factor supports denying joinder.

13         d.  *Timeliness*

14     The Court must also consider whether there was

15 undue delay in adding the non-diverse party.  Clinco,

16 41 F. Supp. 2d at 1083.  Plaintiff filed his FAC on

17 February 19, 2019, almost five months after filing the

18 initial Complaint, and less than a month after removal.

19 The Court finds this is not an unreasonable amount of

20 time.  See Forward-Rossi v. Jaguar Land Rover North

21 America, LLC, No. 2:16-cv-00949-CAS (Ksx), 2016 WL

22 3396925, at *3 (C.D. Cal. June 13, 2016) (holding that

23 delay of four months after action was removed was not

24 unreasonable); see also Yang v. Swissport USA, Inc.,

25 No. C 09-03823 SI, 2010 WL 2680800, at *4 (N.D. Cal.

26 2010) (granting plaintiffs' motion to amend filed nine

27 months after removal where "no dispositive motions have

28 been filed, and the discovery completed thus far

[would] be relevant whether the case is litigated in [federal] court or state court"). Thus, this factor weighs in favor of allowing joinder.

### e.   *Motive for Joinder*

The motive must be looked at with particular care "in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand." Clinco, 41 F. Supp. 2d at 1083 (quoting Desert Empire Bank v. Ins. Co. of No. America, 623 F.2d 1371, 1376 (9th Cir. 1980)). Courts consider three factors when analyzing motive within this context: (1) whether the plaintiff was aware of the removal at the time of amendment; (2) whether the plaintiff's amendment contains only minor changes to the original complaint; and (3) whether the plaintiff has provided an explanation for its delay in asserting claims against the non-diverse defendant. San Jose Neurospine, 2016 WL 7242139, at *10-11.

Here, Plaintiff amended his Complaint a couple of weeks after Defendant removed the case, thus Plaintiff was aware of the removal. Second, Plaintiff's FAC contains two changes: (1) Plaintiff removed his false imprisonment claim, and (2) Plaintiff added Profitt Productions and Does 1-9 to his gender violence claim. Other than these two changes, Plaintiff does not allege any additional facts and the FAC remains substantially similar to the original Complaint. Forward-Rossi, 2016 WL 3396925, at *4 ("Courts have inferred an improper

motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint."). Third, Plaintiff argues that once he discovered the existence of Profitt Productions, he promptly joined the entity. Opp'n at 10:22-24. However, Plaintiff fails to explain why he took the time that he did to learn about the existence of Profitt Productions. Indeed, Plaintiff did not add any factual allegations pertaining to Profitt Productions and fails to assert a valid legal claim against Profitt Productions. "In light of this, one could justifiably suspect that [Plaintiff's] amendment of the complaint was caused by the removal rather than an evolution of [Plaintiff's] case." <u>Clinco</u>, 41 F. Supp. 2d at 1083. Thus, this factor does not support joinder.

> f.   *Prejudice to Plaintiff*

The last factor considers whether Plaintiff will suffer undue prejudice if joinder is denied. <u>Boon</u>, 229 F. Supp. 2d at 1025. Since the claim against Profitt Productions is facially invalid, the Court does not find that denying joinder will cause Plaintiff to suffer undue prejudice. Even if Plaintiff did have a valid claim against Profitt Productions, pursuing a separate action against an unnecessary party in state court does not on its own constitute prejudice. <u>Id.</u> ("Thus, interests of judicial economy are not unreasonably burdened by requiring plaintiff to pursue

any such indemnity claim in state court.")  Having
considered all of the factors, the Court finds that
they weigh in favor of denying joinder.  Thus, the
Court **GRANTS** Defendant's Motion for Misjoinder and
dismisses Profitt Productions as a defendant.[1]

### 3.  Leave to Amend

After a party amends a pleading as a matter of
course, as Plaintiff did here, further amendment
requires leave of court or consent of the adverse
party.  Fed. R. Civ. P. 15(a).  Rule 15 instructs that
"leave shall be freely given when justice so requires."
Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048,
1051 (9th Cir. 2003).  However, "[c]ourts have
recognized that the usually liberal approach to
amendment does not apply when a plaintiff amends its
complaint after removal to add a diversity-destroying
defendant."  Ramirez v. Charter Commc'ns, LLC, No. EDCV
19-108-R, 2019 WL 1376744, at *1 (C.D. Cal. Mar. 26,
2019) (considering the Section 1447(e) factors and
holding that the court "is persuaded that [p]laintiff
has attempted to improperly manipulate the forum of
this action and, therefore, should not be permitted to
amend the [c]omplaint").

Here, Plaintiff requests that if the Court grants

_____

[1] Defendant requests that the Court also dismiss Does 1
through 9, however as they are Doe defendants and unknown persons
or entities at this time, retaining them does not defeat
diversity.  Without more, the Court **DENIES** Defendant's request to
dismiss the Doe defendants at this time.

Defendant's Misjoinder Motion, it allow Plaintiff leave to amend his FAC to allege additional facts showing Profit Productions to be a necessary and proper party. As explained above, the Court finds that the Section 1447(e) factors weigh in favor of denying joinder of Profit Productions.  Given that the Court finds Plaintiff does not have a legally valid gender violence claim against Profit Productions, and that Plaintiff likely added Profit Productions solely to defeat diversity, the Court finds any amendment would be futile.  Accordingly, the Court **DENIES** Plaintiff's request for leave to amend on this basis.

C.   **Plaintiff's Motion to Remand**

     Civil actions may be removed from state court if the federal court has original jurisdiction.  See Syngenta Crop Prot., Inc. v. Henson, 123 S. Ct. 366, 370 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, . . . original subject-matter jurisdiction [must] lie[] in the federal courts.").  Diversity jurisdiction exists in all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  There must be complete diversity of citizenship, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing

1  <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996)).

2  "The burden of establishing jurisdiction falls on
3  the party invoking the removal statute, which is
4  strictly construed against removal." <u>Sullivan v. First</u>
5  <u>Affiliated Sec., Inc.</u>, 813 F.2d 1368, 1371 (9th Cir.
6  1987) (internal citations omitted).  Courts resolve all
7  ambiguities "in favor of remand to state court."
8  <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1042 (9th
9  Cir. 2009) (citing <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564,
10  566 (9th Cir. 1992)).  A removed case must be remanded
11  "[i]f at any time before final judgment it appears that
12  the district court lacks subject matter jurisdiction."
13  28 U.S.C. § 1447(c).

14  Defendant removed this Action on the basis of
15  diversity jurisdiction.  In his Notice of Removal,
16  Defendant argues that Plaintiff is a resident of
17  California, and Defendant is a resident of Maryland.
18  Notice of Removal ¶¶ 5-6.  Defendant further argues
19  that this case more likely than not exceeds $75,000 as
20  the Complaint seeks statutory, compensatory, and
21  punitive damages against Defendant, with compensatory
22  damages including "physical injury and emotional pain
23  and distress," "economic harm, loss of earnings, and
24  other damages."  <u>Id.</u> ¶ 10.

25  Plaintiff seeks to remand this case on the sole
26  basis that with Profitt Productions added as a
27  defendant, complete diversity no longer exists because
28  Profitt Productions is incorporated in California and

16

1   maintains its principal place of business in Los

2   Angeles.  Pl.'s Mot. to Remand at 4-5, ECF No. 21;

3   Declaration of Mary Olszewska ("Olszewska Decl.") ¶ 3,

4   ECF No. 21-1.  Because the Court already determined

5   that Profitt Productions cannot be joined to this

6   Action, diversity jurisdiction is preserved and there

7   is no remaining basis to remand this case.  Thus, the

8   Court **DENIES** Plaintiff's Motion to Remand.

9   **D.   Plaintiff's Motion to Proceed Anonymously**

10       "The normal presumption in litigation is that

11  parties must use their real names." Doe v. Kamehameha

12  Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036,

13  1042 (9th Cir. 2010).  Despite this presumption, "a

14  party may preserve his or her anonymity in judicial

15  proceedings in special circumstances when the party's

16  need for anonymity outweighs prejudice to the opposing

17  party and the public's interest in knowing the party's

18  identity." Does I thru XXIII v. Advanced Textile

19  Corp., 214 F.3d 1058, 1068 (9th Cir. 2000).  Plaintiff

20  seeks to proceed anonymously because in this particular

21  case, involving a high-profile celebrity, Plaintiff

22  fears disclosure will result in a loss of his clientele

23  and impair his ability to make a living, as well as put

24  him at risk of physical safety.  Plaintiff further

25  argues that anonymity is necessary to protect against

26  victim shaming and humiliation given the nature of his

27  claims and the heightened media and tabloid attention

28  this case will receive.  Pl.'s Mot. to Proceed

1   Anonymously 3:5-25, ECF No. 19.

2       Courts have permitted parties to proceed

3   anonymously when "anonymity is necessary to preserve

4   privacy in a matter of highly personal nature."

5   Advanced Textile, 214 F.3d at 1068.  Courts in the

6   Ninth Circuit have regularly permitted plaintiffs

7   alleging sexual assault to proceed anonymously because

8   the nature of such claims constitute a special

9   circumstance.  See, e.g., Doe K.G. v. Pasadena Hosp.

10  Ass'n, Ltd., No. 2:18-CV-08710-ODW (MAAx), 2019 WL

11  1612828, at *1 (C.D. Cal. Apr. 15, 2019) (finding that

12  the "public's interest in allowing alleged victims of

13  sexual assault to proceed anonymously outweighs any

14  public interest in the plaintiff's identity"); Doe v.

15  Pasadena Hosp. Ass'n, Ltd., No. 2:18-CV-09648-DDP

16  (Skx), 2018 WL 6831533, at *2 (C.D. Cal. Dec. 26, 2018)

17  (same); Doe v. United Airlines, Inc., No.

18  2:17-CV-2825-RFB-NJK, 2018 WL 3997258, at *2 n.1 (D.

19  Nev. Aug. 21, 2018) (citation omitted) ("[C]ase law

20  within the Ninth Circuit is clear and [c]ourts have

21  denied a sexual assault victim's request to proceed

22  pseudonymously only in rare and unique

23  circumstances."); N.S. by & through Marble v. Rockett,

24  No. 3:16-CV-2171-AC, 2017 WL 1365223, at *2 (D. Or.

25  Apr. 10, 2017) (collecting cases).  See also Jordan v.

26  Gardner, 986 F.2d 1521, 1525 n.4 (9th Cir. 1993) ("In

27  keeping with the tradition of not revealing names of

28  the victims of sexual assault, we use initials here . .

18

. .").

Here, Plaintiff's FAC sufficiently demonstrates that his allegations of sexual assault and battery present special circumstances of a personal nature. Plaintiff's vulnerability to humiliation, harassment, and threats, is further exacerbated by the nature of Defendant's status as a high-profile celebrity and the media attention that comes with it.  The Court finds that anonymity is necessary to protect Plaintiff's privacy and to protect against any further trauma.

The Court further finds that there is little prejudice to Defendant at this stage.  The Court must "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." Advanced Textile, 214 F.3d at 1067. Defendant argues that he is inhibited by Plaintiff's refusal to participate in the Rule 26(f) conference, however the Court already addressed this in ruling on Defendant's *Ex Parte* Application for Order to Set Deadlines Under Rule 26 [31].  There, the Court denied Defendant's Application, finding that it is reasonable to delay the Rule 26(f) conference given that Plaintiff's Motion to Remand has been pending before the Court.  Order re *Ex Parte* Application 4-5, ECF No. 34.  Plaintiff's anonymity is irrelevant to the Rule 26(f) conference, as the only issue holding up the conference was whether the Court has jurisdiction.  Now

that the Court has ruled that it retains subject matter
jurisdiction, the parties are free to continue into
discovery.  Defendant also argues that anonymity
prevents Defendant's ability to conduct third-party
discovery for any possible unknown parties with
information.  However, the FAC provides sufficient
detail as to the time, location, and facts surrounding
the alleged assault for Defendant to conduct sufficient
discovery at this stage.  Although the FAC is vague as
to the actual date, and only alleges that the incident
occurred in October 2016, because this involved the
hiring of Plaintiff's services, Defendant likely has
records or bank statements in his possession that can
provide him with further information such as where
Plaintiff worked at the time.  As such, the Court is
unpersuaded that any prejudice outweighs the need for
Plaintiff's anonymity.

     Finally, as evidenced by the majority of courts in
this circuit permitting anonymity for alleged sexual
assault victims, the "public generally has a strong
interest in protecting the identities of sexual assault
victims so that other victims will not be deterred from
reporting such crimes." <u>Doe v. Penzato</u>, No. CV10-5154
MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011)
(citations omitted).  The Court finds that the need for
Plaintiff's anonymity outweighs the prejudice to
Defendant and the public's interest in knowing his
identity at this stage.  However, the Court

acknowledges that maintaining anonymity throughout the entirety of this case would prevent a just resolution, as Defendant will need to know Plaintiff's identity at some point either during discovery or before this case proceeds to trial. Because the Rule 26(f) conference has yet to occur the Court is satisfied to retain anonymity at this early stage, but if anonymity hinders Defendant's ability to adequately conduct discovery at a later stage, Defendant may seek relief from this Court. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed Anonymously.

**E.   Defendant's Motion to Dismiss, or, Alternatively,to Require a More Definite Statement**

Defendant argues that Plaintiff's FAC should be dismissed in its entirety because Plaintiff cannot plead anonymously. Defendant essentially repeats his arguments made in opposition to Plaintiff's Motion to Proceed Anonymously here in this context. Def.'s Mot. to Dismiss 1-10, ECF No. 22. Because the Court has already found that Plaintiff can proceed anonymously at this stage, the Court need not address these arguments. Defendant further argues that if the Court does not dismiss Plaintiff's claims, it should require Plaintiff to amend his pleading to provide a more definite statement by disclosing his identity. Id. at 11:14-16. Defendant does not argue that the FAC should be dismissed for any other reason as to Defendant. The only other argument Defendant makes is that the gender

violence claim against Profitt Productions must be
dismissed, however the Court already denied joinder of
Profitt Productions as a defendant. Thus, for the same
reasons already discussed as to Plaintiff's Motion to
Proceed Anonymously and Defendant's Motion for
Misjoinder, the Court **DENIES** Defendant's Motion to
Dismiss, or, Alternatively, to Require a More Definite
Statement.

### III. CONCLUSION

Based on the foregoing reasons, the Court **GRANTS**
Defendant's Motion for Misjoinder [26]; **DENIES**
Plaintiff's Motion to Remand [21]; **GRANTS** Plaintiff's
Motion to Proceed Anonymously [19]; and **DENIES**
Defendant's Motion to Dismiss, or, Alternatively, to
Require a More Definite Statement [22]. Because the
Court granted Defendant's Motion for Misjoinder, the
newly-named Defendant M. Profitt Productions is hereby
dismissed without prejudice and the allegations against
it are stricken. Plaintiff is to file a Second Amended
Complaint within 21 days of this Order that eliminates
M. Profitt Productions. No other substantive changes
or allegations are permitted in this amendment.

**IT IS SO ORDERED.**

DATED: May 14, 2019    s/ RONALD S.W. LEW

                       **HONORABLE RONALD S.W. LEW**
                       Senior U.S. District Judge

22