KELLER/ANDERLE LLP
Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Chase A. Scolnick (SBN 227631)
cscolnick@kelleranderle.com
Jay P. Barron (SBN 245654)
jbarron@kelleranderle.com
18300 Von Karman Avenue, Suite 930
Irvine, California 92612
Tel.: (949) 476-8700
Fax: (949) 476-0900

*Attorneys for Defendant*
KEVIN SPACEY FOWLER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual, | Case No.: 2:19-cv-00750-RSWL (SSx) |
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| vs. | |
| KEVIN SPACEY FOWLER, an individual, and DOES 1-9, inclusive. | **DEMAND FOR JURY TRIAL** |
| Defendant. | Complaint Filed: September 27, 2018 |

Defendant Kevin Spacey Fowler ("Mr. Fowler"), by and through his undersigned counsel, hereby files this Answer to the Second Amended Complaint of plaintiff John Doe ("Plaintiff"). Mr. Fowler denies each and every allegation or characterization in the Second Amended Complaint, unless expressly admitted below. Mr. Fowler denies that Plaintiff is entitled to the requested relief or any relief whatsoever. Any allegation admitted below is admitted only as to the specific admitted fact or issue, not as to any purported conclusions, characterizations, implications, or speculations that Plaintiff may argue follow from any admitted facts.

Mr. Fowler continues to object to Plaintiff's use of a pseudonym and refusal to disclose his identity even to Mr. Fowler. Despite Plaintiff's improper withholding of his identity, and Mr. Fowler's resulting inability to fully understand and address the allegations, Mr. Fowler nonetheless provides a good faith attempt to answer the allegations in the Second Amended Complaint. By providing this Answer, Mr. Fowler in no way suggests he has not been, or does not continue to be, prejudiced by Plaintiff's anonymity. Mr. Fowler reserves the right to amend this Answer as deemed necessary or appropriate, including once Plaintiff's identity is disclosed.

The paragraphs are numbered to correspond to the numbered paragraphs of Plaintiff's Second Amended Complaint.

## ANSWER TO NATURE OF ACTION

1.   Mr. Fowler admits that an individual with the pseudonym John Doe has brought this action against Mr. Fowler and Does 1 through 9, but Mr. Fowler denies that Plaintiff can appropriately make allegations or maintain this action through a pseudonym. Mr. Fowler also denies that he has engaged in any wrongful or unlawful conduct and denies that Plaintiff is entitled to the requested relief or any relief whatsoever. Except as expressly admitted in this paragraph, Mr. Fowler denies each and every allegation in Paragraph 1 of Plaintiff's Second Amended Complaint.

2.   Mr. Fowler denies each and every allegation in Paragraph 2 of Plaintiff's Second Amended Complaint.

**ANSWER TO THE PARTIES, JURISDICTION, AND VENUE**

3. Mr. Fowler denies each and every allegation in Paragraph 3 of Plaintiff's Second Amended Complaint. As set forth in Mr. Fowler's Notice of Removal and supporting papers, Mr. Fowler is a citizen of the State of Maryland.

4. Mr. Fowler admits he is an award-winning actor who has appeared in many films, television shows, and plays, but he denies that his occupation has any relevance to this action.

5. Mr. Fowler lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 5, which pertain to various unnamed Doe defendants, and, on that basis, denies the allegations in Paragraph 5 of Plaintiff's Second Amended Complaint.

6. Mr. Fowler denies that Plaintiff's use of a pseudonym is appropriate or warranted. Plaintiff has withheld his identity from Mr. Fowler. Therefore, Mr. Fowler lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6 and, on that basis, denies the allegations of Paragraph 6 of Plaintiff's Second Amended Complaint.

7. Mr. Fowler denies each and every allegation in Paragraph 7 of Plaintiff's Second Amended Complaint. The California Superior Court does not have jurisdiction over this action; instead, this action appropriately is before the United States District Court for the Central District of California.

8. Mr. Fowler admits the United States District Court of California for the Central District of California has jurisdiction over this action. Mr. Fowler denies that his Notice of Removal was filed on January 31, 2018; instead, his Notice of Removal was timely and appropriately filed on January 31, 2019. Mr. Fowler admits that venue is proper, but he denies that any wrongful conduct and resulting damages occurred in Los Angeles County, California or anywhere else. Except as expressly admitted in this paragraph, Mr. Fowler denies each and every allegation in Paragraph 8 of Plaintiff's Second Amended Complaint.

## ANSWER TO FACTS COMMON TO ALL CAUSES OF ACTION

9. Mr. Fowler denies each and every allegation in Paragraph 9 of Plaintiff's Second Amended Complaint.

10. Mr. Fowler denies each and every allegation in Paragraph 10 of Plaintiff's Second Amended Complaint.

11. Mr. Fowler denies each and every allegation in Paragraph 11 of Plaintiff's Second Amended Complaint. This allegation also violates the Court's May 14, 2019 Order that the Second Amended Complaint eliminate M. Profitt Productions, Inc. without making any other substantive changes or allegations. In this paragraph, Plaintiff eliminated references to M. Profitt Productions, Inc. contained in the corresponding paragraph of the First Amended Complaint, but Plaintiff improperly added similar allegations against "DEFENDANTS" in this paragraph.

12. Mr. Fowler denies each and every allegation in Paragraph 12 of Plaintiff's Second Amended Complaint.

13. Mr. Fowler denies each and every allegation in Paragraph 13 of Plaintiff's Second Amended Complaint.

14. Mr. Fowler denies each and every allegation in Paragraph 14 of Plaintiff's Second Amended Complaint.

15. Mr. Fowler denies each and every allegation in Paragraph 15 of Plaintiff's Second Amended Complaint.

16. Mr. Fowler denies each and every allegation in Paragraph 16 of Plaintiff's Second Amended Complaint.

17. Mr. Fowler denies each and every allegation in Paragraph 17 of Plaintiff's Second Amended Complaint.

18. Mr. Fowler denies each and every allegation in Paragraph 18 of Plaintiff's Second Amended Complaint.

19. Mr. Fowler denies each and every allegation in Paragraph 19 of Plaintiff's Second Amended Complaint.

20. Mr. Fowler denies each and every allegation in Paragraph 20 of Plaintiff's Second Amended Complaint.

21. Mr. Fowler denies each and every allegation in Paragraph 21 of Plaintiff's Second Amended Complaint.

22. Mr. Fowler denies each and every allegation in Paragraph 22 of Plaintiff's Second Amended Complaint.

23. Mr. Fowler denies each and every allegation in Paragraph 23 of Plaintiff's Second Amended Complaint.

24. Mr. Fowler denies that any "assaults" occurred.  But Mr. Fowler lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 24, which pertain to Plaintiff's purported report to the Los Angeles Police Department, and, on that basis, denies the allegations in Paragraph 24 of Plaintiff's Second Amended Complaint.

## ANSWER TO FIRST CAUSE OF ACTION

25. In response to Paragraph 25, Mr. Fowler hereby incorporates his answer to every allegation in the foregoing paragraphs, including Paragraphs 1 through 24, and restates them as if they were fully set forth herein.

26. Mr. Fowler admits Paragraph 26 recites language from California Civil Code section 1708.5(a), but Mr. Fowler denies it has any relevance or application because no sexual battery occurred.  Except as expressly admitted in this paragraph, Mr. Fowler denies each and every allegation in Paragraph 26 of Plaintiff's Second Amended Complaint.

27. Mr. Fowler admits Paragraph 27 recites a portion of the language from California Civil Code section 1708.5(d), but Mr. Fowler denies it has any relevance or application because no sexual battery occurred.  Except as expressly admitted in this paragraph, Mr. Fowler denies each and every allegation in Paragraph 27 of Plaintiff's Second Amended Complaint.

28. Mr. Fowler admits Paragraph 28 recites a portion of the language from California Civil Code section 1708.5(f), but Mr. Fowler denies it has any relevance or application because no sexual battery occurred. Except as expressly admitted in this paragraph, Mr. Fowler denies each and every allegation in Paragraph 28 of Plaintiff's Second Amended Complaint.

29. Mr. Fowler denies each and every allegation in Paragraph 29 of Plaintiff's Second Amended Complaint.

30. Mr. Fowler denies each and every allegation in Paragraph 30 of Plaintiff's Second Amended Complaint.

31. Mr. Fowler denies each and every allegation in Paragraph 31 of Plaintiff's Second Amended Complaint.

32. Mr. Fowler denies each and every allegation in Paragraph 32 of Plaintiff's Second Amended Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

33. In response to Paragraph 33, Mr. Fowler hereby incorporates his answer to every allegation in the foregoing paragraphs, including Paragraphs 1 through 32, and restates them as if they were fully set forth herein.

34. Mr. Fowler denies each and every allegation in Paragraph 34 of Plaintiff's Second Amended Complaint.

35. Mr. Fowler denies each and every allegation in Paragraph 35 of Plaintiff's Second Amended Complaint.

36. Mr. Fowler denies each and every allegation in Paragraph 36 of Plaintiff's Second Amended Complaint.

37. Mr. Fowler denies each and every allegation in Paragraph 37 of Plaintiff's Second Amended Complaint.

38. Mr. Fowler denies each and every allegation in Paragraph 38 of Plaintiff's Second Amended Complaint.

39. Mr. Fowler denies each and every allegation in Paragraph 39 of Plaintiff's Second Amended Complaint.

### ANSWER TO THIRD CAUSE OF ACTION

40. In response to Paragraph 40, Mr. Fowler hereby incorporates his answer to every allegation in the foregoing paragraphs, including Paragraphs 1 through 39, and restates them as if they were fully set forth herein.

41. Mr. Fowler denies each and every allegation in Paragraph 41 of Plaintiff's Second Amended Complaint.

42. Mr. Fowler denies each and every allegation in Paragraph 42 of Plaintiff's Second Amended Complaint.

43. Mr. Fowler denies each and every allegation in Paragraph 43 of Plaintiff's Second Amended Complaint.

44. Mr. Fowler denies each and every allegation in Paragraph 44 of Plaintiff's Second Amended Complaint.

45. Mr. Fowler denies each and every allegation in Paragraph 45 of Plaintiff's Second Amended Complaint.

46. Mr. Fowler denies each and every allegation in Paragraph 46 of Plaintiff's Second Amended Complaint.

47. Mr. Fowler denies each and every allegation in Paragraph 47 of Plaintiff's Second Amended Complaint.

48. Mr. Fowler denies each and every allegation in Paragraph 48 of Plaintiff's Second Amended Complaint.

### ANSWER TO FOURTH CAUSE OF ACTION

49. In response to Paragraph 49, Mr. Fowler hereby incorporates his answer to every allegation in the foregoing paragraphs, including Paragraphs 1 through 48, and restates them as if they were fully set forth herein.

50. Mr. Fowler denies each and every allegation in Paragraph 50 of Plaintiff's Second Amended Complaint.

51. Mr. Fowler denies each and every allegation in Paragraph 51 of Plaintiff's Second Amended Complaint.

52. Mr. Fowler denies each and every allegation in Paragraph 52 of Plaintiff's Second Amended Complaint.

53. Mr. Fowler denies each and every allegation in Paragraph 53 of Plaintiff's Second Amended Complaint.

54. Mr. Fowler denies each and every allegation in Paragraph 54 of Plaintiff's Second Amended Complaint.

## ANSWER TO FIFTH CAUSE OF ACTION

55. In response to Paragraph 55, Mr. Fowler hereby incorporates his answer to every allegation in the foregoing paragraphs, including Paragraphs 1 through 54, and restates them as if they were fully set forth herein.

56. Mr. Fowler lacks sufficient knowledge or information to admit or deny the allegations in this paragraph about what Plaintiff purportedly "believes" and, on that basis, denies such allegations. Mr. Fowler denies all other allegations in Paragraph 56 of Plaintiff's Second Amended Complaint.

57. Mr. Fowler admits Paragraph 57 recites a portion of the language from California Civil Code section 52.4(c), but Mr. Fowler denies it has any relevance or application because no gender violence occurred. Except as expressly admitted in this paragraph, Mr. Fowler denies each and every allegation in Paragraph 57 of Plaintiff's Second Amended Complaint.

58. Mr. Fowler denies each and every allegation in Paragraph 58 of Plaintiff's Second Amended Complaint.

59. Mr. Fowler denies each and every allegation in Paragraph 59 of Plaintiff's Second Amended Complaint.

60. Mr. Fowler denies each and every allegation in Paragraph 60 of Plaintiff's Second Amended Complaint.

61. Mr. Fowler denies each and every allegation in Paragraph 61 of Plaintiff's Second Amended Complaint.

62. Mr. Fowler denies each and every allegation in Paragraph 62 of Plaintiff's Second Amended Complaint.

63. Mr. Fowler lacks sufficient knowledge or information to admit or deny the allegations in this paragraph about the attorneys' fees Plaintiff allegedly has incurred and/or will continue to incur, and, on that basis, denies such allegations. Mr. Fowler denies that Plaintiff is entitled to any attorneys' fees or costs, or any other relief whatsoever, and he denies all other allegations in Paragraph 63 of Plaintiff's Second Amended Complaint.

## ANSWER TO PRAYER FOR RELIEF

Mr. Fowler denies that Plaintiff is entitled to any judgment or relief whatsoever, including the judgment and relief requested in the Prayer for Relief portion of Plaintiff's Second Amended Complaint, and denies all allegations it contains.

## AFFIRMATIVE DEFENSES

Mr. Fowler asserts these affirmative defenses as to each and every claim for relief and as to each and every allegation in the Second Amended Complaint. Mr. Fowler reserves the right to amend or add to its defenses as discovery, disclosures, and/or other evidence raise such proper defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State A Claim)

64. Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

65. Plaintiff's Second Amended Complaint, and each and every cause of action in it, is barred by the applicable statute of limitations, including California Code of Civil Procedure section 335.1.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

66. Plaintiff's Second Amended Complaint, and each and every cause of action in it, is barred under the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSES
### (No Damages)

67. Plaintiff has suffered no damages attributable to any wrongful conduct by Mr. Fowler. Further, Plaintiff's claimed damages are so speculative and uncertain as to be barred as a matter of law.

### FIFTH AFFIRMATIE DEFENSE
### (Failure to Mitigate Damages)

68. To the extent Plaintiff is entitled to any relief (which Mr. Fowler denies), Mr. Fowler is entitled to a reduction in liability for damages because Plaintiff failed to mitigate any alleged damaged suffered.

### SIXTH AFFIRMATIE DEFENSE
### (No Punitive Damages)

69. Plaintiff is not entitled to recover any punitive damages because Mr. Fowler did not engage in any wrongful conduct, let alone wrongful conduct with malice or reckless disregard to Plaintiff's rights and feelings.

### SEVENTH AFFIRMATIE DEFENSE
### (Reservation of Rights)

70. Mr. Fowler reserves the right to add additional defenses which may now exist or in the future may be available based on discovery and further factual investigations, including but not limited to discovery of Plaintiff's true identity.

# **PRAYER**

WHEREFORE, Mr. Fowler prays:

1. That Plaintiff take nothing from the Second Amended Complaint and that judgment be entered in favor of Mr. Fowler;
2. That Mr. Fowler be awarded his costs of suit in defense of this action; and
3. That Mr. Fowler be awarded such other and further relief as the Court may deem just and proper.

Dated: June 18, 2019

KELLER/ANDERLE LLP

By: _/s/ Jennifer L. Keller_
Jennifer L. Keller
Chase A. Scolnick
Jay P. Barron
*Attorneys for Defendant*
KEVIN SPACEY FOWLER

DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

In his Notice of Removal (ECF No. 1), defendant Kevin Spacey Fowler properly and timely demanded a jury trial on all issues properly tried by a jury. Mr. Fowler hereby reiterates that demand for a jury trial.

Dated: June 18, 2019    KELLER/ANDERLE LLP

By: */s/ Jennifer L. Keller*
Jennifer L. Keller
Chase A. Scolnick
Jay P. Barron
*Attorneys for Defendant*
KEVIN SPACEY FOWLER

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Irvine, California 92612-1057. On **June 18, 2019**, I served the foregoing document described as

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

SERVED BY U.S. MAIL: There are currently no individuals on the list to receive mail notices for this case.

SERVED BY CM/ECF. I hereby certify that, on **June 18, 2019**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The filing of the foregoing document will send copies to the following CM/ECF participants:

The following are those who are currently on the list to receive e-mail notices for this case.

Genie Harrison, genie@genieharrisonlaw.com
Amber Phillips, amber@genieharrisonlaw.com
Mary Olszewska, mary@genieharrisonlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on **June 18, 2019** at Irvine, California.

                                          */s/ Courtney L. McKinney*
                                          Courtney L. McKinney