1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>      Plaintiff,<br><br>    vs.<br><br>KEVIN SPACEY FOWLER, an individual, and DOES 1-9, inclusive.<br><br>      Defendant. | Case No.: 2:19-cv-00750-RSWL (SSx)<br><br>**ORDER ON STIPULATION FOR LIMITED PROTECTIVE ORDER AND TEMPORARY DISCOVERY STAY**<br><br>Complaint Filed: September 27, 2018 |

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff John Doe ("Plaintiff") and defendant Kevin Spacey Fowler ("Mr. Fowler") (each a "Party" and, collectively, the "Parties) jointly filed the Stipulation for Limited Protective Order and Temporary Discovery Stay ("Stipulation"). Having reviewed the Stipulation, and for good cause shown, the Court hereby approves the Stipulation and orders as follows:

1. Plaintiff has designated his true and complete name as "Confidential" under the terms of the Stipulation and this Order.

2. Within three (3) days of this Order, Plaintiff will reveal his true and complete name to Mr. Fowler's counsel.

3. Due to Plaintiff's designation of his name as "Confidential" in the Stipulation, Plaintiff's true and complete name may only be disclosed as follows:

    a. To a Party.

    b. To a Party's "Counsel of Record" in this action to whom it is reasonably necessary to disclose the information for this action. As used herein, the term "Counsel of Record" means attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are employees of or affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

    c. To a Party's "Other Counsel" to whom it is reasonably necessary to disclose the information and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). As used herein, the term "Other Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party about matters that relate to this action or the factual allegations in it or are employees of or affiliated with a law firm engaged in such a representation, and includes support staff.

    d. To a Party's employees and assistants to whom it is reasonably necessary to disclose the information to aid or assist in the legal representation by that

1

Party's Counsel of Record and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

   e. To an "Expert" of a Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). As used herein, the term "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness, investigator, or consultant in this action.

   f. To the Court and its personnel.

   g. To court reporters and their staff.

   h. To professional jury or trial consultants, mock jurors, and "Professional Vendors" to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). As used herein, the term "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  4. Promptly after Plaintiff's disclosure of his name to counsel for Mr. Fowler as provided in this Order, the Parties will engage in the conference of the parties required under, and otherwise comply with, Federal Rule of Civil Procedure 26(f).

  5. The Parties will continue to confer in good faith to try to reach agreement on a more comprehensive stipulated protective order that addresses each Party's needs and interests.

  6. If the Parties are unable to reach agreement on a more comprehensive stipulated protective order after continuing to meet and confer in good faith, a Party may notify the other Party in writing that an impasse has been reached and, not less

ORDER ON STIPULATION FOR LIMITED PROTECTIVE ORDER
AND TEMPORARY DISCOVERY STAY

than seven (7) days thereafter, file a motion with the Court to address the Parties' disagreements.

7.    Notwithstanding any statutory provision or anything else in this stipulation, no Party may serve any discovery until either (a) the Parties reach agreement on and execute a more comprehensive stipulated protective order and/or agree in writing on a date certain for the opening of discovery, or (b) three (3) court days after the Court issues an Order on a motion filed by a Party as described in Paragraph 6 above.   This temporary prohibition on discovery includes without limitation any written discovery, any deposition or deposition notice, any subpoena, and any party or third-party discovery whatsoever, but it specifically excludes any initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

8.    By entering into the Stipulation, no Party waives any right he otherwise would have to object to disclosing or producing any information or item on any ground not addressed in the Stipulation and this Order.  Likewise, nothing in the Stipulation or this Order has any impact on the Court's May 14, 2019 Order permitting Plaintiff to plead anonymously at this time.  Further, the Court finds that by entering into the Stipulation, Mr. Fowler is not waiving, and he does not waive, his right to challenge Plaintiff's "Confidential" designation and/or Plaintiff's pleading under a pseudonym by seeking an appropriate order from the Court.  Nothing in this Order impacts or prejudices Mr. Fowler's ability and right to seek an order at a later date requiring Plaintiff to plead in his real name or to challenge Plaintiff's designation of his name as "Confidential," including in a motion as described under Paragraph 6.  Nothing in this Order has any impact on Plaintiff's ability and right to contest any such order sought by the Mr. Fowler.

9.    Unless otherwise ordered by the Court, Plaintiff's name cannot be disclosed in a public filing with the Court while Plaintiff's name has been designated "Confidential."  A filing Party will redact Plaintiff's name or use the pseudonym John Doe on any materials filed with the Court.  However, if it is necessary to disclose

Plaintiff's name to the Court in a filing, the filing Party will submit any materials that include Plaintiff's name under seal and otherwise comply with Civil Local Rule 79-5.

**IT IS SO ORDERED.**

Dated:  June 26, 2019

s/ RONALD S.W. LEW

The Honorable Ronald S.W. Lew
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

### (Order On Stipulation For Limited Protective Order

### And Temporary Discovery Stay)

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order on Stipulation For Limited Protective Order And Temporary Discovery Stay (the "Limited Protective Order") that was issued by the United States District Court for the Central District of California on [date] in the case of *Doe v. Fowler et al*., United States District Court, Central District of California, Case No.:2:19-cv-00750-RSWL (SSx). I agree to comply with and to be bound by all the terms of this Limited Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Limited Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Limited Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Limited Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am over the age of 18 and not a party to the within action. My business address is 18300 Von Karman Avenue, Suite 930, Irvine, California 92612-1057. On **June 25, 2019**, I served the foregoing document described as

**[PROPOSED] ORDER ON STIPULATION FOR LIMITED PROTECTIVE ORDER AND TEMPORARY DISCOVERY STAY**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

     SERVED BY U.S. MAIL: There are currently no individuals on the list to receive mail notices for this case.

     SERVED BY CM/ECF. I hereby certify that, on **June 25, 2019**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The filing of the foregoing document will send copies to the following CM/ECF participants:

     The following are those who are currently on the list to receive e-mail notices for this case.

     Genie Harrison, genie@genieharrisonlaw.com
     Amber Phillips, amber@genieharrisonlaw.com
     Mary Olszewska, mary@genieharrisonlaw.com

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on **June 25, 2019** at Irvine, California.

       */s/ Courtney L. McKinney*
         Courtney L. McKinney