GENIE HARRISON LAW FIRM, APC
Genie Harrison (SBN163641)
Amber Phillips (SBN 280107)
Mary Olszewska (SBN 268710)
523 W. 6th Street, Suite 707
Los Angeles, CA 90014
Tel: (213) 805-5301; Fax: (213) 805-5306

*Attorneys for Plaintiff*
JOHN DOE

KELLER/ANDERLE LLP
Jennifer L. Keller (SBN 84412)
Chase A. Scolnick (SBN 227631)
Jay P. Barron (SBN 245654)
18300 Von Karman Avenue, Suite 930
Irvine, CA 92612
Tel.: (949) 476-8700; Fax: (949) 476-0900

*Attorneys for Defendant*
KEVIN SPACEY FOWLER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual,<br><br>vs.<br><br>KEVIN SPACEY FOWLER, an individual<br><br>Defendant. | Case No.: 2:19-CV-00750-RSWL (SSx)<br><br>**JOINT REPORT OF RULE 26(f) CONFERENCE**<br><br>**[FRCP 26(f) & L.R. 26-1]**<br><br>**Scheduling Conference:**<br>**Date: August 20, 2019**<br>**Time: 10:00 AM**<br>**Location: In Chambers** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Central District Local Rule 26-1, Plaintiff John Doe (hereafter "Plaintiff" or "Doe") and Defendant Kevin Spacey Fowler (hereafter "Defendant" or "Mr. Fowler") hereby submit this Joint Report of Rule

26(f) Conference. Plaintiff and Mr. Fowler (collectively, the "Parties"), through their counsel, conducted the Rule 26(f) conference via telephone on July 30, 2019. The conference lasted approximately 2.5 hours.

## I.  DISCOVERY PLAN

Pursuant to and in accordance with Federal Rule of Civil Procedure 26(f)(1-4), the Parties report the following:

### A.  Proposed Changes to Rule 26(a)(1) Disclosures

The Parties agree no changes need to be made to the form or requirement for disclosure under Rule 26(a)(1). The Parties agree initial disclosures will be made on or before August 13, 2019, and will be supplemented thereafter as appropriate and as required under Rule 26(e)(1).

### B.  Discovery Issues

The Parties report the following regarding discovery:

#### i.  Scope and Subjects of Discovery

Discovery currently is stayed under the Court's Order on the Parties' stipulation for a limited protective order ("Limited PO"). *See* ECF No. 49. Under that Limited PO, Plaintiff confidentially disclosed his true name to Mr. Fowler and his counsel for the first time in early July. Mr. Fowler represents he was unaware of Plaintiff's true name until that time. Even after the recent disclosure of Plaintiff's name, Mr. Fowler has been unable to speak with or interview potential witnesses or third-parties about Plaintiff due to the temporary restrictions of the Limited PO.

In their stipulation for the Limited PO, the Parties recognized and agreed the Limited PO would be temporary and limited, and that it would be replaced either by a further agreement or an order following motion practice. *See* ECF No. 48. At the Rule 26(f) conference, the Parties continued their discussion about the critical issue of a potential stipulated protective order for discovery purposes that would supersede and replace the Limited PO. At the Rule 26(f) conference and in later communications, the Parties made

substantial progress on, and ultimately agreed in principle to, a Stipulated Protective Order. On August 6, 2019, Mr. Fowler's counsel sent Plaintiff's counsel a draft stipulated protective order to memorialize the Parties' agreement in principle.  Plaintiff's counsel intends to send Mr. Fowler's counsel their proposed edits, if any, today or at least within the next day or two.  Therefore, the Parties expect a [Proposed] Stipulated Protective Order will be submitted to the Court in the very near future.  Among other things, the current draft of the stipulated protective order provides for the opening of discovery on the third day after that Stipulated Protective Order is entered and served on the Parties.

The Parties intend to seek discovery on all discoverable and relevant issues, and the Parties reserve the right to object to any discovery deemed objectionable for any reason, including without limitation on the grounds of attorney-client privilege, attorney work product protection, and any other applicable privilege or protection.

The Parties anticipate discovery including written discovery through interrogatories, requests for admissions, and requests for documents, third party subpoenas for records and testimony, and depositions of Plaintiff, Mr. Fowler, third-party witnesses, and, if necessary, expert witnesses.

Because the Parties disagree about the Rule 26 Conference, the Parties provide their positions separately:

**Plaintiff's Position on the Rule 26 Conference:**

During the Rule 26 telephone conference, which lasted approximately 2.5 hours, Plaintiff candidly disclosed the facts, witnesses, and identified documents related to his claims. Plaintiff disputes many of Mr. Fowler's below characterizations and attempted to exclude argument and posturing from this joint Report, but Defendant felt the information was necessary. Without turning this Joint Report into extensive arguments by counsel, Plaintiff's position is that unresolved issues (as is always the case) will need to be resolved in formal discovery. Plaintiff is not required to prove his case at the Rule 26 conference; instead, Plaintiff appropriately disclosed known information and identified documents and witnesses during the Rule 26 conference. He is not required to have all the evidence within

his care, custody, and control at the pleading stage; evidence shall be further developed during discovery and presented at trial.

Other than a general denial of Plaintiff's allegations, Defendant Fowler provided no information about any facts, witnesses, or documentary evidence supporting his asserted defenses. Defendant Fowler was not even able to provide a clear statement of whether he was in Malibu or even the state of California for any reason during the month of October 2016. Particularly since the Limited PO was to facilitate a *mutual* exchange of information at the Rule 26 conference[1], Plaintiff DOE was disappointed about the one-sided exchange of information by Plaintiff to Defendant.

In response to Defendant Fowler's request to narrow the time frame of the incident which is currently pleaded to have occurred "on or about October 2016," Plaintiff advised he was attempting to narrow the time frame and determine the exact date of the incident but thus far has been unable. While Plaintiff believes the incident occurred in or about October 2016, he does not keep written records which enable him to identify the exact date with specificity at this time. Plaintiff is attempting to discover or narrow the date which he believes will be revealed in formal discovery.

While Plaintiff has or will disclose known witnesses on his initial disclosures, Plaintiff's counsel also knows of two other masseur victims of Defendant Fowler's sexual assaults who expressed concern for their safety and/or do not want their names revealed publicly in the media. Plaintiff notified Defendant of the issue and the Parties will meet and confer and/or seek assistance from the Court in determining a method whereby the need to disclose the identities of other victims and witnesses is balanced with protecting them from harm.

---

[1] WHEREAS, counsel for Plaintiff and Mr. Fowler (each a "Party" and, collectively, the "Parties") have met and conferred to try to reach agreement on a comprehensive stipulated protective order to allow the Rule 26(f) conference and discovery to proceed in an equitable fashion … *Stipulation for Limited Protective Order and Temporary Discovery Stay [D.E. 48 p. 2:8-13].*

**Mr. Fowler's Position on the Rule 26 Conference:**

Plaintiff has refused to state the day of the alleged incident and reneged on an agreement to narrow the timing to a two-week window.

Mr. Fowler disputes Plaintiff's assertion above that Plaintiff disclosed the facts, witnesses, and documents related to his claims at the Rule 26 conference. Plaintiff has provided no support for his claims, and he appears to be stalling to obscure that fact.

At the Rule 26(f) conference, the Parties discussed the timing of the alleged incident, which is only vaguely described in the operative pleadings as having occurred "on or about October 2016." Plaintiff's counsel narrowed the timing of the alleged incident to October 2016 and represented the time period could be limited to a two-week window. But in the days after the Rule 26(f) call, Plaintiff backtracked and claimed the time could not be narrowed at this time beyond the month of October 2016. In the above statement, Plaintiff appears to backtrack further, now suggesting the time period cannot be narrowed beyond "in or about October 2016" because he has no records. The date of the alleged incident appears to be a moving target.

During the Parties' Rule 26(f) telephone conference, Plaintiff claimed he intended to call 3-4 individuals as witnesses but refused to state who they were and provided very little information regarding what knowledge those individuals had. Plaintiff's counsel did state their names and contact information would be disclosed in the initial disclosures, including without limitation the lone other (unnamed) alleged victim who Plaintiff now appears to be unwilling to identify as required. Then, only an hour or so before this report was filed, Plaintiff revealed the existence of a second masseur who may be called as a witness, but, again, his name was not revealed. Further, Plaintiff's description of the 3-4 witness' potential testimony in his initial disclosures differed significantly from even the limited information provided at the Rule 26(f) conference. And one of the unnamed potential client witnesses identified at the Rule 26(f) conference – to whom it was claimed Plaintiff disclosed information about the alleged incident shortly before the filing of the police report – is omitted entirely in Plaintiff's initial disclosures.

At the Rule 26(f) conference, Mr. Fowler's counsel asked Plaintiff's counsel to send document preservation notices to the 3-4 individuals identified on the call; Plaintiff's counsel stated they had yet to provide any written preservation demand to these individuals but will attempt to do so after the call. Mr. Fowler's counsel has been unable to send any such preservation demand, because these individuals' names have not been disclosed and due to the restrictions of the Limited PO.

A similar pattern occurred with respect to documents. Plaintiff first claimed he would provide the police report he filed. But days after the Rule 26(f) conference, Plaintiff said he did not have it. Plaintiff's counsel provided assurances they were attempting to obtain it as soon as possible, but provided no explanation for why the report was not already in Plaintiff's possession, especially given it was referenced in the original complaint. Mr. Fowler expected the police report to be included in the initial disclosures. Plaintiff's counsel also represented at the Rule 26(f) conference that the initial disclosures would include correspondence between the police and Plaintiff or his counsel; any documents regarding plaintiff's massage business; and any e-mails, text messages, or other documents that allegedly corroborate his claims. But Plaintiff's counsel represented very few, if any, documents about Plaintiff's business or the alleged incident are in Plaintiff's possession. None were produced in the initial disclosures.

Plaintiff also was unable to provide any specification about his allegations, even though he filed this case nearly a year ago. Plaintiff has provided no information about: (1) the address of the Malibu house at which the alleged incident occurred; (2) the filming that allegedly was ongoing there at the time; (3) the name or description of the person who allegedly arranged for the massage; or (4) the names of any alleged witnesses. Plaintiff's counsel failed to identify any records of any kind about the alleged massage – not a single receipt, calendar entry, e-mail, or other written communication. Plaintiff's phone records purportedly are unavailable, and he apparently keeps little to no records or other documentation about his massage business. This is not a case about an incident many years ago. Plaintiff is over 60 years old, claims to operate a massage business with celebrity

clientele, and alleged the incident occurred less than two years before he filed the case. Yet he thus far has been unable to provide any documents to corroborate his story and claims to have virtually no documentation about his business because it operates almost exclusively in cash.

At the Rule 26(f) conference, Mr. Fowler's counsel expressed a vehement denial of the allegations and claimed the alleged assault did not occur. The notion Mr. Fowler's counsel did not appropriately confer at the Rule 26 conference is simply false. Despite the recent disclosure of Plaintiff's real name, Mr. Fowler is unaware of any documents that reflect Plaintiff's allegations. And besides the Limited PO, Mr. Fowler's investigation has been inhibited by Plaintiff's inability to provide basic information about his claims. Nonetheless, at the conference, Mr. Fowler's counsel expressed a willingness to undergo the burdensome and difficult process of trying to reconstruct his whereabouts once Plaintiff's counsel is able to narrow down the time period of the alleged incident to a two-week window, rather than an open-ended and shifting period of time that covers many months.

Plaintiff apparently believes he can make serious claims with no substantiation or corroboration and then demand Mr. Fowler turn his life upside down to "prove a negative." Mr. Fowler's whereabouts at all times over a period of many months should have no impact on Plaintiff's allegations, and it instead represents an unwarranted invasion of Mr. Fowler's privacy. Plaintiff appears to be trying to reverse engineer a claim by demanding Mr. Fowler turn over all information about his whereabouts over many months so he then can try to conform his story to when Mr. Fowler may have been in California.

To focus the investigation and discovery of Plaintiff's claims, and to solidify the representations made by Plaintiff's counsel, Mr. Fowler requests the Court order Plaintiff to provide a declaration that narrows the timing of the alleged incident to a two-week window in October 2016.

Further, while the Parties have agreed in principle to a protective order, Plaintiff has delayed the process of finalizing the protective order so it can be submitted to the Court for

approval. If such delays continue, Mr. Fowler intends to ask the Court at the Scheduling Conference for modification of the Limited PO so discovery can commence and Mr. Fowler can begin to investigate the claims by speaking with third-parties and potential witnesses about Plaintiff and his allegations.

### ii. Discovery Completion Dates

The Parties agree that the discovery completion date should be based upon a trial date set at a future time. As discussed below, the Parties intend to meet and confer about a trial schedule and submit a proposal to the Court as soon as practicable. That proposed trial schedule also will include proposals for the completion of discovery.

### iii. Preservation of Evidence

The parties agree that both sides will abide by their obligations to preserve evidence in this case.

### iv. Protocol for Electronically Stored Information

Disclosure or discovery of electronically stored information should be handled as follows:

To the extent reasonably possible, all discoverable electronic files are to be produced in their native format as kept in the ordinary course of business, with metadata intact.

If any discoverable electronic file cannot reasonably be produced in its native format, all documents within that file are to be produced electronically in optical character recognized ("OCR-ed") portable document format ("PDF").

### v. Procedures for Resolving Disputes Regarding Claims of Privilege

The Parties agree to use the procedures set forth in Federal Rule of Civil Procedure 26(b)(5) regarding any claims of privilege or protecting materials asserted as being for trial-preparation.

### vi. Changes in Discovery Limitations

At this time, the Parties do not request any changes in the discovery limitations set forth in the Federal Rules of Civil Procedure.

       **vii.**    **Stipulated Protective Order**

As described above, the Parties anticipate that a [Proposed] Stipulated Protective Order soon will be lodged with the Court along with the filing of a stipulation in which the Parties jointly request the Court enter it.

## II.  SETTLEMENT AND ADR

At this early stage of the case, Mr. Fowler believes settlement is highly unlikely. Absent dismissal of the claims, Mr. Fowler believes trial will be necessary. Mr. Fowler is not interested in settlement discussions at this early stage of the case. Plaintiff is open to good faith settlement discussions.

The Parties recognize the Court will strongly encourage and likely require a settlement conference before the case proceeds to trial. For any such settlement conference, Mr. Fowler prefers a settlement officer from the Court's Mediation Panel, and Plaintiff prefers private mediation.

## III.  TRIAL TIME ESTIMATE

At this early stage of the case, the Parties are unable to provide a trial estimate with any precision. Nonetheless, Plaintiff provides a preliminary trial estimate of seven to eleven days. Mr. Fowler believes the trial may require more time, but it is dependent on the number of witnesses Plaintiff expects to call (which is unknown at this time).

## IV.  ISSUES RE POTENTIAL SCHEDULING ORDER

As described below, the Parties discussed the required scheduling issues at the Rule 26(f) conference, including for trial, discovery cutoff, and motion cutoff. But the Parties were unable to effectively settle on deadlines due to several issues, including the disclosure of Plaintiff's true name to Mr. Fowler on July 1, 2019, the temporary discovery stay currently in place, and uncertainty about timing that exists until resolution of the Stipulated Protective Order. For example, at the time of the Rule 26(f) conference, the prospect of

motion practice regarding a protective order (and the resulting delay in the opening of discovery) created hesitancy by the Parties to propose any scheduling that may be unrealistic or impractical.

Because the Parties now appear to have resolved the issue of a stipulated protective order and anticipate submitting a [Proposed] Stipulated Protective Order soon, and for other good cause shown, the Parties jointly request the Court defer entering any Scheduling Order at this time.  Instead, the Parties suggest they be allowed to evaluate each Party's initial disclosures, conduct initial discovery (after entry of a Stipulated Protective Order), and further investigate the claims before a Scheduling Order is entered.

The Parties propose that as soon as practicable but by no later than sixty (60) days after the August 20, 2019 conference, the Parties jointly submit to the Court the Parties' agreement on, or each Party's proposal for, the following: (1) trial date, (2) non-expert discovery cutoff, (3) expert disclosure deadlines, (4) deadline to add parties or amend pleadings, (5) deadline to bring motions (including dispositive or partially dispositive motions), and (6) deadline to conduct settlement conference or mediation.

### A.     Proposed Trial Schedule

The Parties discussed a potential trial schedule at the Rule 26(f) conference but were unable to agree to a proposed trial date given the uncertainties described above.  The Parties provisionally discussed dates in summer 2020 for a trial date but soon realized that presented challenges as each Party's lead counsel has multiple other trials scheduled around that time period.  Further, the Parties recognized and agreed that setting the trial is premature until the Stipulated Protective Order is entered in this case and initial discovery is complete.  Plaintiff also identified one witness outside of the jurisdiction of the United States who may require international travel and/or present unique challenges with serving a subpoena abroad.  The Parties agree to meet and confer about a trial schedule and propose a trial schedule as set forth above.

### B. Potential Dispositive Motions

Although difficult to predict at this early stage of the case, Mr. Fowler believes he likely will bring a dispositive or partially dispositive motion. The deadline to bring such a motion should be sufficiently after the completion of discovery and sufficiently before trial. The Parties will meet and confer and include a proposed motion deadline as set forth above.

### C. Proposed Expert Discovery Schedule

The Parties agree that an expert discovery and disclosure schedule should be based upon a trial date set at a later date. At this time, the Parties do not foresee a need to deviate from the expert disclosure timing set forth in Rule 26(a)(2). The Parties agree to meet and confer further about a deadline for the expert disclosures and propose such deadlines as set forth above.

### D. Additional Parties

The Parties do not anticipate additional parties. Plaintiff reserves the right to name the Doe defendants at a later date as information is learned during discovery or disclosures. The Parties agree to meet and confer further about a deadline for the expert disclosures and propose such deadlines as set forth above.

### E. Amendment of Pleadings

At this time, the Parties do not anticipate any amendment of the pleadings but each Party reserves the right to do so if information warranting an amendment is learned during discovery or disclosures.

## V. UTILIZATION OF THE MANUAL FOR COMPLEX LITIGATION NOT WARRANTED

The Parties agree that this case does not warrant utilization of the Manual for Complex Litigation.

Dated: August _13, 2019            GENIE HARRISON LAW FIRM, APC

By: _/s/     Mary Olszewska_____
    Genie Harrison
    Mary Olszewska
    Amber Phillips
    *Attorneys for Plaintiff John Doe*

Dated: August 13, 2019             KELLER/ANDERLE LLP

By: _/s/     Jennifer L. Keller_____
    Jennifer L. Keller
    Chase A. Scolnick
    Jay P. Barron
    *Attorneys for Defendant Kevin Spacey Fowler*

# CERTIFICATE OF ATTESTATION

Pursuant to Rule 5-4.3.4(a)(2) of the United States District Court for the Central District of California Local Rules, I, Jay P. Barron, attest that on August 13, 2019, I received the consent of Mary Olszewska to file the foregoing JOINT REPORT OF RULE 26(f) CONFERENCE with her e-signature affixed.

Dated: August 13, 2019               KELLER/ANDERLE LLP

                                     By: /s/ Jay P. Barron
                                         Jay P. Barron
                                         *Attorneys for Defendant*
                                         *Kevin Spacey Fowler*

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am over the age of 18 and not a party to the within action.  My business address is 18300 Von Karman Avenue, Irvine, California 92612-1057.  On **August 13, 2019**, I served the foregoing document described as

**JOINT REPORT OF RULE 26(f) CONFERENCE**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

    SERVED BY U.S. MAIL:  There are currently no individuals on the list to receive mail notices for this case.

    SERVED BY CM/ECF.  I hereby certify that, on **August 13, 2019**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  The filing of the foregoing document will send copies to the following CM/ECF participants:

    The following are those who are currently on the list to receive e-mail notices for this case.

    Genie Harrison, genie@genieharrisonlaw.com
    Amber Phillips, amber@genieharrisonlaw.com
    Mary Olszewska, mary@genieharrisonlaw.com

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on **August 13, 2019** at Irvine, California.

                            */s/ Courtney L. McKinney*
                                Courtney L. McKinney